IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants. | Case No. 04-1199-SLR |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT;
DEMAND FOR JURY**

Plaintiff SRI International, Inc. hereby alleges as follows:

## THE PARTIES

1.  SRI International, Inc. ("SRI") is an independent, not-for-profit research institute incorporated under the laws of California, and has a regular and established place of business at 333 Ravenswood Avenue, Menlo Park, California, 94025.

2.  Defendant Internet Security Systems, Inc. of Delaware ("ISS-DE") is incorporated under the laws of Delaware, with its principal place of business at 6303 Barfield Road, Atlanta, Georgia, 30328.

3.  On information and belief based on allegations made by Defendants, Defendant Internet Security Systems, Inc. of Georgia ("ISS-GA") is incorporated under the laws of Georgia, with its principal place of business at 6303 Barfield Road, Atlanta, Georgia, 30328. ISS-DE and ISS-GA are referred to collectively as "ISS."

4.  Defendant Symantec Corporation ("Symantec") is incorporated under the laws of Delaware, with its principal place of business at 20330 Stevens Creek Boulevard, Cupertino, California, 95014.

5. Defendant ISS-DE, defendant ISS-GA and defendant Symantec Corporation will hereinafter be collectively referred to as "defendants."

## JURISIDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7. Upon information and belief, this Court has personal jurisdiction over defendants Symantec and ISS-DE because defendants Symantec and ISS-DE are incorporated and doing business in this judicial district.

8. Upon information and belief, this Court has personal jurisdiction over ISS-GA because ISS-GA has caused tortious injury in the State of Delaware, regularly does or solicits business or engages in other persistent courses of conduct in the State of Delaware and/or derives substantial revenue from services, or things used or consumed in the State of Delaware. Upon information and belief, ISS-GA has indicated an intent or purpose to serve the market in the State of Delaware by advertising in the State of Delaware, establishing channels for providing regular advice to customers in State of Delaware, and/or marketing products through a distributor who has agreed to serve as the sales agent in the State of Delaware.

9. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 because the defendants are subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

10. SRI International is an independent, not-for-profit research institute that conducts client-supported research and development for government agencies, commercial businesses, foundations, and other organizations.

11. Upon information and belief, defendants manufacture network security systems, and directly and through their affiliates, import, sell, and offer to sell the same throughout the United States and elsewhere.

**FIRST CAUSE OF ACTION**

**INFRINGEMENT OF U.S. PATENT NO. 6,711,615 BY ALL DEFENDANTS**

12. The allegations of paragraphs 1-9 are incorporated for this First Cause of Action as though fully set forth herein.

13. SRI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,711,615, entitled "Network Surveillance" ("the '615 patent"), which was duly and legally issued on March 23, 2004. A true and correct copy of the '615 patent is attached hereto as Exhibit A.

14. Upon information and belief, defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '615 patent in this district and elsewhere by making, using, selling, offering to sell, and instructing and supporting the use by others of devices and methods covered by one or more claims of the '615 patent. ISS's infringing acts include, but are not limited to, its making, using, selling, offering for sale and supporting the use by others of ISS's lines of Security Management products referred to as "SiteProtector" and "Proventia". Symantec's infringing acts include, but are not limited to, its making, using, selling, offering for sale and supporting the use by others of Symantec's line of enterprise network security products referred to as "ManHunt".

15. Defendants' acts of infringement have injured and damaged SRI.

16. Defendants have and have had actual knowledge of the '615 patent and Defendants' infringement has and continues to be willful.

17. Defendants' willful infringement has caused irreparable injury to SRI and will continue to cause irreparable injury until defendants are enjoined from further infringement by this Court.

**SECOND CAUSE OF ACTION**

**INFRINGEMENT OF U.S. PATENT NO. 6,484,203 BY ALL DEFENDANTS**

18.    The allegations of paragraphs 1-9 are incorporated for this Second Cause of Action as though fully set forth herein.

19.    SRI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,484,203, entitled "Hierarchical Event Monitoring and Analysis" ("the '203 patent"), which was duly and legally issued on November 19, 2002. A true and correct copy of the '203 patent is attached hereto as Exhibit B.

