# KING & SPALDING LLP

191 Peachtree Street
Atlanta, Georgia 30303-1763
Telephone: 404/572-4600
Facsimile: 404/572-5100
www.kslaw.com

# FACSIMILE

♦

*Important Notice:* This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to legal protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone number set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or the named addressee.

♦

**DATE:** May 24, 2005

| Recipients | Company | City/State | Telephone # | Fax # |
|---|---|---|---|---|
| Ann G. Fort, Esq. | Sutherland Asbill & Brennan LLP | Atlanta, Georgia | 404.853.8493 | 404.853.8806 |
| Frank E. Scherkenbach, Esq. | Fish & Richardson P.C. | Boston, Massachusetts | 617.521.7883 | 617.542.8906 |

**FROM:** Holmes J. Hawkins III, Esq.     5615     **Our Ref. #:** 05456.112001

**NUMBER OF PAGES (Including Cover Page):** 4

**MESSAGE:**


PLEASE CHECK THAT ALL PAGES ARE RECEIVED. IN CASE OF PROBLEMS, PLEASE CALL **(404) 215-5745.**

ALL RETURN TELECOPY MESSAGES SHOULD BE SENT TO **404/572-5145.** THANK YOU.

# KING & SPALDING LLP

191 Peachtree Street
Atlanta, Georgia 30303-1763
www.kslaw.com

Holmes J. Hawkins III
Direct Dial: 404.572.2443
Direct Fax: 404.572.5145
hhawkins@kslaw.com

May 24, 2005

**HAND DELIVERY**

The Honorable Clarence Cooper
United States District Judge,
    Northern District of Georgia
Suite 1721
Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303-3309

Re: *Internet Security Systems, Inc., a Georgia Corporation v. SRI International, Inc., a California Corporation*
Civil Action No. 04-CV-2402-CC

Dear Judge Cooper:

    We are counsel for plaintiff, Internet Security Systems, Inc. ("ISS-GA") in connection with the above-referenced declaratory judgment action that is pending before your Honor. We wish to inform you of developments in the related case pending in the U.S. District Court for the District of Delaware, *SRI International, Inc. v. Internet Security Systems, Inc., a Delaware Corporation, and Symantec Corp.*, Civ. No. 04-1199-SLR. As discussed below, in light of those developments, ISS-GA hereby requests that the Court deny SRI's pending motion to dismiss and transfer ISS-GA's declaratory judgment action to the U.S. District of Delaware pursuant to 28 U.S.C. § 1404.

    As Your Honor will recall, ISS-GA filed this declaratory judgment complaint against SRI International, Inc. ("SRI") on August 17, 2004. The complaint seeks a declaration that ISS-GA's products do not infringe five patents

The Honorable Clarence Cooper
May 24, 2005
Page 2

owned by SRI. Nine days later, on August 26, 2004, SRI filed a complaint against ISS-GA's Delaware parent company, ISS-DE, alleging that ISS-DE is infringing two of the five patents that are the subject of the declaratory judgment suit in Georgia. SRI's complaint also asserted infringement claims against an unrelated third party, Symantec Corporation.

On October 15, 2004, ISS-DE filed a motion to dismiss or, in the alternative, to sever and transfer the Delaware action to the Northern District of Georgia. On April 13, 2005, the Delaware court denied ISS-DE's motion to dismiss without prejudice and denied the motion to sever and transfer. On April 25, 2005, SRI filed an amended complaint in Delaware to add ISS-GA as a defendant. The amended complaint alleges that ISS-GA is infringing upon the same two patents that are asserted against ISS-DE in the Delaware action.

In an effort to avoid continued motion practice relating to forum selection, on May 23, 2005 ISS-GA filed an answer and counterclaims in the Delaware action, a courtesy copy of which is enclosed. The counterclaims include an action for a declaratory judgment of invalidity and non-infringement of the same five patents involved in the declaratory judgment action pending in this Court.

SRI argued in its motion to dismiss pending before you that ISS-GA "will get its day in court," but that the court should be "SRI's chosen forum," the District of Delaware, not ISS-GA's chosen forum. (SRI's Motion at p. 25, n.8.) SRI claimed that dismissal was proper because at the time of filing, ISS-GA allegedly lacked an objectively reasonable apprehension of suit.[1] SRI stated that should the Court deny its motion, it would then move to transfer the action to the District of Delaware.

Given that ISS-GA has now agreed to litigate in SRI's chosen forum, where SRI has filed a patent infringement suit, SRI should not be heard to argue that ISS-GA lacks a basis for subject matter jurisdiction over its declaratory judgment claims or that transfer of those claims to Delaware is improper.

---

[1] As set forth in ISS-GA's opposition to SRI's motion, subject matter jurisdiction is proper given SRI's infringement allegations and threats of litigation during the pre-suit negotiations between the parties.

The Honorable Clarence Cooper
May 24, 2005
Page 3

      Accordingly, ISS-GA respectfully requests that the Court deny SRI's pending motion to dismiss and transfer ISS-GA's declaratory judgment action to the U.S. District of Delaware pursuant to 28 U.S.C. § 1404. In the hope of avoiding unnecessary filings with the Court, ISS-GA is submitting this request by letter in lieu of a formal motion. However, we would be more than happy to provide a formal motion at the Court's request.

                                            Very truly yours,

                                            Holmes J. Hawkins III

hjh

Encl: Answer and Counterclaims of Internet Security
       Systems, Inc., a Georgia Corporation

cc:   Ann Fort, Esq. *(via facsimile, w/o encl.)*
      Frank Scherkenbach, Esq. *(via facsimile, w/o encl.)*