IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1199-SLR |

**PLAINTIFF SRI INTERNATIONAL, INC.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT SYMANTEC CORPORATION**

**ANSWER**

Plaintiff and Counter-Defendant, SRI International, Inc. ("SRI") answers the allegations set forth in the Counterclaims of Counterclaimant Symantec Corporation, a Delaware corporation ("SYMANTEC") as follows:

**AFFIRMATIVE AND OTHER DEFENSES**

36.  Symantec does not make any factual allegations in paragraph 36 of the Affirmative Defenses and therefore, SRI does not admit, nor deny paragraph 36.

**('338 Patent)**

37.  On information and belief, SRI denies the allegations in paragraph 37 of the Affirmative Defenses.

38.  SRI denies the allegations in paragraph 38 of the Affirmative Defenses.

39.  SRI denies the allegations in paragraph 39 of the Affirmative Defenses.

40.  SRI denies the allegations of paragraph 40 of the Affirmative Defenses, including those regarding all characterizations of *Next-generation Intrusion Detection Expert System NIDES): A Summary,* by Debra Anderson, Thane Frivold, and Alfonso

Valdes, SRI-CSL-95-07, May 1995 (hereinafter "*NIDES: A Summary*"), and its materiality, express or implied.

    a)     SRI admits that *NIDES: A Summary* is dated May 1995. SRI lacks sufficient information regarding when *NIDES: A Summary* was available in hard copy by request on the SRI Computer Science Laboratory's website, and therefore denies the allegations regarding that date. SRI denies all other allegations of paragraph 40(a) of the Affirmative Defenses.

    b)     SRI admits the allegations contained in paragraph 40(b) of the Affirmative Defenses.

    c)     SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 40(c) of the Affirmative Defenses.

        i.     SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 40(c)(i) of the Affirmative Defenses.

        ii.     SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 40(c)(ii) of the Affirmative Defenses.

        iii.     SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 40(c)(iii) of the Affirmative Defenses.

        iv.     SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its

      materiality, express or implied, in the allegations of paragraph 40(c)(iv) of the Affirmative Defenses.

  v. SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 40(c)(v) of the Affirmative Defenses.

  vi. SRI states that *NIDES: A Summary* speaks for itself and denies all characterizations of the reference and its materiality, express or implied in the allegations of paragraph 40(c)(vi) of the Affirmative Defenses.

41. SRI denies the allegations in paragraph 41 of the Affirmative Defenses.

**('203 Patent)**

42. On information and belief, SRI denies the allegations in paragraph 42 of the Affirmative Defenses.

43. SRI denies the allegations in paragraph 43 of the Affirmative Defenses.

44. SRI denies the allegations in paragraph 44 of the Affirmative Defenses.

45. SRI incorporates by reference its answers to paragraph 40 of the Affirmative Defenses.

46. SRI denies the allegations in paragraph 46 of the Affirmative Defenses.

**('212 Patent)**

47. On information and belief, SRI denies the allegations in paragraph 47 of the Affirmative Defenses.

48. SRI denies the allegations in paragraph 48 of the Affirmative Defenses.

49. SRI denies the allegations in paragraph 49 of the Affirmative Defenses.

50. SRI incorporates by reference its answers to paragraph 40 of the Affirmative Defenses.

51. SRI denies the allegations in paragraph 51 of the Affirmative Defenses.

**('615 Patent)**

52. On information and belief, SRI denies the allegations in paragraph 52 of the Affirmative Defenses.

53. SRI denies the allegations in paragraph 53 of the Affirmative Defenses.

54. SRI denies the allegations in paragraph 54 of the Affirmative Defenses.

55. SRI incorporates by reference its answers to paragraph 40 of the Affirmative Defenses.

56. SRI denies the allegations in paragraph 56 of the Affirmative Defenses.

## COUNTERCLAIMS

## THE PARTIES

57. Upon information and belief, SRI admits the allegations of paragraph 57 of the Counterclaims.

58. SRI admits the allegations of paragraph 58 of the Counterclaims.

## JURISDICTION AND VENUE

59. SRI admits that the counterclaim purports to state a cause of action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and the Patent Laws of the United States, 35 U.S.C. § 101, et seq.

60. SRI admits that Symantec's counterclaims seek to obtain a judgment declaring that Symantec is not and has not infringed the '338, '203, '212, and '615 patents, and that the '338, '203, '212, and '615 patents are invalid and unenforceable. SRI denies that Symantec is entitled to any relief requested.

61. SRI admits that Symantec's counterclaims purport to state a cause of action over which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201. SRI denies that Symantec is entitled to any relief requested.

