THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>    Defendants. | C.A. No. 04-1199-SLR |

**PLAINTIFF AND COUNTER-DEFENDANT SRI INTERNATIONAL, INC.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT INTERNET SECURITY SYSTEMS, INC., A GEORGIA CORPORATION**

**ANSWER**

Plaintiff and Counter-Defendant, SRI International, Inc. ("SRI") answers the allegations set forth in the Counterclaims of Counterclaimant Internet Security Systems, Inc., a Georgia corporation ("ISS-GA") as follows:

**AFFIRMATIVE AND OTHER DEFENSE**

**NON-INFRINGEMENT**

36. SRI denies the allegations of paragraph 36 of the affirmative defenses.

**INVALIDITY**

37. SRI denies the allegations of paragraph 37 of the affirmative defenses.

**UNENFORCEABILITY – INEQUITABLE CONDUCT**

38. SRI denies the allegations of paragraph 38 of the affirmative defenses.

39. SRI states that the Combined Declaration and Power of Attorney speaks for itself and SRI denies all characterizations of the document, express or implied, in the

allegations of paragraph 39. SRI denies all other allegations of paragraph 39 of the affirmative defenses.

40. SRI admits the allegations of paragraph 40 of the affirmative defenses.

41. SRI lacks sufficient information regarding when the NIDES reference was available in hard copy by request on the SRI Computer Science Laboratory's website, and therefore denies the allegations of paragraph 41 of the affirmative defenses.

42. SRI denies the allegations of paragraph 42 of the affirmative defense.

43. SRI states that the NIDES reference speaks for itself and SRI denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 43 of the affirmative defenses.

44. SRI states that the NIDES reference speaks for itself and SRI denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 44 of the affirmative defenses.

45. SRI states that the NIDES reference speaks for itself and SRI denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 45 of the affirmative defenses.

46. SRI admits that it submitted the NIDES reference to the PTO during the prosecution of pending patent applications, U.S. Patent Application Nos. 10/429,611 and 10/805,729, but denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 46 of the affirmative defenses.

47. SRI denies the allegations of paragraph 47 of the affirmative defenses.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT
## NATURE OF ACTION

1. In response to paragraph 1, SRI re-alleges its responses to paragraphs 36-47 above, as though fully set forth herein.

2. In response to paragraph 2, SRI admits that the counterclaim purports to state a cause of action for declaratory judgment of non-infringement and invalidity of

U.S. Patent Nos. 6,321,338 ("the '338 patent), 6,484,203 ("the '203 patent"), 6,407,874 ("the '874 patent"), 6,708,212 ("the '212 patent) and 6,711,615 ("the '615 patent"), and unenforceability of the '338 patent, '203 patent, '212 patent and '615 patent.

### THE PARTIES

3. Upon information and belief, SRI admits the allegations of paragraph 3 of the counterclaims.

4. SRI admits the allegations of paragraph 4 of the counterclaims.

### JURISDICTION AND VENUE

5. SRI admits that the counterclaims purport to state a cause of action under the patent laws of the United States, Title 35 U.S.C. § 1 et seq, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. SRI admits that the counterclaims purport to state a cause of action over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). SRI denies that ISS-GA is entitled to any relief requested.

6. SRI admits the allegations of paragraph 6 of the counterclaims.

7. SRI admits that for purposes of this action only, venue is proper in this judicial district.

### THE EXISTENCE OF AN ACTUAL CONTROVERSY

8. SRI denies that it made specific infringement accusations concerning specific patents against the products of ISS-GA outside of its First Amended Complaint, and also denies that a case or controversy can exist based on those alleged accusations. SRI admits that an actual controversy exists as to the '203 and '615 patents as a result of the allegations in SRI's First Amended Complaint. SRI denies the remaining allegations of paragraph 8 of the counterclaims.

9. SRI admits the allegations of paragraph 9 of the counterclaims.

10. SRI admits the allegations of paragraph 10 of the counterclaims.

11. SRI admits the allegations of paragraph 11 of the counterclaims.

12. SRI admits the allegations of paragraph 12 of the counterclaims.

13. SRI admits the allegations of paragraph 13 of the counterclaims.

14. SRI admits the allegations of paragraph 14 of the counterclaims.

15. With respect to paragraph 15, SRI states that the March 31, 2004 letter speaks for itself, and SRI denies all characterizations of the document and its legal effect, express or implied, in the allegations of paragraph 15 of the counterclaims.

16. With respect to paragraph 16, SRI states that the April 28, 2004 letter speaks for itself, and SRI denies all characterizations of the letter and its legal effect, express or implied, in the allegations of paragraph 16 of the counterclaims.

