IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 04-1199-SLR |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this 30th day of June 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2.

2. **Discovery**.

(a) Discovery will be needed on the following subjects:

Information concerning infringement, willful infringement, invalidity, unenforceability, inequitable conduct and damages for the Patents-in-suit.

(b) All fact discovery shall be commenced in time to be completed by March 10, 2006.

(1) Document production shall be completed on or before November 15, 2005.

(2) Maximum of 30 interrogatories by each party to any other party (including contention interrogatories).

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 50 requests for admission by each party to any other party, excluding requests solely related to the authenticity of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Plaintiff will have a maximum of 70 hours of fact depositions of Symantec deponents and 70 hours of fact depositions of ISS deponents. Symantec will have a maximum of 50 hours for fact depositions of SRI deponents. ISS will have a maximum of 50 hours for fact depositions of SRI deponents. Each fact deposition of an individual is limited to a maximum of 7 hours, except for depositions of inventors which are limited to a maximum of 14 hours total by Symantec and ISS. These time limitations cannot be exceeded unless good cause is shown.

Each party will have a limit of 40 hours for third party depositions unless good cause is shown to exceed the limit.

The parties agree that absent a showing of good cause, the defendants may only notice a fact witness once and should work together to limit redundant questioning of any individual witness.

(7) The parties shall file a Proposed Protective Order and a Proposed Order Limiting Expert Discovery with the court by July 18, 2005.

(c) Expert discovery shall be commenced in time to be completed by May 26, 2006.

(1) Expert reports on issues for which the parties have the burden of proof due March 17, 2006. Rebuttal expert reports due April 17, 2006.

(2) Expert depositions to be limited to a maximum of 10 hours per expert per party unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before June 16, 2006.

(d) If willfulness has been asserted and absent agreement among the parties, each defendant must inform plaintiff as to whether it intends to rely on advice of counsel by February 28, 2006. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its opinion counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought from opinion counsel.

(e) Supplementations under Rule 26(e) due January 27, 2006 and May 12, 2006.

(f) **Discovery Disputes**.

(1) The court shall conduct in-person discovery status conferences on <u>September 29, 2005</u> at 4:30 p.m. and <u>December 7, 2005</u> at 4:30 p.m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before <u>December 30, 2005</u>.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 20, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before June 16, 2006. Briefing shall be pursuant to D. Del. L.R. 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction.** The parties shall agree upon and file the Joint Claim Construction Statement on February 17, 2006, with the claim chart separately docketed. The parties will be bound by the positions submitted in the Joint Claim Construction statement absent a showing of good cause. The parties will file simultaneous opening claim construction briefs on June 9, 2006. Simultaneous response briefs should be filed by June 30, 2006. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on August 23, 2006 at 3:00 p.m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests**

**submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. L.R. 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine**. **No** motions in limine shall be filed; instead the parties shall be prepared to address their gmsevidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on <u>October 12, 2006 at 4:30 p.m.</u> in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. L.R. 16.4 shall govern the pretrial conference.

11. **Trial**. ~~The determination of the dates and time limitations for the trial and~~ [handwritten: Trial will commence on October 30, 2006 and may continue for up to four (4) ~~two weeks~~] [handwritten margin: SLR 6/30/05] ~~weeks. The question of~~ whether there will be one trial with both defendants or a separate trial for each defendant will be made at the pretrial conference. The trial will take place in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

IT IS SO ORDERED.

Dated: 6/30/05

_____
Honorable Sue L. Robinson
United States District Court