**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., <br> a California Corporation, | ) <br> ) <br> ) | |
| Plaintiff and <br> Counterclaim-Defendant, | ) <br> ) <br> ) | |
| v. | ) <br> ) | C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., <br> a Delaware Corporation, INTERNET <br> SECURITY SYSTEMS, INC., a Georgia <br> Corporation, and SYMANTEC <br> CORPORATION, a Delaware Corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants and <br> Counterclaim-Plaintiffs. | ) <br> ) | |

<u>**[PROPOSED] STIPULATED PROTECTIVE ORDER**</u>

Dated:  July 19, 2005

The parties to this litigation matter desire to hold confidential and limit the disclosure of certain trade secret or other confidential financial, technical, or commercial information that may be produced during discovery or trial of this action. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby STIPULATED by and between the parties to the above captioned litigation through their respective counsel, and ORDERED and DECREED that the following Protective Order be entered to give effect to the agreed-upon terms and conditions, as follows:

1.      Definitions:

1.1      "Symantec" means Symantec Corporation, and its parents, divisions, subsidiaries, affiliates, predecessors and successors-in-interest.

1.2      "ISS-DE" means Internet Security Systems, Inc., a Delaware corporation, and its divisions, subsidiaries, affiliates, predecessors and successors-in-interest.

1.3      "ISS-GA" means Internet Security Systems, Inc., a Georgia corporation, and its parents, divisions, subsidiaries, affiliates, predecessors and successors-in-interest.

1.4      "SRI" means SRI International, Inc., and its parents, divisions, subsidiaries, affiliates, predecessors and successors-in-interest.

1.5      The terms "party" or "parties" mean Symantec, ISS-DE, ISS-GA, or SRI. The term "Designating Party" means any party or non-party producing documents or information under this Protective Order.

1.6      The term "Material" means information that a Designating Party believes to be of a proprietary business or technical nature and that is not readily

1

available to others, and which the Designating Party designates as "Confidential" or "Restricted Confidential – Source Code." "Material" shall not include:

1.6.1    information that is in the public domain at the time of disclosure;

1.6.2    information which after disclosure is published or becomes part of the public domain through no fault of a party receiving information under this Protective Order, but only after it is published or comes into the public domain;

1.6.3    information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or

1.6.4    information disclosed by a non-party that is not subject to any confidentiality obligations at the time of disclosure.

1.7    Materials marked "Confidential" are confidential or contain confidential information that the producing party or non-party believes in good faith to be so commercially valuable or confidential that disclosure to the public or persons other than those authorized could have the effect of causing harm to the competitive position of the Designating Party, and which is to be disclosed or produced to a party in this action. Such confidential information may include, without limitation, engineering, scientific, and other data, including know-how relating to the design, development, or manufacture of a party or a non-party's products, intellectual property licenses or information about such licenses, and financial, sales or

customer information.

1.8     Materials marked "Restricted Confidential – Source Code" contain highly confidential source code that the producing party or non-party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized poses a risk of impairing the interests of the producing party or non-party, and which is to be disclosed or produced to a party in this action.

1.9     "Document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure.

1.10    The term "In-house Counsel" means an attorney who is an employee of a party who is responsible for litigation matters on behalf of that party and who is authorized to handle legal matters whether in the United States or in any other country, if that person is listed in Exhibit "B" hereto and has satisfied the provisions of Paragraphs 7.2 and 9.  Any In-house Counsel must either be listed in Exhibit B or be subject to the provisions of Paragraph 11 of this Order.

1.11    The term "Outside Counsel" means an attorney retained by a party to represent that party in this litigation matter that is not an employee of the party, including the law firms of Day Casebeer Madrid & Batchelder LLP and Morris, James Hitchens & Williams LLP for Symantec, King & Spalding LLP and Potter Anderson & Corroon LLP for ISS-DE and ISS-GA, and Fish & Richardson, P.C. for SRI, and who has satisfied the provision of Paragraph 9 of this Order.

1.12    Except for use as described in Paragraphs 7 and 11 herein below, Materials designated "Confidential" or copies, extracts or summaries of such Materials, shall not leave the United States. Under no circumstances shall Materials designated "Restricted Confidential – Source Code" or copies, extracts or summaries of such Materials leave the United States.

