**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) |
| v. | ) ) ) C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) |
| Defendants and Counterclaim-Plaintiffs. | ) ) |

**[PROPOSED] STIPULATED ORDER REGARDING EXPERT DISCOVERY**

Dated: July 19, 2005

Plaintiff SRI International, Inc. ("SRI") and defendants Internet Security Systems, Inc. ("ISS-DE"), a Delaware corporation, Internet Security Systems, Inc. ("ISS-GA"), a Georgia corporation, and Symantec Corporation, Inc. ("Symantec") (collectively, "Defendants") stipulate and agree that, notwithstanding the provisions of Federal Rule of Civil Procedure 26 and any pertinent case law, the scope of allowable expert discovery will be as set out below.  The parties stipulate and agree that:

1.      The parties will produce to one another their respective experts' final reports, curricula vitae, and engagement arrangements, and will either identify (including by Bates number where available) or, if the document is not already in the possession of the opposing party, produce a clean copy of those documents which the experts reviewed in the course of preparing and rendering their opinions.  Except as provided in paragraph 4 below, no other documents relating to expert reports will be produced, provided, however, that nothing in this agreement is intended to bar discovery of documents that are otherwise discoverable from a party or third party outside of the context of expert discovery or intended to alter the otherwise applicable rules regarding a party's ability or inability to obtain prior testimony or statements by an expert witness.

2.      The parties will not produce, nor will any party seek to discover, experts' notes, drafts of expert reports, or communications with counsel in preparation for depositions or drafting expert reports.

3.      Subject to the restrictions set forth above, the parties shall be entitled to seek discovery regarding the process undertaken by experts in preparing reports, such as who prepared each section of the report, how much time was spent drafting the report, how many drafts of the report were prepared, or who the expert spoke with during the course of drafting a

1

report, and seek discovery regarding the content of any communications between any expert and any fact witness at any time. The parties expressly agree, however, that notwithstanding the provisions of this paragraph, they will not seek discovery into the substance of any drafts of expert reports, the substance of any comments made on drafts of expert reports, the substance of any proposed edits to expert reports, or the substance of any communications with counsel regarding the substance of the opinions expressed in the expert reports.

       4.       In addition to the discovery provided in paragraph 3, the parties shall produce all test results and all underlying data and documents for any tests the expert or any other consultant or expert conducts (including, but not limited to, the use, creation and/or modification of any software or other computer program products) if (1) the expert relies on or refers to the tests in the expert's report or testimony or (2) the expert was involved in any manner in the tests and the tests relate to a subject on which the expert will testify. In either case (1) or case (2) the parties shall be entitled to seek discovery regarding the substance of any communications concerning the tests between the expert and any other expert or consultant who participated in the tests. In either case (1) or case (2), if such tests were conducted by another expert or consultant, the parties will make that other expert or consultant available for deposition and will produce all data and documents concerning all tests conducted by that other expert or consultant in connection with this litigation and relating to the subject matter of the testifying expert's testimony or report, whether or not the testifying expert relies on all of the tests.

Dated: July 19, 2005

        By: /s/ John F. Horvath
           Timothy Devlin (#4241)
           John F. Horvath (#4557)
           FISH & RICHARDSON P.C.
           919 N. Market St., Ste. 1100
           P.O. Box 1114
           Wilmington, DE 19889-1114
           Telephone: (302) 652-5070

           *Attorneys for Plaintiff SRI International, Inc.*

        By: /s/ Richard K. Herrmann
           Richard K. Herrmann (#405)
           BLANK ROME LLP
           Chase Manhattan Centre
           1201 Market Street, Suite 800
           Wilmington, DE 19801
           Telephone: (302) 425-6400

           *Attorneys for Defendant Symantec Corporation*

OF COUNSEL:

Lloyd R. Day, Jr. (*pro hac vice*)
Robert M. Galvin (*pro hac vice*)
Paul S. Grewal (*pro hac vice*)
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110
Fax: (408) 873-0220

Michael R. Schallop (*pro hac vice*)
Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014
Tel: (408) 517-8000
Fax: (408) 517-8121

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel.:  (302) 984-6000
Fax:  (302) 658-1192

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Jeffrey D. Blake
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

Attorneys for Defendants
INTERNET SECURITY SYSTEMS, INC. and
INTERNET SECURITY SYSTEMS, INC.

SO ORDERED this _____ day of _____, 2005.

_____
Honorable Sue L. Robinson

4