IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, </br></br>    Plaintiff and </br>    Counterclaim-Defendant, </br></br>    v. </br></br>INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, </br>INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and </br>SYMANTEC CORPORATION, a Delaware Corporation, </br></br>    Defendants and </br>    Counterclaim-Plaintiffs. | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) C. A. No.: 04-1199 (SLR) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) |

NOTICE OF SUBPOENA OF THE MASSACHUSETTS
INSTITUTE OF TECHNOLOGY'S LINCOLN LABORATORY

TO:   Timothy Devlin                      Howard G. Pollack
        Fish & Richardson P.C.           Michael J. Curley
        919 Market Street, Suite 1100   Fish & Richardson P.C.
        P.O. Box 1114                       500 Arguello Street, Suite 500
        Wilmington, DE 19899          Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Defendants and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Georgia corporation ("ISS-GA"), Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec Corporation ("Symantec"), by their counsel, have served the accompanying subpoena for the production of documents by the Lincoln Laboratory of the Massachusetts Institute of Technology ("Lincoln Lab").

The subpoena commands Lincoln Lab to produce documents and things, pursuant to Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A attached to

the subpoena. The document production will take place on November 1, 2005, at 10:00 a.m., at the Marriott Cambridge Hotel, 2 Cambridge Center, Cambridge, MA 02142 or at such alternative date, time, and place as may be mutually agreed upon by counsel for ISS-GA, ISS-DE, Symantec and Lincoln Lab.

Dated: October 17, 2005

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000

Attorneys for Defendants
and Counterclaim-Plaintiffs
INTERNET SECURITY SYSTEMS,
INC., a Georgia Corporation and
INTERNET SECURITY SYSTEMS,
INC., a Delaware Corporation

OF COUNSEL:
Holmes J. Hawkins III
Natasha H. Moffitt
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

/s/ Richard K. Hermann
Richard K. Hermann (#406)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6800

Attorneys for Defendants
and Counterclaim-Plaintiffs
SYMANTEC CORPORATION

OF COUNSEL:
Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

703627

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

SRI INTERNATIONAL, INC.,

    Plaintiff and
    Counterclaim-Defendant,

v.

INTERNET SECURITY SYSTEMS, INC., a
Delaware Corporation, INTERNET SECURITY
SYSTEMS, INC., a Georgia Corporation, and
SYMANTEC CORPORATION, a Delaware Corporation,

    Defendants and
    Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**
C.A. No.: 04-1199 (SLR)
District of Delaware

TO:    Massachusetts Institute of Technology
        ATT: Mark DiVincenzo
        Senior Counsel's Office
        Room 12-090
        77 Massachusetts Avenue
        Cambridge, MA 02139-4307
        Tel: (617) 452-3985

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

    See Schedule A.

| PLACE PREMISES Marriott Cambridge Hotel<br>2 Cambridge Center<br>Cambridge, MA 02142<br>Tel: (617) 494-6600 | DATE AND TIME November 1, 2005<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signed) Theresa A. Moehlman* <br> Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delaware Corporation | October 11, 2005 |
| *(signed) Paul S. Grewal* <br> Attorney for Symantec Corporation | October 11, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Theresa A. Moehlman <br> King & Spalding LLP <br> 1185 Avenue of the Americas <br> New York, New York 10036 <br> Tel: (212) 556-2100 | Paul S. Grewal <br> Day Casebeer Madrid & Batchelder LLP <br> 20300 Stevens Creek Boulevard <br> Suite 400 <br> Cupertino, CA 95014 <br> Tel: (408) 342-4543 |

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## AFFIDAVIT OF SERVICE

Case No.: 04-1199(SLR)

SRI International, Inc
 Plaintiff and
 Counterclaim Defendant

v.

Internet Security Systems, Inc., a Delaware Corporation, Internet Security Systems, Inc., a Georgia Corporation, and Symantec Corporation, a Delaware Corporation
 Defendant and
 Counterclaim-Plaintiff

State of Massachusetts: County of Middlesex

I hereby certify and return the within Subpoena, Schedule "A" and Exhibits "A"- "C" was served upon at the Massachusetts Institute of Technology 77 Massachusetts Avenue, Cambridge, Massachusetts at by delivering attested copies to a Legal Assistant, Dan Jacobs, in-hand on Wednesday October 12, 2005 at 1:40 P.M. The recipient represented to me that he was authorized to accept service of process on behalf of Massachusetts Institute of Technology.

              _____
              Lawrence Hickey, Constable

### COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                  October 12, 2005

 On this day 12th of October, 2005, before me, the undersigned notary public, personally appeared Lawrence Hickey, proved to me through satisfactory evidence of identification, which was being personally known by me, to be the person whose name is signed on the foregoing instrument, and acknowledged to me that he signed it voluntarily for its stated purpose.

