IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) |
| v. | ) C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) ) ) |
| Defendants and Counterclaim-Plaintiffs. | ) ) |

**NOTICE OF SUBPOENA OF PATTERSON & SHERIDAN, LLP**

TO:  Timothy Devlin                           Howard G. Pollack
     Fish & Richardson P.C.                   Michael J. Curley
     919 Market Street, Suite 1100            Fish & Richardson P.C.
     P.O. Box 1114                            500 Arguello Street, Suite 500
     Wilmington, DE 19899                     Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Defendants and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Georgia corporation ("ISS-GA"), Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec Corporation ("Symantec"), by their counsel, have served the accompanying subpoena for the production of documents by Patterson & Sheridan, LLP ("Patterson & Sheridan").

The subpoena commands Patterson & Sheridan to produce documents and things, pursuant to Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A attached to the subpoena. The document production will take place on October 28, 2005, at 10:00 a.m., at the offices of King & Spalding LLP, 1185 Avenue of the Americas, New

York, NY 10036 or at such alternative date, time, and place as may be mutually agreed upon by counsel for ISS-GA, ISS-DE, Symantec and Patterson & Sheridan.

Dated: October 18, 2005

| | |
|---|---|
| /s/ Richard L. Horwitz | /s/ Richard K. Hermann |
| Richard L. Horwitz (#2246) | Richard K. Hermann (#406) |
| David E. Moore (#3983) | Morris James Hitchens & Williams LLP |
| Potter Anderson & Corroon LLP | 222 Delaware Avenue, 10th Floor |
| Hercules Plaza, 6th Floor | P.O. Box 2306 |
| 1313 N. Market Street | Wilmington, DE 19899 |
| P.O. Box 951 | Tel: (302) 888-6800 |
| Wilmington, DE 19899 | |
| Tel: (302) 984-6000 | Attorneys for Defendants |
| | and Counterclaim-Plaintiffs |
| Attorneys for Defendants | SYMANTEC CORPORATION |
| and Counterclaim-Plaintiffs | |
| INTERNET SECURITY SYSTEMS, | OF COUNSEL: |
| INC., a Georgia Corporation and | Lloyd R. Day, Jr. |
| INTERNET SECURITY SYSTEMS, | Robert M. Galvin |
| INC., a Delaware Corporation | Paul S. Grewal |
| | Day Casebeer Madrid & Batchelder LLP |
| OF COUNSEL: | 20300 Stevens Creek Blvd., Suite 400 |
| Holmes J. Hawkins III | Cupertino, CA 95014 |
| Natasha H. Moffitt | Tel: (408) 873-0110 |
| King & Spalding LLP | |
| 191 Peachtree Street | |
| Atlanta, GA 30303 | |
| Tel: (404) 572-4600 | |
| | |
| Theresa A. Moehlman | |
| Jeffrey D. Blake | |
| King & Spalding LLP | |
| 1185 Avenue of the Americas | |
| New York, New York 10036 | |
| Tel.: (212) 556-2100 | |

703749

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

SRI INTERNATIONAL, INC.,

    Plaintiff and
    Counterclaim-Defendant,

v.

INTERNET SECURITY SYSTEMS, INC., a
Delaware Corporation, INTERNET SECURITY
SYSTEMS, INC., a Georgia Corporation, and
SYMANTEC CORPORATION, a Delaware Corporation,

    Defendants and
    Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

C.A. No.: 04-1199 (SLR)
District of Delaware

TO:    Patterson & Sheridan, LLP
        595 Shrewsbury Avenue
        Suite 100
        Shrewsbury, NJ 07702
        Tel: (732) 530-9404

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

    See Schedule A.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 556-2100 | DATE AND TIME October 28, 2005<br>10:00 a.m. |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: Jeff Blake]*<br><br>Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delaware Corporation | October 12, 2005 |
| *[signature: Paul S. Grewal]*<br><br>Attorney for Symantec Corporation | October 12, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Jeffrey Blake<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 556-2177 | Paul S. Grewal<br>Day Casebeer Madrid &<br>Batchelder LLP<br>20300 Stevens Creek Boulevard<br>Suite 400<br>Cupertino, CA 95014<br>Tel: (408) 342-4543 |

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

I.  **DEFINITIONS**

These document requests are subject to, and incorporate, the following:

1. The term "SRI" means plaintiff and counterclaim-defendant SRI International, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

2. The term "Patterson & Sheridan" means Patterson & Sheridan, LLP and its predecessor Moser, Patterson & Sheridan, LLP.

3. The term "Fish & Richardson" means Fish & Richardson P.C.

4. The term "patents-in-suit" means U.S. Patents Nos. 6,321,338; 6,484,203; 6,708,212; and 6,711,615, collectively.

5. The term "'611 application" means U.S. Patent Application No. 10/429,611.

6. The term "'729 application" means U.S. Patent Application No. 10/805,729.

7. The term "PTO" means the United States Patent and Trademark Office.

8. The phrase "NETWORK NIDES" means the extension of SRI's Next-Generation Intrusion Detection System discussed on pp. 31-32 of the article entitled "Next-generation Intrusion Detection Expert System (NIDES) A Summary," authored by Debra Anderson, Thane Frivold and Alfonso Valdes, dated May 1995, attached hereto as Exhibit A.

