IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants. | Case No. 04-1199-SLR |

**SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO INTERNET SECURITY SYSTEM, INC., A GEORGIA CORPORATION**

TO DEFENDANT INTERNET SECURITY SYSTEM, INC., A GEORGIA CORPORATION, BY AND THROUGH ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff SRI International, Inc. ("SRI") will take the deposition of defendant Internet Security Systems, Inc. ("ISS-GA") at a mutually agreed upon location, commencing at 9:00 a.m. on December 12, 2005, or at another time agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ISS-GA is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more other persons who consent to testify on its behalf concerning the matters set forth in Attachment A. ISS-GA is requested to set forth, for each person designated, the matters on which the person will testify.

Dated: October 19, 2005                FISH & RICHARDSON P.C.


                                       By: */s/ John F. Horvath*
                                           John F. Horvath (#4557)
                                           FISH & RICHARDSON P.C.
                                           919 N. Market St., Ste. 1100
                                           P.O. Box 1114
                                           Wilmington, DE 19889-1114
                                           Telephone: (302) 652-5070
                                           Facsimile: (302) 652-0607

                                           Howard G. Pollack (CA Bar No. 162897)
                                           Gina M. Steele (CA Bar No. 233379)
                                           Michael J. Curley (CA Bar No. 230343)
                                           FISH & RICHARDSON P.C.
                                           500 Arguello St., Ste. 500
                                           Redwood City, CA 94063
                                           Telephone: (650) 839-5070
                                           Facsimile: (650) 839-5071

                                       Attorneys for Plaintiff
                                       SRI INTERNATIONAL, INC.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

2. "ISS-GA," "Defendant," "you," or "your" means Internet Security Systems, Inc., a Georgia corporation, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3. The phrase the "'615 patent" means U.S. Patent No. 6,711,615.

4. The phrase the "'203 patent" means U.S. Patent No. 6,484,203.

5. The phrase the "'338 patent" means U.S. Patent No. 6,321,338.

6. The phrase the "'212 patent" means U.S. Patent No. 6,708,212.

7. The phrase the "'874 patent" means U.S. Patent No. 6,704,874.

8. The phrase "Patents-in-Suit" means the '615, '203, '338, '212, and '874 Patents.

9. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document".

10. "Thing" means any tangible object other than a Document.

11. "Person" or "Persons" include not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

12. "Including" shall mean "including but not limited to."

13. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

14. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

15. "Concerning" means relating to, referring to, describing, discussing, depicting, evidencing, identifying or constituting.

16. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## TOPICS

1. The process(es) followed by Defendant generally in designing, specifying, developing, implementing, testing, and maintaining its software products, including software contained in or used in conjunction with the products identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

2. Defendant's use of version control in designing, specifying, developing, implementing, testing, and maintaining its software products, including software contained in or used in conjunction with the products identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

3. Identification of all products of Defendant since 2001 having, employing, using, including, incorporating and/or enabling intrusion detection, prevention, and/or analysis functionality.

4. Identification of those specific portions of code within the code produced by Defendant relating to intrusion detection, prevention, and/or analysis functionality.

5. Identification of all products of Defendant since 2001 containing code substantially similar to the portions of code identified in Topic No. 4.

6. Identification of persons responsible for the design, specification, development, implementation or testing of the intrusion detection, prevention, and/or analysis functionality of all products identified in Topic Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure, and their responsibilities.

7. The design, specification, development, implementation and testing of the intrusion detection, prevention, and/or analysis functionality of each product identified in

Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

      8.   The function, method of operation, and use of the intrusion detection, prevention, or analysis functionality, including the logic flow and execution of the associated source code, of each product identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

      9.   Statements concerning the intrusion detection, prevention, or analysis functionality of each product identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure, made in marketing, advertising, or other promotion of these products.

      10. Communications with and instruction to customers and potential customers concerning the intrusion detection, prevention, or analysis functionality of each product identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

      11. The creation and authorship of manuals and any other customer documentation developed for each product identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

      12.   Any product comparisons, reviews and/or comments referring to the intrusion detection, prevention, or analysis functionality of each product identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

      13. The revenue generated by and/or the income and/or profits realized from the sale and/or licensing of the products identified in Topics Nos. 3 and 5, including without

limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure, including, but not limited to, on a monthly, quarterly, and/or yearly basis, by product and date: (a) the units sold and/or licensed; (b) the average sale and/or license price (billed); (c) the gross revenue generated; (d) the gross profit margin, and (e) the net profit margin.

      14. The costs associated with the sale and/or licensing of the products identified in Topics Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure, including, but not limited to, on a monthly, quarterly, and/or yearly basis, by product and date: (a) the costs of goods sold and/or licenses and (b) the average costs of goods sold and/or licensed.

      15. Actual and/or proposed licensing, royalties paid, or other payments made to and/or from third parties in connection with the products identified in Topics Nos. 1 and 3, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, SafeSuite Decisions, ICEcap, and RealSecure.

      16. Defendant's first knowledge of the patents-in-suit.

      17. Any opinion (including opinion(s) of counsel) received by Defendant concerning the validity, enforceability, and/or infringement of the patents-in-suit.

      18. Defendant's document retention policies from 1998 to the present.

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2005, I electronically filed the **SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO INTERNET SECURITY SYSTEM, INC., A GEORGIA CORPORATION**, with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann<br>Morris, James Hitchens & Williams Llp<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE  19801 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

I hereby certify that on October 19, 2005, I have mailed by Federal Express Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Paul S. Grewal<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California  95014 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| Holmes Hawkins, III<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Atlanta, GA  30303-1763 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

*/s/ John F. Horvath*
John F. Horvath