# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,                )
a California Corporation,               )
                                        )
          Plaintiff and                 )
          Counterclaim-Defendant,       )
                                        )
     v.                                 )    C. A. No.: 04-1199 (SLR)
                                        )
INTERNET SECURITY SYSTEMS, INC.,        )
a Delaware Corporation, INTERNET        )
SECURITY SYSTEMS, INC., a Georgia       )
Corporation, and SYMANTEC               )
CORPORATION, a Delaware Corporation,    )
                                        )
          Defendants and                )
          Counterclaim-Plaintiffs.      )

## NOTICE OF SUBPOENA DUCES TECUM
## TO RESEARCH TRIANGLE INSTITUTE

TO:    Timothy Devlin                        Howard G. Pollack
       Fish & Richardson P.C.                Michael J. Curley
       919 Market Street, Suite 1100         Fish & Richardson P.C.
       P.O. Box 1114                         500 Arguello Street, Suite 500
       Wilmington, DE 19899                  Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendants and Counterclaim-Plaintiffs Internet Security Systems, Inc., a

Georgia corporation ("ISS-GA"), Internet Security Systems, Inc., a Delaware corporation

("ISS-DE"), and Symantec Corporation ("Symantec"), by their counsel, have served or

will serve, the accompanying subpoena for the production of documents by Research

Triangle Institute ("RTI").

The subpoena commands RTI to produce documents and things, pursuant to Rule

45 of the Federal Rules of Civil Procedure, concerning the categories identified in

Schedule A attached to the subpoena. The document production will take place on

December 8, 2005, at 10:00 a.m., at the Marriott at Research Triangle Park, 4700

Guardian Drive, Durham, North Carolina 27703 or at such alternative date, time, and

place as may be mutually agreed upon by counsel for ISS-GA, ISS-DE, Symantec and

RTI.

Dated: November 28, 2005


/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for Defendants
and Counterclaim-Plaintiffs
INTERNET SECURITY SYSTEMS,
INC., a Georgia Corporation and
INTERNET SECURITY SYSTEMS,
INC., a Delaware Corporation

OF COUNSEL:
Holmes J. Hawkins III
Natasha H. Moffitt
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100
708666

/s/ Richard K. Herrmann
Richard K. Herrmann (#406)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6800


Attorneys for Defendants
and Counterclaim-Plaintiffs

SYMANTEC CORPORATION

OF COUNSEL:
Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF NORTH CAROLINA

SRI INTERNATIONAL, INC.,

        Plaintiff and
        Counterclaim-Defendant,

v.

INTERNET SECURITY SYSTEMS, INC., a
Delaware Corporation, INTERNET SECURITY
SYSTEMS, INC., a Georgia Corporation, and
SYMANTEC CORPORATION, a Delaware Corporation,

        Defendants and
        Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

C.A. No.: 04-1199 (SLR)
District of Delaware

TO:    Research Triangle Institute
       Attn:  J. Scott Merrell
             Counsel to the President and Corporate Secretary
       3040 Cornwallis Road
       P.O. Box 12194
       Research Triangle Park, NC 27709
       Tel:  (919) 541-6501

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

      See Schedule A.

| PLACE  PREMISES  Marriott at Research Triangle Park<br>4700 Guardian Drive<br>Durham, North Carolina 27703<br>Tel: (919) 941-6200 | DATE AND TIME  December 8, 2005<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

|  | DATE AND TIME |
|---|---|

736725 v1- 11/18/05 2:44 PM

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Theresa A. Moehlman* (signature)<br><br>Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delaware Corporation | November 18, 2005 |
| *Paul S. Grewal* (signature)<br><br>Attorney for Symantec Corporation | November 18, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Theresa A. Moehlman
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100

Paul S. Grewal
Day Casebeer Madrid &
Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA 95014
Tel: (408) 342-4543

736725 v1- 11/18/05 2:44 PM

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

736725 v1- 11/18/05 2:44 PM

## SCHEDULE A

### I.    DEFINITIONS

These document requests are subject to, and incorporate, the following:

1.    The term "JiNao" means the JiNao Intrusion Detection System project developed as a joint collaboration between MCNC and North Carolina State University, referenced in the technical report entitled "Architecture Design of a Scalable Intrusion Detection System for the Emerging Network" by Y. Frank Jou, et al., a copy of which is attached as Exhibit A.

2.    The term "DARPA" means the Defense Advanced Research Projects Agency.

3.    The term "Rome Lab" means the United States Air Force Research Laboratory, also known as the Rome Research Site or Rome Laboratory, in Rome, New York.

4.    The term "CIDF" means the Common Intrusion Detection Framework.

5.    The term "SRI" means plaintiff and counterclaim-defendant SRI International, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

6.    The term "NIDES" means SRI's Next-Generation Intrusion Detection Expert System.

7.    The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34, all tangible things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001, and tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail and computer code in any form. A draft, translation or non-identical copy (such as a copy containing comments or

notations that are not part of the original text) is a separate document within the meaning of this term.

