**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) |
| v. | ) C. A. No.: 04-1199 (SLR) |
| | ) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) ) |
| Defendants and Counterclaim-Plaintiffs. | ) ) |

**INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, AND SYMANTEC CORPORATION'S NOTICE OF DEPOSITION OF SRI INTERNATIONAL, INC. PURSUANT TO FRCP 30(b)(6)**

NOTICE IS HEREBY GIVEN that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), Internet Security Systems, Inc., a Georgia corporation ("ISS-GA"), and Symantec Corporation ("Symantec"), through their undersigned counsel, will take the deposition, by oral examination, of SRI International, Inc., commencing at 9:00 a.m. on January 4, 2006 at the offices of Day Casebeer Madrid & Batchelder LLP, 20300 Stevens Creek Boulevard, Suite 400, Cupertino, CA 95014.

The above noticed deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths, and will continue from day to day until completed, weekends and

holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."

NOTICE IS HEREBY GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that said deponent is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on behalf of the deponent as to all matters known or reasonably available to it with respect to the topics identified in Schedule A, which is attached hereto, and for each person designated, to set forth the matters on which the person will testify in a written response to be served on or before December 30, 2005.

| | |
|---|---|
| */s/ David E. Moore* | */s/ Mary B. Matterer* |
| Richard L. Horwitz (#2246) | Richard K. Herrmann (#406) |
| David E. Moore (#3983) | Mary B. Matterer (#2696) |
| Potter Anderson & Corroon LLP | Morris James Hitchens & Williams LLP |
| Hercules Plaza, 6th Floor | 222 Delaware Avenue, 10th Floor |
| 1313 N. Market Street | P.O. Box 2306 |
| P.O. Box 951 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | Tel: (302) 888-6800 |
| Tel: (302) 984-6000 | |
| | Attorneys for Defendants |
| | and Counterclaim-Plaintiffs |
| Attorneys for Defendants | SYMANTEC CORPORATION |
| and Counterclaim-Plaintiffs | |
| INTERNET SECURITY SYSTEMS, | OF COUNSEL: |
| INC., a Georgia Corporation and | Lloyd R. Day, Jr. |
| INTERNET SECURITY SYSTEMS, | Robert M. Galvin |
| INC., a Delaware Corporation | Paul S. Grewal |
| | Day Casebeer Madrid & Batchelder LLP |
| OF COUNSEL: | 20300 Stevens Creek Blvd., Suite 400 |
| Holmes J. Hawkins III | Cupertino, CA 95014 |
| Natasha H. Moffitt | Tel: (408) 873-0110 |
| King & Spalding LLP | |
| 191 Peachtree Street | |
| Atlanta, GA 30303 | |
| Tel: (404) 572-4600 | |

Theresa A. Moehlman
Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

711755

## **SCHEDULE A**

**I. DEFINITIONS**

    **1.**    As used herein, the singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

    **2.**    As used herein, "all" means "any and all"; "any" means "any and all."

    **3.**    As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

    **4.**    As used herein, "asserted patents" means any patent asserted in this lawsuit that SRI accuses Symantec, ISS-DE or ISS-GA of infringing, including U.S. Patent No. 6,321,338, U.S. Patent No. 6,484,203, U.S. Patent No. 6,708,212, and U.S. Patent No. 6,711,615.

    **5.**    As used herein, "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. "Document" also includes tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail, electronic mail archives, and computer code in any form. A draft, translation or non-identical copy, such as a copy containing comments or notations, is a separate document within the meaning of this term.

    **6.**    As used herein, "EMERALD" means the Event Monitoring Enabling Responses to Anomalous Live Disturbances project referenced in the publication "*EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances*," by Phillip A. Porras and Peter G. Neumann, 20th NISSC, Oct. 9, 1997.

7.  As used herein, the terms "identify," "identity," and "identification" when used in reference to an individual entity means to state his or her full name, residence and business telephone numbers, present residence and business addresses if known, and his or her present or last known title, position and business affiliation.

8.  As used herein, the terms "identify," "identity," and "identification" when used in reference to a non-individual entity mean to state the name of the entity, its present business address, its present telephone number, and the name, title, business address, and business telephone number of the employee of that entity who is most likely to have knowledge of the facts and circumstances surrounding or constituting the acts or conduct regarding which SRI has identify the entity.

9.  As used herein, "including" means "including but not limited to."

10. As used herein, "IDES" means the IDES project referenced in the publication "*A Real-Time Intrusion-Detection Expert System (IDES))*" by Teresa Lunt et al., May 16, 1990.

11. As used herein, "location of documents" means the physical location of original and all duplicate hard-copy documents, and both the physical location and media format of all electronic documents, whether originally created in electronic or paper form.

12. As used herein, "NIDES" means the NIDES project referenced in the publication "*Statistical Methods for Computer Usage Anomaly Detection Using NIDES (Next-Generation Intrusion Detection Expert System)*" by Alfonso Valdes and Debra Anderson, Jan. 27, 1995.

13. As used herein, "person" means any natural person and any other cognizable entity, including corporations, proprietorships, partnerships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

14. As used herein, the terms "policy" and "policies" shall mean policies, established procedures, schedules, rules, or business methods.

