## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) | |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) | |
| v. | ) ) | C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) | |
| Defendants and Counterclaim-Plaintiffs. | ) ) | |

## NOTICE OF SUBPOENA DUCES TECUM
## AND DEPOSITION OF Y. FRANK JOU

TO:    Timothy Devlin              Howard G. Pollack
        Fish & Richardson P.C.      Michael J. Curley
        919 Market Street, Suite 1100  Fish & Richardson P.C.
        P.O. Box 1114             500 Arguello Street, Suite 500
        Wilmington, DE 19899      Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Defendants

and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Georgia corporation ("ISS-

GA"), Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec

Corporation ("Symantec"), by their counsel, have served or will serve the accompanying

subpoena for documents and a deposition, by oral examination, of Y. Frank Jou.

The deposition is to commence at 9:30 a.m. on January 27, 2006 at the offices of Smith Moore LLP, 2800 Two Hannover Square, Raleigh, NC 27601 and the production of documents will take place on January 20, 2006, at 10:00 a.m., at Smith Moore LLP, Attn. Nancy Tackett, 2800 Two Hannover Square, Raleigh, NC 27601 or at such alternative dates, times, and places as may be mutually agreed upon by counsel for ISS-GA, ISS-DE, Symantec and Y. Frank Jou. The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths, and will continue from day to day until completed, weekends and holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote." You are invited to attend.

POTTER ANDERSON & CORROON LLP

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*And Counterclaim-Plaintiffs*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Delaware Corporation, and*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Georgia Corporation*

MORRIS JAMES HITCHENS & WILLIAMS LLP

By: */s/ Mary Matterer*
    Richard K. Hermann (#406)
    Mary Matterer (#2696)
    222 Delaware Avenue, 10th Floor
    P.O. Box 2306
    Wilmington, DE 19899
    Tel: (302) 888-6800
    rhermann@morrisjames.com

*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*
*SYMANTEC CORPORATION*

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Jeffrey D. Blake
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

Dated:  December 27, 2005
712703

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

# UNITED STATES DISTRICT COURT

## DISTRICT OF NORTH CAROLINA

SRI INTERNATIONAL, INC.,

        Plaintiff and
        Counterclaim-Defendant,

   v.

INTERNET SECURITY SYSTEMS, INC., a Delaware
Corporation, INTERNET SECURITY SYSTEMS, INC.,
a Georgia Corporation, and SYMANTEC
CORPORATION, a Delaware Corporation,

        Defendants and
        Counterclaim-Plaintiffs.

## SUBPOENA IN A CIVIL CASE

C.A.: 04-1199 (SLR)
District of Delaware

TO:   Y. Frank Jou
      214 Coltsgate Dr
      Cary, NC 27511

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. *(The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote.")*

| PLACE OF DEPOSITION | Smith Moore LLP<br>2800 Two Hannover Square<br>Raleigh, NC 27601 | DATE AND TIME | January 27, 2006<br>9:30 a.m. |
|---|---|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):
See Schedule A

| PLACE | Attn. Nancy Tackett<br>Smith Moore LLP<br>2800 Two Hannover Square<br>Raleigh, NC 27601 | DATE AND TIME | January 20, 2006<br>10:00 a.m. |
|---|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: Jeffrey D. Blake]* <br><br> Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delaware Corporation | December 21, 2005 |
| *[signature: Renée DuPont Brown for Paul Grewal]* <br> Attorney for Symantec Corporation | December 21, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel.: (212) 556-2100

Paul S. Grewal
Day Casebeer Madrid &
Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA 95014
Tel.: (408) 342-4543

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### I.    DEFINITIONS

These document requests are subject to, and incorporate, the following:

1.    The term "JiNao" means the JiNao Intrusion Detection System project developed as a joint collaboration between MCNC and North Carolina State University, referenced in the technical report entitled "Architecture Design of a Scalable Intrusion Detection System for the Emerging Network" by Y. Frank Jou, et al., a copy of which is attached as Exhibit A.

2.    The term "DARPA" means the Defense Advanced Research Projects Agency.

3.    The term "Rome Lab" means the United States Air Force Research Laboratory, also known as the Rome Research Site or Rome Laboratory, in Rome, New York.

4.    The term "CIDF" means the Common Intrusion Detection Framework.

5.    The term "SRI" means plaintiff and counterclaim-defendant SRI International, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

6.    The term "NIDES" means SRI's Next-Generation Intrusion Detection Expert System.

7.    The term "EMERALD" means SRI's Event Monitoring Enabling Responses to Anomalous Live Disturbances project referenced in Exhibit B.

8.    The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34, all tangible things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001, and tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either

hardcopy or electronic form. Electronic documents include electronic mail and computer code in any form. A draft, translation or non-identical copy (such as a copy containing comments or notations that are not part of the original text) is a separate document within the meaning of this term.

