IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants. | Case No. 04-1199-SLR |

**SRI INTERNATIONAL, INC.'S SECOND NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6) TO SYMANTEC CORPORATION
(TOPIC NOS. 21-32)**

TO DEFENDANT SYMANTEC CORP., BY AND THROUGH ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff SRI International, Inc. ("SRI") will take the deposition of defendant Symantec Corp. ("Symantec") at a mutually agreed upon location, commencing at 9:00 a.m. on February 10, 2006, or at another time agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Symantec is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more other persons who consent to testify on its behalf concerning the matters set forth in Attachment A.  Symantec is requested to set forth, for each person designated, the matters on which the person will testify.

Dated:  January 18, 2006                    FISH & RICHARDSON P.C.


By:  */s/ John F. Horvath*
_____
     John F. Horvath (#4557)
     FISH & RICHARDSON P.C.
     919 N. Market St., Ste. 1100
     P.O. Box 1114
     Wilmington, DE 19889-1114
     Telephone:  (302) 652-5070
     Facsimile:  (302) 652-0607

     Howard G. Pollack (CA Bar No. 162897)
     Gina M. Steele (CA Bar No. 233379)
     Michael J. Curley (CA Bar No. 230343)
     FISH & RICHARDSON P.C.
     500 Arguello St., Ste. 500
     Redwood City, CA 94063
     Telephone:  (650) 839-5070
     Facsimile:  (650) 839-5071

     Attorneys for Plaintiff
     SRI INTERNATIONAL, INC.

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.        "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

2.        "Symantec," "Defendant," "you," or "your" means Symantec Corp., a Delaware corporation, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3.        The phrase "Accused Products" means those products identified in Symantec's responses to SRI Interrogatory No. 1, Renee DuBord Brown's July 25, 2005 letter to Gina M. Steele; Renee DuBord Brown's July 15, 2005 letter to Gina M. Steele; and Renee DuBord Brown's July 8, 2005 letter to Howard G. Pollack.

4.        The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form.  Electronic Documents include electronic mail, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means.  A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document".

5.        "Thing" means any tangible object other than a Document.

6.        "Person" or "Persons" include not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

7.        "Including" shall mean "including but not limited to."

8.        The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

9.      The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

10.     "Concerning" means relating to, referring to, describing, discussing, depicting, evidencing, identifying or constituting.

11.     The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

**TOPICS**

21.     Symantec's acquisition at any time from 2001 to the present of any network intrusion detection technology, products or product components, companies that make network intrusion detection products or product components, and/or network intrusion detection patents, including the amount paid by Symantec to acquire such network intrusion detection products, product components, companies, or patents, and the date of the acquisition.

22.     The identification of all products that compete with the products identified in Topic Nos. 3 and 5, including without limitation ManHunt, Symantec Security Gateway, Symantec EventManger for Intrusion Protection, and Symantec Security Management System, and the advantages of the products identified in Topic Nos. 3 and 5 over the identified competing products.

23.     The content and purpose of any advertising or marketing materials created by Symantec concerning or relating to the products identified in Topic Nos. 3 and 5, including without limitation ManHunt, Symantec Security Gateway, Symantec EventManger for Intrusion Protection, and Symantec Security Management System.

24.     The effect of the sales of the products identified in Topic Nos. 3 and 5, including without limitation ManHunt, Symantec Security Gateway, Symantec EventManger for Intrusion Protection, and Symantec Security Management System, on the sales of any other Symantec products, software, systems and/or services.

25.     The cost savings, expenditure reductions, price reductions or other economic benefits realized by Symantec's customers or licensees, either directly or indirectly, related to their use of the products identified in Topic Nos. 3 and 5, including without limitation ManHunt, Symantec Security Gateway, Symantec EventManger for Intrusion Protection, and Symantec Security Management System.

26.    Efforts by Symantec to design around the claims of the asserted patents.

27.    The identification of, and function and method of operation of all Symantec products or product components capable of intrusion detection, prevention, or analysis prior to November 20, 2001.

28.    The valuation of any Symantec technology or intellectual property regarding intrusion detection, prevention, or analysis.

29.    Symantec policies regarding the purchase, sale, or licensing of intellectual property rights relating to products or product components that are capable of intrusion detection, prevention, or analysis

30.    All license agreements and offers to license any technology capable of intrusion detection, prevention, or analysis between Symantec and a third party including, without limitation, an identification of all such third parties and the terms of all such licenses or offers to license.

31.    Royalties received by or paid by Symantec relating to any license to technology capable of intrusion detection, prevention, or analysis.

32.    Services provided by Symantec relating to the Accused Products, including, for example, Managed Security Services and Professional Security Services.

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the SRI

**INTERNATIONAL, INC.'S SECOND NOTICE OF DEPOSITION PURSUANT**

**TO FED. R. CIV. P. 30(b)(6) TO SYMANTEC CORPORATION** with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following

Delaware counsel.  In addition the filing will also be served on the attorneys of record at

the following addresses as indicated:

| | |
|---|---|
| **EMAIL AND HAND DELIVERY**<br>Richard K. Herrmann<br>Morris, James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE  19801<br>Facsimile:  (302) 571-1750 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| **VIA EMAIL AND HAND DELIVERY**<br>Richard L. Horwitz<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Facsimile:  (302) 658-1192 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS,<br>INC. |
| **VIA EMAIL & FEDERAL EXPRESS**<br>Jonathan Loeb<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California  95014<br>Facsimile: (408) 873-0220 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| **VIA EMAIL & FEDERAL EXPRESS**<br>Holmes Hawkins, III<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Atlanta, GA  30303-1763<br>Facsimile: (404) 572-5145 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS,<br>INC. |

*/s/ John F. Horvath*
John F. Horvath

50322540.doc