IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>              Defendants. | Case No. 04-1199-SLR |

**SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO INTERNET SECURITY SYSTEM, INC., A DELAWARE CORPORATION, AND INTERNET SECURITY SYSTEM, INC., A GEORGIA CORPORATION (TOPIC NOS. 19-30)**

TO DEFENDANTS INTERNET SECURITY SYSTEM, INC., A DELAWARE CORPORATION, AND INTERNET SECURITY SYSTEM, INC., A GEORGIA CORPORATION, BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff SRI International, Inc. ("SRI") will take the deposition of defendants Internet Security Systems, Inc., a Delaware corporation, and Internet Security Systems, Inc., a Georgia Corporation, ("collectively ISS") at a mutually agreed upon location, commencing at 9:00 a.m. on February 10, 2006, or at another time agreed upon by the parties, or ordered by the Court.  The deposition will continue from day to day thereafter until complete.  The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony.  Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape.  Some or all of the

deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ISS is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more other persons who consent to testify on its behalf concerning the matters set forth in Attachment A.  ISS is requested to set forth, for each person designated, the matters on which the person will testify.

Dated:  January 18, 2006          FISH & RICHARDSON P.C.


                                  By: */s/ John F. Horvath*
                                      John F. Horvath (#4557)
                                      FISH & RICHARDSON P.C.
                                      919 N. Market St., Ste. 1100
                                      P.O. Box 1114
                                      Wilmington, DE 19889-1114
                                      Telephone:  (302) 652-5070
                                      Facsimile:  (302) 652-0607

                                      Howard G. Pollack (CA Bar No. 162897)
                                      Gina M. Steele (CA Bar No. 233379)
                                      Michael J. Curley (CA Bar No. 230343)
                                      FISH & RICHARDSON P.C.
                                      500 Arguello St., Ste. 500
                                      Redwood City, CA 94063
                                      Telephone:  (650) 839-5070
                                      Facsimile:  (650) 839-5071

                                  Attorneys for Plaintiff
                                  SRI INTERNATIONAL, INC.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

2. "ISS" "Defendants," "you," or "your" means Internet Security Systems, Inc., a Delaware corporation, and Internet Security Systems, Inc., a Georgia corporation, including their past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on their behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3. The phrase "Accused Products" means those products identified in ISS' responses to SRI Interrogatory No. 1 and Natasha A. Moffitt's September 6, 2005 and August 16, 2005 letters to Michael J. Curley.

4. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document".

5. "Thing" means any tangible object other than a Document.

6. "Person" or "Persons" include not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

7. "Including" shall mean "including but not limited to."

8. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

9. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

10. "Concerning" means relating to, referring to, describing, discussing, depicting, evidencing, identifying or constituting.

11. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## TOPICS

19. ISS' acquisition at any time from 2001 to the present of any network intrusion detection technology, products or product components, companies that make network intrusion detection products or product components, and/or network intrusion detection patents, including the amount paid by ISS to acquire such network intrusion detection products, product components, companies, or patents, and the date of the acquisition.

20. The identification of all products that compete with the products identified in Topic Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, Safe Suite Decisions, ICEcap, and RealSecure, and the advantages of the products identified in Topic Nos. 3 and 5 over the identified competing products.

21. The content and purpose of any advertising or marketing materials created by ISS concerning or relating to the products identified in Topic Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, Safe Suite Decisions, ICEcap, and RealSecure.

22. The effect of the sales of the products identified in Topic Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, Safe Suite Decisions, ICEcap, and RealSecure, on the sales of any other ISS products, software, systems and/or services.

23. The cost savings, expenditure reductions, price reductions or other economic benefits realized by ISS' customers or licensees, either directly or indirectly, related to their use of the products identified in Topic Nos. 3 and 5, including without limitation SiteProtector, Proventia, BlackICE, Network Sensor, Server Sensor, Safe Suite Decisions, ICEcap, and RealSecure.

24. Efforts by ISS to design around the claims of the asserted patents.

25. The identification of, and function and method of operation of all ISS products or product components capable of intrusion detection, prevention, or analysis prior to November 20, 2001.

26. The valuation of any ISS technology or intellectual property regarding intrusion detection, prevention, or analysis.

27. ISS policies regarding the purchase, sale, or licensing of intellectual property rights relating to products or product components that are capable of intrusion detection, prevention, or analysis

28. All license agreements and offers to license any technology capable of intrusion detection, prevention, or analysis between ISS and a third party including, without limitation, an identification of all such third parties and the terms of all such licenses or offers to license.

29. Royalties received by or paid by ISS relating to any license to technology capable of intrusion detection, prevention, or analysis.

30. Services provided by ISS relating to the Accused Products, including, for example, Managed Security Services and Professional Security Services.

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the **SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO INTERNET SECURITY SYSTEM, INC., A DELAWARE CORPORATION, AND INTERNET SECURITY SYSTEM, INC., A GEORGIA CORPORATION (TOPIC NOS. 19-30)** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel.  In addition the filing will also be served on the attorneys of record at the following addresses as indicated:

| | |
|---|---|
| **VIA EMAIL AND HAND DELIVERY**<br>Richard K. Herrmann<br>Morris, James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE  19801<br>Facsimile:  (302) 571-1750 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| **VIA EMAIL AND HAND DELIVERY**<br>Richard L. Horwitz<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Facsimile:  (302) 658-1192 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |
| **VIA EMAIL & FEDERAL EXPRESS**<br>Jonathan Loeb<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California  95014<br>Facsimile: (408) 873-0220 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| **VIA EMAIL & FEDERAL EXPRESS**<br>Holmes Hawkins, III<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Atlanta, GA  30303-1763<br>Facsimile: (404) 572-5145 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

*/S/ John F. Horvath*
John F. Horvath