## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) | |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) ) | |
| v. | ) ) | C. A. No. 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) | |
| Defendants and Counterclaim-Plaintiffs. | ) ) | |

## NOTICE OF SUBPOENA DUCES TECUM
## AND DEPOSITION OF KIN-WAH TONG

TO:     John Horvath                          Howard G. Pollack
        Fish & Richardson P.C.                Michael J. Curley
        919 Market Street, Suite 1100         Fish & Richardson P.C.
        P.O. Box 1114                         500 Arguello Street, Suite 500
        Wilmington, DE 19899                  Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Defendants

and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Georgia corporation ("ISS-

GA"), Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec

Corporation ("Symantec"), by their counsel, have served or will serve the attached

subpoena for documents and a deposition, by oral examination, of Kin-Wah Tong.

The deposition is to commence at 9:30 a.m. on March 16, 2006 at the offices of

King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036 or at such

alternative date, time, and place as may be mutually agreed upon by counsel for ISS-GA,

ISS-DE, Symantec and Kin-Wah Tong. The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths, and will continue from day to day until completed, weekends and holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote." You are invited to attend.

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE 19899
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants*
*And Counterclaim-Plaintiffs*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Delaware Corporation, and*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Georgia Corporation*

MORRIS JAMES HITCHENS & WILLIAMS LLP

By: */s/ Richard K. Herrmann*
     Richard K. Herrmann (#406)
     Mary Matterer (#2696)
     222 Delaware Avenue, 10th Floor
     P.O. Box 2306
     Wilmington, DE 19899
     Tel: (302) 888-6800
     rhermann@morrisjames.com

*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*
*SYMANTEC CORPORATION*

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

Dated:  March 3, 2006

722068

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Renee DuBord Brown
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

SRI INTERNATIONAL, INC.,

        Plaintiff and
        Counterclaim-Defendant,

    v.

INTERNET SECURITY SYSTEMS, INC., a Delaware
Corporation, INTERNET SECURITY SYSTEMS, INC.,
a Georgia Corporation, and SYMANTEC
CORPORATION, a Delaware Corporation,

        Defendants and
        Counterclaim-Plaintiffs.

## SUBPOENA IN A CIVIL CASE

C.A.: 04-1199 (SLR)
District of Delaware

TO:   Kin-Wah Tong
      Moser Patterson & Sheridan
      595 Shrewsbury Ave., Ste. 100
      Shrewsbury, NJ 07702

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. (*The deposition shall be recorded by stenographic and videographic means before a notary
public or other officer authorized by law to administer oaths. Some or all of the deposition testimony may involve real-
time computer connection between the deposition taker and court reporter using software such as "LiveNote.")*

| PLACE OF DEPOSITION  King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036 | DATE AND TIME  March 16, 2006<br>9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents and objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br><br>Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delaware Corporation | February 16, 2006 |
| *[signature]*<br><br>Attorney for Symantec Corporation | February 16, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel.: (212) 556-2100

~~Renee DuBord Brown~~   Jonathan Loeb
Day Casebeer Madrid &
Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA 95014
Tel.: (408) ~~342-4543~~
           342-4545

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SRI INTERNATIONAL, INC.,

                                  Plaintiff,                   Case No.  04 Civ. 1199 (D.

DEL.)

                                               Affidavit of Service

        -against-

INTERNET SECURITY SYSTEMS, ET AL.,

                                Defendants.
-----------------------------------------------------------------x

STATE OF NEW JERSEY)
COUNTY OF MONMOUTH)ss:

       1.  John F. Verga, being duly sworn, deposes and says that I am not a party to this action or proceeding and am over the age of 18.

       2.  On February 23, 2006 at 10:00 A.M at 595 Shrewsbury Ave., Shrewsbury, NJ, I served the Subpoena and $75.00 witness fee upon Kin-Wah Tong, by delivering to and leaving a true copy with Kin-Wah Tong, personally.

       3.  Description of the person served is as follows:  Male; Yellow skin; Approx. 5'8"; approx 145 lbs; approx. 35-45 yrs of age; Black hair; glasses.

       4.  Pursuant to the conversation had with the person served, I aver that defendant is not in the military.

                                                        John F. Verga

Sworn to me this 23rd day of February, 2006.

-----------------------------------------------
DEBORAH K. VERGA, NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES 1/24/08

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 3, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John Horvath
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on March 3, 2006, I have Electronically Mailed the attached document to the following non-registered participants:

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
pollack@fr.com
curley@fr.com

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014
pgrewal@daycasebeer.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314