IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>            Plaintiff and<br>            Counterclaim-Defendant,<br><br>     v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>            Defendants and<br>            Counterclaim-Plaintiffs. | Case No. 04-1199-SLR |

**SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY GAP (ITM) INC.**

TO THIRD-PARTY GAP (ITM) INC.:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff SRI International, Inc. ("SRI") will take the deposition of third-party GAP (ITM) INC. ("GAP") at Knox Services, 600 West 7th Street, Suite 135, Los Angeles, California 90017, commencing at 9:00 a.m. on March 29, 2006, or at another time agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer

connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, GAP is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more other persons who consent to testify on its behalf concerning the matters set forth in Attachment A to the Subpoena in a Civil Case attached hereto.  GAP is requested to set forth, for each person designated, the matters on which the person will testify.

Dated:  March 8, 2006            FISH & RICHARDSON P.C.

By:  */s/ John F. Horvath*
John F. Horvath (#4557)
FISH & RICHARDSON P.C.
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

Howard G. Pollack (CA Bar No. 162897)
Gina M. Steele (CA Bar No. 233379)
Katherine D. Prescott (CA Bar No. 215496)
Michael J. Curley (CA Bar No. 230343)
FISH & RICHARDSON P.C.
500 Arguello St., Ste. 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff and Counterclaim-Defendant
SRI INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2006, I electronically filed SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY GAP (ITM) INC using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Telephone:  302-984-6000<br>Facsimile:  302-658-1192<br>Email:  rhorwitz@potteranderson.com<br>Email:  dmoore@potteranderson.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Richard K. Herrmann<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Telephone:  302-888-6800<br>Facsimile:  302-571-1750<br>Email:  rherrmann@morrisjames.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

I also certify that on March 8, 2006, I mailed by United States Postal Service and by electronic mail, the above document(s) to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha H. Moffitt<br>King & Spalding LLP<br>191 Peachtree Street N.E.<br>Atlanta, GA  30303-1763<br>Telephone:  404-572-4600<br>Facsimile:  404-572-5145<br>Email:  hhawkins@kslaw.com<br>Email:  nmoffitt@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |

| | |
|---|---|
| Theresa A. Moehlman<br>Jeffrey Blake<br>Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212-556-2100<br>Facsimile: 212-556-2222<br>Email: tmoehlman@kslaw.com<br>Email: jblake@kslaw.com<br>Email: bjoneja@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware Corporation, and Internet<br>Security Systems, Inc., a Georgia<br>Corporation |
| Paul S. Grewal<br>Robert M. Galvin, Esq.<br>Lloyd R. Day, Jr.<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California 95014<br>Telephone: 408-873-0110<br>Facsimile: 408-873-0220<br>Email: pgrewal@daycasebeer.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

/s/ *John F. Horvath*
_____
John F. Horvath

10606385.DOC

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL | DISTRICT OF | CALIFORNIA |
|---|---|---|

SRI INTERNATIONAL, INC., a California Corporation,

      Plaintiff and
      Counterclaim-Defendant,

v.

INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,

      Defendants and
      Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C. A. No. 04-1199 (SLR)
(Pending in the District of Delaware)

TO:   GAP (ITM) INC.
c/o C T Corporation System, 818 West 7th Street, Los Angeles, CA 90017

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Knox Services<br>600 West 7th Street, Suite 135, Los Angeles, CA 90017 | March 29, 2006<br>9:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Knox Services<br>600 West 7th Street, Suite 135, Los Angeles, CA 90017 | March 21, 2006<br>5:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff/Counterclaim Defendant SRI INTERNATIONAL, INC. | March 7, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Katherine D. Prescott, Fish & Richardson P.C.,<br>500 Arguello St., Suite 500, Redwood City, CA 94063 | Telephone: 650-839-5070<br>Facsimile: 650-839-5071 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ─────────────────────
DATE                                                                         SIGNATURE OF SERVER


ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

2. "Symantec" means Symantec Corp., a Delaware Corporation, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3. "GAP," "you," or "your" means GAP (ITM) INC., including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4. "Accused Products" means all versions of Symantec ManHunt software, Symantec Network Security software, Symantec Network Security 7100 Series appliances, iForce appliances, Symantec Event Manager for Security Gateways, Symantec Advanced Manager for Security Gateways and Symantec Gateway Security 1600, 5400 and 5600 Series appliances.

5. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document".

6. "Thing" means any tangible object other than a Document.

7. "Person" or "Persons" include not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

8. "Including" shall mean "including but not limited to."

9. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

10. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

11. "Concerning" means relating to, referring to, describing, discussing, depicting, evidencing, identifying or constituting.

12. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

13. Documents within the possession, custody or control of Gap means documents within the possession, custody or control of any current or former attorney, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, officer, or director of Gap, and other persons acting on Gap's behalf.

14. For any information deliberately withheld, please provide a written statement setting forth: (1) the identify of each Person from and to whom the information has been

communicated; (2) a brief description of the subject matter of the information; and (3) the legal ground relied upon in withholding the information.

## TOPICS

1. The quantity you obtained and price you paid for any of the Accused Products and/or any related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services, purchased and/or licensed by you since January 1, 2003.

2. Payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services.

3. The configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

4. Your use of the intrusion detection, prevention and/or analysis functionality of the Accused Products.

5. Cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

6. Services provided by Symantec to you related to the Accused Products, including, for example, Symantec's Managed Security Services.

7. Communications with and/or instructions, directions, or information from Symantec relating to the installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.

8. The authenticity of documents produced in response to Plaintiff SRI International, Inc.'s Subpoena to GAP.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the quantity you obtained and price you paid for any of the Accused Products and/or any related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services, purchased and/or licensed by you since January 1, 2003.

REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to show all payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to completely describe the configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to describe your use of the intrusion detection, prevention and/or analysis features or functionality of the Accused Products.

REQUEST FOR PRODUCTION NO. 5:

All documents related to cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

REQUEST FOR PRODUCTION NO. 6:

All documents related to services provided by Symantec to you related to the Accused Products, including, for example, Symantec's Managed Security Services.

REQUEST FOR PRODUCTION NO. 7:

All documents related to communications with and/or instructions, directions, or information from Symantec related to the installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.