**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) |
| v. | ) ) C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) ) |
| Defendants and Counterclaim-Plaintiffs. | ) ) |

**NOTICE OF SUBPOENA FOR DEPOSITION OF THOMAS GIBSON**

TO:  John F. Horvath                              Howard G. Pollack
     Fish & Richardson P.C.                       Michael J. Curley
     919 Market Street, Suite 1100                Fish & Richardson P.C.
     P.O. Box 1114                                500 Arguello Street, Suite 500
     Wilmington, DE 19899                         Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Defendants and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Georgia corporation ("ISS-GA"), Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec Corporation ("Symantec"), by their counsel, have served or will serve the accompanying subpoena for deposition, by oral examination, of Timothy Gibson.

The deposition is to commence at 9:00 a.m. on March 22, 2006 at the offices of Defense Advanced Research Projects Agency or at such alternative date, time, and place as may be mutually agreed upon by counsel for ISS-GA, ISS-DE, Symantec and Timothy Gibson. The

deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths, and will continue from day to day until completed, weekends and holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote." You are invited to attend.

Dated: March 15, 2006

                                                  */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Tel: (302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendants
and Counterclaim-Plaintiffs
SYMANTEC CORPORATION

OF COUNSEL:
Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Renee DuBord Brown
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

SRI INTERNATIONAL, INC.

        Plaintiff and
        Counterclaim-Defendant,

   v.

INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation,

        Defendants and
        Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

TO:    Timothy Gibson
          Defense Advanced Research Projects Agency
          3701 North Fairfax Drive
          Arlington, VA 22203-1714

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Defense Advanced Research Projects Agency<br>3701 North Fairfax Drive<br>Arlington, VA 22203-1714 | March 22, 2006<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: Bhavana Joneja /PSG]*<br><br>Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delware Corporation | March 15, 2006 |
| *[signature: Paul S. Grewal]*<br><br>Attorney for Symantec Corporation | March 15, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |
|---|---|---|
| | Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 556-2100 | Paul S. Grewal<br>Day Casebeer Madrid & Batchelder LLP<br>20300 Stevens Creek Boulevard<br>Suite 400<br>Cupertino, CA 95014<br>Tel: (408) 873-0110 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2006, I electronically filed the foregoing document, **NOTICE OF SUBPOENA FOR DEPOSITION OF TIMOTHY GIBSON**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| John F. Horvath, Esq.<br>Fish & Richardson, P.C.<br>919 North Market Street, Suite 1100<br>Wilmington, DE  19801 | Richard L. Horwitz, Esq.<br>David E. Moore, Esq.<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>Wilmington, DE  19801 |

Additionally, I hereby certify that on the 15th day of March, 2006, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Howard G. Pollack, Esq.<br>Michael J. Curley, Esq.<br>Fish & Richardson<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063<br>650.839.5070 | Holmes Hawkins, III, Esq.<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Atlanta, GA  30303-1763<br>404.572.4600<br><br>Theresa Moehlman, Esq.<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>212.556.2100 |

  */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Counsel for Defendant
SYMANTEC CORPORATION

3