## E-Mail Request for Emergency Relief

1. Case Number:        04-cv-1199-SLR

2. Check the box that applies:

        Requesting a teleconference with the parties and the court
        Requesting an in-person conference with the parties and the court
   ✓ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   Defendants request that the Court bifurcate fact discovery on willfulness. This issue was not raised during the March 14 teleconference, during which the Court bifurcated trial and expert discovery on willfulness and damages. Unlike damages fact discovery, which had begun by March 14 and overlaps with Plaintiff's commercial success theory, willfulness fact discovery has not yet started, does not overlap with any other issues, raises sensitive issues concerning the scope of any waiver of attorney-client privilege, and may be completely unnecessary. Given the bifurcation ruling, there is no reason to embark on willfulness discovery now. Indeed, SRI has been claiming that it requires an extension in order to be able to complete the current fact discovery. It was SRI that wanted bifurcation. The only reason SRI would want to open fact discovery on willfulness now is to prejudice Defendants. Accordingly, Defendants seek a ruling that willfulness fact discovery will be bifurcated.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Howard Pollack

5. Response of opposing counsel to this request:

   SRI believes it would be appropriate for the defendants to make their disclosures before extending willfulness discovery. If the defendants elect not to rely on opinions of counsel, further discovery may be limited.

6. Name of local counsel making this request: David E. Moore, Richard K. Herrmann

7. Today's Date: March 20, 2006

*********************************************************************************

For court use only:

   ☐ A teleconference will be held on _____ to be coordinated and initiated by

   ☐ An in-person discovery conference will be held on: _____

   ☑ Other: Willfulness discovery is stayed.

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:        04-cv-1199-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

   SRI believes the Court's ruling was clear and this matter is settled: willfulness is to be treated in the same way as damages, so willfulness fact discovery should be completed by the present deadline. If defendants believed different treatment for willfulness were warranted, they should have raised it at the March 14 hearing -- not by emergency email after their time for complying with a Court-ordered deadline has passed. Only weeks removed from pressing aggressively for all issues to go to trial as scheduled in October, defendants have now changed position for strategic rather than substantive reasons. Willfulness discovery does overlap liability to at least some degree, particularly if any of the bases for defendants' opinions (if any) contradicts positions defendants now wish to take in defending liability.

   _____

   *Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: John F. Horvath

4. Today's Date: March 21, 2006

***********************************************************************************