IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California corporation, | : : : |
| Plaintiff and Counterclaim-Defendant, | : : : |
| v. | :   C.A. No. 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation, | : : : : : : |
| Defendants and Counterclaim-Plaintiffs. | : : |

**NON-PARTY PNC BANCORP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF/COUNTERCLAIM DEFENDANT SRI INTERNATIONAL, INC.'S SUBPOENA**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, PNC Bancorp, Inc. ("PNC"), a non-party to the captioned action, timely asserts the following objections to the subpoena in civil case dated March 7, 2006 (the "subpoena"), and served on PNC on March 9, 2006, by Plaintiff/Counterclaim Defendant SRI International, Inc. ("SRI"). PNC's objections are based on PNC's current knowledge, information and belief, based on reasonable and diligent inquiry. PNC is continuing to review its files and reserves its rights to modify, correct, supplement or clarify its responses.

## GENERAL OBJECTIONS

1.  PNC objects to the subpoena on the grounds that it is vague, overly broad and unduly burdensome to the extent that it attempts to require that PNC respond on behalf of any person other than PNC itself. PNC reserves its rights to move to quash the subpoena, to move for a protective order, or to make any other motion with regard to the subpoena for any reason.

2.  PNC objects to the subpoena to the extent that it seeks documents outside of PNC's possession, custody or control, and to the extent that it purports to require the production of documents by individuals who are not employees or directors of PNC, on the grounds that any such request is overly broad and unduly burdensome.

3.  PNC objects to the subpoena on the grounds that it does not presently believe that PNC has responsive documents. Specifically, PNC asserts that SRI has served the wrong entity. PNC further objects to the subpoena on the grounds that the burden and expense of the proposed discovery imposed on it by the subpoena substantially outweigh its likely benefit.

4.  PNC objects to the subpoena to the extent that it purports to impose upon PNC obligations beyond those imposed by, or inconsistent with, the Federal Rules of Civil Procedure or the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, including the rules governing discovery from non-parties such as PNC. PNC responds to each and every request only in the form and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

5.  PNC objects to the subpoena to the extent that it purports to require PNC to search for and produce documents protected by the attorney-client privilege, the attorney work-product privilege, or any other privilege or protection from discovery recognized under the

Federal Rules of Civil Procedure or the Federal Rules of Evidence, or seeks the disclosure of confidential information or documents concerning the impressions, conclusions, opinions, legal research or theories of any person who is, or acted on behalf of, any attorney for PNC, or attempts to seek matters prepared in anticipation of litigation. PNC intends to and does hereby claim privilege from discovery with respect to each such document and thing. Any production of such documents shall not waive any of these privileges.

6. PNC objects to the subpoena to the extent that it purports to apply to any confidential or proprietary information of PNC, including without limitation any trade secrets, commercial information, research and development, or other confidential information. PNC further objects to the subpoena to the extent that it purports to apply to any documents that are subject to any confidentiality agreements, including without limitation agreements that require the consent of other entities before such information may be disclosed. PNC will not produce any documents concerning confidential or proprietary information unless such documents are protected by a protective order reasonably agreeable to PNC.

7. PNC objects to the subpoena to the extent that it seek documents already in the possession, control or custody of SRI, or which are available to SRI from public sources on the grounds that such requests are duplicative, overbroad, and unduly burdensome. PNC further objects to the subpoena to the extent that it seeks documents that are available from defendants or other sources on the grounds that such requests are duplicative, overbroad, and unduly burdensome.

8. PNC objects to the breadth and scope of the document production requests in the subpoena on the grounds that the scope is unreasonably broad and renders the subpoena burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible

evidence, and goes beyond applicable statutes of limitations. PNC further objects to any request that purports to require the creation of documents on the grounds that it is beyond the scope of discovery expressly allowed under the Federal Rules of Civil Procedure. PNC further objects to the subpoena to the extent that it applies to documents that are no longer in existence or that cannot be identified. PNC further objects to the requests as a whole on the grounds that they are vague and overly broad and therefore place an unnecessary and undue burden upon PNC.

