IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>   v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs. | Case No. 04-1199-SLR |

**SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY GENERAL ELECTRIC COMPANY**

TO THIRD-PARTY GENERAL ELECTRIC COMPANY:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff SRI International, Inc. ("SRI") will take the deposition of third-party GENERAL ELECTRIC COMPANY ("GE") at Sanders Gale & Russell, 437 Orange Street, New Haven, CT 06511, commencing at 9:00 a.m. on April 21, 2006, or at another time agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by

videotape.  Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, GE is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more other persons who consent to testify on its behalf concerning the matters set forth in Attachment A to the Subpoena in a Civil Case attached hereto.  GE is requested to set forth, for each person designated, the matters on which the person will testify.

Dated:  April 7, 2006                FISH & RICHARDSON P.C.

By: */s/ John F. Horvath*
   John F. Horvath (#4557)
   FISH & RICHARDSON P.C.
   919 N. Market St., Ste. 1100
   P.O. Box 1114
   Wilmington, DE 19889-1114
   Telephone:  (302) 652-5070
   Facsimile:  (302) 652-0607

   Howard G. Pollack (CA Bar No. 162897)
   Gina M. Steele (CA Bar No. 233379)
   Katherine D. Prescott (CA Bar No. 215496)
   Michael J. Curley (CA Bar No. 230343)
   FISH & RICHARDSON P.C.
   500 Arguello St., Ste. 500
   Redwood City, CA 94063
   Telephone:  (650) 839-5070
   Facsimile:  (650) 839-5071

   Attorneys for Plaintiff and Counterclaim-Defendant
   SRI INTERNATIONAL, INC.

# ATTACHMENT A
## DEFINITIONS AND INSTRUCTIONS

1. "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

2. "ISS" means Internet Security Systems, Inc., including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3. "GE," "you," or "your" means GENERAL ELECTRIC COMPANY, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4. "Accused Products" means all versions of the Proventia Intrusion Prevention, or Integrated Security, Appliances including the A, G, and M Series; Proventia Network Anomaly Detection Systems; Proventia Desktop; Proventia Server; SiteProtector product line series; RealSecure Network Sensor; RealSecure Gigabit Network Sensor; RealSecure Server Sensor; RealSecure Desktop Protector; SiteProtector Third Party Module; and SiteProtector Security Fusion Module and any other plug-ins, including without limitation Fusion and Fusion 2.0, distributed as a stand-alone product or incorporated into any other ISS product.

5. "Other ISS Products" means other ISS products that are not Accused Products but are in the Proventia and RealSecure product lines including without limitation Proventia Mail Filter, Proventia Web Filter, Proventia Filter Reporter, Internet Scanner, and System Scanner.

6. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic

mail, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document."

7. "Thing" means any tangible object other than a Document.

8. "Person" or "Persons" include not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

9. "Including" shall mean "including but not limited to."

10. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

11. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

12. "Concerning" means relating to, referring to, describing, discussing, depicting, evidencing, identifying or constituting.

13. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

14. Documents within the possession, custody or control of GE means documents within the possession, custody or control of any current or former attorney, employee, partner,

corporate parent, subsidiary, affiliate, agent, representative, officer, or director of GE, and other persons acting on GE's behalf.

15. For any information deliberately withheld, please provide a written statement setting forth: (1) the identify of each Person from and to whom the information has been communicated; (2) a brief description of the subject matter of the information; and (3) the legal ground relied upon in withholding the information.

## **TOPICS**

1. The quantity you obtained and price you paid for any of the Accused Products and/or any related ISS products, software, systems, and/or services, including, for example, any ISS managed security services, purchased and/or licensed by you since January 1, 2003.

2. Payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related ISS products, software, systems, and/or services, including, for example, any ISS managed security services.

3. The configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

4. Your use of the intrusion detection, prevention and/or analysis functionality of the Accused Products.

5. Cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

6. Services provided by ISS to you related to the Accused Products, including, for example, any ISS managed security services.

7. Communications with and/or instructions, directions, or information from ISS relating to the selection, installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.

8. The authenticity of documents produced in response to Plaintiff SRI International, Inc.'s Subpoena to GE.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the quantity you obtained and price you paid for any of the Accused Products and/or any related ISS products, software, systems, and/or services, including, for example, any ISS managed security services, purchased and/or licensed by you since January 1, 2003.

REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to show all payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related ISS products, software, systems, and/or services, including, for example, any ISS managed security services.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to completely describe the configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to describe your use of the intrusion detection, prevention and/or analysis features or functionality of the Accused Products.

REQUEST FOR PRODUCTION NO. 5:

All documents related to cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

REQUEST FOR PRODUCTION NO. 6:

All documents related to services provided by ISS to you related to the Accused Products, including, for example, any ISS managed security services.

REQUEST FOR PRODUCTION NO. 7:

All documents related to communications with and/or instructions, directions, or information from ISS related to the installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.

REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to show architectural diagrams, or any other illustration or description, of the deployment of any Accused Products or Other ISS Products in GE's enterprise network.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2006, I electronically filed **SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY GENERAL ELECTRIC COMPANY.** using CM/ECF which will send notification of such filing to the following. A copy was also sent via hand delivery:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Telephone:  302-984-6000<br>Facsimile:  302-658-1192<br>Email:  rhorwitz@potteranderson.com<br>Email:  dmoore@potteranderson.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Richard K. Herrmann<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Telephone:  302-888-6800<br>Facsimile:  302-571-1750<br>Email:  rherrmann@morrisjames.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

I also certify that on April 7, 2006, I mailed by United States Postal Service and by electronic mail, the above document(s) to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha H. Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309<br>Telephone:  404-572-4600<br>Facsimile:  404-572-5145<br>Email:  hhawkins@kslaw.com<br>Email:  nmoffitt@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Theresa A. Moehlman<br>Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  212-556-2100<br>Facsimile:  212-556-2222<br>Email:  tmoehlman@kslaw.com<br>Email:  jblake@kslaw.com<br>Email:  bjoneja@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware Corporation, and Internet<br>Security Systems, Inc., a Georgia<br>Corporation |
| Paul S. Grewal<br>Robert M. Galvin, Esq.<br>Lloyd R. Day, Jr.<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California  95014<br>Telephone:  408-873-0110<br>Facsimile:  408-873-0220<br>Email:  pgrewal@daycasebeer.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

*/s/ John F. Horvath*
John F. Horvath