IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>   v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs. | Case No. 04-1199-SLR |

**SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY SONY PICTURES ENTERTAINMENT**

TO THIRD-PARTY SONY PICTURES ENTERTAINMENT:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff SRI International, Inc. ("SRI") will take the deposition of third-party Sony Pictures Entertainment ("SONY") at Fish & Richardson P.C. at Regent Business Centers LA LLC, 555 West Fifth Street, 31st Floor, Los Angeles, CA 90013, commencing at 9:00 a.m. on April 19, 2006, or at another time agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded

stenographically and may be recorded by videotape.  Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SONY is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more other persons who consent to testify on its behalf concerning the matters set forth in Attachment A to the Subpoena in a Civil Case attached hereto.  SONY is requested to set forth, for each person designated, the matters on which the person will testify.

Dated:  April 7, 2006                FISH & RICHARDSON P.C.

                                     By: */s/ John F. Horvath*
                                         John F. Horvath (#4557)
                                         FISH & RICHARDSON P.C.
                                         919 N. Market St., Ste. 1100
                                         P.O. Box 1114
                                         Wilmington, DE 19889-1114
                                         Telephone:  (302) 652-5070
                                         Facsimile:  (302) 652-0607

                                         Howard G. Pollack (CA Bar No. 162897)
                                         Gina M. Steele (CA Bar No. 233379)
                                         Katherine D. Prescott (CA Bar No. 215496)
                                         Michael J. Curley (CA Bar No. 230343)
                                         FISH & RICHARDSON P.C.
                                         500 Arguello St., Ste. 500
                                         Redwood City, CA 94063
                                         Telephone:  (650) 839-5070
                                         Facsimile:  (650) 839-5071

                                         Attorneys for Plaintiff and Counterclaim-Defendant
                                         SRI INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2006, I electronically filed **SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY SONY PICTURES ENTERTAINMENT** using CM/ECF which will send notification of such filing to the following.  A copy was also sent via hand delivery:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Telephone:  302-984-6000<br>Facsimile:  302-658-1192<br>Email: rhorwitz@potteranderson.com<br>Email: dmoore@potteranderson.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Richard K. Herrmann<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Telephone:  302-888-6800<br>Facsimile:  302-571-1750<br>Email: rherrmann@morrisjames.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

I also certify that on April 7, 2006, I mailed by United States Postal Service and by electronic mail, the above document(s) to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha H. Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309<br>Telephone:  404-572-4600<br>Facsimile:  404-572-5145<br>Email:  hhawkins@kslaw.com<br>Email:  nmoffitt@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Theresa A. Moehlman<br>Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  212-556-2100<br>Facsimile:  212-556-2222<br>Email:  tmoehlman@kslaw.com<br>Email:  jblake@kslaw.com<br>Email:  bjoneja@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware Corporation, and Internet<br>Security Systems, Inc., a Georgia<br>Corporation |
| Paul S. Grewal<br>Robert M. Galvin, Esq.<br>Lloyd R. Day, Jr.<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California  95014<br>Telephone:  408-873-0110<br>Facsimile:  408-873-0220<br>Email:  pgrewal@daycasebeer.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

        */s/ John F. Horvath*
        John F. Horvath

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

2. "Symantec" means Symantec Corp., a Delaware Corporation, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3. "SONY," "you," or "your" means Sony Pictures Entertainment, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4. "Accused Products" means all versions of Symantec ManHunt software, Symantec Network Security software, Symantec Network Security 7100 Series appliances, iForce appliances, Symantec Event Manager for Security Gateways, Symantec Advanced Manager for Security Gateways and Symantec Gateway Security 1600, 5400 and 5600 Series appliances.

5. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document".

6. "Thing" means any tangible object other than a Document.

7. "Person" or "Persons" include not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

8. "Including" shall mean "including but not limited to."

9. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

10. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

11. "Concerning" means relating to, referring to, describing, discussing, depicting, evidencing, identifying or constituting.

12. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

13. Documents within the possession, custody or control of Sony means documents within the possession, custody or control of any current or former attorney, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, officer, or director of Sony, and other persons acting on Sony's behalf.

14. For any information deliberately withheld, please provide a written statement setting forth: (1) the identify of each Person from and to whom the information has been

communicated; (2) a brief description of the subject matter of the information; and (3) the legal ground relied upon in withholding the information.

## **TOPICS**

1. The quantity you obtained and price you paid for any of the Accused Products and/or any related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services, purchased and/or licensed by you since January 1, 2003.

2. Payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services.

3. The configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

4. Your use of the intrusion detection, prevention and/or analysis functionality of the Accused Products.

5. Cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

6. Services provided by Symantec to you related to the Accused Products, including, for example, Symantec's Managed Security Services.

7. Communications with and/or instructions, directions, or information from Symantec relating to the installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.

8. The authenticity of documents produced in response to Plaintiff SRI International, Inc.'s Subpoena to SONY.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the quantity you obtained and price you paid for any of the Accused Products and/or any related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services, purchased and/or licensed by you since January 1, 2003.

REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to show all payments made since January 1, 2003, for the purchase and/or licensing of the Accused Products and/or related Symantec products, software, systems, and/or services, including, for example, Symantec's Managed Security Services.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to completely describe the configuration and deployment of any of the Accused Products used by you, including the configuration and topology of the network(s) within which they are deployed and the physical and logical connections between the Accused Products and your network infrastructure.

REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to describe your use of the intrusion detection, prevention and/or analysis features or functionality of the Accused Products.

REQUEST FOR PRODUCTION NO. 5:

All documents related to cost savings, expenditure reductions, price reductions or other economic benefits you believe were realized related, directly or indirectly, to your use of the Accused Products.

REQUEST FOR PRODUCTION NO. 6:

All documents related to services provided by Symantec to you related to the Accused Products, including, for example, Symantec's Managed Security Services.

REQUEST FOR PRODUCTION NO. 7:

All documents related to communications with and/or instructions, directions, or information from Symantec related to the installation, deployment or use of any intrusion detection, prevention, and/or analysis functionality of the Accused Products.