**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC.,<br>a California Corporation, | ) )<br>) | |
| Plaintiff and<br>Counterclaim-Defendant, | ) )<br>) | |
| v. | ) )<br>) | C. A. No.: 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC.,<br>a Delaware Corporation, INTERNET<br>SECURITY SYSTEMS, INC., a Georgia<br>Corporation, and SYMANTEC<br>CORPORATION, a Delaware Corporation, | ) )<br>)<br>)<br>)<br>) | |
| Defendants and<br>Counterclaim-Plaintiffs. | ) )<br>) | |

**NOTICE OF SUBPOENA**
**AND DEPOSITION OF GEORGE KESIDIS**

TO:    Timothy Devlin              Howard G. Pollack
        Fish & Richardson P.C.        Michael J. Curley
        919 Market Street, Suite 1100    Fish & Richardson P.C.
        P.O. Box 1114                500 Arguello Street, Suite 500
        Wilmington, DE 19899       Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P.,

Defendant and Counterclaim-Plaintiff Symantec Corporation ("Symantec"), by itsr

counsel, has served or will serve the accompanying subpoena for documents and a

deposition, by oral examination, of Geoge Kesidis. The deposition is to commence at

9:00 a.m. on May 25, 2006 and continue through May 26 and May 29 at the offices of

Day Casebeer Madrid & Batchelder LLP, 20300 Stevens Creek Blvd, Suite 400, Cupertino, California, 95014 and the production of documents will take place on May 17, 2006 at 10:00 a.m., at Day Casebeer Madrid & Batchelder LLP, 20300 Stevens Creek Blvd., Suite 400, Cupertino, California 95014 or at such alternative dates, times, and places as may be mutually agreed upon by counsel for Symantec and George Kesidis. The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths, and will continue from day to day until completed, weekends and holidays excepted, with adjournments as to time and place as may be necessary.  Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."  You are invited to attend.

Dated: May 16, 2006


_____*/s/ Richard K. Herrmann*_____
Richard K. Herrmann (#405)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Tel: (302) 888-6800

Attorneys for Defendants and Counterclaim-Plaintiffs
SYMANTEC CORPORATION


OF COUNSEL:
Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SRI INTERNATIONAL, INC.

       Plaintiff and
       Counterclaim-Defendant,

   v.

INTERNET SECURITY SYSTEMS, INC., a
Delaware Corporation, INTERNET SECURITY
SYSTEMS, INC., a Georgia Corporation, and
SYMANTEC CORPORATION, a Delaware
Corporation,

       Defendants and
       Counterclaim-Plaintiffs.

### SUBPOENA IN A CIVIL CASE

C.A.:04-1199(SLR)
District of Delaware

TO:   George Kesidis
c/o Fish & Richardson
500 Arguello Street, Suite 500
Redwood City, CA  94063

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Day Casebeer Madrid & Batchelder LLP 20300 Stevens Creek Blvd., Suite 400 Cupertino, California 95014 | DATE AND TIME   May 25, 2006, May 26, 2006 & May 29, 2006 9:00 a.m. each day |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

| PLACE   Day Casebeer Madrid & Batchelder LLP 20300 Stevens Creek Blvd., Suite 400 Cupertino, California 95014 | DATE AND TIME   May 17, 2006 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

345448_1

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Paul S. Grewal*<br><br>**Attorney for Symantec Corporation** | May 12, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| | Paul S. Grewal<br>Day Casebeer Madrid & Batchelder LLP<br>20300 Stevens Creek Boulevard<br>Suite 400<br>Cupertino, CA 95014<br>Tel: (408) 873-0110 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                      SIGNATURE OF SERVER

                                                              _____
                                                              ADDRESS OF SERVER

                                                              _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## I.    DEFINITIONS

These document requests are subject to, and incorporate, the following:

1.    The term "SRI" means plaintiff and counterclaim-defendant SRI International, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

2.    The term "ISS" means defendant and counterclaim-plaintiff Internet Security Systems, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

3.    The term "Symantec" means defendant and counterclaim-plaintiff Symantec Corp., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

4.    As used herein, "asserted patents" means any patent asserted in this lawsuit that SRI accuses Symantec of infringing, including U.S. Patent No. 6,321,338, U.S. Patent No. 6,484,203, U.S. Patent No. 6,708,212, and U.S. Patent No. 6,711,615.

