## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,
a California Corporation,

        Plaintiff and
        Counterclaim-Defendant,

        v.

INTERNET SECURITY SYSTEMS, INC.,
a Delaware Corporation, INTERNET
SECURITY SYSTEMS, INC., a Georgia
Corporation, and SYMANTEC
CORPORATION, a Delaware Corporation,

        Defendants and
        Counterclaim-Plaintiffs.

C. A. No. 04-1199 (SLR)

## NOTICE OF SUBPOENA DUCES TECUM
## AND DEPOSITION OF GEORGE KESIDIS

TO:    John Horvath               Howard G. Pollack
        Fish & Richardson P.C.        Michael J. Curley
        919 Market Street, Suite 1100    Fish & Richardson P.C.
        P.O. Box 1114              500 Arguello Street, Suite 500
        Wilmington, DE 19899       Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Defendants

and Counterclaim-Plaintiffs Internet Security Systems, Inc., a Georgia corporation ("ISS-

GA") and Internet Security Systems, Inc., a Delaware corporation ("ISS-DE"), by their

counsel, have served or will serve the accompanying subpoena for documents and a

deposition, by oral examination, of Dr. Kesidis.

The deposition is to commence at 9:00 a.m. on May 25, 2006 and continue

through May 26 and May 29, 2006 at the offices of Day Casebeer Madrid & Batchelder

LLP, 20300 Stevens Creek Blvd., Suite 400, Cupertino, California 95014 and the

production of documents will take place on May 23, 2006, at 10:00 a.m., at Day Casebeer

Madrid & Batchelder LLP, 20300 Stevens Creek Blvd., Suite 400, Cupertino, California

95014 or at such alternative dates, times, and places as may be mutually agreed upon by

counsel for ISS-GA, ISS-DE and Dr. Kesidis.  The deposition shall be recorded by

stenographic and videographic means before a notary public or other officer authorized

by law to administer oaths, and will continue from day to day until completed, weekends

and holidays excepted, with adjournments as to time and place as may be necessary.

Some or all of the deposition testimony may involve real-time computer connection

between the deposition taker and court reporter using software such as "LiveNote."  You

are invited to attend.

OF COUNSEL:                              POTTER ANDERSON & CORROON LLP

Holmes J. Hawkins III
Bradley A. Slutsky                       By:   _/s/ David E. Moore_____
Natasha H. Moffitt                             Richard L. Horwitz (#2246)
KING & SPALDING LLP                            David E. Moore (#3983)
191 Peachtree Street                           Hercules Plaza 6th Floor
Atlanta, GA 30303                              1313 N. Market Street
Tel: (404) 572-4600                            Wilmington, DE  19801
                                               Tel:  (302) 984-6000
Theresa A. Moehlman                            rhorwitz@potteranderson.com
Bhavana Joneja                                 dmoore@potteranderson.com
KING & SPALDING LLP
1185 Avenue of the Americas              *Attorneys for Defendants*
New York, New York 10036                 *INTERNET SECURITY SYSTEMS, INC.,*
Tel.: (212) 556-2100                     *a Delaware corporation; and*
                                         *INTERNET SECURITY SYSTEMS, INC.,*
Dated:  May 22, 2006                     *a Georgia corporation*
733250 / 28434

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

SRI INTERNATIONAL, INC.,

        Plaintiff and
        Counterclaim-Defendant,

    v.

INTERNET SECURITY SYSTEMS, INC., a Delaware
Corporation, INTERNET SECURITY SYSTEMS, INC.,
a Georgia Corporation, and SYMANTEC
CORPORATION, a Delaware Corporation,

        Defendants and
        Counterclaim-Plaintiffs.

## SUBPOENA IN A CIVIL CASE

C.A.: 04-1199 (SLR)
District of Delaware

TO:    George Kesidis
        c/o Fish and Richardson P.C.
        500 Arguello Street, Suite 500
        Redwood City, CA 94063

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. (*The deposition shall be recorded by stenographic and videographic means before a notary
public or other officer authorized by law to administer oaths. Some or all of the deposition testimony may involve real-
time computer connection between the deposition taker and court reporter using software such as "LiveNote."*)

| PLACE OF DEPOSITION  Day Casebeer Madrid & Batchelder LLP<br>20300 Stevens Creek Blvd., Suite 400<br>Cupertino, CA 95014 | DATE AND TIME  May 25, 26 and 29, 2006<br>9:00 a.m. each day |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents and objects):
See Schedule A

| PLACE  Day Casebeer Madrid & Batchelder LLP<br>20300 Stevens Creek Blvd., Suite 400<br>Cupertino, CA 95014 | DATE AND TIME  May 23, 2006<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Bhava J* <br><br>Attorney for Internet Security Systems, Inc., a Georgia Corporation and Internet Security Systems, Inc., a Delaware Corporation | May 19, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   Bhavana Joneja
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel.: (212) 556-2100

