IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>    Defendants and Counterclaim-Plaintiffs. | Case No. 04-1199-SLR |

### SRI INTERNATIONAL, INC.'S
### NOTICE OF DEPOSITION OF STUART STANIFORD

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the 26th day of May, 2006, Plaintiff SRI International, Inc. ("SRI") served the attached subpoena upon Stuart Staniford., c/o Bhavana Joneja, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036.

PLEASE ALSO TAKE NOTICE that SRI will take the deposition of Dr. Staniford at King & Spalding LLP, 1180 Peachtree Street, Atlanta, GA 30309, commencing at 9:00 a.m. on June 6, 2006, or at another time agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and

record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Dated: May 26, 2006    FISH & RICHARDSON P.C.

            By: /s/ John F. Horvath
              John F. Horvath (#4557)
              FISH & RICHARDSON P.C.
              919 N. Market St., Ste. 1100
              P.O. Box 1114
              Wilmington, DE 19889-1114
              Telephone: (302) 652-5070
              Facsimile: (302) 652-0607

              Howard G. Pollack (CA Bar No. 162897)
              Gina M. Steele (CA Bar No. 233379)
              Katherine D. Prescott (CA Bar No. 215496)
              Michael J. Curley (CA Bar No. 230343)
              FISH & RICHARDSON P.C.
              500 Arguello St., Ste. 500
              Redwood City, CA 94063
              Telephone: (650) 839-5070
              Facsimile: (650) 839-5071

            Attorneys for Plaintiff and Counterclaim-Defendant
            SRI INTERNATIONAL, INC.

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | GEORGIA |

SRI INTERNATIONAL, INC., a California Corporation,

    Plaintiff and Counterclaim-Defendant,

v.

INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,

    Defendants and Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C. A. No. 04-1199 (SLR)
(Pending in the District of Delaware)

TO:    Stuart Staniford
c/o King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| King & Spalding LLP<br>1180 Peachtree Street, Atlanta, GA 30309 | June 6, 2006<br>9:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.<br>500 Arguello Street, Ste. 500, Redwood City, CA 94063 | June 2, 2006<br>9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* John F. Horvath<br>Attorney for Plaintiff/Counterclaim Defendant SRI INTERNATIONAL, INC. | May 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John F. Horvath, Fish & Richardson P.C.    Telephone: 302-652-5070
919 N. Market St., Ste. 1100, P.O. Box 1114, Wilmington, DE 19889-1114  Facsimile: 302-652-0607

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A TO SUBPOENA OF STUART STANIFORD

## DEFINITIONS AND INSTRUCTIONS

1. "You" or "your" means Stuart Staniford.

2. "SRI" means SRI International, Inc., including its officers, directors, employees, agents, and attorneys.

3. "ISS" means Internet Security Systems, Inc., including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4. "Symantec" means Symantec Corp., a Delaware corporation, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

5. "Patents-in-suit" means U.S. Patent Nos. 6,711,615, 6,484,203, 6,321,338, 6,708,212, 6,704,874.

6. "Accused products" means any and all products accused by SRI of infringing the patents-in-suit including ISS products such as RealSecure agents (Network, Guard, Server, and Desktop series); Proventia agents (A, G, M, Server, and Desktop series); SiteProtector; the SiteProtector Security Fusion Module 2.0; and the Proventia Network Anomaly Detection System; and Symantec products such as ManHunt 3.0; SNS 4.0; the SNS 7100 Series Appliance; the iForce series of products; the SGS 1600, 5400, and 5600 series of appliances; Incident Manager; and Security Information Manager.

7. "This litigation" means C. A. No. 04-1199 (SLR) in the United States District Court for the District of Delaware.

8. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

9. "Thing" means any tangible object other than a Document.

10. "Including" shall mean "including but not limited to."

11. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

12. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## DOCUMENTS REQUESTED

1. All documents in your possession that refer or relate to SRI's work in the intrusion detection, prevention or analysis field, the patents-in-suit, ISS, Symantec, the accused products, and/or this litigation.

2. To the extent not previously produced in this litigation by ISS or Symantec, all documents ISS, Symantec, and/or their attorneys have provided to you.

3. All documents you have provided to ISS, Symantec, and/or their attorneys.

4. To the extent not previously produced in this litigation by ISS or Symantec, all documents considered in preparation of your expert reports and declarations in this litigation.

5. Invoices or records that refer or relate to your work for ISS, Symantec, and/or their attorneys in this litigation, including but not limited to invoices submitted to ISS and/or Symantec and documents that refer or relate to payments by ISS and/or Symantec to you.

6. All letters of engagement between ISS and/or Symantec and you.

7. To the extent not previously produced in this litigation by ISS or Symantec, all documents and things, including issued patents, patent applications, articles, presentations, letters to the editor, and books, authored or co-authored by you that relate to the subjects of patent validity; patent infringement; intrusion detection, prevention, or analysis; and/or the subject matter of your work in this litigation.

8. The proceedings of all conferences, conventions, and/or meetings you attended that relate to the patents-in-suit; intrusion detection, prevention, or analysis; and/or the subject matter of your work in this litigation.

9. Any expert reports, declarations, deposition transcripts, and/or trial transcripts from any previous litigation(s) in which you have served as an expert or consultant.

10. All documents concerning any conversations that you have had with any other expert witness engaged by ISS and/or Symantec in this litigation.

11. Documents sufficient to show your total gross income from sources other than your work in this litigation for the years 2004, 2005 and 2006.

12. To the extent not previously produced in this litigation by ISS or Symantec, all documents and things cited or referred to in your reports of April 21, 2006, and May 16, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2006, I electronically filed SRI INTERNATIONAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO THIRD-PARTY SONY PICTURES ENTERTAINMENT using CM/ECF which will send notification of such filing to the following counsel of record. In addition, a copy will also be delivered to Delaware counsel by hand.

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899<br>Telephone: 302-984-6000<br>Facsimile: 302-658-1192<br>Email: rhorwitz@potteranderson.com<br>Email: dmoore@potteranderson.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Richard K. Herrmann<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: 302-888-6800<br>Facsimile: 302-571-1750<br>Email: rherrmann@morrisjames.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

I also certify that on May 26, 2006, I mailed by United States Postal Service and by electronic mail, the above document(s) to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha H. Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>Telephone: 404-572-4600<br>Facsimile: 404-572-5145<br>Email: hhawkins@kslaw.com<br>Email: nmoffitt@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |

| | |
|---|---|
| Theresa A. Moehlman<br>Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212-556-2100<br>Facsimile: 212-556-2222<br>Email: tmoehlman@kslaw.com<br>Email: jblake@kslaw.com<br>Email: bjoneja@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware Corporation, and Internet<br>Security Systems, Inc., a Georgia<br>Corporation |
| Paul S. Grewal<br>Robert M. Galvin, Esq.<br>Lloyd R. Day, Jr.<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Telephone: 408-873-0110<br>Facsimile: 408-873-0220<br>Email: pgrewal@daycasebeer.com | Attorneys for<br>Defendant/Counterclaim Plaintiff<br>Symantec Corporation |

/s/ John F. Horvath
_____
John F. Horvath

10626781.DOC