# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

REDACTED

June 6, 2006

Chief Judge Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

Re:   SRI International Inc. v. Internet Security Systems, Inc., et al.
      USDC-D. Del. - C. A. No. 04-1199 (SLR)

Dear Chief Judge Robinson:

SRI respectfully submits this letter in response to Symantec's June 2 letter regarding last week's hearing on the status of Symantec's Invention Disclosure Form. At that hearing, the Court invited Symantec to submit authority in support of the proposition, urged by counsel for Symantec, that the status of a witness as a 30(b)(6) *vel non* was relevant to whether use of an allegedly privileged document with that witness, without objection, constituted a waiver. None of the case law Symantec has provided even addresses this issue. Moreover, the strained distinction Symantec has tried to draw between the status of witnesses and the waiver of privilege has no factual basis in this case.

To address the factual issue first, near the conclusion of the hearing, counsel for Symantec tried to distinguish the use of an allegedly privileged document with Mr. Geiger, a Symantec witness, from the use of an allegedly privileged document with Mr. Abramson, an SRI witness, on the basis that Mr. Geiger was not a 30(b)(6) while Mr. Abramson was. Specifically, Symantec counsel represented that "Mr. Geiger was not [at the deposition] on behalf of Symantec Corporation. He was not a 30(b)(6) witness designated to represent the company at that deposition. He was there in his personal capacity." [**Ex. A**, Hearing Tr. at 53:14-17.] By contrast, Symantec asserted that Mr. Abramson had been "identified and tendered...as a 30(b)(6) witness in addition to his personal capacity." [*Id.* at 59:25-60:2.]

But Symantec's representations on this point are factually inaccurate: Mr. Geiger *was* designated as a 30(b)(6) witness, although not explicitly on the subject of invention disclosure forms. [*See* **Ex. B**, February 23, 2006 Letter from Geoff Godfrey to Katherine Prescott; *see also* **Ex. C**, Transcript of Deposition of Mr. Geiger, at 153:21-155:19.] Moreover, while Mr. Abramson was designated as a 30(b)(6) witness on certain topics, counsel for Symantec expressly and repeatedly declined to question Mr. Abramson in that capacity. [*See* **Ex. D**, Transcript of Deposition of Mr. Abramson at 18:12-15, 49:12-50:1.] Thus, there is no factual

FISH & RICHARDSON P.C.

Chief Judge Sue L. Robinson
June 6, 2006
Page 2

predicate for the legal distinction Symantec struggles to make between the "status" of Mr. Abramson and Mr. Geiger as witnesses, and whether the lack of objection to allegedly privileged documents used in their respective depositions constituted a waiver.

There is also no basis in the case law for the proposition that whether counsel's failure to object to the use of an allegedly privileged document in a deposition constitutes a waiver turns on whether the deponent was a 30(b)(6) witness. Indeed, Symantec has failed to provide and SRI has failed to find any cases which stand for that proposition. Instead, Symantec has provided cases that concern which corporate employees can waive the corporation's privileged attorney-client communications. But that is not the question here. The question here is whether the corporation's lawyers can waive that privilege by allowing the unfettered use of an allegedly privileged document during a deposition.

On that question, there is case law, and the answer is clear: as an agent of the corporation, a lawyer can waive privilege by failing to object to the use of a privileged document during deposition. For example, in *F.C. Cycles Int'l, Inc. v. Fila Sport*, 184 F.R.D. 64 (D. Md. 1998), the defendant corporation produced a damaging memorandum that it later contended was privileged. [*See* **Ex. E**, *F.C. Cycles*, 184 F.R.D. at 68-69]. During two depositions of Fila employees, plaintiff's counsel introduced the memorandum as an exhibit and inquired about both it and the meeting it memorialized. *Id.* at 69. While counsel for Fila raised several objections to this line of questioning, none pertained to attorney-client privilege. *Id.* The court therefore held that because "[n]o objection was raised and no attempt was made to preserve the confidentiality of the document...the defendant's conduct surrounding the disclosure of the...memorandum plainly indicates that privilege was impliedly waived." *Id.* at 74 (citing Hawkins v. Stables, 148 F.3d 379, 384 n.4 (4th Cir. 1998)). [Attached as **Ex. F**]

Additionally, a Kansas district court found (subsequent to the Sprague case on which Symantec tries to rely) that there was a waiver of the attorney-client privilege when a corporate employee testified about a hitherto privileged matter during his *personal* deposition. [See, **Ex. G**, *IMC Chems., Inc. v. Niro, Inc.*, 2000 WL 1466495 (D. Kan. 2000)]. The *IMC* court held that "[c]ounsel for plaintiff...did not prevent the disclosure of privileged information. As legal representative and agent for plaintiff, it was his responsibility to do so. 'A client waives the attorney-client privilege . . . by failing to assert it when information is sought in a legal proceeding.'" *Id.* at *15 (citing Nguyen v. Excel Corp., 197 F.3d 200, 206 (5th Cir. 1999)). [Attached as **Ex. H**]

FISH & RICHARDSON P.C.

Chief Judge Sue L. Robinson
June 6, 2006
Page 3


As in the *F.C. Cycles* and *IMC* cases, counsel for Symantec failed to prevent the disclosure of purportedly privileged information by objecting to questions about that information. Thus, even if Mr. Geiger had *not* been designated as Symantec's corporate representative, the failure of Symantec's counsel to object to the use of the invention disclosure form during Mr. Geiger's deposition constituted a waiver of privilege. As discussed at length at the hearing, Symantec has previously and correctly embraced this very position. [*See* **Ex. I**, March 27, 2006 Letter from Jonathan Loeb to Katherine Prescott (Stating that "at least one of the ranges appears to be a document already used in the Abramson deposition that SRI did not object to during the deposition. With regard to this document Symantec considers any privilege objection to have been waived. . . .")] There is no reason in law or fairness why Symantec should not have to live by the same rule it espoused in Mr. Loeb's letter, especially given the actual facts surrounding the two depositions in question.


Respectfully submitted,

John F. Horvath

JXH/kxk
80033778
cc:    Paul S. Grewal, Esquire
       Holmes J. Hawkins, III, Esquire
       Theresa A. Moehlman, Esquire
       Richard L. Horwitz, Esquire
       Richard K. Herrmann, Esquire