# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) | |
| Plaintiff and Counterclaim-Defendant, | ) ) ) ) | |
| v. | ) ) ) | C. A. No. 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants and Counterclaim-Plaintiffs. | ) ) ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS ISS' AND SYMANTEC'S JOINT MOTION FOR SUMMARY JUDGMENT THAT THE PATENTS-IN-SUIT ARE INVALID FOR FAILURE TO DISCLOSE THE BEST MODE

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309

Theresa A. Moehlman
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendants Internet Security Systems, a Delaware Corporation and Internet Security Systems, a Georgia Corporation*

Dated: June 16, 2006
Public Version Dated: June 22, 2006

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
DAY, CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Blvd.
Cupertino, CA 95014

Michael J. Schallop
Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014

*Attorneys for Defendant Symantec Corporation*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii, iv

I.   NATURE AND STAGE OF THE PROCEEDING ..................................................... 1

II.  SUMMARY OF ARGUMENT ................................................................................. 1

III. STATEMENT OF FACTS ........................................................................................ 3

    A.   The Patented Technology ........................................................................................ 3

    B.   SRI's Best Known Mode Of Practicing The Claimed
         Subject Matter At The Time Of The Filing Of The Application ........................ 5

         1.   The SRI Escrowed Source Code Establishes The Dates
             of Source Code Implemented Prior To November 1998 ........................... 6

         2.   SRI's Testing ██████████████████████
             Also Establishes the Capabilities of Source Code Implemented
             Prior to November 1998 ............................................................................. 8

         3.   The Inventors Considered ████ and ████ To Be Their
             Best Known Mode of Practicing The Claimed Inventions ...................... 9

IV.  ARGUMENT .......................................................................................................... 10

    A.   Legal Authority .................................................................................................... 10

         1.   The Standard For Summary Judgment ..................................................... 10

         2.   The Best Mode Requirement Is Part Of The Patent Bargain .................. 11

    B.   SRI's Patents-in-Suit Are Invalid Because The Inventors Did Not
         Disclose Their Best Mode Of Practicing Their Claimed Invention ................. 13

         1.   The Inventors Failed to Disclose Their Best Mode for
            Detecting Suspicious Network Activity, As
            Called For In The '203, '615 and '212 Claims ........................................ 13

         2.   The Inventors Failed to Disclose Their Best Mode for
            Receiving Network Packets as Claimed In Every Asserted
            Claim of the '338 Patent .......................................................................... 14

i

C.     Based On Its Failure To Respond To Defendants' Allegations
       During Discovery, SRI Should Be Precluded From Coming
       Forward With A Rebuttal Now........................................................................15

V. CONCLUSION.............................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                              **page(s)**

*Anderson* v. *Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................. 11

*Barmag Barmer Maschinenfabrik AG* v. *Murata Mach., Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984) ................................................................. 11

*Becton Dickinson & Co.* v. *C.R. Bard. Inc.*,
    922 F.2d 792 (Fed. Cir. 1990) ................................................................. 11

*Dana Corp.* v. *IPC Ltd. P'ship*,
    860 F.2d 415 (Fed. Cir. 1988) ............................................................ 12, 13

*Georgia-Pacific Corp.* v. *United States Gypsum Co.*,
    C.A. No. 94-489-RRM, Mem. Op. (D. Del. Dec. 27, 1996) ...................... 15

*Graco, Inc.* v. *Binks Mfg. Co.*,
    60 F.3d 785 (Fed. Cir. 1995) .................................................................. 13

*Great N. Corp.* v. *Henry Molded Prods., Inc.*,
    94 F.3d 1569 (Fed. Cir. 1996) ................................................................ 11

*Heidelberg Harris, Inc.* v. *Mitsubishi Heavy Industries, LTD.*,
    1996 WL 680243, 42 U.S.P.Q.2d 1369 (N.D. Ill. 1996) ......................... 15

*Moore U.S.A., Inc.* v. *Standard Register Co.*,
    229 F.3d 1091 (Fed. Cir. 2000) .............................................................. 11

*Nike Inc.* v. *Wolverine World Wide, Inc.*,
    43 F.3d 644 (Fed. Cir. 1994) .................................................................. 11

*Nobelpharma AB* v. *Implant Innovations, Inc.*,
    141 F.3d 1059 (Fed. Cir. 1998) .............................................................. 12

