IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 04-CV-1199 (SLR)<br><br>**FILED UNDER SEAL - INCLUDES CONFIDENTIAL INFORMATION** |

### LETTER TO THE HONORABLE SUE L. ROBINSON AS FOLLOW-UP TO MAY 31ST EVIDENTIARY HEARING

Richard K. Herrmann (#405)
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Tel: (302) 888-6800
Fax: (302) 571-1750

*Attorneys for Defendant and Counterclaim Plaintiff Symantec Corporation*

OF COUNSEL:

Lloyd R. Day, Jr. (*pro hac vice*)
Robert M. Galvin (*pro hac vice*)
Paul S. Grewal (*pro hac vice*)
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110
Fax: (408) 873-0220

Michael J. Schallop (*pro hac vice*)
Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014
Tel: (408) 517-8000
Fax: (408) 517-8121

Original Date: June 2, 2006

Redacted Date: June 28, 2006

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 2, 2006

**VIA EFILING AND HAND DELIVERY**
The Honorable Sue L. Robinson           **FILED UNDER SEAL**
United States District Court
 District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *SRI International v. ISS and Symantec*, D. Del., C.A. No. 04-1199-SLR

Your Honor:

At the conclusion of Wednesday's evidentiary hearing on the composition and responsibilities of Symantec's Patent Committee, the Court requested that Symantec provide additional case law on the issue of waiver of corporate attorney-client privilege at deposition. Specifically, the Court requested case law distinguishing the waiver of SRI's attorney-client privilege by SRI General Counsel Richard Abramson during his deposition from the inadvertent disclosure of privileged communication during the deposition of Symantec engineering manager Robert Geiger.

In *Commodity Future Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985) **[Ex. A]**, the Supreme Court affirmed that "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Id.* at 349.

In line with *Weintraub*, in *Velsicol Chem. Corp. v. Parsons*, 561 F.2d 671 (7th Cir. 1977) **[Ex. B]**, the Seventh Circuit previously held that senior corporate counsel may waive the corporation's attorney-client privilege by disclosing privileged communications during sworn testimony. *See id.* at 674 ("It is generally recognized that a corporation acts through its officers. In the instant suit, Mitchell held the office of 'Vice-President-Legal' and as such was senior house counsel.... Despite the protestations of Velsicol that Mitchell lacked the authority to waive the corporation's attorney-client privilege, we are not persuaded his authority was so limited."). The Court specifically rejected the notion that such disclosure by senior counsel at deposition was "inadvertent," noting that it did "not find any indications . . . that [counsel] Mitchell was operating under any misapprehension when he testified." *Id.* at 675

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Sue L. Robinson
June 2, 2006
Page 2

    In contrast to corporate officers and directors, "a corporate employee *cannot* waive the corporation's privilege." *Sprague v. Thorn Am., Inc.*, 129 F.3d 1355, 1371 (10th Cir. 1997) (emphasis added) [Ex. C] (quoting *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) [Ex. D]). This is particularly true when the witness testified in his personal capacity, as opposed to testifying as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). *Cf. Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001) [Ex. E]. Recognizing this distinction in the municipal context, Judge Schwartz has ruled that unlike a mayor of a city, a mere councilmember could not waive the city's attorney-client privilege by his personal deposition testimony, even though the deposition was attended by the city's legal counsel and that counsel failed "to assert the attorney-client privilege or object that it had been violated." *Interfaith Housing Delaware, Inc. v. Town of Georgetown*, 841 F. Supp. 1393, 1396, 1399-1400 (D. Del. 1994) [Ex. F].

    Mr. Abramson's waiver clearly falls within the scope of *Versicol*. Like the "Vice-President-Legal" in that case, Mr. Abramson, the "Vice President, Legal and Business Affairs and General Counsel" for SRI, was not operating under any misapprehension when he testified. In fact, it was his name on the distribution list for the document [Ex. G] that gave rise to any colorable claim that the privilege applied. SRI admitted as much when it withdrew its demand that its document be destroyed. [Ex. H] Mr. Geiger, on the other hand, was nothing more than a "corporate employee" who testified in his personal capacity and who, when confronted with the document, had no basis for understanding that it comprised a privileged communication. This distinction, together with Symantec's diligence in pursuing the return or destruction of its document after establishing its privileged nature, undermines any colorable claim that Symantec's disclosure was "advertent" and therefore outside the scope of Paragraph 20 of the Protective Order.

    Symantec continues to appreciate the Court's attention to this matter.

Respectfully,

Richard K. Herrmann

Enclosures

cc: John Horvath, Esq. (via email w/ enclosures)
    David Moore, Esq. (via email w/ enclosures)
    Katherine Prescott, Esq. (via email w/ enclosures)
    Theresa Moehlman, Esq. (via email w/ enclosures)
    Holmes Hawkins, III, Esq. (via email w/ enclosures)