**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) | C. A. No. 04-1199 (SLR) **PUBLIC VERSION** |
| Defendants and Counterclaim-Plaintiffs. | ) ) ) | |

**ISS'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO PRECLUDE SRI, BASED ON SRI'S CONDUCT IN DISCOVERY, FROM DISPUTING THE EVIDENCE ESTABLISHING THAT THE LIVE TRAFFIC PAPER IS A 102(b) INVALIDATING REFERENCE**

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5134

Theresa A. Moehlman
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100
Fax: (212) 556-2222

Dated: June 30, 2006
Public Version Dated: July 11, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Internet Security Systems, a Delaware Corporation and Internet Security Systems, a Georgia Corporation*

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. ii

I.   SUMMARY OF THE ARGUMENT .................................................................1

II.  STATEMENT OF FACTS ..................................................................................4

    A.  The Evidence Establishes *Live Traffic* Was Posted On SRI's Websites ...............4

    B.  SRI's Failure To Provide Discovery .................................................................4

    C.  SRI's Failure To Rebut Defendants' Invalidity Showing .....................................12

III. ARGUMENT ..................................................................................................13

    A.  Legal Authority ...........................................................................................13

    B.  SRI Should Be Precluded Based On Its Failure To Provide Discovery................15

IV.  CONCLUSION..............................................................................................17

# TABLE OF AUTHORITIES

## CASES

*Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.,*
    228 F.3d 275 (3rd Cir. 2000) ................................................................................. 13

*Int'l Assoc. of Machinists and Aerospace Workers v. Bonnie Werner-Matsuda,*
    390 F. Supp. 2d 479 (D. Md. 2005) ...................................................................... 14

*United States v. Taylor,*
    166 F.R.D. 356 (M.D. N.C. 1996) ................................................................ 13, 14

## OTHER AUTHORITIES

Fed. R. Civ. P. 30(b)(6) ........................................................................................... 13

Fed. R. Civ. P. 37 ......................................................................................... 13, 14, 15

Defendants Internet Security Systems, Inc., a Delaware corporation and Internet Security Systems, Inc., a Georgia corporation (collectively "ISS") submit this opening brief in support of their motion to preclude SRI, based on its conduct in discovery, from disputing the evidence establishing that the *Live Traffic* paper is a 102(b) invalidating reference.

## I.    SUMMARY OF THE ARGUMENT

As set forth in Defendants' Motion For Summary Judgment Of Invalidity (D.I. 297), SRI's patents are invalidated by its own 102(b) publications on EMERALD. One such publication is the *Live Traffic Analysis of TCP/IP Gateways* ("*Live Traffic*") paper.

*See* Defendants' Answering Brief to SRI's Motion For Partial Summary Judgment That *Live Traffic* Is Not A 102(b) Reference.

Given ███████████████████████████████████████ the importance of the publication date to the invalidity of the patents-in-suit, Defendants early on in discovery sought to obtain further discovery from SRI. In December 2005, Defendants served a 30(b)(6) deposition notice containing topics specifically directed to the dates when SRI posted *Live Traffic* on its website. SRI designated Mr. Porras to testify on these topics, but refused to provide this deposition until March 30, 2006, over *three months after the notice was served* and on *the second to last day of fact discovery*, when Defendants would have no time to follow-up on the testimony.

About a week before the deposition, Defendants expressed their concern that SRI provide a properly prepared witness given the late date of the deposition and reminded SRI of the topics on which Mr. Porras was designated, including the dates of publication of *Live Traffic*. Unfortunately, SRI failed to properly prepare Mr. Porras.



After the deposition, Defendants wrote to SRI to object to SRI's failure to provide a properly prepared witness. ISS specifically informed SRI that unless it rectified the situation, it would seek to preclude SRI from disputing the documentary evidence. SRI did nothing. ISS also supplemented its interrogatory responses on invalidity to indicate that it was relying on the SRI documents to show a publication date of *Live Traffic* as early as August 1997. SRI provided no rebuttal, even though it later supplemented those responses.

Defendants' interrogatory responses on invalidity also provided claim charts showing that *Live Traffic* anticipated, and therefore invalidated, the claims of the patents-in-suit. SRI provided no rebuttal to this showing in its responsive interrogatory response.

All SRI offered was a simple statement, without any supporting evidence, that *Live Traffic* was not prior art. With respect to expert reports, SRI's expert, George Kesidis did not dispute the 102(b) status of *Live Traffic*. Nor did Dr. Kesidis dispute the invalidity showing put forth by Defendants' experts based on *Live Traffic* for any claims other than a few dependent claims reciting the use of APIs ("Application Programming Interface"). Those claims are claims 4 and 15 of the '203 patent, claims 6 and 17 of the '212 patent, and claims 4 and 16 of the '615 patent. (Moore Decl. Ex. D [Kesidis Rebuttal Report] at ¶ 44.)

