# EXHIBIT D

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT
# E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, <br><br> Defendants and Counterclaim-Plaintiffs. | C. A. No.: 04-1199 (SLR) |

## INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, AND SYMANTEC CORPORATION'S NOTICE OF DEPOSITION OF SRI INTERNATIONAL, INC. PURSUANT TO FRCP 30(b)(6)

NOTICE IS HEREBY GIVEN that pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, Defendants and Counterclaim-Plaintiffs Internet Security Systems,

Inc., a Delaware corporation ("ISS-DE"), Internet Security Systems, Inc., a Georgia

corporation ("ISS-GA"), and Symantec Corporation ("Symantec"), through their

undersigned counsel, will take the deposition, by oral examination, of SRI International,

Inc., commencing at 9:00 a.m. on January 4, 2006 at the offices of Day Casebeer Madrid

& Batchelder LLP, 20300 Stevens Creek Boulevard, Suite 400, Cupertino, CA 95014.

The above noticed deposition shall be recorded by stenographic and videographic

means before a notary public or other officer authorized by law to administer oaths, and

will continue from day to day until completed, weekends and

holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."

NOTICE IS HEREBY GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that said deponent is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on behalf of the deponent as to all matters known or reasonably available to it with respect to the topics identified in Schedule A, which is attached hereto, and for each person designated, to set forth the matters on which the person will testify in a written response to be served on or before December 30, 2005.

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000


Attorneys for Defendants
and Counterclaim-Plaintiffs
INTERNET SECURITY SYSTEMS,
INC., a Georgia Corporation and
INTERNET SECURITY SYSTEMS,
INC., a Delaware Corporation

OF COUNSEL:
Holmes J. Hawkins III
Natasha H. Moffitt
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

/s/ Mary B. Matterer
Richard K. Herrmann (#406)
Mary B. Matterer (#2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6800

Attorneys for Defendants
and Counterclaim-Plaintiffs
SYMANTEC CORPORATION

OF COUNSEL:
Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

2

Theresa A. Moehlman
Jeffrey D. Blake
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

711755

## SCHEDULE A

**I.  DEFINITIONS**

     **1.**     As used herein, the singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

     **2.**     As used herein, "all" means "any and all"; "any" means "any and all."

     **3.**     As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

     **4.**     As used herein, "asserted patents" means any patent asserted in this lawsuit that SRI accuses Symantec, ISS-DE or ISS-GA of infringing, including U.S. Patent No. 6,321,338, U.S. Patent No. 6,484,203, U.S. Patent No. 6,708,212, and U.S. Patent No. 6,711,615.

     **5.**     As used herein, "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. "Document" also includes tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail, electronic mail archives, and computer code in any form. A draft, translation or non-identical copy, such as a copy containing comments or notations, is a separate document within the meaning of this term.

     **6.**     As used herein, "EMERALD" means the Event Monitoring Enabling Responses to Anomalous Live Disturbances project referenced in the publication *"EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances,"* by Phillip A. Porras and Peter G. Neumann, 20th NISSC, Oct. 9, 1997.

7.     As used herein, the terms "identify," "identity," and "identification" when used in reference to an individual entity means to state his or her full name, residence and business telephone numbers, present residence and business addresses if known, and his or her present or last known title, position and business affiliation.

8.     As used herein, the terms "identify," "identity," and "identification" when used in reference to a non-individual entity mean to state the name of the entity, its present business address, its present telephone number, and the name, title, business address, and business telephone number of the employee of that entity who is most likely to have knowledge of the facts and circumstances surrounding or constituting the acts or conduct regarding which SRI has identify the entity.

9.     As used herein, "including" means "including but not limited to."

10.    As used herein, "IDES" means the IDES project referenced in the publication "*A Real-Time Intrusion-Detection Expert System (IDES))*" by Teresa Lunt et al., May 16, 1990.