20.    Upon information and belief, defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '203 patent in this district and elsewhere by making, using, selling, offering to sell, and instructing and supporting the use by others of devices and methods covered by one or more claims of the '203 patent. ISS's infringing acts include, but are not limited to, its making, using, selling, offering for sale and supporting the use by others of ISS's lines of Security Management products referred to as "SiteProtector" and "Proventia". Symantec's infringing acts include, but are not limited to, its making, using, selling, offering for sale and supporting the use by others of Symantec's line of enterprise network security products referred to as "ManHunt".

21.    Defendants' acts of infringement have injured and damaged SRI.

22.    Defendants have and have had actual knowledge of the '203 patent and Defendants' infringement has and continues to be willful.

23.    Defendants' willful infringement has caused irreparable injury to SRI and will continue to cause irreparable injury until defendants are enjoined from further infringement by this Court.

## THIRD CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 6,321,338 BY SYMANTEC

24.     The allegations of paragraphs 1-9 are incorporated for this Third Cause of Action as though fully set forth herein.

25.     SRI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,321,338, entitled "Network Surveillance" ("the '338 patent"), which was duly and legally issued on November 20, 2001.  A true and correct copy of the '338 patent is attached hereto as Exhibit C.

26.     Upon information and belief, defendant Symantec has been and is now infringing, inducing infringement, and contributing to the infringement of the '338 patent in this district and elsewhere by making, using, selling, offering to sell, and instructing and supporting the use by others of devices and methods covered by one or more claims of the '338 patent.  Symantec's infringing acts include, but are not limited to, its making, using, selling, offering for sale and supporting the use by others of Symantec's line of enterprise network security products referred to as "ManHunt".

27.     Defendant Symantec's acts of infringement have injured and damaged SRI.

28.     Defendant Symantec has and has had actual knowledge of the '338 patent and Defendant Symantec's infringement has and continues to be willful.

29.     Defendant Symantec's willful infringement has caused irreparable injury to SRI and will continue to cause irreparable injury until defendant is enjoined from further infringement by this Court.

## FOURTH CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 6,708,212 BY SYMANTEC

30.     The allegations of paragraphs 1-9 are incorporated for this Fourth Cause of Action as though fully set forth herein.

31. SRI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,709,212, entitled "Network Surveillance" ("the '212 patent"), which was duly and legally issued on March 16, 2004. A true and correct copy of the '212 patent is attached hereto as Exhibit D.

32. Upon information and belief, defendant Symantec has been and is now infringing, inducing infringement, and contributing to the infringement of the '212 patent in this district and elsewhere by making, using, selling, offering to sell, and instructing and supporting the use by others of devices and methods covered by one or more claims of the '212 patent. Symantec's infringing acts include, but are not limited to, its making, using, selling, offering for sale and supporting the use by others of Symantec's line of enterprise network security products referred to as "ManHunt".

33. Defendant Symantec's acts of infringement have injured and damaged SRI.

34. Defendant Symantec has and has had actual knowledge of the '212 patent and Defendant Symantec's infringement has and continues to be willful.

35. Defendant Symantec's willful infringement has caused irreparable injury to SRI and will continue to cause irreparable injury until defendant is enjoined from further infringement by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

(a) a permanent injunction preventing defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, selling, offering to sell or supporting the use by others of any devices that infringe any claim of the '615, '203, '338 and '212 patents;

(b) damages in an amount to be determined at trial;

(c) enhanced damages pursuant to 35 U.S.C. § 284;

  (d) costs and reasonable attorney fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

  (e) such other and further relief as the Court deems appropriate.

  A JURY TRIAL IS DEMANDED BY PLAINTIFF.

Dated: April 25, 2005    FISH & RICHARDSON P.C.

        By: /s/ Timothy Devlin
          Timothy Devlin (#4241)
          919 N. Market St., Ste. 1100
          P.O. Box 1114
          Wilmington, DE 19899-1114
          Telephone: (302) 652-5070
          Facsimile: (302) 652-0607

          Howard G. Pollack (CA Bar No. 162897)
          Michael J. Curley (CA Bar No. 230343)
          500 Arguello Street, Suite 500
          Redwood City, California 94063
          Telephone: (650) 839-5070
          Facsimile: (650) 839-5071

         Attorneys for Plaintiff
         SRI INTERNATIONAL, INC.