62. SRI admits the allegations of paragraph 62 of the Counterclaims.

## FIRST COUNTERCLAIM
(Declaration of Non-Infringement, Invalidity, and/or Unenforceability of the '338 Patent)

63. SRI incorporates by reference its answer to paragraphs 39-41 and 57-62.

64. SRI admits the allegations of paragraph 64 of the Counterclaims.

65. SRI admits that Symantec contends it does not and has not infringed any claims of the '338 Patent, but denies Symantec's contentions.

66. SRI admits that Symantec contends that, insofar as Symantec is determined to infringe any claim of the '338 patent, Symantec contends said claim is invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for inequitable conduct, but denies Symantec's contentions.

67. SRI admits that a valid and justiciable controversy exists as to the '338 patent between Symantec and SRI, but denies Symantec has a right to any relief requested.

**SECOND COUNTERCLAIM**
(Declaration of Non-Infringement, Invalidity, and/or
Unenforceability of the '203 Patent)

68. SRI incorporates by reference its answer to paragraphs 44-46 and 57-62.

69. SRI admits the allegations of paragraph 69 of the Counterclaims.

70. SRI admits that Symantec contends it does not and has not infringed any claims of the '203 Patent, but denies Symantec's contentions.

71. SRI admits that Symantec contends that, insofar as Symantec is determined to infringe any claim of the '203 patent, Symantec contends said claim is invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for inequitable conduct, but denies Symantec's contentions.

72. SRI admits that a valid and justiciable controversy exists as to the '203 patent, but denies Symantec has a right to any relief requested.

### THIRD COUNTERCLAIM
(Declaration of Non-Infringement, Invalidity, and/or
Unenforceability of the '212 Patent)

73. SRI incorporates by reference its answer to paragraphs 49-51 and 57-62.

74. SRI admits the allegations of paragraph 74 of the Counterclaims.

75. SRI admits that Symantec contends it does not and has not infringed any claims of the '212 Patent, but denies Symantec's contentions.

76. SRI admits that Symantec contends that, insofar as Symantec is determined to infringe any claim of the '212 patent, Symantec contends said claim is invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for inequitable conduct, but denies Symantec's contentions.

77. SRI admits that a valid and justiciable controversy exists as to the '212 patent, but denies Symantec has a right to any relief requested.

### FOURTH COUNTERCLAIM
(Declaration of Non-Infringement, Invalidity, and/or
Unenforceability of the '615 Patent)

78. SRI incorporates by reference its answer to paragraphs 54-62.

79. SRI admits the allegations of paragraph 79 of the Counterclaims.

80. SRI admits that Symantec contends it does not and has not infringed any claims of the '615 Patent, but denies Symantec's contentions.

81. SRI admits that Symantec contends that, insofar as Symantec is determined to infringe any claim of the '615 patent, Symantec contends said claim is invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for inequitable conduct, but denies Symantec's contentions.

82. SRI admits that a valid and justiciable controversy exists as to the '615 patent, but denies Symantec has a right to any relief requested.

### PRAYER FOR RELIEF

WHEREFORE, SRI requests the following relief:

A. That Symantec's counterclaims be dismissed with prejudice.

B. That Symantec take nothing by way of its counterclaims.

  C. That the Court enter judgment in favor of SRI as requested in the Complaint.

  D. That the Court enter judgment that Symantec has infringed the '338, '203, '212 and '615 patents.

  E. That the Court declare that the '338, '203, '212 and '615 patents are not invalid.

  F. That SRI be awarded reasonable attorneys' fees and costs of said suit; and

  G. That the Court award SRI such other and further relief as may be appropriate.

Dated: June 13, 2005    FISH & RICHARDSON P.C.

By: _____
Timothy Devlin (#4241)
John F. Horvath (#4557)
FISH & RICHARDSON P.C.
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Howard G. Pollack (CA Bar No. 162897)
Michael J. Curley (CA Bar No. 230343)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
SRI INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann, Esq.  
Morris James Hitchens & Williams  
222 Delaware Avenue, 10th Floor  
Wilmington, DE 19801

Attorney for Defendant  
SYMANTEC CORPORATION

Richard L. Horwitz  
David E. Moore  
Potter Anderson & Corroon LLP  
Hercules Plaza  
1313 North Market Street, 6th Floor  
P.O. Box 951  
Wilmington, DE 19899

Attorneys for Defendant  
INTERNET SECURITY SYSTEMS, INC.

I hereby certify that on June 13, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Paul S. Grewal  
Day Casebeer Madrid & Batchelder, LLP  
20300 Stevens Creek Boulevard, Suite 400  
Cupertino, California 95014

Attorney for Defendant  
SYMANTEC CORPORATION

Holmes Hawkins, III  
King & Spalding  
191 Peachtree Street, N.E.  
Atlanta, GA 30303-1763

Attorneys for Defendant  
INTERNET SECURITY SYSTEMS, INC.

William J. Marsden, Jr.