17. SRI admits that during the April 2004 through August 2004 timeframe, representatives of ISS-GA and SRI communicated concerning the '338, '203, '874, '212 and '615 patents, and that on or about July 8, 2004, SRI and ISS-GA entered into a nondisclosure agreement. SRI denies the remaining allegations of paragraph 17 of the counterclaims.

18. SRI admits that on August 17, 2004, ISS-GA filed a Declaratory Judgment action in the Northern District of Georgia, Civil Action No. 04-CV-2404-CC (the "Georgia Action"), for non-infringement and invalidity of the '338, '203, '874, '212 and '615 patents. SRI denies the remaining allegations of paragraph 18 of the counterclaims.

19. SRI admits that on August 24, 2004, it filed an infringement action in this Court against ISS-GA's parent corporation, Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec Corporation ("Symantec") and moved the Court to enter its First Amended Complaint to add ISS-GA as a party to this action on April 25, 2005. With regard to the remaining allegations of the paragraph 19 of the counterclaims, SRI states that the memorandum in support of its motion speaks for itself, and SRI denies all characterizations of the reference, express or implied, in the remaining allegations.

20. SRI admits the allegations of paragraph 20 of the counterclaims.

21.     SRI admits that an actual controversy between SRI and ISS-GA exists with respect to the '203 and '615 patents as a result of the First Amended Complaint. SRI denies all other allegations of paragraph 21 of the counterclaims.

22.     SRI admits the allegations of paragraph 22 of the counterclaims with regard to the '203 and '615 patents. SRI denies all other allegations of paragraph 22 of the counterclaims.

### COUNTERCLAIM ONE – NON-INFRINGEMENT

23.     Upon information and belief, SRI denies the allegations of paragraph 23 of the counterclaims.

### COUNTERCLAIM TWO – INVALIDITY

24.     SRI denies the allegations of paragraph 24 of the counterclaims.

### COUNTERCLAIM THREE -- UNENFORCEABILITY

25.     SRI denies the allegations of paragraph 25 of the counterclaims.

26.     SRI states that the Combined Declaration and Power of Attorney speaks for itself, and SRI denies all characterizations of the document and its legal effect, express or implied, in the allegations of paragraph 26. SRI denies all other allegations of paragraph 26 of the counterclaims.

27.     SRI admits the allegations of paragraph 27 of the counterclaims.

28.     SRI lacks sufficient information regarding when the NIDES reference was available in hard copy by request on the SRI Computer Science Laboratory's website, and therefore denies the allegations of paragraph 28 of the counterclaims.

29.     SRI denies the allegations of paragraph 29 of the counterclaims.

30.     SRI states that the NIDES reference speaks for itself, and SRI denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 30 of the counterclaims.

31.     SRI states that the NIDES reference speaks for itself, and SRI denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 31 of the counterclaims.

32.     SRI states that the NIDES reference speaks for itself, and SRI denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 32 of the counterclaims.

33.     SRI admits that it submitted the NIDES reference to the PTO during the prosecution of pending patent applications, U.S. Patent Application Nos. 10/429,611 and 10/805,729, but denies all characterizations of the reference and its materiality, express or implied, in the allegations of paragraph 33 of the counterclaims.

34.     SRI denies the allegations of paragraph 34 of the counterclaims.

### PRAYER FOR RELIEF

WHEREFORE, SRI requests the following relief:

A.     That ISS-GA's counterclaims be dismissed with prejudice.

B.     That ISS-GA take nothing by way of its counterclaims.

C.     That the Court enter judgment in favor of SRI as requested in the Complaint.

D.     That the Court enter judgment that ISS-GA has infringed the '203 and '615 patents.

E.     That the Court declare that the '203 and '615 patents are not invalid.

F.     That SRI be awarded reasonable attorneys' fees and costs of said suit; and

/ / /

/ / /

/ / /

/ / /

/ / /

  G. That the Court award SRI such other and further relief as may be appropriate.

Dated: June 13, 2005     FISH & RICHARDSON P.C.

By: *[signature]*
Timothy Devlin (#4241)
John F. Horvath (#4557)
FISH & RICHARDSON P.C.
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Howard G. Pollack (CA Bar No. 162897)
Michael J. Curley (CA Bar No. 230343)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
SRI INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann, Esq.<br>Morris James Hitchens & Williams<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

I hereby certify that on June 13, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Paul S. Grewal<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California 95014 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| Holmes Hawkins, III<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Atlanta, GA 30303-1763 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

_____
William J. Marsden, Jr.

1