2.    This Protective Order will not, in any manner, be disclosed to the jury in the above captioned litigation matter, or used in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of the case, save and except a hearing which involves issues related to the enforcement of any provision of this Protective Order.

3.    Except as otherwise provided below, any document, data, thing, deposition testimony, response to a request for admission, or response to an interrogatory produced, given, or served pursuant to discovery requests in this litigation matter and designated by the Designating Party as "Confidential" or "Restricted Confidential – Source Code," or any information contained in or derived from any of such Material, shall be subject to the provisions of this Protective Order until further order of the Court.

4.    The following rules shall govern the designation of Material as "Confidential" or "Restricted Confidential – Source Code."

4.1    Material shall be designated as "Confidential" or "Restricted Confidential – Source Code" by placing the legend "Confidential" or "Restricted Confidential – Source Code," where practical, by marking on each page of a document, each separate thing, or each separate item of other information thereof as to which confidentiality is claimed. If not practical

to so mark the material itself, a container for or a tag attached to the material shall be so marked. The entity designating any information as "Confidential" or "Restricted Confidential – Source Code" shall have the duty and responsibility to designate and mark the Material containing that information as such.

4.2     With respect to materials produced for inspection by a Designating Party, the Designating Party need not designate the Material by marking it "Confidential" or "Restricted Confidential – Source Code" until the inspecting party requests copies of the materials. All materials provided for inspection shall be treated as though designated "Confidential" at the time of the inspection, except that materials inspected under the provisions of Paragraph 8 herein shall be treated as though designated "Restricted Confidential – Source Code."

4.3     A Designating Party may designate a deposition or portion thereof "Confidential" or "Restricted Confidential – Source Code" by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Restricted Confidential – Source Code" within twenty (20) calendar days of receiving the transcript and so informing all parties of such designation. Until the 20-day period to designate deposition testimony as "Confidential" or "Restricted Confidential – Source Code" has passed, the deposition transcript shall be treated as "Confidential" in its entirety.

4.4     A Designating Party may orally designate testimony as "Confidential" or

"Restricted Confidential – Source Code" during the course of the deposition, in which case the court reporter shall transcribe the pages so designated in a separate volume marked "Confidential," or "Restricted Confidential – Source Code." Any testimony so designated shall remain designated as such and Paragraph 4.3 shall not apply to the designated testimony.

4.5    Any portion or separately bound volume of a deposition designated as "Confidential," or "Restricted Confidential – Source Code" shall not be filed with the Court, except in accordance with Paragraph 15 of this Order.

4.6    A Designating Party that inadvertently fails to mark any information as "Confidential" or "Restricted Confidential – Source Code" may later give written notice to the receiving party that the information is "Confidential" or "Restricted Confidential – Source Code" and should be treated as such in accordance with the provisions of this Order, provided such notice is given within ten (10) business days of discovering the inadvertent failure to mark. Such notice shall be accompanied by appropriately marked substitute copies of such information. From the date the receiving party receives such notice, it must treat such information as "Confidential" or "Restricted Confidential – Source Code" Material, and, within ten (10) business days, it must return or destroy the unmarked information and all copies thereof. The receiving party's disclosure of such information prior to receipt of such notice to persons not authorized to receive Material shall not be deemed a violation of this Order. However, the receiving party (i)

must advise unauthorized persons to whom disclosure was made that the Material is "Confidential" or "Restricted Confidential – Source Code," and (ii) must inform them that the Material should now be treated in accordance with the provisions of this Order. Furthermore, any such unauthorized persons who have not previously agreed to be bound by this Protective Order shall execute a copy of Exhibit "A" averring that they have read and understood this Protective Order and agree to be bound by its terms.

4.7    As to any Material designated as "Confidential" or "Restricted Confidential – Source Code," the Designating Party shall hereby be deemed to have certified that it believes in good faith that good cause exists, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, for the Court to grant a protective order covering such Material.

5.    If any person prints or otherwise creates paper copies of non-paper (e.g., diskettes, magnetic or electronic media) versions of Material from a Designating Party that is designated as "Confidential" or "Restricted Confidential – Source Code," such person shall timely mark such documents with the appropriate "Confidential" or "Restricted Confidential – Source Code" label prior to distributing such Material. All copies of Material marked "Confidential" or "Restricted Confidential – Source Code" shall again be marked "Confidential" or "Restricted Confidential – Source Code" if the duplicating process by which copies of such Materials are made does not reproduce the original label.