                 _____
                 Michelle R. Gallagher - NOTARY PUBLIC
                 My commission expires: June 2, 2011

## SCHEDULE A

I. **DEFINITIONS**

These document requests are subject to, and incorporate, the following:

1. The term "SRI" means plaintiff and counterclaim-defendant SRI International, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

2. The term "Lincoln Lab" means the Lincoln Laboratory of the Massachusetts Institute of Technology.

3. The term "EMERALD" means the Event Monitoring Enabling Responses To Anomalous Live Disturbances project of SRI, referenced in slide 40 of the slide presentation entitled "MIT Lincoln Laboratory Off-Line Component of DARPA 1998 Intrusion Detection Evaluation" by Richard P. Lippman et al., a copy of which is attached as Exhibit A.

4. The "1998 DARPA Evaluation" means the DARPA 1998 Intrusion Detection Evaluation referred to in Exhibit A.

5. The "1999 DARPA Evaluation" means the DARPA 1999 Intrusion Detection Evaluation referred to in "The 1999 DARPA Off-Line Intrusion Detection Evaluation," by Lippman et al., a copy of which is attached as Exhibit B.

6. The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all tangible things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. The term "document" further includes without limitation physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies

of electronic documents. Electronic documents include electronic mail ("e-mail"), computer source code, object code and microcode. A draft, translation or non-identical copy (such as a copy containing comments or notations that are not part of the original text) is a separate document within the meaning of this term.

7. The terms "communicate" or "communication" mean every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

8. The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

9. Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

10. The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

11. The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within

the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

12. The terms "any" and "all" shall be construed individually to mean each and every.

13. The term "including" shall mean "including but not limited to."

14. The singular shall include the plural, and the plural shall include the singular.

## II. INSTRUCTIONS

1. The subpoena requires that Lincoln Lab produce all responsive documents in Lincoln Lab's possession, custody, or control, or in the possession, custody or control of Lincoln Lab's attorneys, agents, employees, representatives or any other affiliated entity or person, wherever such documents are located.

2. Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3. If a requested document was in Lincoln Lab's possession, custody or control in the past but is no longer in Lincoln Lab's possession, custody or control, state what disposition was made of such document, the reasons for such disposition, the approximate date of such disposition, and identify any persons having any knowledge of or responsibility for such disposition.

4.   If Lincoln Lab contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Lincoln Lab shall identify for each such document:

(a)   the date of the document;

(b)   the name, affiliations, and title or position of the author(s) of the document;

(c)   the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

(d)   the general subject matter of the document;

(e)   the type of document (memorandum, letter, report, handwritten notes, etc.);

(f)   the specific grounds for withholding the document, including the specific facts upon which Lincoln Lab will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

(g)   any other information required by applicable rules or law.

5.   If Lincoln Lab contends that any of the following requests is objectionable in whole or in part, Lincoln Lab shall state with particularity each objection, the reasons for the objection and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Lincoln Lab shall respond to the part of the request that is not objectionable.

### III.   DOCUMENT REQUESTS

1.   All documents concerning the 1998 DARPA Evaluation performed by Lincoln Lab, including, without limitation, all documents concerning SRI's participation in the 1998 DARPA Evaluation.

2.  All documents concerning EMERALD, including, without limitation, all documents concerning the evaluation of EMERALD in the 1998 DARPA Evaluation. (*See* "EMERALD TCP Statistical Analyzer 1998 Evaluation Results," attached hereto as Exhibit C.)

3.  All documents concerning the "PI Meeting" on December 14, 1998, referenced on Slide 1 of the presentation attached hereto as Exhibit A, or the "Evaluation Workshop – PI Meeting" on December 15-17, 1998, referenced on Slide 7 of the presentation attached hereto as Exhibit A, including, without limitation, a copy of any presentations made or any documents distributed at those meetings.

4.  All documents concerning the 1999 DARPA Evaluation performed by Lincoln Lab, including, without limitation, all documents concerning SRI's participation in the 1999 DARPA Evaluation.

5.  All documents concerning the evaluation of EMERALD in the 1999 DARPA Evaluation.

6.  All documents concerning any communications or interactions between any Lincoln Lab's employee or anyone associated with Lincoln Lab and any SRI employee or anyone associated with SRI relating to network intrusion detection.

<b><u>CERTIFICATE OF SERVICE</u></b>

I, David E. Moore, hereby certify that on October 17, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

**<u>VIA HAND DELIVERY</u>**

| | |
|---|---|
| Timothy Devlin<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P. O. Box 1114<br>Wilmington, DE  19899 | Richard K. Herrmann<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306 |

I hereby certify that on October 17, 2005, I have Federal Expressed the attached document to the following non-registered participants:

**<u>VIA FEDERAL EXPRESS</u>**

| | |
|---|---|
| Howard G. Pollack<br>Michael J. Curley<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063 | Paul S. Grewal<br>Day Casebeer Madrid & Batchelder LLP<br>20300 Stevens Creek Boulevard<br>Suite 400<br>Cupertino, CA  95014 |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314