9. The term "EMERALD" means the Event Monitoring Enabling Responses To Anomalous Live Disturbances project referenced in the article "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," authored by Phillip A. Porras and Peter G. Neumann, 20th NISSC, October 9, 1997, attached hereto as Exhibit B.

10. The phrase "application that led to the issuance" of a patent means any and all applications for a patent filed in the PTO that directly or indirectly resulted in the issuance of that patent and shall also include any and all parent, continuation, continuation-in-part, divisional and provisional applications and any earlier applications that form the basis for any claim of priority.

11. The phrase "Related Application" means any patent application, including, without limitation, any continuation application, continuation-in-part application, divisional application, file-wrapper continuation, reissue application, provisional application or abandoned application, that shares the same priority date and disclosure as the patents-in-suit.

12. The phrase "Related Patent" means any patent that issued from any Related Application.

13. The phrase "Foreign Counterpart Application" means any patent application filed anywhere in the world outside the United States that shares the same priority date and disclosure as the patents-in-suit.

14. The phrase "prior art" is defined by 35 U.S.C. § 102, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act, event, or document, taken singly or in combination.

15. The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all tangible things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. The term "document" further includes without limitation physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of electronic documents. Electronic documents include electronic mail ("e-mail"), computer source code, object code and microcode. A draft, translation or non-identical copy (such as a

2

copy containing comments or notations that are not part of the original text) is a separate document within the meaning of this term.

16. The terms "communicate" or "communication" mean every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

17. The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

18. Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

19. The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

20. The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

21. The terms "any" and "all" shall be construed individually to mean each and every.

22. The term "including" shall mean "including but not limited to."

23. The singular shall include the plural, and the plural shall include the singular.

## II. INSTRUCTIONS

1. These requests apply to all documents or information in Patterson & Sheridan's possession, custody, or control, regardless of the location of such documents and regardless of whether such documents or information are in the possession, custody, or control of any current or former affiliates, attorneys, agents, servants, associates, employees, corporate officers, corporate directors, representatives, assigns or heirs of Patterson & Sheridan, or any other person or entity acting on Patterson & Sheridan's behalf.

2. Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3. Where an identified document is not in Patterson & Sheridan's possession, custody or control, state the names of the persons who have or are believed to have possession, custody or control of such document. If such document was in Patterson & Sheridan's possession, custody or control in the past but is no longer in Patterson & Sheridan's possession, custody or control, state what disposition was made of such document, the reasons for such disposition, the approximate date of such disposition, and identify any persons having any knowledge of or responsibility for such disposition.

4.      If Patterson & Sheridan has no documents responsive to a particular category, please so state. If Patterson & Sheridan contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Patterson & Sheridan shall identify for each such document:

    (a)   the date of the document;

    (b)   the name, affiliations, and title or position of the author(s) of the document;

    (c)   the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

    (d)   the general subject matter of the document;

    (e)   the type of document (memorandum, letter, report, handwritten notes, etc.);

    (f)   the specific grounds for withholding the document, including the specific facts upon which Patterson & Sheridan will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

    (g)   any other information required by applicable rules or law.

5.      If Patterson & Sheridan contends that any of the following requests are objectionable in whole or in part, Patterson & Sheridan shall state with particularity each objection, the reasons for the objection and the categories of information to which the objection applies, and, as required by Fed. R. Civ. P. 34(b), Patterson & Sheridan shall respond to the part of the request that is not objectionable.

6.      If, in responding to any of these requests, Patterson & Sheridan encounters any ambiguity in construing either the request or a definition or instruction relevant to it, Patterson &

Sheridan shall set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

### III.    DOCUMENT REQUESTS

1.   All documents concerning each patent-in-suit and each Related Application, Foreign Counterpart Application and Related Patent of the patents-in-suit.

2.   All documents concerning the prosecution (including the preparation and filing) of the applications leading to each patent-in-suit, any Related Applications of the patents-in-suit, or any Foreign Counterpart Applications of the patents-in-suit, including, without limitation:

    (a)   Each non-identical copy of the file wrapper or any part thereof for the application(s) that led to the issuance of the patents-in-suit.

    (b)   The application(s) filed in the PTO that led to the issuance of the patents-in-suit.

    (c)   All drafts of the application(s) filed in the PTO that led to the issuance of the patents-in-suit.

    (d)   All documents, including correspondence, amendments, and replies to office actions, submitted to the PTO concerning the application(s) filed in the PTO that led to the issuance of the patents-in-suit.

    (e)   All drafts of any correspondence, amendments, or replies to office actions filed during the prosecution of the application(s) filed in the PTO that led to the issuance of the patents-in-suit.

    (f)   All patent applications filed outside the United States which are counterparts of, correspond to, or are the basis for priority for the applications that led to the issuance of the patents-in-suit.