8.    The terms "communicate" or "communication" mean every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

9.    The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

10.    Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

11.    The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

12.    The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

2

13.    The terms "any" and "all" shall be construed individually to mean each and every.

14.    The term "including" shall mean "including but not limited to."

15.    The singular shall include the plural, and the plural shall include the singular.


## II.    INSTRUCTIONS

1.    The subpoena requires that Research Triangle Institute ("RTI") produce all responsive documents in RTI's possession, custody, or control, or in the possession, custody or control of RTI's attorneys, agents, employees, representatives or any other affiliated entity or person, wherever such documents are located.

2.    Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3.    If a requested document was in RTI's possession, custody or control in the past but is no longer in RTI's possession, custody or control, state what disposition was made of such document, the reasons for such disposition, the approximate date of such disposition, and identify any persons having any knowledge of or responsibility for such disposition.

4.    If RTI contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then RTI shall identify for each such document:

(a)    the date of the document;

3

(b)     the name, affiliations, and title or position of the author(s) of the document;

(c)     the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

(d)     the general subject matter of the document;

(e)     the type of document (memorandum, letter, report, handwritten notes, etc.);

(f)     the specific grounds for withholding the document, including the specific facts upon which RTI will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

(g)     any other information required by applicable rules or law.

5.     If RTI contends that any of the following requests is objectionable in whole or in part, RTI shall state with particularity each objection, the reasons for the objection and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), RTI shall respond to the part of the request that is not objectionable.

## III.    DOCUMENT REQUESTS

1.     All documents concerning or relating to the design and development of JiNao, including, without limitation, all notes, engineering notebooks, laboratory notebooks, computer records, manuals, engineering design documents, engineering and technical specifications, and technical reports.

2.     All documents of Y. Frank Jou, Fengmin Gong, Chandru Sargor, Shystun Felix Wu, W. Rance Cleaveland, Diheng Qu, Brian Vetter, Feiyi Wang, Ravindra Narayan, H. C. Chang or X. Wu concerning or relating to JiNao, including, without limitation, all notes, engineering notebooks, laboratory notebooks, computer records, manuals, engineering design

4

documents, engineering and technical specifications, technical reports, articles, publications, demonstrations and presentations.

3.     All documents concerning JiNao that were provided to or received from DARPA and/or Rome Lab, including, without limitation, all documents provided to or received from DARPA and/or Rome Lab under Contract No. F30602-96-C0325, referred to on the title page of Exhibit A.

4.     All articles, publications, demonstrations or presentations concerning JiNao that were published, demonstrated or presented on or before November 8, 1998, including, without limitation, all articles, publications, demonstrations or presentations presented to or received from DARPA and/or Rome Lab.

5.     All documents concerning any commercial implementation of JiNao on or before November 8, 1998.

6.     All documents concerning the Computer Misuse & Anomaly Detection ("CMAD") IV Workshop that took place in Monterey, California on November 12-14, 1996 (*see* the Table of Contents for the CMAD IV Presentation Slides and Papers, attached hereto as Exhibit B), including, without limitation, any papers submitted by or presentations given by Y. Frank Jou (see third page of Exhibit B, third entry under Session 4) and a copy of any notes taken, any presentations made or any documents distributed.

7.     All documents concerning the "Intrusion Detection PI Meeting" that took place in Savannah, Georgia on February 25-27, 1997, referenced on the first page of the document attached hereto as Exhibit C, including, without limitation, a copy of any notes taken, any presentations made or any documents distributed at that meeting concerning the "Scalable Intrusion Detection for the Emerging Network Infrastructure" presentation or the "EMERALD:

5

Event Monitoring Enabling Responses to Anomalous Live Disturbances" presentation referenced on the second page of Exhibit C.

8.    All documents concerning the "IDS Program Review" that took place at SRI in July 1997 (*see* pages and slide presentation from an MCNC website preserved on www.archive.org, attached hereto as Exhibit D), including, without limitation, a copy of any notes taken, any presentations made or any documents distributed.

9.    All pages and documents relating to JiNao from any archived versions of any MCNC website from 1995-1999, including, without limitation, stored electronic archives and hardcopy printouts.

10.    All documents concerning or relating to the role of Y. Frank Jou in the design and development of CIDF, including, without limitation, all documents concerning any communications between Mr. Jou and Phillip Porras or any other employee of SRI.

11.    All documents concerning the use of the NIDES statistical algorithm in the design and development of JiNao.

12.    All documents concerning any communications or interactions between Y. Frank Jou, Fengmin Gong and Chandru Sargor and Philip Porras, Peter Neumann and Alfonso Valdes concerning JiNao, NIDES and/or EMERALD.

13.    All documents concerning any communications or interactions between any MCNC employee or anyone associated with MCNC and any SRI employee or anyone associated with SRI relating to network intrusion detection.

6

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 28, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

### VIA HAND DELIVERY

Timothy Devlin
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE   19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on November 28, 2005, I have Federal Expressed the attached document to the following non-registered participants:

### VIA FEDERAL EXPRESS

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314