**15.** As used herein, the terms "practice" and "practices" shall mean customary or habitual procedures, schedules, rules, policies, or business methods.

**16.** As used herein, "quantity of documents" means the number of individual documents, irrespective of physical or electronic form.

**17.** As used herein, "SRI" means plaintiff SRI International, Inc. and the following entities, whether active or retired, full-time or part-time, current or former, compensated or not: its directors, trustees, officers, employees, advisory board members, consultants, agents, attorneys, accountants, representatives, servants, partners, corporate parents, subsidiaries, divisions, predecessors, successors, affiliates, and any joint ventures to which it is or was a party.

**18.** As used herein, "SRI custodian" means each individual or system from which SRI has or will produce documents to Symantec. SRI custodians include those named in Gina Steele's 9/19/05 email to Paul Grewal and Renee DuBord Brown and Jonathan Loeb's 11/1/05 and 11/28/05 letters to Gina Steele.

**19.** As used herein, "type of documents" means the general format, purpose, and content of an individual document or group of documents, for example: email, publication, spreadsheet, slide presentation, letter, manual, letter, computer code, or web page.

**II.     TOPICS FOR DEPOSITIONS**

**1.**  The location, quantity, and type of all documents possessed by each SRI custodian, including Phillip Porras, Alfonso de Jesus Valdes, and Peter Neumann.

**2.**  SRI's custodians' practices and policies for creating, storing and archiving documents each has created or received, including the practices and policies of Phillip Porras, Alfonso de Jesus Valdes, and Peter Neumann.

**3.**  SRI's practices and policies for storing and disseminating information on its computer servers and intranets, including mis.sri.com, insider.sri.com, and ftp.csl.sri.com.

**4.**  SRI's practices and policies for posting information to websites accessible to individuals not employed by SRI, including www.csl.sri.com, www.sdl.sri.com, and ftp.csl.sri.com, and for archiving or otherwise saving such information.

**5.**  The identity of, and job duties and responsibilities for, each person responsible for the conception, design, development, implementation, testing, and/or attempts to commercialize any technology of the IDES, NIDES, or Emerald projects or of any of the asserted patents, including any and all attempts to license intellectual property resulting from the projects or asserted patents.  This topic includes, but is not limited to, the people listed on Exhibit A to SRI's Response to Defendant Symantec Corporation's First Set of Interrogatories [Nos. 1-12].

**6.**  The dates and circumstances when SRI first made the following publications available on websites accessible to individuals not employed by SRI, including an identification of the website, the person who posted each publication to the website, and the person responsible for the decision to post each publication to the website.

- P. Porras and P. Neumann, "CONCEPTUAL DESIGN AND PLANNING for EMERALD:  Event Monitoring Enabling Responses to Anomalous Live Disturbances," Version 1.2 May 20, 1997, http://www.csl.sri.com/intrusion.html [SRI012308-SRI012404].

- P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways," http://www.sdl.sri.com/projects/emerald/live-traffic.html, Internet Society's Networks and Distributed Systems Security Symposium, Nov. 10, 1997 [SYM_P_0068844- SYM_P_0068865].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," 20th NISSC October 9, 1997 [SYM_P_0068831- SYM_P_0068843].

- P. Neumann, P. Porras and A. Valdes, "Analysis and Response for Intrusion Detection in Large Networks," Summary for CMAD Workshop, Monterey, 12-14 November 1996 [SYM_P_00499439- SYM_P_0049940].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances Conceptual Overview," December 18, 1996 [SYM_P_0050335- SYM_P_00503345].

- D. Anderson, T. Frivold, and A. Valdes, "Next-generation Intrusion Detection Expert System (NIDES) A Summary," Computer Science Laboratory, SRI-CSL-95-07, May 1995 [SYM_P_0082283- SYM_P_0082329].

- H.S. Javitz and A. Valdes, "The NIDES Statistical Component Description and Justification," Annual Report A010, SRI Project 3131, Contract N00039-92-C-0015, March 7, 1994 [SYM_P_0078943- SYM_P_0078994].

**7.** The dates and circumstances when the documents listed in Topic 6 above were first published and/or disclosed to individuals not employed by SRI.

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 16, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

### VIA HAND DELIVERY

| | |
|---|---|
| Timothy Devlin | Richard K. Herrmann |
| Fish & Richardson P.C. | Morris James Hitchens & Williams LLP |
| 919 N. Market Street, Suite 1100 | 222 Delaware Avenue, 10th Floor |
| P. O. Box 1114 | P.O. Box 2306 |
| Wilmington, DE 19899 | Wilmington, DE 19899-2306 |

I hereby certify that on December 16, 2005, I have Faxed and Federal Expressed the attached document to the following non-registered participants:

### VIA FEDERAL EXPRESS

| | |
|---|---|
| Howard G. Pollack | Paul S. Grewal |
| Michael J. Curley | Day Casebeer Madrid & Batchelder LLP |
| Fish & Richardson P.C. | 20300 Stevens Creek Boulevard |
| 500 Arguello Street, Suite 500 | Suite 400 |
| Redwood City, CA 94063 | Cupertino, CA 95014 |

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314