9.    The terms "communicate" or "communication" mean every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

10.    The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

11.    Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

12.    The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

13.    The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within

2

the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

     14.    The terms "any" and "all" shall be construed individually to mean each and every.

     15.    The term "including" shall mean "including but not limited to."

     16.    The singular shall include the plural, and the plural shall include the singular.

## II.    __INSTRUCTIONS__

     1.    The subpoena requires that Y. Frank Jou (hereinafter "Mr. Jou") produce all responsive documents in his possession, custody, or control, or in the possession, custody or control of his attorneys, agents, employees, representatives or any other affiliated entity or person, wherever such documents are located.

     2.    Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

     3.    If a requested document was in Mr. Jou's possession, custody or control in the past but is no longer in Mr. Jou's possession, custody or control, state what disposition was made of such document, the reasons for such disposition, the approximate date of such disposition, and identify any persons having any knowledge of or responsibility for such disposition.

3

4.    If Mr. Jou contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Mr. Jou shall identify for each such document:

(a)    the date of the document;

(b)    the name, affiliations, and title or position of the author(s) of the document;

(c)    the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

(d)    the general subject matter of the document;

(e)    the type of document (memorandum, letter, report, handwritten notes, etc.);

(f)    the specific grounds for withholding the document, including the specific facts upon which Mr. Jou will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

(g)    any other information required by applicable rules or law.

5.    If Mr. Jou contends that any of the following requests is objectionable in whole or in part, Mr. Jou shall state with particularity each objection, the reasons for the objection and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Mr. Jou shall respond to the part of the request that is not objectionable.

## III.    DOCUMENT REQUESTS

1.    All documents concerning or relating to the design and development of JiNao, including, without limitation, all notes, engineering notebooks, laboratory notebooks, computer records, manuals, engineering design documents, engineering and technical specifications, and technical reports.

4

2.    All documents relating to JiNao, including, without limitation, all notes, engineering notebooks, laboratory notebooks, computer records, manuals, engineering design documents, engineering and technical specifications, technical reports, articles, publications, demonstrations and presentations.

3.    All documents concerning JiNao that were provided to or received from DARPA and/or Rome Lab, including, without limitation, all documents provided to or received from DARPA and/or Rome Lab under Contract No. F30602-96-C0325, referred to on the title page of Exhibit A.

4.    All articles, publications, demonstrations or presentations concerning JiNao that were published, demonstrated or presented on or before November 8, 1998, including, without limitation, all articles, publications, demonstrations or presentations presented to or received from DARPA and/or Rome Lab.

5.    All articles, publications, demonstrations or presentations concerning NIDES or EMERALD on or before November 8, 1998.

6.    All documents concerning any commercial implementation of JiNao on or before November 8, 1998.

7.    All documents concerning the Computer Misuse & Anomaly Detection ("CMAD") IV Workshop that took place in Monterey, California on November 12-14, 1996 (*see* the Table of Contents for the CMAD IV Presentation Slides and Papers, attached hereto as Exhibit C), including, without limitation, any papers submitted by or presentations given by Mr. Jou (see third page of Exhibit C, third entry under Session 4) and a copy of any notes taken, any presentations made or any documents distributed.

8.      All documents concerning the "Intrusion Detection PI Meeting" that took place in Savannah, Georgia on February 25-27, 1997, referenced on the first page of the document attached hereto as Exhibit D, including, without limitation, a copy of any notes taken, any presentations made or any documents distributed at that meeting concerning the "Scalable Intrusion Detection for the Emerging Network Infrastructure" presentation or the "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances" presentation referenced on the second page of Exhibit D.

9.      All documents concerning the "IDS Program Review" that took place at SRI in July 1997 (*see* pages and slide presentation from an MCNC website preserved on www.archive.org, attached hereto as Exhibit E), including, without limitation, a copy of any notes taken, any presentations made or any documents distributed.

10.     All pages and documents relating to JiNao from any archived versions of any MCNC website from 1995-1999, including, without limitation, stored electronic archives and hardcopy printouts.

11.     All documents concerning or relating to Mr. Jou's role in the design and development of CIDF, including, without limitation, all documents concerning any communications between you and Phillip Porras or any other employee of SRI.

12.     All documents concerning the use of the NIDES statistical algorithm, or any other material from SRI, in the design and development of JiNao.

13.     All documents concerning any communications or interactions among and/or between any of Mr. Jou, Fengmin Gong, Chandru Sargor, Shyhtsun Felix Wu, W. Rance Cleaveland, Philip Porras, Peter Neumann, Alfonso Valdes, Teresa Lunt and/or any other SRI employee concerning JiNao, NIDES and/or EMERALD.

6

14.    All documents concerning any communications or interactions between any MCNC employee or anyone associated with MCNC and any SRI employee or anyone associated with SRI relating to network intrusion detection.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on December 27, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

### VIA HAND DELIVERY

Timothy Devlin
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on December 27, 2005, I have Faxed and Federal Expressed the attached document to the following non-registered participants:

### VIA FEDERAL EXPRESS

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314