9.  PNC objects to the subpoena to the extent that it purports to require the search for and production of documents beyond one limited to the files readily determined to relate to the subject matter of the subpoena and the files of PNC or its employees known or reasonably believed to be personally involved in, or knowledgeable about, the subjects listed in the subpoena. PNC's responses will be based upon reasonable and diligent searches and inquiries to locate and identify responsive non-privileged documents in its possession, custody or control.

10. PNC objects to the subpoena on the grounds that it seeks the production of documents that are irrelevant to the subject matter of the litigation and are not reasonably calculated to lead to the discovery of admissible evidence. PNC further objects to the subpoena on the grounds that it seeks the production of documents that would be unreasonably duplicative and calls for extensive research and investigation that would subject PNC to annoyance, embarrassment, oppression or undue burden or expense.

11. PNC objects to the subpoena on the grounds that it is unduly burdensome and unduly expensive. Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, SRI should be required to advance to PNC the estimated expenses entailed by the subpoena. PNC reserves its rights to seek relief from the Court from suffering undue expenses in responding to the subpoena.

12. PNC will construe the terms used in the subpoena consistent with normal usage, unless a specific, different definition is given in the subpoena.

13. PNC objects to the subpoena to the extent that it seeks the production of "all" documents described therein on that grounds that such requests include documents that are irrelevant to the subject matter of the litigation, are not reasonably calculated to lead to the discovery of admissible evidence, and are overly broad and unduly burdensome. PNC's responses are based upon reasonable and diligent search and inquiry to locate and identify responsive, non-privileged documents in the possession, custody or control of PNC.

14. PNC objects to SRI's definition of "DOCUMENT" on the grounds that it is vague, overly broad and unduly burdensome. PNC further objects to SRI's definition of "DOCUMENT" to the extent that the definition purports to be other than as provided for by the Federal Rules of Civil Procedure. PNC further objects to SRI's definition of "DOCUMENT" to the extent that it would require PNC to produce all of its documents stored on word processing equipment or other computer databases on the grounds that it would be overly broad and unduly burdensome. PNC further objects to SRI's definition of "DOCUMENT" as it purports to include "electronic mail, computer source code, object code, and microcode, and documents stored on any media accessible by electronic means" on the ground that it is vague, overly broad and unduly burdensome. PNC further objects to SRI's definition of "DOCUMENT" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

15. PNC objects to SRI's definition of "PNC," "you" or "your" on the grounds that it is vague, overly broad and unduly burdensome. PNC further objects to SRI's definition of "PNC," "you" or "your" on the grounds that it purports to include within its purview documents

not in the possession, custody or control of PNC, and that it renders the subpoena vague, overly broad and unduly burdensome. PNC further objects to SRI's definition of "PNC," "you" or "your" to the extent that it purports to include any of PNC's "past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates" on the grounds that it includes documents not in the possession, custody or control of PNC, and that it renders the subpoena vague and ambiguous, overly broad and unduly burdensome. PNC further objects to SRI's definition of "PNC," "you" or your" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

16. PNC objects to SRI's use of such terms and phrases as "related to," "reflecting," and "concerning" on the grounds that such phrases are vague, overbroad and unduly burdensome to use in the context of SRI's discovery requests. PNC will interpret such phrases according to their reasonable, normal and ordinary meanings. PNC will construe these phrases to encompass documents the content of which can be reasonably be determined to constitute or bear on the matter in question.

17. PNC objects to the specified dates and locations for production and the desired deposition as burdensome. Documents that PNC agrees to produce will be produced for SRI's inspection and copying at a mutually agreeable time and place, and any deposition of a PNC witness will be conducted at a mutually agreeable time and place.

18. PNC objects to the time period covered by the subpoena on the grounds that it is unreasonably broad and renders the subpoena burdensome, oppressive, not reasonably calculated

to lead to the discovery of admissible evidence, and goes beyond applicable statutes of limitations.

19.    PNC objects to the subpoena to the extent that it purports to impose on PNC any obligations beyond those contained in the Federal Rules of Civil Procedure with regard to documenting the withholding of documents on the grounds of privilege.