5.    The term "accused products" means any and all products accused by SRI of infringing the asserted patents including ISS products such as RealSecure agents (Network, Guard, Server, and Desktop series); Proventia agents (A, G, M, Server, and Desktop series); SiteProtector; the SiteProtector Security Fusion Module 2.0; and the Proventia Network Anomaly Detection System; and Symantec products such as ManHunt 3.0; SNS 4.0; the SNS 7100 Series

345348_1

Appliance; the iForce series of products; the SGS 1600, 5400, and 5600 series of appliances;

Incident Manager; and Security Information Manager.

6.    The term "this litigation" means C. A. No. 04-1199 (SLR) in the United States District

Court for the District of Delaware.

7.    The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26

and 34, all tangible things which come within the meaning of the terms "writings and

recordings" used in Fed. R. Evid. 1001, and tangible items such as research and development

samples, prototype devices and production samples. "Documents" may be stored in either

hardcopy or electronic form. Electronic documents include electronic mail and computer code

in any form. A draft, translation or non-identical copy (such as a copy containing comments or

notations that are not part of the original text) is a separate document within the meaning of this

term.

8.    The term "thing" means any tangible object other than a Document.

9.    The terms "communicate" or "communication" mean every manner or means of

disclosure, transfer, transmission or exchange of information whether person-to-person, in a

group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any

other process, electric, electronic or otherwise, and includes any document as defined herein

including any medium which abstracts, digests, records, or transcribes any such communication,

or any subsequent review or discussion of such communication.

10.    The term "person" means any natural person and any and all other business or legal

entities, including, without limitation, corporations, companies, firms, partnerships, joint

ventures, proprietorships, associations and governmental bodies or agencies, as well as

divisions, departments or other units thereof.

345348_1

11.   The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

12.   The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and vice versa, as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

13.   As used herein, "all" means "any and all"; "any" means "any and all."

14.   The term "including" shall mean "including but not limited to."

15.   The singular shall include the plural, and the plural shall include the singular.


## II.   **INSTRUCTIONS**

1.   The subpoena requires that George Kesidis (hereinafter "Dr. Kesidis") produce all responsive documents in his possession, custody, or control, or in the possession, custody or control of his attorneys, agents, employees, representatives or any other affiliated entity or person, wherever such documents are located.

2.   Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3.    If a requested document was in Dr. Kesidis's possession, custody or control in the past but is no longer in Dr. Kesidis's possession, custody or control, state what disposition was made of such document, the reasons for such disposition, the approximate date of such disposition, and identify any persons having any knowledge of or responsibility for such disposition.

4.    If Dr. Kesidis contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Dr. Kesidis shall identify for each such document:

>    (a) the date of the document;
>
>    (b)  the name, affiliations, and title or position of the author(s) of the document;
>
>    (c) the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;
>
>    (d) the general subject matter of the document;
>
>    (e) the type of document (memorandum, letter, report, handwritten notes, etc.);
>
>    (f) the specific grounds for withholding the document, including the specific facts upon which Dr. Kesidis will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and
>
>    (g) any other information required by applicable rules or law.

5.    If Dr. Kesidis contends that any of the following requests are objectionable in whole or in part, Dr. Kesidis shall state with particularity each objection, the reasons for the objection and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Dr. Kesidis shall respond to the part of the request that is not objectionable.

## III.    DOCUMENT REQUESTS

1.    All documents, communications, and things in Dr. Kesidis's possession that concern, refer to, or relate to SRI's work in the intrusion detection, prevention or analysis field, "cyber security," the asserted patents, Symantec, ISS, the accused products, and/or this litigation.