Case 1:04-cv-01199-SLR    Document 249    Filed 05/22/2006    Page 5 of 14

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

I.     **DEFINITIONS**

These document requests are subject to, and incorporate, the following:

1.     The term "SRI" means plaintiff and counterclaim-defendant SRI International, Inc., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

2.     The term "ISS" means defendant and counterclaim-plaintiff Internet Security Systems, Inc., a Delaware Corporation and Internet Security Systems. Inc., a Georgia Corporation, including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

3.     The term "Symantec" means defendant and counterclaim-plaintiff Symantec Corp., including its subsidiary companies, predecessors, successors, parents and affiliates as well as its current or former officers, directors, employees, attorneys, agents, consultants and representatives.

4.     The term, "asserted patents" means any patent asserted in this lawsuit that SRI accuses ISS of infringing, including U.S. Patent Nos. 6,321,338, 6,484,203, 6,708,212 and 6,711,615.

5.     The term "accused products" means any and all products accused by SRI of infringing the asserted patents including ISS products such as RealSecure agents (Network, Guard, Server and Desktop series); Proventia agents (A, G, M, Server and Desktop series); SiteProtector; the SiteProtector Security Fusion Module 2.0; and the Proventia Network

Anomaly Detection System; and Symantec products such as ManHunt 3.0; SNS 4.0; the SNS 7100 series Appliance; the iForce series of products; the SGS 1600, 5400 and 5600 series of appliances; Incident Manager; and Security Information Manager.

6.    The term "this litigation" means C.A. No. 04-1199 (SLR) in the United States District Court for the District of Delaware.

7.    The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34, all tangible things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001, and tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail and computer code in any form. A draft, translation or non-identical copy (such as a copy containing comments or notations that are not part of the original text) is a separate document within the meaning of this term.

8.    The term "thing" means any tangible object other than a Document.

9.    The terms "communicate" or "communication" mean every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

10.    The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint

ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

11.    Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

12.    The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

13.    The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

14.    The terms "any" and "all" shall be construed individually to mean each and every.

15.    The term "including" shall mean "including but not limited to."

16.    The singular shall include the plural, and the plural shall include the singular.

## II.    INSTRUCTIONS

1.    The subpoena requires that George Kesidis (hereinafter "Dr. Kesidis") produce all responsive documents in his possession, custody, or control, or in the possession, custody or control of his attorneys, agents, employees, representatives or any other affiliated entity or person, wherever such documents are located.

3

2.      Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3.      If a requested document was in Dr. Kesidis' possession, custody or control in the past but is no longer in Dr. Kesidis' possession, custody or control, state what disposition was made of such document, the reasons for such disposition, the approximate date of such disposition, and identify any persons having any knowledge of or responsibility for such disposition.

4.      If Dr. Kesidis contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Dr. Kesidis shall identify for each such document:

(a)      the date of the document;

(b)      the name, affiliations, and title or position of the author(s) of the document;

(c)      the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

(d)      the general subject matter of the document;

(e)      the type of document (memorandum, letter, report, handwritten notes, etc.);

(f)      the specific grounds for withholding the document, including the specific facts upon which Dr. Kesidis will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

4

(g)    any other information required by applicable rules or law.

5.    If Dr. Kesidis contends that any of the following requests is objectionable in whole or in part, Dr. Kesidis shall state with particularity each objection, the reasons for the objection and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Dr. Kesidis shall respond to the part of the request that is not objectionable.

## III.    DOCUMENT REQUESTS

1.    Copies of all documents produced in response to Symantec's May 12, 2006 subpoena to Dr. Kesidis.

```
************ -COMM. JOURNAL- ****************** DATE MAY-19-2006 ***** TIME 16:13 ********

     MODE = MEMORY TRANSMISSION          START=MAY-19 16:07    END=MAY-19 16:13

     FILE NO.=381

   STN    COMM.    ONE-TOUCH/    STATION NAME/TEL NO.              PAGES     DURATION
   NO.             ABBR NO.

   001     OK       @           *3290#05456#112001#18586785099#   010/010   00:05:06


                                                 -KING & SPALDING         -

   ********************************* -KING & SPALDING - **** -      212556- *********
```