*Old Town Canoe Co.* v. *Confluence Holdings Corp.*,
    2006 U.S. App. LEXIS 11435 (Fed. Cir., May 9, 2006) .......................... 12

*Pannu* v. *Iolab Corp.*,
    155 F.3d 1344 (Fed. Cir. 1998) .............................................................. 12

*Scaltech, Inc.* v. *Retec/Tetra, L.L.C.*, No. H-95-4190,
    2000 U.S. Dist. LEXIS 21598 (S.D. Tex. Sept. 8, 2000) ........................ 12

*Silicon Graphics, Inc.* v. *nVIDIA Corp.*,
　C.A. No. 98-188-RRM (D. Del. Dec. 29, 1998)...........................................................15

*Spectra Corp.* v. *Lutz*,
　839 F.2d 1579 (Fed. Cir. 1988).....................................................................................11

*Spectrum Int'l, Inc.* v. *Sterilite Corp.*,
　164 F.3d 1372 (Fed. Cir. 1998).....................................................................................11

*Stambler* v. *RSA Sec., Inc.*,
　212 F.R.D. 470 (D. Del. 2003) ...............................................................................15, 16

*Union Carbide Corp.* v. *Am. Can Co.*,
　724 F.2d 1567 (Fed. Cir. 1984).....................................................................................11

*United States Gypsum Co.* v. *Nat'l Gypsum Co.*,
　74 F.3d 1209 (Fed. Cir. 1996)........................................................................10, 12, 13

## RULES & STATUTES

35 U.S.C. § 112.....................................................................................................1, 14, 16

Fed. R. Civ. P. 56..........................................................................................................1

Defendants Internet Security Systems, Inc., a Georgia corporation, Internet Security Systems, Inc., a Delaware corporation (collectively, "ISS") and Symantec Corp. ("Symantec"), a Delaware corporation, submit this motion, pursuant to Fed. R. Civ. P. 56, for an Order granting summary judgment that the claims of the four patents-in-suit assigned to Plaintiff SRI International ("SRI") are invalid under 35 U.S.C. § 112, ¶ 1 for failing to disclose the best mode.

## I.    NATURE AND STAGE OF PROCEEDINGS

The four patents-in-suit are U.S. Patent Nos. 6,321,338 ("the '338 patent"), 6,484,203 ("the '203 patent"), 6,711'615 ("the '615 patent") and 6,708,212 ("the '212 patent"). (2d Moore Decl.[1] Exs. A-D.) All four claim priority from the same application, which was filed on November 9, 1998. The two named inventors are Phillip Porras and Alfonso Valdes. The patents generally relate to detecting attacks in a networked computing environment.

Fact and expert discovery has closed.

## II.    SUMMARY OF THE ARGUMENT

1.    The named inventors embodied the claims of the patents-in-suit in a software system called EMERALD.

2.    

---

[1]  Filed contemporaneously herewith.

3.    ▮▮▮▮ embodies the claim limitation of *detecting suspicious network activity* that is recited in every '203, '615 and '212 patent claim at issue in this lawsuit.

4.    ▮▮▮▮ embodies the claim limitation of *receiving network packets* that is recited in every asserted '338 patent claim.

5.    The inventors have admitted that ▮▮▮▮ and ▮▮▮▮ were their best mode of practicing these claim limitations.

6.    The inventors did not disclose the code modules for ▮▮▮▮ and ▮▮▮▮ in the Appendix of source code that was submitted with the patent application.

7.    The inventors did not describe these best mode embodiments in the text of the patent specification.

8.    In contrast, the inventors did disclose details on their other analysis module, ▮▮▮, which was less effective than ▮▮▮ in detecting suspicious network activity.

9.    The concealment of ▮▮▮▮ and ▮▮▮▮ from the public constitutes a violation of the best mode requirement.

10.    SRI provided no rebuttal to Defendants' allegations of violations of the best mode requirement in its contention interrogatory response. Moreover, SRI's expert provided *no* response to the opinions of Defendants' experts that SRI failed to disclose the best mode of practicing the invention.

11.    SRI should be precluded from offering a rebuttal now.

There are no disputed issues of genuine fact here. Therefore, summary judgment of invalidity based on SRI's failure to disclose the best mode is appropriate.