In its "Motion For Partial Summary Judgment That The Live Traffic Article Is Not A Section 102(b) Printed Publication", SRI now wants to dispute the evidence showing that *Live Traffic* was posted to SRI's WWW and FTP sites prior to November 1997. It is too late. SRI should not be able to advance its case by hiding evidence under its control during fact discovery. SRI was on notice early in discovery that Defendants were seeking to examine the corporation's knowledge on the date when SRI posted *Live Traffic* to its websites. Despite the early notice, and a reminder of the topic prior to the deposition, SRI failed to properly prepare its witness to testify. The documentary evidence should therefore act as party admissions that the *Live Traffic* paper was posted on SRI's website as of August 1997.

Furthermore, SRI should be precluded from arguing that *Live Traffic* does not invalidate the claims of the patents-in-suit based on SRI's failure to provide any rebuttal in its interrogatory responses to Defendants' invalidity showing in their interrogatories. At the very least, the only claims on which SRI should be allowed to provide rebuttal is the claims identified by SRI's expert relating to the APIs.

## II.    STATEMENT OF FACTS

### A.    The Evidence Establishes *Live Traffic* Was Posted On SRI's Websites

As discussed in detail in Defendants' Motion for Summary Judgment of Invalidity

(D.I. 297) and in "Defendants' Answering Brief To SRI's Motion For Partial Summary

Judgment That The Live Traffic Article Is Not A Section 102(b) Printed Publication", the

documentary evidence establishes that *Live Traffic* was posted on SRI's website as of

August 1, 1997. ███████████████████████████████

████████████████████████████████████████████

██████████████████████████ The websites were well-advertised to the

intrusion detection community as places to find material on EMERALD. Thus, Live

Traffic was publicly accessible to the relevant public.

### B.    SRI's Failure To Provide Discovery

Defendants realized early on from the documentary evidence that SRI's own

publications of its EMERALD materials acted as invalidating prior art. Accordingly,

they sought Rule 30(b)(6) depositions on SRI's postings of the material on the website,

including testimony specifically related to *Live Traffic*. For example, in their December

16, 2005 notice, Defendants sought testimony on the following topics:

4.    SRI's practices and policies for posting information to websites
      accessible to individuals not employed by SRI, including
      www.csl.sri.com, www.sdl.sri.com, and ftp.csl.sri.com, and for
      archiving or otherwise saving such information.

6.    The dates and circumstances when SRI first made the following
      publications available on websites accessible to individuals not
      employed by SRI, including an identification of the website, the
      person who posted each publication to the website, and the person
      responsible for the decision to post each publication to the website.

> P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways,"
> http://www.sdl.sri.com/projects/emerald/live-traffic-html, Internet
> Society's Networks and Distributed Systems Security Symposium, Nov.
> 10, 1997 [SYM-P-0068844- SYM-P-00688651].

7.    The dates and circumstances when the documents listed in Topic 6 above
      were first published and/or disclosed to individuals not employed by SRI.

(Moore Decl. Ex. E [December 16, 2005 FRCP 30(b)(6) Notice].)

Similarly, in their December 22, 2005 notice, Defendants sought a 30(b)(6)

witness on the first publication dates of material relating to the patents-in-suit and on

EMERALD:

6.    The publication or making available to the public of the subject matter
      claimed in the asserted patents on or before November 8, 1997.

30.   Identification of any and all materials concerning NIDES or EMERALD
      on any SRI website accessible to persons not employed by SRI on or before
      November 9, 1998.

(Moore Decl. Ex. F [December 22, 2005 FRCP 30(b)(6) Notice].)

Defendants requested the testimony on these topics early on so they would have

an opportunity to conduct further discovery. (Moore Decl. Ex. G [Jan. 11, 2006 Letter

Loeb and Blake to Prescott]; Moore Decl. Ex. H [Jan. 18, 2006 letter Loeb and Blake to

Prescott].) SRI, however, did not provide its designated 30(b)(6) witness, Mr. Porras,

until *the second to last day of fact discovery*.

SRI had initially designated a different witness, David Gutelius, to testify on

SRI's behalf concerning materials posted to the websites. Defendants noticed from the

documents, however, that Dr. Gutelis was an employee "new to SRI" as of July 2000,

and was therefore unlikely to be the proper person for topics where the information of

interest is primarily from the timeframe prior to the November 9, 1998 filing date.

Defendants expressed their concern in a January 13, 2006 letter to SRI's counsel. (Moore

Decl. Ex. I [January 13, 2006 Letter Blake to Prescott].)  SRI then waited until the day before Dr. Gutelius' deposition to inform Defendants by phone that it was changing the designee -- Phillip Porras would be SRI's designee on topics concerning materials posted to SRI's website on or before November 9, 1997.