11.    As used herein, "location of documents" means the physical location of original and all duplicate hard-copy documents, and both the physical location and media format of all electronic documents, whether originally created in electronic or paper form.

12.    As used herein, "NIDES" means the NIDES project referenced in the publication "*Statistical Methods for Computer Usage Anomaly Detection Using NIDES (Next-Generation Intrusion Detection Expert System)*" by Alfonso Valdes and Debra Anderson, Jan. 27, 1995.

13.    As used herein, "person" means any natural person and any other cognizable entity, including corporations, proprietorships, partnerships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

14.    As used herein, the terms "policy" and "policies" shall mean policies, established procedures, schedules, rules, or business methods.

5

15.    As used herein, the terms "practice" and "practices" shall mean customary or habitual procedures, schedules, rules, policies, or business methods.

16.    As used herein, "quantity of documents" means the number of individual documents, irrespective of physical or electronic form.

17.    As used herein, "SRI" means plaintiff SRI International, Inc. and the following entities, whether active or retired, full-time or part-time, current or former, compensated or not: its directors, trustees, officers, employees, advisory board members, consultants, agents, attorneys, accountants, representatives, servants, partners, corporate parents, subsidiaries, divisions, predecessors, successors, affiliates, and any joint ventures to which it is or was a party.

18.    As used herein, "SRI custodian" means each individual or system from which SRI has or will produce documents to Symantec. SRI custodians include those named in Gina Steele's 9/19/05 email to Paul Grewal and Renee DuBord Brown and Jonathan Loeb's 11/1/05 and 11/28/05 letters to Gina Steele.

19.    As used herein, "type of documents" means the general format, purpose, and content of an individual document or group of documents, for example: email, publication, spreadsheet, slide presentation, letter, manual, letter, computer code, or web page.

6

## II.    TOPICS FOR DEPOSITIONS

**1.** The location, quantity, and type of all documents possessed by each SRI custodian, including Phillip Porras, Alfonso de Jesus Valdes, and Peter Neumann.

**2.** SRI's custodians' practices and policies for creating, storing and archiving documents each has created or received, including the practices and policies of Phillip Porras, Alfonso de Jesus Valdes, and Peter Neumann.

**3.** SRI's practices and policies for storing and disseminating information on its computer servers and intranets, including mis.sri.com, insider.sri.com, and ftp.csl.sri.com.

**4.** SRI's practices and policies for posting information to websites accessible to individuals not employed by SRI, including www.csl.sri.com, www.sdl.sri.com, and ftp.csl.sri.com, and for archiving or otherwise saving such information.

**5.** The identity of, and job duties and responsibilities for, each person responsible for the conception, design, development, implementation, testing, and/or attempts to commercialize any technology of the IDES, NIDES, or Emerald projects or of any of the asserted patents, including any and all attempts to license intellectual property resulting from the projects or asserted patents. This topic includes, but is not limited to, the people listed on Exhibit A to SRI's Response to Defendant Symantec Corporation's First Set of Interrogatories [Nos. 1-12].

**6.** The dates and circumstances when SRI first made the following publications available on websites accessible to individuals not employed by SRI, including an identification of the website, the person who posted each publication to the website, and the person responsible for the decision to post each publication to the website.

- P. Porras and P. Neumann, "CONCEPTUAL DESIGN AND PLANNING for EMERALD:  Event Monitoring Enabling Responses to Anomalous Live Disturbances," Version 1.2 May 20, 1997, http://www.csl.sri.com/intrusion.html [SRI012308-SRI012404].

7

- P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways," http://www.sdl.sri.com/projects/emerald/live-traffic.html, Internet Society's Networks and Distributed Systems Security Symposium, Nov. 10, 1997 [SYM_P_0068844- SYM_P_0068865].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," 20th NISSC October 9, 1997 [SYM_P_0068831- SYM_P_0068843].