6.      Notwithstanding the provisions of Paragraphs 4.3 and 4.4 of this Order, other persons may attend depositions pursuant to the Federal Rules of Civil Procedure or by agreement of the parties. However, unless such person is entitled to review Material designated as "Confidential" or "Restricted Confidential – Source Code," that person must leave the room before any disclosure or discussion of any Material that the person is not entitled to review.

7.      No Material designated as "Confidential" subject to this Protective Order, or extracts or summaries of Material derived therefrom, shall be communicated in any manner, either directly or indirectly, to any person except the following:

     7.1     Outside Counsel of record for any receiving party, including their partners and associates who assist them in this matter, and the clerical employees of such counsel of record actually assisting such counsel in the preparation of this case, as well as outside reproduction, translation, shorthand or court reporters, videographers, document management services, and trial support services retained by the Outside Counsel for any receiving party.

     7.2     Up to two (2) designated In-house Counsel for any receiving party engaged in this litigation matter, and the clerical and secretarial employees of such counsel of record actually assisting such counsel in the preparation of this case (the designated In-house Counsel, as agreed at the time this Protective Order is executed, are set forth in Exhibit "B" annexed hereto). The parties recognize that the responsibilities of In-house Counsel may change during the litigation, and that the replacement of a previously designated In-house Counsel under this section by a substitute In-house

8

Counsel may therefore become appropriate. Any party desiring to make such a replacement of an In-house Counsel shall give written notice thereof to all other parties, and the substitute In-house Counsel identified in the notice shall be deemed approved unless another party objects to such substitution within ten (10) business days of such notice. Objections to the designation of an In-house Counsel shall be governed by Paragraph 12.

7.2.1    Notwithstanding the provisions of Paragraph 7.2, under no circumstances shall ISS-DE or ISS-GA, their In-house Counsel, or their experts or consultants be granted access to Material designated as "Confidential" by Symantec.  Similarly, under no circumstances shall Symantec, its In-house Counsel, or its experts or consultants be granted access to Material designated as "Confidential" by ISS-DE or ISS-GA.

7.3    Independent non-party experts or consultants retained or consulted to assist counsel of record in this case, including their secretarial and clerical personnel actually assisting such experts or consultants in connection with this case provided, however, that (i) the experts or consultants are not employees of a competitor of the Designating Party and (ii) the experts or consultants become qualified to receive material designated "Confidential" in accordance with the following procedure:

7.3.1    Counsel for any party proposing an independent non-party expert or consultant shall disclose in writing to the Designating Party at

9

least ten (10) business days before the disclosure: (i) the identity of such individual and a description of such individual's present occupation, affiliation, employer and position; (ii) an up-to-date copy of such individual's curriculum vitae (which shall disclose all current, former, and known future employers and/or consulting engagements of the independent non-party expert or consultant); and (iii) a copy of the undertaking in the form attached as Exhibit "A" executed by such individual.

7.3.2   Counsel shall notify proposing counsel in writing of its objection to any such proposed expert or consultant and the basis for the objection within ten (10) business days after receipt of the information identified in Paragraph 7.3.1 above. Should counsel notify proposing counsel in writing of its objection, no disclosure shall be made to the expert or consultant, and the parties shall work in good faith toward a mutually agreeable resolution to the dispute. If agreement on the expert or consultant cannot be reached, the proposing party shall seek relief from the Court as set forth in Paragraph 12.

7.3.3   If at the end of the ten (10) business day period no written objection has been received by the party that wishes to disclose the Material, then the individual may receive copies of such Material upon compliance with all applicable provisions of this Protective Order.

7.3.4   The parties agree that no individual identified as a consultant or expert shall be subject to deposition relating to that engagement unless that individual is identified as an expert pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7.4   The Court, other court officials (including court reporters) and the trier of fact, pursuant to a sealing order.