    (g)   All drafts of any patent applications filed outside the United States which are counterparts of, correspond to, or are the basis for priority for the applications that led to the issuance of the patents-in-suit.

    (h)   All documents submitted to foreign authorities concerning the patent applications filed outside the United States which are counterparts of, correspond to, or are the basis for priority for the applications that led to the issuance of the patents-in-suit.

    (i) All documents that refer to or discuss patent applications filed outside the United States which are counterparts of, correspond to, or are the basis for priority for the applications that led to the issuance of the patents-in-suit.

    (j) All documents relating to any written description of any claim in the patents-in-suit, including, without limitation, all invention disclosures, notes, or laboratory notebooks of Phillip Andrew Porras, Alfonso Valdes, Martin Wayne Fong or Peter G. Neumann.

  3. All documents provided to, referred to, identified by, called to the attention of, or considered by anyone in connection with the prosecution (including, without limitation, preparation and filing) of any of the patents-in-suit or any of the Related Applications, Related Patents, or Foreign Counterpart Applications to the patents-in-suit, including, without limitation, any prior art.

  4. All documents concerning communications relating to the prosecution (including, without limitation, preparation and filing) of any of the patents-in-suit between any SRI employee or anyone associated with SRI and any Patterson & Sheridan employee or anyone associated with Patterson & Sheridan, including, without limitation, Kin-Wah Tong, Raymond R. Moser, Jr., Eamon J. Wall, Steven M. Hertzberg, Robert Brush, Frank Tolin or Edward E. Davis.

  5. All documents concerning communications relating to the prosecution (including, without limitation, preparation and filing) of any of the patents-in-suit between any Fish & Richardson employee or anyone associated with Fish & Richardson and any Patterson & Sheridan employee or anyone associated with Patterson & Sheridan, including, without limitation, Kin-Wah Tong, Raymond R. Moser, Jr., Eamon J. Wall, Steven M. Hertzberg, Robert Brush, Frank Tolin or Edward E. Davis.

6. All copies of any source code provided to Patterson & Sheridan in connection with the prosecution of the patents-in-suit or with the prosecution of any Related Application, Foreign Counterpart Application or Related Patent of the patents-in-suit.

7. All documents concerning any search for prior art to the patents-in-suit or any Related Application, Foreign Counterpart Application or Related Patent of the patents-in-suit.

8. All documents constituting or evidencing prior art to any of the patents-in-suit or any Related Application, Foreign Counterpart Application or Related Patent of the patents-in-suit.

9. All patents, patent applications, publications, written descriptions, articles, references or other documents, things or events dated or occurring on or before November 9, 1998, of which Patterson & Sheridan is aware that relate to the validity of any claim of the patents-in-suit.

10. All documents concerning any alleged differences between or any attempts to distinguish between the patents-in-suit and any prior art, including, without limitation, any notes, drafts, memoranda, or filings with the PTO.

11. Copies of all references submitted to the PTO in connection with any Information Disclosure Statement during the prosecution of the applications that led to the issuance of the patents-in-suit or any Related Application of the patents-in-suit, in the format that any such references were sent to the PTO.

12. All documents relating to any discussion, consideration, or decision as to what prior art references to cite, or not to cite, during the prosecution of the applications that led to the issuance of the patents-in-suit.

13. All documents concerning Network NIDES.

14. All documents concerning the article entitled "Next-generation Intrusion Detection Expert System (NIDES) A Summary," authored by Debra Anderson, Thane Frivold and Alfonso Valdes, dated May 1995 at pp. 31-32.

15. All documents concerning EMERALD.

16. All documents concerning the article entitled "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances" authored by Phillip A. Porras and Peter G. Neumann, 20th NISSC – Oct. 9, 1997.

17. All documents concerning the conception, reduction to practice, or diligence (or excuse for lack of diligence) in the reduction to practice of each alleged invention described or claimed in any of the patents-in-suit, including, without limitation, documents demonstrating or evidencing when the alleged inventions were conceived and first reduced to practice.

18. All documents concerning each mode of practicing the subject matter of any claim of the patents-in-suit, including, without limitation, documents concerning the best mode contemplated by any of the inventors of practicing each invention claimed in the patents-in-suit as of their respective filing dates.

19. All documents relating to any assignments of the patents-in-suit or otherwise concerning SRI's ownership and/or interest in the patents-in-suit.

20. All documents concerning any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, or observations and all other documents discussing or relating to the (un)patentability, (in)validity, (un)enforceability, (non)infringement or scope of any of the patents-in-suit, any Related Patent of the patents-in-suit, or any Related Application of the patents-in-suit.

21. All documents concerning or relating to the licensing of any of the patents-in-suit or any Related Application, Related Patent or Foreign Counterpart Application of the patents-in-suit, including, without limitation, patent notification letters and documents concerning offers to license and negotiations for a license.

# CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on October 18, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

**VIA HAND DELIVERY**

Timothy Devlin
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on October 18, 2005, I have Federal Expressed the attached document to the following non-registered participants:

**VIA FEDERAL EXPRESS**

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314