20.    PNC objects to any request that it produce documents in electronic form to the extent that responsive documents are not currently in electronic form. PNC will produce responsive documents in electronic form only if such documents currently exist in electronic form and an agreement can be reached on a method for control numbering and identifying such documents. PNC further objects to the subpoena to the extent that it purports to impose on PNC any obligations beyond those contained in the Federal Rules of Civil Procedure with regard to the production of electronic documents.

21.    PNC objects to the subpoena to the extent that it assumes disputed facts or legal conclusions. PNC's objections are not an admission or acknowledgment of any purported fact, allegation, or legal conclusion in the litigation.

22.    PNC's production of any document is not an admission of the propriety or legality of the subpoena.

23.    PNC's production of any document is not an admission of the relevance or admissibility of any such document.

24.    PNC's production of any document does not constitute a waiver of any privilege.

25.    PNC's production of any document is not a waiver of its rights to move to quash the subpoena, to seek a protective order, or otherwise to move to limit the subpoena.

26. PNC reserves its rights to raise any objection it may have to the subpoena not otherwise stated herein.

27. PNC reserves its rights to amend or supplement the objections herein, and to assert additional general and specific objections if and when appropriate.

28. PNC incorporates, adopts and asserts any objections previously made or relied upon by SRI, defendants, PNC itself or any other non-party in this litigation, in response to any discovery request in this litigation.

29. All of the foregoing objections apply to the requests for production listed below, and they are hereby expressly incorporated by reference into PNC's response to each request.

## SPECIFIC OBJECTIONS

Each of the following specific objections incorporates the general objections set forth above as if fully set forth therein:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the quantity you obtained and price you paid for any of the Accused Products and/or any related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services, purchased and/or licensed by you since January 1, 2003.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

PNC incorporates by reference its general objections. Without waiver of such general objections, PNC will produce non-privileged documents responsive to this request, if any exist.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show all payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See response and objections to request 1 above.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to completely describe the configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PNC incorporates by reference its general objections. Additionally, PNC objects to this request to the extent that it purports to apply to confidential and/or proprietary information of PNC, including, without limitation, security plans, procedures or systems information. PNC also objects to this request on the grounds that its purported scope makes it overbroad and unduly burdensome because, *inter alia*, it requests disclosure of highly sensitive, protected security information, and such disclosure would create an undue risk of loss to PNC and/or other non-parties to this litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to describe your use of the intrusion detection, prevention and/or analysis features or functionality of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PNC objects to this request in its entirety for the reasons set forth in its objections to request 3 above.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PNC objects to this request in its entirety for the reasons set forth in its objections to request 3 above. By way of further response, PNC has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to services provided by Symantec to you related to the Accused Products, including, for example, Symantec's Managed Security Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

PNC objects to this request in its entirety for the reasons set forth in its objections to request 3 above. To the limited extent that PNC has in its possession, custody or control documents responsive to this request that are not subject to such objections, it will produce those documents.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to communications with and/or instructions, directions, or information from Symantec related to the installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

PNC objects to this request in its entirety for the reasons set forth in its objections to request 3 above.

PROCTOR HEYMAN LLP

/s/ Vernon R. Proctor
_____
Vernon R. Proctor (# 1019)
E-mail: vproctor@proctorheyman.com
Patricia L. Enerio (# 3728)
E-mail: penerio@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300
Attorneys for PNC Bancorp, Inc.

Dated: March 29, 2006

## CERTIFICATE OF SERVICE

I, Vernon R. Proctor, hereby certify that on March 29, 2006, copies of the foregoing Non-Party PNC Bancorp., Inc.'s Objections and Responses to Plaintiff/Counterclaim Defendant SRI International, Inc.'s Subpoena were served electronically and via hand delivery on the parties listed below:

John F. Horvath, Esquire
Katherine D. Prescott, Esquire
Fish & Richardson P.C.
919 North Market Street
Wilmington, DE 19899-1114

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899

_____
Vernon R. Proctor (# 1019)