2.    To the extent not previously produced in this litigation by SRI, all documents SRI and/or its attorneys have provided to Dr. Kesidis, with the exception of those documents that are not discoverable pursuant to the Expert Discovery Stipulation in this case.

3.    All documents Dr. Kesidis has provided to SRI and/or its attorneys, with the exception of those documents that are not discoverable pursuant to the Expert Discovery Stipulation in this case.

4.    To the extent not previously produced in this litigation by SRI, all documents considered in preparation of Dr. Kesidis's expert reports and declarations in this litigation.

5.    Invoices or records that refer or relate to Dr. Kesidis's work for SRI and/or its attorneys in this litigation, including but not limited to invoices submitted to SRI and documents that refer or relate to payments by SRI to Dr. Kesidis.

6.    Invoices or records that relate to Dr. Kesidis's work on previous litigations.

7.    All letters of engagement between SRI and Dr. Kesidis.

8.    To the extent not previously produced in this litigation by SRI, all documents, communications, and things, including issued patents, patent applications, articles, presentations, letters to the editor, and books, authored or co-authored by Dr. Kesidis that relate to the subjects of patent validity; patent infringement; intrusion detection, prevention, or analysis, or "cyber security," and/or the subject matter of Dr. Kesidis's work in this litigation.

345348_1

9.    All documents, communications and things concerning research proposals, research grants, related contracts and government funding made by or including work to be performed by Dr. Kesidis that relate to intrusion detection, prevention, or analysis, "cyber security," and/or the subject matter of Dr. Kesidis's work in this litigation.

10.    The proceedings of all conferences, conventions, and/or meetings Dr. Kesidis has attended that relate to the asserted patents; intrusion detection, prevention, or analysis, "cyber security," and/or the subject matter of Dr. Kesidis's work in this litigation.

11.    Any expert reports, declarations, deposition transcripts, and/or trial transcripts from any previous litigation(s) in which Dr. Kesidis has served as an expert or consultant.

12.    To the extent not previously produced in this litigation by SRI, all documents and things cited or referred to in Dr. Kesidis's report of April 28, 2006, in particular the following references from Dr. Kesidis's curriculum vitae entitled: "Detection of malicious packet dropping using statistically regular traffic patterns in multihop wireless networks that are not bandwidth limited"; "Avoiding malicious packet dropping in ad hoc networks using multipath routing"; and "Large deviations of traffic in high-speed digital networks with a view towards network control."

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2006, I electronically filed the foregoing document, **NOTICE OF SUBPOENA AND DEPOSITION OF GEORGE KESIDIS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

John F. Horvath, Esq.                     Richard L. Horwitz, Esq.
Fish & Richardson, P.C.                   David E. Moore, Esq.
919 North Market Street, Suite 1100       Potter Anderson & Corroon LLP
Wilmington, DE  19801                     Hercules Plaza
                                          1313 North Market Street, 6th Floor
                                          Wilmington, DE  19801

Additionally, I hereby certify that on the 16th day of May, 2006, the foregoing document was served via email and via Federal Express on the following non-registered participants:

Howard G. Pollack, Esq.                   Holmes Hawkins, III, Esq.
Michael J. Curley, Esq.                    King & Spalding
Fish & Richardson                         1180 Peachtree Street
500 Arguello Street, Suite 500            Atlanta, GA  30309-3521
Redwood City, CA  94063                   404.572.4600
650.839.5070
                                          Theresa Moehlman, Esq.
                                          King & Spalding LLP
                                          1185 Avenue of the Americas
                                          New York, NY  10036-4003
                                          212.556.2100


                          _____*/s/ Richard K. Herrmann*_____
                          Richard K. Herrmann (#405)
                          Mary B. Matterer (#2696)
                          Morris, James, Hitchens & Williams LLP
                          222 Delaware Avenue, 10th Floor
                          Wilmington, DE  19801
                          (302) 888-6800
                          rherrmann@morrisjames.com
                          mmatterer@morrisjames.com

                          Counsel for Defendant
                          SYMANTEC CORPORATION