## KING & SPALDING LLP

**1185 Avenue of the Americas**
**New York, New York 10036-4003**
**Telephone: 212/556-2100**
**Facsimile: 212/556-2222**
www.kslaw.com

# FACSIMILE

◆

*Important Notice: This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to legal protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone number set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or the named addressee*

◆

**DATE:  May 19, 2006**

| Recipient | Company | City/State | Telephone # | Fax # |
|---|---|---|---|---|
| Michael M. Rosen | Fish & Richardson | San Diego, CA | 858.678.5070 | 858.678.5099 |

**FROM:**  Bhavana Joneja                    **Our Ref. #:**  05456.112001

**NUMBER OF PAGES (Including Cover Page):** 10

**MESSAGE:**

PLEASE CHECK THAT ALL PAGES ARE RECEIVED.  IN CASE OF PROBLEMS, PLEASE CALL
BHAVANA JONEJA AT 212-556-2339

ALL RETURN TELECOPY MESSAGES SHOULD BE SENT TO 212-556-2222.  THANK YOU.

```
*************** -COMM. JOURNAL- ********************* DATE MAY-19-2006 ***** TIME 16:22 ********

        MODE = MEMORY TRANSMISSION              START=MAY-19 16:15    END=MAY-19 16:22

        FILE NO.=383

    STN   COMM.    ONE-TOUCH/   STATION NAME/TEL. NO.                    PAGES      DURATION
    NO.             ABBR NO.

    001    OK        &          *3290H05456H112001H14088730220H          010/010    00:02:14


                                              -KING & SPALDING        -

    ************************************ -KING & SPALDING - ***** -        212556- ********
```

# KING & SPALDING LLP

**1185 Avenue of the Americas**
**New York, New York 10036-4003**
**Telephone: 212/556-2100**
**Facsimile: 212/556-2222**
www.kslaw.com

# FACSIMILE

◆

*Important Notice: This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to legal protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone number set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or the named addressee.*

◆

**DATE:  May 19, 2006**

| Recipient | Company | City/State | Telephone # | Fax # |
|---|---|---|---|---|
| Renee DuBord Brown | Day Casebeer Madrid & Batchelder LLP | Cupertino, CA | 408.342.4551 | 408.873.0220 |

**FROM:**  Bhavana Joneja                 **Our Ref. #:**  05456.112001

**NUMBER OF PAGES (Including Cover Page): 10**

**MESSAGE:**

PLEASE CHECK THAT ALL PAGES ARE RECEIVED.  IN CASE OF PROBLEMS, PLEASE CALL BHAVANA JONEJA AT 212.556.2339

ALL RETURN TELECOPY MESSAGES SHOULD BE SENT TO 212.556.2222. THANK YOU.

```
*************** -COMM. JOURNAL- ******************* DATE MAY-19-2005 ***** TIME 16:42 ********

        MODE = MEMORY TRANSMISSION              START=MAY-19 16:38    END=MAY-19 16:42

        FILE NO.=049

  STN   COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.     PAGES     DURATION
  NO.

  001   OK         ⓐ*3290#05456#112001#13026581192#           010/010    00:02:53


                                             -KING & SPALDING            -

  ***** UF-8000 V2 ******************* -KING & SPALDING - ***** -      2128274028- *********
```

## KING & SPALDING LLP

1185 Avenue of the Americas
New York, New York 10036-4003
Telephone: 212/556-2100
Facsimile: 212/556-2222
www.kslaw.com

## FACSIMILE

◆

*Important Notice: This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to legal protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone number set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or the named addressee*

◆

DATE: May 19, 2006

| Recipient | Company | City/State | Telephone # | Fax # |
|---|---|---|---|---|
| Richard L. Horwitz | Potter Anderson & Corroon LLP | Wilmington, DE | 302.984.6027 | 302.658.1192 |

FROM: Bhavana Joneja            Our Ref. #: 05456.112001

NUMBER OF PAGES (Including Cover Page): 10

MESSAGE:

PLEASE CHECK THAT ALL PAGES ARE RECEIVED. IN CASE OF PROBLEMS, PLEASE CALL
BHAVANA JONEJA AT 212.556.2339

ALL RETURN TELECOPY MESSAGES SHOULD BE SENT TO 212.556.2222. THANK YOU.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 22, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John Horvath
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE   19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE   19899-2306

I hereby certify that on May 22, 2006, I have Electronically Mailed the attached document to the following non-registered participants:

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA   94063
pollack@fr.com
curley@fr.com

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA   95014
pgrewal@daycasebeer.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE   19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314