## III.    STATEMENT OF FACTS

### A.    The Patented Technology

As set forth in Defendants' opening claim construction brief, there are two main facets to the claims of the patents-in-suit: (1) an analysis hierarchy of monitors and (2) a statistical detection algorithm.   As shown in Figure 2 of the patents, the monitor includes one or more analysis engines for detecting suspicious network activity.   The patent discloses two types of analyses that the engines could perform -- statistical anomaly detection and signature detection.[2]   The figure also shows that the monitor does not receive raw packet data, but gets data in the format of an "event."   (2d Moore Decl. Ex. A ['203 patent].)

All '203, '615 and '212 claims at issue relate to the hierarchal architecture aspect of the patents-in-suit and contain the limitation of *detecting, by the monitors, suspicious network activity*. Claim 1 of the '203 patent is representative:

> 1. A computer-automated method of hierarchical event monitoring and analysis within an enterprise network comprising:
>
> deploying a plurality of network monitors in the enterprise network;
>
> ***detecting, by the network monitors, suspicious network activity based on analysis of network traffic data*** selected from the following categories: {network packet data transfer commands, network packet data transfer errors,

---

[2]  Signature detection entails comparing monitored activity to known patterns of suspicious activity.  For example, the signature engine described in the patents-in-suit, among other things, "maps an event stream against abstract representations of event sequences that are known to indicate undesirable activity." (2d Moore Decl. Ex. B ['338 patent] col. 7:25-27.) The patents-in-suit also describe threshold analysis ("record[ing] the occurrence of specific events and, as the name implies, detect[ing] when the number of occurrences of that event surpasses a reasonable count") as a "rudimentary, inexpensive signature analysis technique." (2d Moore Decl. Ex. B ['338 patent] col. 7:46-50.)

3

network packet data volume, network connection requests, network
connection denials, error codes included in a network packet};

generating, by the monitors, reports of said suspicious activity; and

automatically receiving and integrating the reports of suspicious activity, by
one or more hierarchical monitors.

(2d Moore Decl. Ex. A ['203 patent] at claim 1 (emphasis added).)

As the patent discloses, the signature-based analysis unit can be used for *detecting*

*suspicious network activity.* (2d Moore Decl. Ex. A ['203 patent] fig. 2, col. 6:47-7:36.)

However, the patent specification does not disclose *any* actual signatures that can be

used. Nor does the specification describe any details on how to implement the engine of

a signature-based analysis unit.

The asserted '338 claims relate to the statistical detection algorithm and each

include the limitation of *receiving network packets handled by a network entity.* Claim 1

of the '338 patent is representative:

A method of network surveillance, comprising:

**receiving network packets handled by a network entity;**
building at least one long-term and at least one short-term statistical
profile from at least one measure of the network packets, the at least one
measure monitoring data transfers, errors, or network connections;

comparing at least one long-term and at least one short-term statistical
profile; and

determining whether the difference between the short-term statistical
profile and the long-term statistical profile indicates suspicious network
activity.

(2d Moore Decl. Ex. B ['338 patent] at claim 1 (emphasis added).)

As the patent specification discloses, the large volume of packets that are

transmitted over a network "dictates careful assessment of ways to select and organize

network packet information into event record streams." (2d Moore Decl. Ex. A ['203

patent] at col. 4:67-5:3.)  Although the patent lists various criteria for selecting packets, it fails to indicate which ones are the best.  It also fails to describe how to best structure whatever data is selected into an event record for the analysis units.

 The importance of these modes to the inventors indicates that they were not merely implementation details, but were considered central to the inventors' preferred embodiment.

SRI also filed an Appendix of code with the original patent application.

However, that is not what is actually in the Appendix.  Importantly, the Appendix is missing the code modules that implemented SRI's best mode of practicing signature analysis and of processing raw network packet data into events.

**B.    SRI's Best Known Mode Of Practicing The Claimed Subject Matter At The Time Of The Filing Of The Application**

- ███████████████████████████████████
  ███ and

- ███████████████████████████████
  █████████.