Despite the importance of the testimony, SRI refused to provide Mr. Porras for his 30(b)(6) testimony until March 30, 2006, *the second to last day of fact discovery.*  Given the late date, Defendants wrote to SRI to express their hopes of getting a properly prepared witness and listed all topics on which SRI had designated Mr. Porras, including the dates of posting *Live Traffic* to the SRI website.  (Moore Decl. Ex. J [March 20, 2006 Loeb and Blake Letter to Prescott].)

Unfortunately, SRI did not honor its obligations under Rule 30(b)(6).  ███





The Wayback machine of Internet Archive had archived a later version of this webpage that it obtained from SRI's website. (Moore Decl. Ex. N [ISS_02125903-904 and 02126097].)



████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████

After the deposition, Defendants wrote to SRI to object to SRI's failure to

properly investigate the facts under its control. (Moore Decl. Exs. O and P [April 4, 2006

Brown letter and April 7, 2006 Moehlman letter].) ISS's counsel specifically informed

SRI's counsel that it would seek preclusion if SRI did not rectify the situation:

> With respect to Topic 6 of Defendants' December 19 Rule 30(b)(6)
> Notice, to the extent Mr. Porras was unable to identify the dates and
> circumstances of when SRI first made the listed publications available on
> its website, ISS will seek preclusion of any rebuttal by SRI to evidence
> indicating the public availability of those references as of a certain date.

(Moore Decl. Ex. P [Moehlman letter] .)

In response, SRI did nothing but state that it had met its obligations.[1] (Moore

Decl. Exs. Q and R [April 7, 2006 Pollack letter to Brown; April 11, 2006 Prescott letter

to Moehlman].)

ISS also supplemented its interrogatory responses on invalidity to show the

evidence establishing that *Live Traffic* was published prior to the 102(b) date of

November 9, 1997. (Moore Decl. Ex. S [ISS's November 15, 2005 Supplemental

Responses – excerpt the cover page with *Live Traffic*].) SRI never provided any rebuttal

to these charts, even though it supplemented its interrogatory responses on May 5, 2006

to incorporate the opinions found in the report of its expert, George Kesidis. (Moore

---

[1]     Thus ISS's attempt to resolve the issue by conferring with SRI was to no avail.

Decl. Ex. T [SRI's three sets of Supplemental Interrogatory Responses dated May 5, 2006].) Dr. Kesidis, however, did not address whether or not *Live Traffic* was publicly available before November 1997. Thus, SRI provided no rebuttal to the evidence establishing publication dates in its interrogatory responses.

### C. SRI's Failure To Rebut Defendants' Invalidity Showing

On November 18, 2005, Defendants provided their contention interrogatory responses on invalidity. Included in these responses were invalidity charts showing that *Live Traffic* invalidated every patent claim at issue in the lawsuit. (Moore Decl. Ex. U [ISS's Supplemental Interrogatory Responses]) On December 16, 2005, SRI provided its contention interrogatory responses regarding invalidity. With respect to *Live Traffic*, all SRI provided was the simple statement that ████████████████████████

████████████████████████████████████████████████

████████████████████████ (Moore Decl. Ex. V [excerpts from SRI's Interrogatory Responses] at p.8.)

The reports of Defendants' experts also included a showing that *Live Traffic* invalidated the claims at issue of the SRI patents-in-suit. (Moore Decl. Exs. W and X [Smaha Expert Report at p. 32; Heberlein Expert Report at ¶ 261].) In response, SRI's expert, Dr. Kesidis, only disputed that a few claims including APIs -- claims 4 and 15 of the '203 patent, claims 6 and 17 of the '212 patent, and claims 4 and 16 of the '615 patent" -- were not disclosed in *Live Traffic*. (Moore Decl. Ex. D [Kesidis Rebuttal Report] at ¶ 44.) Thus, through his failure to rebut, Dr. Kesidis implicitly admitted the invalidity of all other claims in light of *Live Traffic*.

### III.    ARGUMENT

#### A.    Legal Authority

The Federal Rules of Civil Procedure provide for free and open discovery.  They also provide for sanctions and preclusion under Rule 37 when parties fail to provide such free and open discovery.

Rule 30(b)(6) allows a party to take a deposition on the knowledge of a corporation:

> [T]he organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify…The persons so designated shall testify as to matters known or reasonably available to the organization.

One of the purposes for the creation of Rule 30(b)(6) was to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it."  (Moore Decl. Ex. Y [Notes of Advisory Committee on Rules] at Subdivision (b)(6) of the 1970 Amendment.)