- P. Neumann, P. Porras and A. Valdes, "Analysis and Response for Intrusion Detection in Large Networks," Summary for CMAD Workshop, Monterey, 12-14 November 1996 [SYM_P_00499439- SYM_P_0049940].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances Conceptual Overview," December 18, 1996 [SYM_P_0050335- SYM_P_00503345].

- D. Anderson, T. Frivold, and A. Valdes, "Next-generation Intrusion Detection Expert System (NIDES) A Summary," Computer Science Laboratory, SRI-CSL-95-07, May 1995 [SYM_P_0082283- SYM_P_0082329].

- H.S. Javitz and A. Valdes, "The NIDES Statistical Component Description and Justification," Annual Report A010, SRI Project 3131, Contract N00039-92-C-0015, March 7, 1994 [SYM_P_0078943- SYM_P_0078994].


7.  The dates and circumstances when the documents listed in Topic 6 above were first published and/or disclosed to individuals not employed by SRI.

8

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

<u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on December 16, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

<u>VIA HAND DELIVERY</u>

Timothy Devlin                          Richard K. Herrmann
Fish & Richardson P.C.                   Morris James Hitchens & Williams LLP
919 N. Market Street, Suite 1100         222 Delaware Avenue, 10th Floor
P. O. Box 1114                           P.O. Box 2306
Wilmington, DE  19899                    Wilmington, DE  19899-2306

I hereby certify that on December 16, 2005, I have Faxed and Federal Expressed the attached document to the following non-registered participants:

<u>VIA FEDERAL EXPRESS</u>

Howard G. Pollack                        Paul S. Grewal
Michael J. Curley                        Day Casebeer Madrid & Batchelder LLP
Fish & Richardson P.C.                   20300 Stevens Creek Boulevard
500 Arguello Street, Suite 500           Suite 400
Redwood City, CA  94063                  Cupertino, CA  95014

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314

# EXHIBIT
# F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,            )
a California Corporation,           )
                                    )
          Plaintiff and             )
          Counterclaim-Defendant,   )
                                    )
          v.                        )      C. A. No.: 04-1199 (SLR)
                                    )
INTERNET SECURITY SYSTEMS, INC.,    )
a Delaware Corporation, INTERNET    )
SECURITY SYSTEMS, INC., a Georgia   )
Corporation, and SYMANTEC           )
CORPORATION, a Delaware Corporation, )
                                    )
          Defendants and            )
          Counterclaim-Plaintiffs.  )

## NOTICE OF DEPOSITION OF SRI INTERNATIONAL, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

TO:    Timothy Devlin                 Howard G. Pollack
       Fish & Richardson P.C.         Michael J. Curley
       919 Market Street, Suite 1100  Fish & Richardson P.C.
       P.O. Box 1114                  500 Arguello Street, Suite 500
       Wilmington, DE 19899           Redwood City, CA 94063

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants and Counterclaim-Plaintiffs Internet Security Systems, Inc.,

a Georgia corporation ("ISS-GA"), Internet Security Systems, Inc., a Delaware

corporation ("ISS-DE"), and Symantec Corporation ("Symantec"), through its

undersigned counsel, will take the deposition by oral examination of Plaintiff and

Counterclaim-Defendant SRI International, Inc. ("SRI") on the topics set forth in the

attached Schedule A, through one or more of its officers, directors, or managing agents,

or other persons designated by SRI to testify on its behalf commencing on January 19,

2006 at 9:00 a.m.  ISS-GA, ISS-DE and Symantec request that SRI provide written

notice, at leave five business days in advance of the deposition, of: (1) the name(s) of each designee who has consented to testify on behalf of SRI; (2) the job title of each such person(s); and the topics set forth in Schedule A on which each such person(s) will testify.