7.5   The person who is the author or addressee of such material or people copied thereof.

7.6   Witnesses who are deposed in this action (and the deponent's counsel in the case of a separately represented non-party) or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, and/or (2) during the deposition or hearing, and only under the following circumstances:

7.6.1   Any witness may be shown Material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

7.6.2   A current officer, director, or employee of a Designating Party may be shown that party's Material;

7.6.3   Any witness selected by a Designating Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's Material;

7.6.4   A former officer, director, or employee of a Designating Party may be shown that party's Material if it appears from the face of

the material that the witness authored the Material while employed by the Designating Party, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order.

8.    Source Code Access

8.1    The parties recognize that, in certain instances, software can be highly valuable and must be maintained in confidence. Such software and in particular readable software in the form of source code or assembly code, is collectively referred to herein as "source code."  Source code does not include code disclosed to the U.S. Patent and Trademark Office.

8.2    Source code shall be designated "Restricted Confidential – Source Code," and may be accessed only via the procedure described herein in Paragraphs 8.3-8.10.

8.3    A single electronic copy of requested source code shall be made available for inspection on a computer in a private inspection room (hereinafter "source code computer").

8.4    Access to each source code computer shall be permitted, after notice to the source code provider and an opportunity to object, to Outside Counsel representing the requesting party and two (2) independent non-party experts or consultants retained by the requesting party, all of whom have been approved under this Protective Order.  In particular, any such expert must have satisfied the provisions of Paragraph 7.3 (including subparts).

No one from the provider shall have further access to the source code computer during the remainder of discovery without the express written permission of the requesting party.

8.5    No printed or copied Material designated as "Restricted Confidential – Source Code" subject to this Protective Order, or extracts or summaries of Material derived therefrom, shall be communicated in any manner, either directly or indirectly, to any person other than those identified in Paragraph 8.4, except that such Material may be provided to the Court, other court officials (including court reporters) and the trier of fact, pursuant to a sealing order in accordance with Paragraph 15 of this Order. Under no circumstances shall ISS-DE or ISS-GA, their Counsel, or their experts or consultants be granted access to Material designated "Restricted Confidential – Source Code" by Symantec.  Similarly, under no circumstances shall Symantec, its Counsel, or its experts or consultants be granted access to Material designated as "Restricted Confidential – Source Code" by ISS-DE or ISS-GA.

8.6    If the receiving party can demonstrate the necessity of access to source code in its native development format, to the extent it is reasonably feasible from a technical perspective, the party who has produced Restricted – Confidential Source Code shall provide a source code computer at (a) any hearing wherein such source code is relevant to an issue in dispute at such hearing, (b) trial, and (c) at a deposition of the producing party or its experts at a location to be agreed upon by the parties

at a later date.

8.7     Each source code computer shall be password protected and supplied by the source code provider (the producing party).  A current, commercially available state of the art computer with sufficient memory, processor speed, and disk space to view the source code effectively and efficiently must be provided by the producing party.  To the extent it is reasonably feasible from a technical perspective, the source code shall be loaded onto the source code computer in read only form in its native development environment, further provided that such form may allow the revision history of the code to be ascertained.  The computer may be provided without removable storage means and without network or telecommunications access if so desired by the producing party.

8.8     Outside counsel and authorized independent non-party experts or consultants shall not be permitted to output information onto any portable, non-portable, or network media from the source code computer system by any means even if such means exist on the system (e.g., floppy drive, CD-R/RW drive, Ethernet/Internet/email access or USB).  Furthermore, outside counsel and authorized independent non-party experts or consultants shall not bring a computer, external storage devices or media, or other means by which the "Restricted Confidential – Source Code" may be copied, and shall comply with reasonable requests to verify adherence to this provision.

8.9     Each source code computer shall be made available: (a) for SRI's source

code, at an escrow agent in the San Francisco Bay Area and one in the Atlanta, Georgia area; (b) for Symantec's source code, at an escrow agent in the San Francisco Bay Area; and (c) for ISS-DE's source code (if any) and ISS-GA's source code, at an escrow agent in the San Francisco Bay Area, unless the providing and requesting parties mutually agree otherwise.

8.10    Source code may not be printed or copied without the agreement of the producing party or further order of the court.  Any printed or copied source code must be marked "Restricted Confidential – Source Code."