███████████████████████████████████

██████████████████████████████████

████████████████████████████████████

███████████████████████████████

### 1.    The SRI Escrowed Source Code Establishes The Dates Of Source Code Implemented Prior To November 1998

For the purposes of this litigation, SRI placed into escrow a computer

containing the source code for the EMERALD system, including source code that was in

possession of the inventors at SRI prior to the filing date of the patents-in-suit.[4] ███

█████████████████████████████████████

---

3 

---

[4] For the purposes of this motion, "source code" encompasses not only the text files that are compiled or interpreted in order to generate an executable software component, but also any associated initialization files, configuration files, or other types of input files that are read in by the software component.



---

[5] Filed Contemporaneously herewith.

[6] TCP/IP is the standard protocol for most Internet traffic.  A "SYN flood" is a common attack using a particular connection-establishment feature of the TCP protocol.  In the TCP protocol, in order to establish a connection, the first computer sends a SYN packet.  Upon receipt, the second computer sends back a SYN-ACK packet, and then the first

(Continued...)



**2. SRI's Testing** ▮▮▮▮▮▮ **Also Establishes The Capabilities Of Source Code Implemented Prior To November 1998**

--------------------------------------------------

(...Continued)
computer confirms with an ACK.  The second computer stores all the "half-open connections" -- places where it is waiting for an ACK.   A SYN flood attack is when an intruder inundates a target machine with a whole host of SYNs and does not finish the handshake with an ACK.   This flood of SYNs causes the target machine to not be able to accept a SYN from a legitimate computer because it is "flooded" (it does not have the space to keep track of the legitimate SYN).

### 3. The Inventors Considered ▊▊ And ▊▊ To Be Their Best Known Mode Of Practicing The Claimed Inventions





## IV.    ARGUMENT

### A.    Legal Authority

#### 1.    The Standard For Summary Judgment

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *United*

*States Gypsum Co.* v. *Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996). The standard for summary judgment in a patent case is the same as in any other type of action. *Union Carbide Corp.* v. *Am. Can Co.*, 724 F.2d 1567, 1571 (Fed. Cir. 1984). The Federal Circuit has repeatedly stated that "[s]ummary judgment is as appropriate in a patent case as in any other case." *See, e.g., Barmag Barmer Maschinenfabrik AG* v. *Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).[7]

To defeat the ISS' summary judgment motion, SRI must present sufficient evidence to support a reasonable jury finding in their favor. *See Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Notwithstanding that legitimate evidentiary inferences must be drawn in its favor, SRI cannot create a genuine issue of material fact merely by stating that a fact is challenged. *Barmag*, 731 F.2d at 835-36; *see also Moore U.S.A., Inc.* v. *Standard Register Co.*, 229 F.3d 1091, 1112 (Fed. Cir. 2000) ("A party may not overcome a grant of summary judgment by merely offering conclusory statements.".) Moreover, "[e]ven disputed material facts will not defeat summary judgment when, taking all factual inferences in favor of the nonmovant, the moving party is nonetheless entitled to judgment as a matter of law." *Spectrum Int'l, Inc.* v. *Sterilite Corp.*, 164 F.3d 1372, 1378 (Fed. Cir. 1998).

### 2.    The Best Mode Requirement Is Part Of The Patent Bargain

"Title 35, section 112 provides, in pertinent part, that the specification 'shall set forth the best mode contemplated by the inventor of carrying out his invention.'" *Great*

---

[7] *See also Nike Inc.* v. *Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994); *Becton Dickinson & Co.* v. *C.R. Bard. Inc.*, 922 F.2d 792, 795-96 (Fed. Cir. 1990); *Spectra Corp.* v. *Lutz*, 839 F.2d 1579, 1581 n.6 (Fed. Cir. 1988); *Union Carbide Corp.*, 724 F.2d at 1571.

*N. Corp.* v. *Henry Molded Prods., Inc.*, 94 F.3d 1569, 1571 (Fed. Cir. 1996).

"Determining whether a patent fails to comply with the best mode requirement and is thus invalid involves two factual inquiries." *Nobelpharma AB* v. *Implant Innovations, Inc.*, 141 F.3d 1059, 1064 (Fed. Cir. 1998). "First, it must be determined whether, at the time the patent application was filed, the inventor had a best mode of practicing the claimed invention." *United States Gypsum*, 74 F.3d at 1212. "Second, if the inventor had a best mode of practicing the claimed invention, it must be determined whether the specification adequately disclosed what the inventor contemplated as the best mode so that those having ordinary skill in the art could practice it." *Id.* The first inquiry is subjective and the second is objective. *Nobelpharma*, 141 F.3d at 1064. *See also Old Town Canoe Co.* v. *Confluence Holdings Corp.*, 2006 U.S. App. LEXIS 11435, at *29 (Fed. Cir., May 9, 2006).