The United States Court of Appeals For The Third Circuit has ruled that "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), 'producing an unprepared witness is tantamount to a failure to appear' that is sanctionable under Rule 37(d)." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000), quoting *United States v. Taylor,* 166 F.R.D. 356, 363 (M.D.N.C. 1996).  "In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it." *Black Horse*, 228 F.3d at

13

304. One such sanction under Rule 37(d) and Rule 37(b)(2)(B) is "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37.

The *Black Horse* Court, in affirming the District Court's order precluding appellants from asserting a position and introducing evidence that was contrary to the position that their unprepared 30(b)(6) witness asserted during his deposition, held that "we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf." *Black Horse Lane*, 228 F.3d at 304; *see also Int'l Assoc. of Machinists and Aerospace Workers v. Bonnie Werner-Matsuda, et al.,* 390 F. Supp. 2d 479, 491 (D.Md. 2005) ("Only because the case will not continue in this court" is the order precluding defendants from disputing "any information provided in any 30(b)(6) deposition" based on two unprepared 30(b)(6) witnesses not affirmed).

As one Court stated "[t]he attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate." *Taylor,* 166 F.R.D at 361-362. "Therefore, if a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change." *Id* at 362-3 (citation omitted). "Otherwise, it is the attorney who is giving evidence, not the party." *Id.* at 363.

14

Rule 37 of the Federal Rules of Civil Procedure also prevents a party from using information not disclosed in interrogatory responses or expert reports, unless there is a substantial justification or the failure to disclose is harmless:

> "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

### B. SRI Should Be Precluded Based On Its Failure To Provide Discovery

In this case, SRI failed to properly prepare its 30(b)(6) witness to testify on information within its control – the dates when it posted *Live Traffic* on its website. ████

████████████████████████████████████████

████████████████████████████████████████

████████████ SRI failed to investigate the facts established by these documents and failed to properly prepare a 30(b)(6) witness. ISS told SRI it would see preclusion. SRI did nothing in response. Therefore, SRI should be precluded from taking a position contrary to the evidence establishing the 102(b) date.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ SRI should not be allowed to manufacture rebuttal contentions through its attorneys that are unsupported by the evidence provided in discovery.

Similarly, SRI should not now be allowed to contend that Defendants' showing that the claims of the patents-in-suit are invalidated by *Live Traffic*. Defendants put forth these contentions as early as November 2005 in their interrogatory responses on invalidity. SRI did not dispute the technical merit of these claims. Defendants' experts also put forth their opinions that *Live Traffic* invalidates the patent claims at issue. In response, SRI's expert merely contended that a few dependent claims were not disclosed by *Live Traffic*. SRI should not be allowed at trial, or in connection with the Defendants' summary judgment motion on invalidity, to set forth contentions that it did not disclose during discovery.

The Federal Rules of Civil Procedure were expressly designed to foster open discovery. Here, SRI tried to obstruct discovery under its control relating to its posting of *Live Traffic* on SRI's publicly available website prior to the 102(b) date. SRI's conduct should not be condoned.

16

## IV.    CONCLUSION

For the foregoing reasons, ISS respectfully requests that the Court grant its

motion to preclude SRI from disputing the documentary evidence that the *Live Traffic*

paper was posted on SRI's website before the November 9, 1997 102(b) date and that ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮    ISS also requests that, based on SRI's failure to provide rebuttal invalidity

positions during discovery, SRI be precluded from disputing that *Live Traffic* invalidates

the claims of the patents-in-suit or, alternatively, from disputing that *Live Traffic*

invalidates any patent claim except those identified by SRI's expert as containing the

elements relating to APIs.


OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Holmes J. Hawkins III
Natasha H. Moffitt                             By:  */s/ David E. Moore*
KING & SPALDING LLP                                  Richard L. Horwitz (#2246)
1180 Peachtree Street                                David E. Moore (#3983)
Atlanta, GA 30309                                    Hercules Plaza 6th Floor
Tel: (404) 572-4600                                  1313 N. Market Street
Fax: (404) 572-5134                                  Wilmington, DE 19801
                                                     rhorwitz@potteranderson.com
Theresa A. Moehlman                                  dmoore@potteranderson.com
KING & SPALDING LLP
1185 Avenue of the Americas                    *Attorneys for Defendants Internet Security*
New York, New York 10036                       *Systems, a Delaware Corporation and Internet*
Tel.: (212) 556-2100                           *Security Systems, a Georgia Corporation*
Fax: (212) 556-2222

Dated:  June 30, 2006
Public Version Dated:  July 11, 2006

740542

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 11, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John Horvath
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on July 11, 2006, I have Electronically Mailed the attached document to the following non-registered participants:

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
pollack@fr.com
curley@fr.com

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014
pgrewal@daycasebeer.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314