The deposition will take place at the offices of Day Casebeer Madrid & Batchelder LLP, 20300 Stevens Creek Boulevard, Suite 400, Cupertino, CA 95014, or at such other time and place as may be agreed to by counsel. The deposition will be taken before an officer authorized by the laws of the United States to administer oaths and will be recorded by stenographic and videographic means. The deposition will continue from day to day until completed, weekends and holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE  19899
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendants*
*And Counterclaim-Plaintiffs*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Delaware Corporation, and*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Georgia Corporation*

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Jeffrey D. Blake
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

Dated:  December 22, 2005

MORRIS JAMES HITCHENS & WILLIAMS LLP

By:  /s/ Richard K. Hermann
      Richard K. Hermann (#406)
      222 Delaware Avenue, 10th Floor
      P.O. Box 2306
      Wilmington, DE 19899
      Tel: (302) 888-6800
      rhermann@morrisjames.com

*Attorneys for Defendants*
*and Counterclaim-Plaintiffs*
*SYMANTEC CORPORATION*

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110

## SCHEDULE A

### DEFINITIONS

A.     "SRI" means plaintiff and counterclaim-defendant SRI International, Inc.,
including its subsidiary companies, predecessors, successors, parents, divisions, affiliates
and joint ventures to which it is or was a party as well as its current or former officers,
directors, employees, attorneys, agents, consultants, accountants, servants, partners and
representatives.

B.     "ISS-GA" means defendant and counterclaim-plaintiff Internet Security
Systems, Inc., a Georgia corporation, including its subsidiary companies, predecessors,
successors, parents, divisions, affiliates and joint ventures to which it is or was a party as
well as its current or former officers, directors, employees, attorneys, agents, consultants,
accountants, servants, partners and representatives.

C.     "ISS-DE" means defendant and counterclaim-plaintiff Internet Security
Systems, Inc., a Delaware corporation, including its subsidiary companies, predecessors,
successors, parents, divisions, affiliates and joint ventures to which it is or was a party as
well as its current or former officers, directors, employees, attorneys, agents, consultants,
accountants, servants, partners and representatives.

D.     "Symantec" means defendant and counterclaim-plaintiff Symantec
Corporation, including its subsidiary companies, predecessors, successors, parents,
divisions, affiliates and joint ventures to which it is or was a party as well as its current or
former officers, directors, employees, attorneys, agents, consultants, accountants,
servants, partners and representatives.

E.    The "asserted patents" means U.S. Patents Nos. 6,321,338, 6,484,203, 6,708,212 and 6,711,615.

F.    The term "EMERALD" means the Event Monitoring Enabling Responses To Anomalous Live Disturbances project referenced in the article "EMERALD: Event Monitoring Enabling Responses To Anomalous Live Disturbances," authored by Phillip A. Porras and Peter G. Neumann, 20th NISCC, October 9, 1997.

G.    The term "DARPA" means "the United States Department of Defense Advanced Research Projects Agency."

H.    The term "Rome Labs" means "the United States Air Force Research Laboratory" and/or the "Rome Research Site" located in Rome, New York.

I.    The term "SPAWAR" means "the Department of the Navy, Space and Warfare Systems Command."

J.    "Foreign Counterpart Application" means any patent application filed anywhere in the world outside the United States that claims priority in whole or in part from an application that resulted in a given patent, that is the basis for a claim of priority in whole or in part (including without limitation claims of benefits under 35 U.S.C. §§ 119(e) or 120) for a given patent, or that discloses the same subject matter as a given patent.

K.    "Related Application" means any application that: (1) is a parent, child or ancestral application related in any way to a given patent; (b) is a continuation application, continuation-in-part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, provisional application, or abandoned application of such patent or the application that led to such patent; (c) claims

priority in whole or in part from such patent or the application that led to such patent; (d) is the basis for a claim of priority in whole or in part (including claims of benefit under 35 U.S.C. §§ 119(e) or 120) for a given patent; or (e) shares subject matter with a given patent.

      L.    "Related Patent" means any patent that issued from any Related Application.

      M.    The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. "Document" also includes tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail, electronic mail archives, and computer code in any form. A draft, translation or non-identical copy, such as a copy containing comments or notations, is a separate document within the meaning of this term.