9.    Any attorney, patent agent, or other person who is permitted under this Protective Order to access Materials designated "Confidential" or "Restricted Confidential – Source Code" shall be prohibited, during the pendency of this case and for a period of one (1) year following the final disposition of this litigation matter, whether by judgment (including exhaustion of all appeals), settlement, or otherwise, from participating, either directly or indirectly, in the prosecution of any patent applications relating to the subject matter of the patents-in-suit and/or the features or functionality of any product for which "Confidential" or "Restricted Confidential – Source Code" Materials were produced.

10.    No person allowed to view Material designated as "Confidential" or "Restricted Confidential – Source Code" shall use such Material for any purpose except as needed solely in connection with or to assist in this litigation matter between the parties and for no other purpose, and each such person shall take all steps reasonably necessary to protect the confidentiality of the Material. Nothing herein

shall bar or restrict any attorney from rendering advice to his or her client, and, in the course thereof, relying upon (without disclosing) examination of Material designated as "Confidential" or "Restricted Confidential – Source Code." Further, nothing herein shall restrict the Designating Party from using for any purpose or disclosing in any manner its own Material designated as "Confidential" or "Restricted Confidential – Source Code."

11.     If a party wishes to disclose Material designated as "Confidential" or "Restricted Confidential – Source Code" to any person not described in Paragraphs 7 or 8 above, the party must proceed in the following manner:  the name of the person to whom Material designated as "Confidential" or "Restricted Confidential – Source Code" is to be disclosed, the name of that person's employer, and a description of the Material proposed to be disclosed to such person shall be provided in writing to lead counsel for the Designating Party, together with a statement in the form annexed hereto as Exhibit "A," at least twenty (20) calendar days in advance of disclosure. If no objection is made within the twenty (20) day period, then the individual may receive copies of such Material upon compliance with all applicable provisions of this Protective Order. Objections to disclosure shall be governed by Paragraph 12.

12.     If the Designating Party objects in writing to the disclosure of Material designated as "Confidential" or "Restricted Confidential – Source Code" to any individual identified pursuant to Paragraphs 7.2, 7.3, 8.4 or 11, and only after the parties have met and conferred in an attempt to resolve the dispute regarding disclosure of Material, the receiving party must file a motion seeking to permit such

disclosure. No disclosure may be made to an individual who is the subject of such an objection unless and until the Court rules otherwise, or the parties agree otherwise. Under no circumstances shall any individual who is the subject of such an objection be allowed to review any Material designated as "Confidential" or "Restricted Confidential – Source Code" unless such individual has executed a copy of Exhibit "A."

13. If any party believes that any Material which has been designated as "Confidential" or "Restricted Confidential – Source Code" is not properly subject to the confidentiality provisions of this Protective Order, that party may so notify the Designating Party in writing and provide a description of the Material which the objecting party believes should be freed from the constraints of this Protective Order, and serve such notice on lead counsel of record for all other parties herein. Such description shall specifically identify each document and the reason that party believes the designation should be changed. If the Designating Party does not de-designate the Material within ten (10) days from receipt of such notice, the receiving party may make a motion seeking the de-designation of the disputed Material under the applicable law and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Failure to so object or move shall not constitute an admission that the Material was properly designated.

14. No Material designated as "Confidential" or "Restricted Confidential – Source Code" shall be disclosed in a deposition to a person not authorized to receive it under this Protective Order absent agreement of the Designating Parties.

15. In the event that Material designated as "Confidential" or "Restricted Confidential

17

– Source Code" that is subject to the provisions of this Protective Order is contained in motions, briefs, or other documents filed with the Court, such document shall be filed under seal and bear a statement substantially in the following form:

"THIS DOCUMENT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL OR RESTRICTED CONFIDENTIAL – SOURCE CODE AND COVERED BY A PROTECTIVE ORDER. THIS DOCUMENT SHALL NOT BE MADE AVAILABLE TO ANY PERSON OTHER THAN THE COURT AND OUTSIDE COUNSEL OF RECORD FOR THE PARTIES."