Although a best mode analysis is factual, best mode may be determined as a matter of law if reasonable minds could not differ on whether the best mode requirement is satisfied. *See Dana Corp.* v. *IPC Ltd. P'ship*, 860 F.2d 415, 419 (Fed. Cir. 1988). "Best mode issues can arise if any inventor fails to disclose the best mode known to him or her." *Pannu* v. *Iolab Corp.*, 155 F.3d 1344, 1351 n.5 (Fed. Cir. 1998).

Moreover, "[w]here there exists joint inventorship, a best mode disclosure is equally necessary, even if only one of the inventors contemplates a best mode." *Scaltech, Inc.* v. *Retec/Tetra, L.L.C.*, No. H-95-4190, 2000 U.S. Dist. LEXIS 21598, at *22 (S.D. Tex. Sept. 8, 2000).

"The purpose of the best mode requirement is to ensure that the public, in exchange for the rights given the inventor under the patent laws, obtains from the

inventor a full disclosure of the preferred embodiment of the invention." *Dana Corp,* 860
F.2d at 418. It is immaterial whether there is an intent to conceal. *See United States
Gypsum*, 74 F.3d at 1215-16 ("Finally, [patentee] argues that there can be no best mode
violation absent an intent to conceal, and that [the inventor] had no such intent. This
argument is unpersuasive."); *Graco, Inc.* v. *Binks Mfg. Co.*, 60 F.3d 785, 790 (Fed. Cir.
1995) ( "[S]pecific intent to deceive is not a required element of a best mode defense.")
(citation omitted.) The Court need only find that the patent specification does not
adequately disclose the inventor's best mode of practicing the claimed invention in a way
that would allow those of ordinary skill in the art to practice it. *Id.*

### B. SRI's Patents-in-Suit are Invalid Because The Inventors Did Not Disclose Their Best Mode Of Practicing Their Claimed Invention

#### 1. The Inventors Failed to Disclose Their Best Mode For *Detecting Suspicious Network Activity,* As Called For In The '203, '615 and '212 Claims

All of the '203, '615 and '212 patent claims at issue recite the limitation of
*detecting, by the network monitors, suspicious network activity based on analysis of
network traffic data.*

The inventors had a best mode for practicing this limitation -- the signature
detection component called ▮▮▮▮, which included a generic analysis engine (▮▮▮▮▮)
and ▮▮▮▮▮▮▮▮ that analyzed many of the categories of network traffic data listed
in the '203 and '615 claims.

The inventors withheld this best mode from the public. Despite submitting an
Appendix of code with the patent application, SRI withheld the code on ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮. SRI also withheld a textual description of ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮ from the specification. Absent the disclosure of this information, one skilled

in the art would have been unable to practice the inventors' best mode. ( ███████████

████████████████████████████████ )

      This failure to inform the public of the best known mode that SRI had developed

*to detect suspicious network activity based on an analysis of network packets* renders all

claims at issue for the '203, '615 and '212 patents invalid under 35 U.S.C. § 112 for

failure to disclose the best mode.

    **2.**    **The Inventors Failed to Disclose Their
Best Mode For Receiving Network Packets As
Required In Every Asserted '338 Patent Claim**

      All of the asserted independent claims of the '338 patent contain the limitation of

*receiving network packets.*  (2d Moore Decl. Ex. B ['338 patent] at claims 1, 24 and 25.)

      As discussed above,



      The named inventors thus failed to disclose their best known mode of practicing

the asserted claims of the '338 patent. Those claims are therefore invalid under 35 U.S.C.

§ 112 for failure to disclose the best mode.

C.    **Based On Its Failure To Respond To Defendants'
       Allegations During Discovery, SRI Should Be
       Precluded From Coming Forward With A Rebuttal Now**

As this Court has recognized, "[i]n every trial there comes a time when discovery

must be closed for the issues to be resolved through summary judgment and/or trial."