      N.    Documents that "refer or relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

      O.    The term "concerning" means referring to, relating to, describing, evidencing or constituting.

      P.    "Any" and "all" shall be construed individually to mean each and every.

Q.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

R.    As used herein, the terms "identify," "identity," and "identification" when used in reference to an individual entity means to state his or her full name, residence and business telephone numbers, present residence and business addresses if known, and his or her present or last known title, position and business affiliation.

S.    As used herein, "including" means "including but not limited to."

T.    As used herein, the terms "policy" and "policies" shall mean policies, established procedures, rules, or business methods.

U.    As used herein, the terms "practice" and "practices" shall mean customary or habitual procedures, schedules, policies, or business methods.

V.    The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

## DEPOSITION TOPICS

1.      The date(s) and circumstances of the conception of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the asserted patents.

2.      The date(s) and circumstances of the reduction to practice of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates the date(s) of the reduction to practice of the subject matter claimed in the asserted patents.

3.      Any and all diligence in the reduction to practice of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the asserted patents.

4.      The structure, function and operation of the first actual reduction to practice of each claim of the asserted patents.

5.      The mode of practicing each claim of the asserted patents that was considered the best mode on November 8, 1998.

6.      The publication or making available to the public of the subject matter claimed in the asserted patents on or before November 8, 1997.

7.      The preparation and submission of any and all invention disclosure(s) during the prosecution of the applications of the asserted patents and of any and all related applications.

8.    All prior art identified by anyone associated with SRI in connection with any analysis or consideration of the claims of the asserted patents or any related patents or patent applications.

9.    All activities related to prior art searches conducted for each of the claims of the asserted patents or any related patents or related applications.

10.    SRI's ownership of and/or interest in the asserted patents, including, without limitation, all assignments of the asserted patents.

11.    Any analysis or testing of any product to determine whether the product falls within the scope of any claim of the asserted patents, including any analysis or testing of ISS-GA products or Symantec products.

12.    The research, design, development, implementation and testing of any products, software or systems embodying any of the claims of the asserted patents, including, without limitation, the research, design, development, implementation and testing of any technology, product, software, system or component of EMERALD.

13.    Any product, software or system demonstrated, sold, offered for sale or licensed prior to November 9, 1998 which embodies the subject matter of any claim of the asserted patents.

14.    The first demonstration, first use and first sale of any technology, product, software, system or component that embodies or implements the subject matter claimed in the asserted patents.

15.    The identification, features and functionality of all products, software, components, systems or other technology sold or offered for sale that embody or implement any claim of the asserted patents.

16.    All attempts to sell or otherwise commercialize products, software or systems embodying any claim of the asserted patents, including, without limitation, all efforts to sell, offer to sell, or otherwise commercialize any technology resulting from EMERALD, including an identification of when SRI began marketing and/or selling such products, software or systems and the financial results (e.g., revenues, costs or profits), actual or projected, attributable to such products, software or systems.

17.    All licenses, attempts to license, or offers to license any products, software or systems embodying any claim of the asserted patents, including, without limitation, all proposed or actual licensing of any technology resulting from EMERALD, including an identification of when SRI began licensing such products.

18.    All royalties or other payments made to SRI in connection with the sales or licensing of any products, software or systems embodying any claim of the asserted patents, including, without limitation, all proposed or actual licensing of any technology resulting from EMERALD.

19.    The identity of each customer or licensee of EMERALD, and the price paid by each such customer for EMERALD or a license to EMERALD.

20.    The content and purpose of any advertising or marketing materials created by SRI concerning or related to EMERALD.

21.    The effect of the sales of EMERALD, by SRI or any of its licensees, on the sales and profits of any other SRI products, software, systems and/or services.

22.    The cost savings, expenditure reductions, price reductions or other economic benefits realized by SRI customers or licensee, either directly or indirectly, related to their use, implementation and/or availability of EMERALD.