16.     Any information designated as "Confidential," or "Restricted Confidential – Source Code" may not be offered into evidence at trial or any other proceeding unless the Designating Party is given notice in accordance with this paragraph and an opportunity to object and to seek appropriate protective measures. For the purposes of trial, designation of information in the pre-trial order shall be considered to be sufficient notice to a party with respect to the information referenced therein, and in the case of information to be used solely for rebuttal, impeachment or cross-examination purposes, notice to the Designating Party before disclosure of such information in court shall be considered to be sufficient notice. The parties agree to cooperate to preserve the confidentiality of such "Confidential" and "Restricted Confidential – Source Code" information at trial or any other proceeding. As to the use at trial of "Confidential" or "Restricted Confidential – Source Code" Materials designated as such by third parties, the party seeking to offer or use such "Confidential" or "Restricted Confidential –

Source Code" Materials at trial, must either seek permission from the third party to use such "Confidential" or "Restricted Confidential – Source Code" Materials at trial, or request that the Court exclude from the room any person not entitled to receive such information as described under Paragraphs 7 or 8 of this Order, and that the Materials be maintained at their designated level of confidentiality in the Court records.

17.   This Protective Order shall not be deemed a waiver of:

17.1   Any party's right to object to any discovery requests on any ground;

17.2   Any party's right to seek an order compelling discovery with respect to any discovery request;

17.3   Any party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

17.4   Any party's right to use and disclose its own documents and its own Material designated as "Confidential" or "Restricted Confidential – Source Code" in its sole and complete discretion; or

17.5   The status of any Material as a trade secret.

18.   The provisions of this Protective Order shall continue in effect with respect to any Material designated as "Confidential" or "Restricted Confidential – Source Code" until expressly released by the Designating Party of such Material. Unless otherwise agreed by the Designating Party, within sixty (60) calendar days of the final determination of this action, each party shall return or destroy all Material designated as "Confidential" or "Restricted Confidential – Source Code" of any other party in its possession or control, and all copies, derivations and summaries

19

thereof, except that the Outside Counsel of record for each party may retain or destroy at their option any document which includes or reflects attorney work product, and may also retain file copies of any pleadings, briefs or other papers (or exhibits thereto) served or filed in the action, even though such papers incorporate or include "Confidential" or "Restricted Confidential – Source Code" information. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under the applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Unless otherwise ordered by the Court, the terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Material designated as "Confidential" or "Restricted Confidential – Source Code" has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

19. Counsel for the parties to whom Material designated as "Confidential" or "Restricted Confidential – Source Code" has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit "A" when required under the provisions of this Protective Order.

20.     If a Designating Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the Designating Party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Designating Party. The receiving party shall return to the Designating Party all copies of such document and shall return or destroy all excerpts and summaries thereof. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the receiving party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production. The inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony or evidence.

21.     Non-parties may (i) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "Confidential" or "Restricted Confidential – Source Code" to the same extent and in the same manner as the parties to this litigation matter, and such documents or information shall be treated by the parties to this litigation matter in the same manner as documents or information so designated by a party; and (ii) intervene in this litigation matter to enforce the provisions of this Order as if they were a party.

21

22.     If Material or information designated "Confidential" or "Restricted Confidential –
        Source Code" is disclosed to any person other than in the manner authorized by
        this Protective Order, the party responsible for the disclosure must immediately
        bring all pertinent facts relating to such disclosure to the attention of the
        Designating Party, and without prejudice to the rights and remedies of the
        Designating Party, make every effort to retrieve the improperly disclosed material
        and to prevent further unauthorized disclosure on its own part or on the part of the
        recipient of such information or Material.

23.     In the event any receiving party having possession, custody or control of any
        materials designated as "Confidential" or 'Restricted Confidential – Source Code"
        receives a subpoena or other process or order to produce such information in
        another, unrelated legal proceeding, from a non-party to this action, such
        receiving party shall notify counsel for the Designating Party or third party in
        writing of the subpoena or other process or order, furnish counsel for the
        Designating Party or third party with a copy of said subpoena or other process or
        order, and cooperate with respect to all reasonable procedures sought to be
        pursued by the Designating Party or third party whose interests may be affected.
        The Designating Party or third party asserting the "Confidential" or 'Restricted
        Confidential – Source Code" treatment shall have the burden of defending against
        such subpoena, process or order. The party receiving the subpoena or other
        process or order shall be entitled to comply with it except to the extent that the
        disclosing party or third party asserting the "Confidential" or 'Restricted
        Confidential – Source Code" treatment is successful in obtaining an order

modifying or quashing the subpoena or other process or order.