*Stambler* v. *RSA Sec., Inc.,* 212 F.R.D. 470, 472 (D. Del. 2003). This Court has also

recognized that preclusion is appropriate when a party fails to disclose support for its

contentions during fact discovery. *See, e.g.,* Order Granting Plaintiffs Motion To

Compel, *Silicon Graphics, Inc.* v. *nVIDIA Corp.*, C.A. No. 98-188-RRM, pp. 1-2 (D. Del.

Dec. 29, 1998) (2d Moore Decl. Ex. T) (parties "can expect the court will look to

nVIDIA's [interrogatory] responses as setting out its positions on the subject matters

covered by the interrogatories. . . . nVIDIA should expect that the court will not allow it

to offer into evidence in its case in chief documents or testimony supporting that

contention that are not disclosed in its [interrogatory] response."); December 27, 1996

Memorandum Opinion in *Georgia-Pacific Corp.* v. *United States Gypsum Co.*, C.A. No.

94-489-RRM, p. 15 citing a January 6, 1995 Conference on a Motion to Compel in

*Georgia-Pacific Corp.* v. *United States Gypsum Co.*, Civil Action No. 94-489-RRM,

Mem. Op. (D. Del. Dec. 27, 1996) (2d Moore Decl. Ex. U) ("I will preclude a party from

offering facts or argument on points where they haven't fairly disclosed those matters in

response to a contention interrogatory that seeks that information."). *See also Heidelberg*

*Harris, Inc.* v. *Mitsubishi Heavy Industries, LTD.,* 1996 WL 680243 at *26, 42

U.S.P.Q.2d 1369 (N.D. Ill. 1996).

Discovery is supposed to "prevent trial by ambush" and "if a party is allowed to

withhold the supplementation of its discovery responses until after fact discovery is

closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemental responses." *Id.* at *8 (citation omitted). This Court has similarly recognized that "[a]llowing defendants to support their summary judgment positions with previously unidentified fact witnesses is clearly prejudicial to plaintiff." *Stambler*, 212 F.R.D. at 472.

Here, SRI never came forward with *any* rebuttal to Defendants' defense based on the inventors' failure to disclose their best known mode. There is nothing addressing this defense in SRI's responsive contention interrogatories. ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

SRI should not now be allowed to come forward with evidence or theories that it did not disclose in discovery.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

this motion for summary judgment that all claims at issue of the four SRI patents-in-suit

are invalid under 35 U.S.C. §112, ¶ 1 for failure to disclose the best mode.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP          MORRIS JAMES HITCHENS & WILLIAMS LLP

By:  /s/ David E. Moore                          By:  /s/ Mary B. Matterer
    Richard L. Horwitz (#2246)                   Richard K. Herrmann (#405)
    David E. Moore (#3983)                       Mary B. Matterer (#2696)
    Hercules Plaza 6th Floor                     222 Delaware Avenue, 10th Floor
    1313 N. Market Street                        Wilmington, DE 19801
    Wilmington, DE 19801                         Tel.: (302) 888-6800
    Tel: (302) 984-6000                          rherrmann@morrisjames.com
    rhorwitz@potteranderson.com                  mmatterer@morrisjames.com
    dmoore@potteranderson.com

OF COUNSEL:                                OF COUNSEL:

Holmes J. Hawkins III                      Lloyd R. Day, Jr.
Natasha H. Moffitt                         Robert M. Galvin
KING & SPALDING LLP                        Paul S. Grewal
1180 Peachtree Street                      DAY, CASEBEER MADRID &
Atlanta, GA 30309                          BATCHELDER LLP
Tel: (404) 572-4600                        20300 Stevens Creek Blvd.
                                           Cupertino, CA 95014
Theresa A. Moehlman                        Tel: (408) 873-0110
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036                   Michael J. Schallop
Tel.: (212) 556-2100                       Symantec Corporation
                                           20330 Stevens Creek Blvd.
*Attorneys for Defendants Internet Security*   Cupertino, CA 95014
*Systems, Inc., a Delaware Corporation;*       Tel: (408) 517-8000
*and Internet Security Systems, Inc., a*
*Georgia corporation*

Dated:  June 16, 2006                      *Attorneys for Defendant*
Public Version Dated:  June 22, 2006       *Symantec Corporation*
738090 / 28434

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 22, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John Horvath
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE   19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on June 22, 2006, I have Federal Expressed the attached document to the following non-registered participants:

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
pollack@fr.com
curley@fr.com

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014
pgrewal@daycasebeer.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314