23.    All licenses, offers to license, or attempts to license one or more of the asserted patents, any related patents to the asserted patents or any foreign patents or foreign patent applications corresponding in whole or in part to any of the asserted patents, including, without limitation, an identification of all entities that are licensed under any such licenses and the terms of any such licenses, including whether such licenses are exclusive or non-exclusive, whether the payment terms involve an upfront, fully paid royalty or a running royalty, and the actual payment terms.

24.    All facts and circumstances surrounding any offers received by or attempts made by SRI to license and/or sell the asserted patents and any documents related to such attempts or offers received.

25.    All royalties or other payments made to SRI in connection with the licensing of any of the asserted patents, any related patents to the asserted patents or any foreign patents or foreign patent applications corresponding in whole or in part to any of the asserted patents.

26.    SRI's patent and technology licensing policies or practices at all times from 2001 to the present, including any licensing guidelines developed and/or employed by SRI.

27.    The identity of any other patents assigned to or held by SRI, whether or not SRI has ever licensed or attempted to license such patents, and the terms of such patent licenses, including the patents and/or technology at issue, the rates charged, and the basis and nature of payment (i.e., lump sum, metered, running royalty).

28.    The identity of all licenses made or taken by SRI for intellectual property related to network intrusion detection products, software, systems and/or services, and the

terms of all such licenses including, but not limited to, whether such licenses are exclusive or non-exclusive, whether the payment terms involve an upfront, fully paid royalty or a running royalty, and the actual payment terms.

29.    Identification of all contracts between SRI and (1) the United States Government, (2) DARPA, (3) Rome Labs or (4) SPAWAR relating to the design and development of intrusion detection systems, including, without limitation, contract nos. F30602-96-C-0187, F30602-96-C-0294, F30602-96-C-0325, F30602-98-C-0059, F30602-02-C-0024 and N00039-92-C-0015, all funding received by SRI under such contracts, all work performed by SRI under any such contracts, all deliverables made by SRI under such contracts, and the United States Government personnel responsible for awarding, monitoring, supervising, and evaluating such contracts.

30.    Identification of any and all materials concerning NIDES or EMERALD on any SRI website accessible to persons not employed by SRI on or before November 9, 1998.

31.    Identification of all disclosures to persons not employed by SRI of EMERALD, or any technology resulting from EMERALD, on or before November 9, 1998, including an identification of the date of each such disclosure, the person making the disclosure and the person to whom the disclosure was made.

32.    Identification of any and all collaborations between SRI and third parties relating to any intrusion detection research and development that started on or before November 9, 1998, including collaborations with MCNC on the JiNao system, the dates of such collaborations and the persons involved in such collaborations.

33.    Any opinions, oral or written, concerning the infringement/non-infringement, validity/invalidity, enforceability/unenforceability, patentability, scope or interpretation of the asserted patents.

34.    Any valuations of any or all of the asserted patents.

35.    All facts and circumstances that support or detract from any contention that SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies are or were at any time competitors in the field of network intrusion detection products, software or systems.

36.    The identity of all businesses or entities for which SRI allegedly competed with either ISS-GA, ISS-DE, Symantec or Recourse Technologies to sell or license intrusion detection products, software or systems and, for each such entity, the outcome of that competition and any reasons communicated to SRI for that outcome.

37.    The identity of all documents demonstrating that SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies competed to sell or license intrusion detection products, software, systems and/or services.

38.    All facts and circumstances that support or detract from any contention that any of ISS-GA, ISS-DE or Symantec "was notified of the infringement" of any of the asserted patents, as that phrase is used in 35 U.S.C. § 287(a), before the present suit was filed.

39.    All communications, whether written or verbal, between SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies concerning any of the asserted patents or any infringement of the asserted patents prior to the filing of the present suit.

40.     All communications, whether written or verbal, between SRI and any third-parties concerning any of the asserted patents, the infringement, validity or enforceability of those patents, damages or any other issue in this litigation.