24.     This Order may be modified or amended either by agreement of the parties or by

order of the Court upon good cause shown.

Dated:  July 19, 2005

**AGREED TO AND APPROVED FOR ENTRY**:

Attorneys for SRI International, Inc.


By: /s/ John F. Horvath_____

Date: July 19, 2005

Timothy Devlin (#4241)
John F. Horvath (#4557)
FISH & RICHARDSON P.C.
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

Howard G. Pollack (CA Bar No. 162897)
Gina M. Steele (CA Bar No. 233379)
Michael J. Curley (CA Bar No. 230343)
FISH & RICHARDSON P.C.
500 Arguello St., Ste. 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Internet Security Systems, Inc., a Delaware corporation, and
Internet Security Systems, Inc., a Georgia corporation


By: /s/ Richard L. Horwitz

Date: July 19, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel.:  (302) 984-6000
Fax:  (302) 658-1192

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA 30303
Tel:  (404) 572-4600
Fax:  (404) 572-5145

Theresa A. Moehlman
Jeffrey D. Blake
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.:  (212) 556-2100
Fax:  (212) 556-2222

Attorneys for Symantec Corporation


By: /s/ Richard K. Herrmann

Date: July 19, 2005


Richard K. Herrmann (#405)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Tel:  (302) 888-6800

Lloyd R. Day, Jr. (*pro hac vice*)
Robert M. Galvin (*pro hac vice*)
Paul S. Grewal (*pro hac vice*)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
Tel:  (408) 873-0110
Fax: (408) 873-0220



            SO ORDERED this ____ day of _____, 2005.


                        _____
                        Honorable Sue L. Robinson

50288915.DOC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SRI INTERNATIONAL, INC.,                )
a California Corporation,               )
                                        )
                Plaintiff and           )
                Counterclaim-Defendant, )
                                        )
        v.                              )
                                        )   C. A. No.: 04-1199 (SLR)
INTERNET SECURITY SYSTEMS, INC.,        )
a Delaware Corporation, INTERNET        )
SECURITY SYSTEMS, INC., a Georgia       )
Corporation, and SYMANTEC               )
CORPORATION, a Delaware Corporation,    )
                                        )
                Defendants and          )
                Counterclaim-Plaintiffs.)

**EXHIBIT "A"**

<u>STATEMENT</u>

1.      My name is _____.

2.      I am currently employed by _____.

3.      My current occupation is _____.

4.      I have been retained as an _____ of _____ in the above-styled

litigation matter.

5.      Attached is a copy of my current resume or curriculum vitae.

6.      I have received a copy of, have read and understood, and agree to be bound by the terms

of the Protective Order in this action.

7.      I will not reveal the contents of Material designated as "Confidential" or "Restricted

Confidential – Source Code" to any unauthorized person under the terms of the Protective Order.

8.      I will not use Material designated as "Confidential" or "Restricted Confidential – Source

Code" for any other purpose other than testifying or assisting the attorneys of record in this action and for no other reason.

9.     I will only make such copies of or notes concerning documents designated "Confidential" or "Restricted Confidential – Source Code" as are necessary to enable me to render the assistance required in connection with this litigation. All such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction, and I will destroy such notes during or upon completion of this litigation matter.

10.    When requested, I will return to the outside counsel of record of the party with whom I am associated all information designated as "Confidential" or "Restricted Confidential – Source Code" in my possession, including any surviving documents and things which I may prepare relating to any such information.

11.    I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED this _____ day of _____, 200__.


_____

Name: _____
           (print name)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., | ) | |
| a California Corporation, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., | ) | |
| a Delaware Corporation, INTERNET | ) | |
| SECURITY SYSTEMS, INC., a Georgia | ) | |
| Corporation, and SYMANTEC | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

<u>**EXHIBIT "B"**</u>

Dated:  July 19, 2005


<u>List of Approved In-house Counsel Under Protective Order Paragraph 7.2</u>

Subject to these agreements, the following is the list of approved In-house Counsel:


<u>For SRI International, Inc.</u>


<u>For Internet Security Systems, Inc., a Delaware corporation and  Internet Security Systems, Inc.,</u>

<u>a Georgia corporation</u>


<u>For Symantec Corporation</u>