41.     All facts and circumstances concerning any decision by SRI to mark any of its products with the number of any of the asserted patents, including, without limitation, an identification of the features and functionalities in those products covered by any claim in any of the asserted patents, an identification of when such features and functionalities were implemented in any product by SRI, and an identification of what preceded the incorporation of these features and functions (i.e., whether the feature or function was merely absent from the predecessor product or whether it was accomplished through other means).

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

     I, David E. Moore, hereby certify that on December 22, 2005, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

### VIA HAND DELIVERY

Timothy Devlin
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

     I hereby certify that on December 22, 2005, I have Faxed and Federal Expressed the attached document to the following non-registered participants:

### VIA FEDERAL EXPRESS

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314

EXHIBIT
G

**DAY CASEBEER**
**MADRID & BATCHELDER LLP**

Jonathan Loeb
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Direct Dial: (408) 342-4545
jloeb@daycasebeer.com

**KING & SPALDING LLP**

Jeffrey Blake
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2177
jblake@kslaw.com

January 11, 2006

VIA FACSIMILE & U.S. MAIL

Katherine D. Prescott
Fish & Richardson
500 Arguello Street
Suite 500
Redwood City, CA 94063

**Re:**    *SRI International, Inc., v. Internet Security Systems, Inc., and Symantec Corporation*

Dear Katie:

Further to Mary Matterer's January 9 email to John Horvath, Symantec and ISS will depose Phil
Porras on February 9 and 10 at Day Casebeer's Cupertino office. But, as we discussed on
January 5th, two days of deposition is insufficient for Symantec and ISS to depose Mr. Porras
both in his personal capacity and as SRI's 30(b)(6) designee on 13 topics. Symantec and ISS
noticed the personal deposition of Mr. Porras, an inventor of the patents-in-suit, for two days, as
they are entitled by the Court's scheduling order. Subsequently, SRI designated him as their
representative for 13 30(b)(6) topics. Symantec and ISS will need at least one additional day for
Mr. Porras in order to complete both his personal deposition and the 30(b)(6) deposition.
Accordingly, please provide an additional date of availability for Mr. Porras.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Jonathan Loeb

JL:par

KING & SPALDING LLP

Jeffrey Blake

BY JDL

270769-1

# EXHIBIT
# H

**DAY CASEBEER**
**MADRID & BATCHELDER LLP**

Jonathan Loeb
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Direct Dial: (408) 342-4545
jloeb@daycasebeer.com

**KING & SPALDING LLP**

Jeffrey Blake
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2177
jblake@kslaw.com

January 18, 2006

VIA FACSIMILE & U.S. MAIL

Katherine D. Prescott
Fish & Richardson
500 Arguello Street
Suite 500
Redwood City, CA 94063

Re:     *SRI International, Inc., v. Internet Security Systems, Inc., and Symantec Corporation*

Dear Katie:

We are disappointed that you have refused to schedule a deposition day for topics 6 and 7 from
Defendants' first 30(b)(6) deposition notice and topics 6, 8, 10, 12, 14, 15, 31, 32, 39, and 41 of
Defendants' second 30(b)(6) deposition notice. As we explained in our January 11 letter to you,
irrespective of SRI's designation of Mr. Porras as its 30(b)(6) representative for these extensive
topics, Symantec and ISS are entitled to two full days of deposition of Mr. Porras in his personal
capacity as inventor of all four patents-in-suit. Likewise, Mr. Porras' importance as a percipient
witness cannot foreclose our ability to fully examine him as SRI's chosen representative. It is
improper for SRI to "wait and see" whether two days is "enough" examination of Mr. Porras.
Your position is inconsistent with the Court's Scheduling Order and is fundamentally unfair to
Symantec and ISS. The Order allows two days deposition of an inventor and contemplates no
limits on 30(b)(6) depositions other than the total number of deposition hours. Your position is
also inconsistent with your willingness to offer a second day of deposition of Mr. Bercow,
another fact and 30(b)(6) witness.

SRI may not hamper ISS and Symantec's ability to elicit SRI's testimony by designating an
important fact witness to testify on its behalf. Even if the Defendants could be sure that SRI will
eventually proffer a witness on these 30(b)(6) topics — which we cannot given your current
stance — SRI would still be unfairly interfering with the Defendants' ability to sequence and
implement their properly-noticed discovery as they see fit. This is especially true given the fast-
approaching deadline for fact discovery.

274248-1

Katherine D. Prescott
January 18, 2006
Page 2

Since Symantec and ISS have noticed two days personal deposition of Mr. Porras, if SRI would like Mr. Porras to represent it as its 30(b)(6) deponent, it must schedule another date for his deposition on the 30(b)(6) topics for which SRI has designated him. If SRI fails to offer potential dates for such a deposition day by January 20, Symantec and ISS will consider your silence a refusal to provide a 30(b)(6) witness on topics 6 and 7 from Defendants' first 30(b)(6) deposition notice and topics 6, 8, 10, 12, 14, 15, 31, 32, 39, and 41 of Defendants' second 30(b)(6) deposition notice. Should SRI take the incorrect position that the time allotted by the Court for his personal deposition is sufficient for both Mr. Porras' personal testimony and his testimony on SRI's behalf, then Symantec and ISS will of course operate under the same principle, and require SRI to complete both personal and 30(b)(6) depositions of each of their witnesses within a seven-hour period. As an example, Symantec designates Jeremy Bennett to represent Symantec on SRI's 30(b)(6) topics 3-5 and 7-12. Under SRI's procedure, SRI would only be entitled to seven hours to complete both his noticed personal deposition and these 30(b)(6) topics.

Katie, given the foregoing, we hope that SRI reconsiders, so that each of the parties can take the deposition discovery to which they are entitled under the Court's Order.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Jonathan Loeb

JL:par

KING & SPALDING LLP

Jeffrey Blake

*Jeffrey Blake by JDL*

# EXHIBIT
# I

# KING & SPALDING LLP

1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Jeffrey Blake
Direct Dial: 212.556.2177
Direct Fax: 212.556.2222
jblake@kslaw.com

January 13, 2006

**VIA FACSIMILE AND U.S. MAIL**

Katherine D. Prescott
Fish & Richardson P.C.
500 Arguello Street, suite 500
Redwood City, CA 94063

**Re:** *SRI International, Inc. v. Internet Security Systems, Inc., et al.*

Dear Katie:

SRI has designated David Gutelius to testify on SRI's behalf on topics 3 and 4 of Defendants' 12/16/05 30(b)(6) deposition notice and topic 30 of Defendants' 12/22/06 30(b)(6) deposition notice. Those topics respectively relate to (1) SRI's practices and policies for storing and disseminating information on its computer servers and intranets; (2) SRI's practices and policies for posting information to websites accessible to individuals not employed by SRI; and (3) all materials concerning NIDES or EMERALD available on any SRI website accessible to persons not employed by SRI on or before November 9, 1998.

As topic 30 suggests, a significant amount of Defendants' questions on these three topics will relate to the pre-November 9, 1998 time period. This raises a concern about SRI's designation of Mr. Gutelius since he indicated in a July 27, 2000 e-mail that he was "new to SRI" as of that date. (See SRIE 0236693-94.) There would be little reason to proceed with Mr. Gutelius as SRI's designee if he will claim during the deposition that he only started working at SRI in 2000, and is thus unable to speak to SRI's knowledge on these topics during the time period of most interest to the Defendants. Please confirm that Mr. Gutelius will be prepared to testify on topics 3, 4, and 30 for all relevant time periods, including the period on or before November 9, 1998.

Sincerely,

Jeffrey Blake

JB:er

cc:    Jonathan Loeb (by facsimile)