# EXHIBIT
# J

**DAY CASEBEER**
**MADRID & BATCHELDER LLP**

**KING & SPALDING LLP**

Jonathan Loeb
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Direct Dial: (408) 342-4545
jloeb@daycasebeer.com

Jeffrey Blake
1180 Peachtree St. NE
Atlanta, GA 30309
Telephone: (404) 572-2582
jblake@kslaw.com

March 20, 2006

VIA FACSIMILE & U.S. MAIL

Katherine D. Prescott
Fish & Richardson
500 Arguello Street
Suite 500
Redwood City, CA 94063

**Re:** *SRI International, Inc., v. Internet Security Systems, Inc., and Symantec Corporation*

Dear Katie:

We write concerning the Porras 30(b)(6) deposition scheduled for March 30. Please confirm that Mr. Porras will be prepared to testify on the following topics of Defendants' December 19 Notice:

3.  SRI's practices and policies for storing and disseminating information on its computer servers and intranets, including mis .sri.com, insider.sri.com, and ftp.csl.sri.com.

4.  SRI's practices and policies for posting information to websites accessible to individuals not employed by SRI, including www.csl.sri.com, www.sdl.sri.com, and ftp.csl.sri.com, and for archiving or otherwise saving such information.

*As we stated in our February 15, 2006 letter to you, with respect to topics 3 and 4, Mr. Blake was informed by Michael Curley on January 19 that Phillip Porras would be SRI's designee on those topics, as well as second notice topic 30, to the extent they relate to documents or information about NIDES or EMERALD that existed on or before November 9, 1998. Furthermore, Dr. Gutelius admitted during his deposition that he was not competent to testify on topics 3 and 4 during the relevant time frame.*

5.  The identity of, and job duties and responsibilities for, each person responsible for the conception, design, development, implementation, testing, and/or attempts to commercialize any technology of the IDES, NIDES, or Emerald projects or of

Katie D. Prescott
March 20, 2006
Page 2

any of the asserted patents, including any and all attempts to license intellectual property resulting from the projects or asserted patents. This topic includes, but is not limited to, the people listed on Exhibit A to SRI's Response to Defendant Symantec Corporation's First Set of Interrogatories [Nos. 1-12].

      6.    The dates and circumstances when SRI first made the following publications available on websites accessible to individuals not employed by SRI, including an identification of the website, the person who posted each publication to the website, and the person responsible for the decision to post each publication to the website.

- P. Porras and P. Neumann, "CONCEPTUAL DESIGN AND PLANNING for EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," Version 1.2 May 20, 1997, http://www.csl.sri.com/intrusion .html [SRI012308-SRI012404].

- P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways," http://www.sdl.sri.com/projects/emerald/live-traffic.html, Internet Society's Networks and Distributed Systems Security Symposium, Nov . 10, 1997 [SYM P 0068844- SYM P 0068865].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," 20th NISSC October 9, 1997 [SYM P 0068831- SYM P 0068843].

- P. Neumann, P. Porras and A. Valdes, "Analysis and Response for Intrusion Detection in Large Networks," Summary for CMAD Workshop, Monterey, 12-14 November 1996 [SYM_P 00499439- SYM P 0049940] .

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances Conceptual Overview," December 18, 1996 [SYM P 0050335- SYM P 00503345].

- D. Anderson, T. Frivold, and A. Valdes, "Next-generation Intrusion Detection Expert System (NIDES) A Summary," Computer Science Laboratory, SRICSL-95-07, May 1995 [SYM P 0082283- SYM P 0082329].

- H.S. Javitz and A. Valdes, "The NIDES Statistical Component Description and Justification," Annual Report A010, SRI Project 3131, Contract N00039- 92-C-0015, March 7, 1994 [SYM P 0078943- SYM P 0078994].

Katie D. Prescott
March 20, 2006
Page 3

      7.     The dates and circumstances when the documents listed in Topic 6 above were first published and/or disclosed to individuals not employed by SRI .

Please also confirm that Mr. Porras will be prepared to testify on the following topics of Defendants' December 22 Notice:

      1.     The date(s) and circumstances of the conception of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the asserted patents.

      2.     The date(s) and circumstances of the reduction to practice of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates the date(s) of the reduction to practice of the subject matter claimed in the asserted patents.

      3.     Any and all diligence in the reduction to practice of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the asserted patents.

      4.     The structure, function and operation of the first actual reduction to practice of each claim of the asserted patents.

      5.     The mode of practicing each claim of the asserted patents that was considered the best mode on November 8, 1998.

      *With respect to topic 5, ISS and Symantec expect Mr. Porras to be fully prepared and have specific and detailed knowledge on the contents of the appendix filed with the patents-in-suit in order to be able to adequately address this topic.*

      6.     The publication or making available to the public of the subject matter claimed in the asserted patents on or before November 8, 1997.

      8.     All prior art identified by anyone associated with SRI in connection with any analysis or consideration of the claims of the asserted patents or any related patents or patent applications.

      10.     SRI's ownership of and/or interest in the asserted patents, including, without limitation, all assignments of the asserted patents.

Katie D. Prescott
March 20, 2006
Page 4

14.     The first demonstration, first use and first sale of any technology, product, software, system or component that embodies or implements the subject matter claimed in the asserted patents.

15.     The identification, features and functionality of all products, software, components, systems or other technology sold or offered for sale that embody or implement any claim of the asserted patents.

29.     Identification of all contracts between SRI and (1) the United States Government, (2) DARPA, (3) Rome Labs or (4) SPAWAR relating to the design and development of intrusion detection systems, including, without limitation, contract nos. F30602-96-C-0187, F30602-96-C-0294, F30602-96-C-0325, F30602-98-C-0059, F30602-02-C-0024 and N00039-92-C-0015, all funding received by SRI under such contracts, all work performed by SRI under any such contracts, all deliverables made by SRI under such contracts, and the United States Government personnel responsible for awarding, monitoring, supervising, and evaluating such contracts.

*With respect to topic 29, Mr. Johnston was not prepared to provide testimony on the part of this topic concerning "deliverables made by SRI under such contracts." In response to our concerns over Mr. Johnston's inability to provide testimony, counsel for SRI offered Mr. Porras to testify on this topic.*

30.     Identification of any and all materials concerning NIDES or EMERALD on any SRI website accessible to persons not employed by SRI on or before November 9, 1998.

31.     Identification of all disclosures to persons not employed by SRI of EMERALD, or any technology resulting from EMERALD, on or before November 9, 1998, including an identification of the date of each such disclosure, the person making the disclosure and the person to whom the disclosure was made.

32.     Identification of any and all collaborations between SRI and third parties relating to any intrusion detection research and development that started on or before November 9, 1998, including collaborations with MCNC on the JiNao system, the dates of such collaborations and the persons involved in such collaborations.

39. All communications, whether written or verbal, between SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies concerning any of the asserted patents or any infringement of the asserted patents prior to the filing of the present suit.

41.     All facts and circumstances concerning any decision by SRI to mark any of its products with the number of any of the asserted patents, including, without limitation, an identification of the features and functionalities in those products covered

Katie D. Prescott
March 20, 2006
Page 5

by any claim in any of the asserted patents, an identification of when such features and functionalities were implemented in any product by SRI, and an identification of what preceded the incorporation of these features and functions (i.e., whether the feature or function was merely absent from the predecessor product or whether it was accomplished through other means).

Symantec and ISS are entitled to detailed and complete testimony in response to each and every one of these properly-noticed 30(b)(6) topics. Because of the extensive list of topics for which SRI has designated Mr. Porras, and because of Mr. Porras' verbose answers in deposition, we forsee that Mr. Porras' 30(b)(6) deposition may require more than a single seven-hour day to complete.

Sincerely,

DAY CASEBEER
MADRID & BATCHELDER LLP

Jonathan Loeb

JDL:mp

KING & SPALDING LLP

Jeffrey Blake

# EXHIBIT
# K

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT
# L

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT
# M

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT N



www.archive.org
415.561.6767
415.840.0391 e-fax

mail:
Internet Archive
PO Box 29244
San Francisco, CA
94129-0244

ship:
Internet Archive
116 Sheridan Avenue
Presidio of San Francisco
San Francisco, CA  94129

_____

# AFFIDAVIT OF PAUL HICKMAN

1. I am the Office Manager at the Internet Archive, located at the Presidio of San Francisco, California. I make this declaration of my own personal knowledge.

2. The Internet Archive is a website that provides access to a digital library of Internet sites and other cultural artifacts in digital form. Like a paper library, we provide free access to researchers, historians, scholars, and the general public.. The Internet Archive is affiliated with and receives support from various institutions, including the Library of Congress.

3. The Internet Archive has created a service known as the Wayback Machine. The Wayback Machine makes it possible to surf more than 55 billion pages stored in the Internet Archive's web archive. Visitors to the Wayback Machine can type in a URL (i.e., a website address), select a date range, and then begin surfing on an archived version of the Web. The links on the archived files, when served by the Wayback Machine, point to other archived files (whether HTML pages or images). If a visitor clicks on a link on an archived page, the Wayback Machine will serve the archived file with the closest available date to the originally requested page.

4. The Internet Archive receives data from third parties who compile the data by using software programs known as crawlers that surf the Web and automatically store copies of website files at certain points in time as they existed at that point in time. This data is donated to the Internet Archive, which preserves and provides access to it.

5. The Internet Archive assigns a URL on its site to the archived files in the format http://web.archive.org/web/[Year in yyyy][Month in mm][Day in dd][Time code in hh:mm:ss]/[Archived URL]. Thus, the Internet Archive URL http://web.archive.org/web/19970126045828/http://www.archive.org/ would be the URL for the record of the Internet Archive home page HTML file (http://www.archive.org/) archived on January 26, 1997 at 4:58 a.m. and 28 seconds (1997/01/26 at 04:58:28). Typically, a printout from a Web browser will show the URL in the footer. The date assigned by the Internet Archive applies to the HTML file but not to image files linked therein. Thus images that appear on the printed page may not have been archived on the same date as the HTML file. Likewise, if a website is designed with "frames," the date assigned by the Internet Archive applies to the frameset as a whole, and not the individual pages within each frame.

6. Attached hereto as Exhibit A are true and accurate copies of printouts of the Internet Archive's records of the HTML files archived from the URLs and the dates specified in the footer of the printout.

7. I declare under penalty of perjury that the foregoing is true and correct.

DATE: _4/17/06_

Paul Forrest Hickman

ISS_02125903

# Golden State Notary Acknowledgment Form

State of California
County of _San Francisco._   } ss.

On _April #17th_ before me, _David Ryan_
personally appeared _Paul Forrest Hickman_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary

DAVID RYAN
COMM. # 1648323
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Commission Expires
February 19, 2010

_Affidavit Paul Hickman._   Notes   _Ackknah_.

Please provide information about the document that this form is attached to
***This is not required under California State notary public law ***

ISS_02125904

# The EMERALD Project
## Current Downloads as of
## (9/4/97)

| | |
|---|---|
| January 5 1997 | EMERALD: Conceptual Overview Statement (1.5 pgs) |
| Sept. 4 1997 | • EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances (To appear in the 1997 National Information Systems Security Conference) (HTML)<br><br>• EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances (To appear in the 1997 National Information Systems Security Conference) (Postcript) |
| Nov. 10 1997 | • Live Traffic Analysis of TCP/IP Gateways (HTML)<br><br>• Live Traffic Analysis of TCP/IP Gateways (To appear in the 1998 Internet Society Symposium on Network and Distributed System Security, March 1998) (Postcript) |

Hot

ISS_02126097

# EXHIBIT
# O

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

Renee DuBord Brown
(408) 342-4551
rbrown@daycasebeer.com

April 4, 2006

VIA FACSIMILE & U.S. MAIL

Howard Pollack
Fish & Richardson, PC
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re:  *SRI International, Inc., v. Internet Security Systems, Inc., and Symantec Corporation*
     *USDC-D. Del. – Case No. 04-1199-SLR*

Dear Howard:

I write to protest the inadequate preparation of Mr. Phillip Porras to testify on behalf of SRI for the topics on which he was designated. Below I have highlighted some examples of Mr. Porras's lack of preparation. In general, it was unrealistic for SRI to believe Mr. Porras could be prepared to testify on 21 different topics by a single meeting with counsel lasting only several hours. [Porras Tr. 13 (rough transcript citations used throughout)].

Topics 5 and 6
   - Mr. Porras did not speak to anyone other than attorneys about whether or not the documents listed in the 30(b)(6) notice were posted. [Porras Tr. 20].
   - Mr. Porras claimed SRI had performed its own internal investigation and was unable to determine when, if ever, any of the documents listed in the 30(b)(6) notice were posted to the website. However, he was unable to describe any of the details of this investigation. [Porras Tr. 27].
   - Mr. Porras had not reviewed in preparation for his deposition numerous documents in SRI's own production indicating certain of the listed documents were posted on SRI's website. Mr. Porras repeatedly stated in response to being shown such documents that he simply didn't know when the documents listed in Symantec's 30(b)(6) notice were posted. *See* Porras Tr. 82 (NIDES documents that Mr. Porras himself prepared); Porras Tr. 109-120 (Live Traffic Analysis).
   - Mr. Porras testified that an SRI investigation about the "Summary for CMAD Workshop" document revealed that SRI had no information on whether this document was distributed at the CMAD conference. Mr. Porras further testified this investigation included a discussion with Mr. Neumann about the document. [Porras Tr. 38-39, 66, 70]. The very next day in

325156

DAY CASEBEER
MADRID & BATCHELDER LLP

Howard Pollack
April 4, 2006
Page 2

his deposition, Mr. Neumann stated this document <u>was</u> distributed at the CMAD conference. [Neumann Tr. 69, 71].

- Mr. Porras had no knowledge of SRI's procedures regarding the requesting of hardcopy documents listed on SRI's website, and did not even appear to know that the report SRI-CSL-95-07 was listed on SRI's website. Mr. Porras had made no effort to investigate SRI's procedures for providing such documents. [Porras Tr. 71-72]. This lack of preparation is completely improper given that the documents Mr. Porras was questioned about were shown to Mr. Valdes at his deposition over a week ago. [Valdes Tr. 415-19].

Topic 31 (disclosures of Emerald)
- Mr. Porras made no effort to review even his own folder of presentations on Emerald in preparation for his testimony. [Porras Tr. 43-44].

Topics 2, 4 and 5 (reduction to practice and best mode)
- Mr. Porras testified that he did not go back and look at any actual source code in order to prepare for his deposition. [Porras Tr. 155]. Mr. Porras only looked at the filed Appendix, and was unable to testify as to exactly when even that source code existed. [Porras Tr. 204-06]. Had Mr. Porras looked at the original source code files, which are maintained by SRI in version control format, he would have been able to answer questions about the actual dates on which such files existed.
- In particular, Mr. Porras had not even been shown source code files already shown to other SRI deponents. [Porras Tr. 192-94]. Thus, Mr. Porras was completely unprepared to testify as to when embodiments of certain functionality <u>were actually created</u>. [*See, e.g.* Porras Tr. 169-70, 216-17 (regarding his lack of knowledge on etcpgen); Porras Tr. 177-78 (regarding his lack of preparation on eresolve); Porras Tr. 207-11, 217, 222-23, 226-28 (regarding his lack of preparation on various expert engine files)].
- Mr. Porras did not speak to Mr. Valdes, Mr. Skinner, or Mr. Fong in preparation for his deposition, and indeed could not even recall who he spoke to "several months ago" in a meeting regarding interrogatory responses. [Porras Tr. 160-61].

Topic 39 (communications with Recourse)
- Mr. Porras spoke to no one else at SRI regarding communications with Recourse. [Porras Tr. 233]. He was only able to testify on this topic from his own personal recollection.

Topic 14 (first demonstration, use and sale)
- Mr. Porras was completely unprepared to testify about a network intrusion detection system SRI apparently sold to Japan sometime in 1996. Documents indicating the existence of this system were shown on Mr. Valdes during his deposition [Valdes Tr.

325156

DAY CASEBEER
MADRID & BATCHELDER LLP

Howard Pollack
April 4, 2006
Page 3

474-84], but no one from SRI investigated this system in any way or even showed Mr.
Porras these documents. Mr. Porras was unable to testify as to whether this system
embodied the subject matter claimed, and suggested that the project file for the system
needed to be reviewed to gather further information about the system. [Porras Tr. 253-
58]. Symantec requests that SRI immediately perform an investigation into the details
of this system and produce other relevant documents in SRI's possession to the extent
they have not already been produced.

Topic 10 (SRI's ownership of the patents)
-    Mr. Porras made no specific inquiry or investigation about whether or not the
     government owns any rights to the patents-in-suit. [Porras Tr. 259-62].

Symantec would like to meet and confer with SRI as soon as possible to discuss scheduling an
adequately prepared witness to testify on the topics for which Mr. Porras was unprepared. In
addition, the time Symantec wasted establishing Mr. Porras's inadequate preparation will not be
counted against Symantec's total deposition time in this litigation.

Regards,

DAY CASEBEER
MADRID & BATCHELDER LLP

Renee DuBord Brown

Renee DuBord Brown

RDB:paw

cc:    Theresa Moehlman

325156

# EXHIBIT
# P

# KING & SPALDING LLP

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Phone: 212/556-2100
Fax: 212/556-2222
www.kslaw.com

Theresa A. Moehlman
Direct Dial: 212/827-4397
Direct Fax: 212/556-2222
tmoehlman@kslaw.com

April 7, 2006

**VIA FACSIMILE and U.S. MAIL**

Howard G. Pollack
Fish & Richardson PC
500 Arguello Street
Suite 500
Redwood City, CA 94063

                Re:    *SRI v. ISS and Symantec*

Dear Howard:

ISS concurs with Symantec regarding the inadequate preparation of Phillip Porras to testify as a Rule 30(b)(6) witness, as set forth in Renee Brown's April 4, 2006 letter. Your letter of today does not address the failure to look at SRI's own documents or question its own employees about the topics so that Mr. Porras would be properly prepared for his testimony.

With respect to Topic 6 of Defendants' December 19 Rule 30(b)(6) Notice, to the extent Mr. Porras was unable to identify the dates and circumstances of when SRI first made the listed publications available on its website, ISS will seek preclusion of any rebuttal by SRI to evidence indicating the public availability of those references as of a certain date.

Topic 7 of Defendants' December 19 Rule 30(b)(6) Notice requested the dates and circumstances of when the documents listed in Topic 6 were first published and/or disclosed to individuals not employed by SRI. This topic covers listing document titles on SRI's website and distributing hardcopies on request. Again, to the extent that Mr. Porras was unable to provide testimony to make such identifications, ISS will seek preclusion of any rebuttal by SRI to evidence indicating the public availability of those references as of a certain date.

Howard G. Pollack
April 7, 2006
Page 2


Finally, I am confused with respect to your response on Topics 2, 4 and 5 of Defendants' December 22 Rule 30(b)(6) Notice. You state that Mr. Porras did not need to be aware of EMERALD source code, and when it was available, in order to be prepared to testify concerning the dates and circumstances of the reduction to practice of the subject matter claimed in the asserted patents. Is it now SRI's contention that the EMERALD source code does not represent a reduction to practice of the claims of the patents-in-suit?


Sincerely,

Theresa A. Moehlman


TAM:mp

cc:    Renee DuBord Brown (via fax)

# EXHIBIT
# Q

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

Telephone
650 839-5070

W.K. Richardson
1859-1951

**BY FACSIMILE AND U.S. MAIL**

Facsimile
650 839-5071

April 7, 2006

Web Site
www.fr.com

Renee DuBord Brown
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd., Ste. 400
Cupertino, CA 95014

Howard G. Pollack
(650) 839-5007

Email
pollack@fr.com

Re:     SRI International Inc. v. Internet Security Systems, Inc., et al.
        USDC-D. Del. - C. A. No. 04-1199 (SLR)



AUSTIN

Dear Renee:

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

I write in response to your letter of April 4, 2006 concerning Mr. Porras' deposition.
SRI disagrees with your contention that Mr. Porras was not adequately prepared to
testify on the topics for which he had been designated as SRI's 30(b)(6) witness.
Initially, as explained in a letter before and at the deposition, Mr. Porras was
designated subject to SRI's objections to these topics, many of which were overly
broad, unduly burdensome and directed at irrelevant information. As Mr. Porras
explained, his preparation for deposition, including as an individual and for purposes
of 30(b)(6), encompassed at least three full days of meetings with counsel and SRI
legal staff and the review of many thousands of pages of documentation. He was
more than adequately prepared.

This letter will address below more specifically some of the issues you raise in your
letter. Of course, the lack of a specific response on some issue does not mean we
agree with your position.

Topics 5 and 6: I believe you intended to reference Topic Nos. 6 and 7 of
Defendants' First Notice of Deposition as Mr. Porras was not designated to provide
testimony on Topic No. 5. SRI and Mr. Porras made a reasonable investigation of
these topics. (See e.g., Porras at 20:19-21:12, 26:9-27:24, 33:2-33:16; 34:12-35:2).
The fact that the nature and results of SRI's investigation was communicated to Mr.
Porras by SRI legal staff is beside the point. The fact that Mr. Porras had not seen a
handful of the hundreds of thousands of pages that SRI produced in this matter is also
irrelevant, especially given that none of those documents in fact can establish posting
of anything at any given time.

With regard to the CMAD paper, Mr. Porras testified truthfully as to the status of
SRI's investigation at the time. However, as Dr. Neumann's recollection about the
"Analysis and Response for Intrusion Detection in Large Networks" document
appears to have been refreshed subsequent to Mr. Porras' testimony, SRI designates

04/07/2006 10:20 FAX 6508395071          FISH & RICHARDSON                    ☑003

FISH & RICHARDSON P.C.

Renee DuBord Brown
April 7, 2006
Page 2


Dr. Neumann's testimony regarding SRI 011022-23 (Neumann at 86, 88) as 30(b)(6)
testimony regarding Topic Nos. 6 and 7 as to SYM_P_0499439-40.

Topics Nos. 6 and 7 do not relate to SRI's listing of document titles on SRI's website
or procedures for requesting hardcopies of those documents. The requests were
directed to whether and when copies of certain documents were first posted. As Mr.
Porras testified, SRI made a reasonable investigation, based on a review of electronic
archives, to try and determine these facts and, due to the lack of such records, SRI
could not. In other words, Mr. Porras did not simply say he didn't know, as you
suggest. Therefore there is no basis for your complaint that Mr. Porras was not
prepared to testify as to this topic.

Topic 31: Your letter on this topic is misleading. While Mr. Porras did not recently
review the electronic copy of his folder of presentations on Emerald, he did review
hardcopies of such presentations in preparation, including the specific version you
marked as an exhibit during his deposition. Other than complaining that Mr. Porras
didn't look at the electronic versions, you do not identify any deficiency in his
testimony as to Topic No. 31.

Topics 2, 4, and 5: These topics relate to conception, reduction to practice, and best
mode. They do not relate to SRI or EMERALD source code generally. Mr. Porras
reviewed the Appendix, nearly 1000 pages of source code, that is relevant to Topic
Nos. 2, 4, and 5 and was prepared to testify as to those topics. Regardless, as you
highlighted, Defendants have already asked several SRI witnesses, including Messrs.
Valdes, Skinner and Fong, about source code files and when they might have first
existed. Mr. Porras provided complete testimony concerning SRI's position on the
impact of the source code and Appendix on the disclosure of what the inventors
considered to be their best work at the time.

Topic 39: Mr. Porras was prepared to testify as to SRI's knowledge of its
communications with Recourse. Mr. Porras reviewed the documentation that did
exist about such communications and, as he was personally involved, was in the best
position to provide responsive information.

Topic 14: Topic No. 14 relates to the first demonstration or use of embodiments of
the claimed subject matter of the patents-in-suit. The network intrusion detection
system allegedly sold to Japan sometime in 1996 is not an embodiment of the claimed
subject matter therefore it was beyond the scope of this topic.

Topic 10: Topic No. 10 relates to "SRI's," not the government's, "ownership of
and/or interest in the asserted patents." There was no obligation to inquire into
whether the government might own rights to the patents-in-suit and Mr. Porras did
provide testimony as to his understanding of the issue. Furthermore SRI objected to

FISH & RICHARDSON P.C.

Renee DuBord Brown
April 7, 2006
Page 3

this request as calling for a legal conclusion. Whether the government has rights in the asserted patents is determined by statute and therefore would involve a legal conclusion.

In view of the above, SRI does not believe defendants are entitled to any further deposition testimony. If you continue to disagree, please let us know when you would like to speak to discuss it further. As I will be out of the office all next week, please contact Ms. Prescott. She can be reached next week in Fish & Richardson's office in Atlanta.

Very truly yours,

Howard G. Pollack

HGP/cms

cc:    Theresa A. Moehlman, King & Spalding LLP

50340441.doc

# EXHIBIT
# R

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Facsimile
650 839-5071

Web Site
www.fr.com

BY FACSIMILE AND U.S. MAIL

April 11, 2006

Theresa A. Moehlman
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Re:    SRI International Inc. v. Internet Security Systems, Inc., et al.
       USDC-D. Del. - C. A. No. 04-1199 (SLR)

Dear Theresa:



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

I write in response to your April 7, 2006 letter to Howard Pollack concerning Mr.
Porras' deposition as a Rule 30(b)(6) witness. I will not reiterate the points Mr.
Pollack made in his letter of April 7 to Ms. Brown, but will respond to your concerns
concerning Topic Nos. 2, 4, and 5. For your reference, I have reproduced the text of
these topics below.

## TOPIC 2:

The date(s) and circumstances of the reduction to practice of the subject
matter claimed in the asserted patents and an identification of any and all
evidence that corroborates the date(s) of the reduction to practice of the
subject matter claimed in the asserted patents.

## TOPIC 4:

The structure, function and operation of the first actual reduction to practice of
each claim of the asserted patents.

## TOPIC 5:

The mode of practicing each claim of the asserted patents that was considered
the best mode on November 8, 1998.

Mr. Porras was designated as to the *first* reduction to practice of the patents-in-suit
and Mr. Porras provided testimony as to the first reduction to practice and the best
mode of practicing this claim as of November 8, 1998. A detailed review of all
EMERALD source code was not necessary for him to provide his testimony and
would have been unduly burdensome.

FISH & RICHARDSON P.C.

Theresa A. Moehlman
April 11, 2006
Page 2


The defendants did not propound a 30(b)(6) topic as to all EMERALD source code. Regardless, defendants have questioned Mr. Skinner, Mr. Valdes, and Mr. Fong on this topic.

Very truly yours,

Katherine D. Prescott by CdH

Katherine D. Prescott

cc: Renee DuBord Brown

KDP/cdh

50341309.doc

# EXHIBIT
# S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,
a California Corporation,

      Plaintiff and
      Counterclaim-Defendant,

      v.

INTERNET SECURITY SYSTEMS, INC.,
a Delaware Corporation, INTERNET
SECURITY SYSTEMS, INC., a Georgia
Corporation, and SYMANTEC
CORPORATION, a Delaware Corporation,

      Defendants and
      Counterclaim-Plaintiffs.

C. A. No. 04-1199 (SLR)

## SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS OF ISS-GA AND ISS-DE TO SRI'S INTERROGATORY NO. 6

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Internet Security Systems, Inc. ("ISS-GA"), a Georgia corporation, and Internet Security Systems, Inc. ("ISS-DE"), a Delaware corporation, (collectively, "ISS") supplement their responses to Plaintiff SRI International, Inc.'s ("SRI's") Interrogatory No. 6.

### GENERAL RESPONSES

1.    ISS's responses are made to the best of ISS's present knowledge, information and belief. ISS's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. ISS undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Delaware.

- NetRanger

- NFR (Network Flight Recorder)

- NIDES

- NIDX

- NSM (Network Security Monitor)

- Raxco AUDIT

- Stalker, NetStalker and WebStalker

- Sun Network Management System (Solstice Site Manager, Solstice Domain Manager, Solstice Enterprise Manager, and Sun Net Manager)

- Tcpdump

- TCP Wrapper

- TIS Firewall Toolkit

- Tivoli Enterprise Manager

- Wisdom & Sense

### PRIOR ART REFERENCES THAT INVALIDATE THE CLAIMS-AT-ISSUE

The prior art invalidates the claims at issue under 35 U.S.C. §102 and/or 103, as set forth in detail in the representative charts attached as Exhibits 1-22 to this supplemental response. The cover page of each chart provides citations to referenced prior art, as well as citations to related prior art disclosures. These invalidity charts include:

- Exhibit 1:  SRI's Emerald -- NISSC (October 9, 1997)

- Exhibit 2:  SRI's Emerald -- CMAD Workshop, Monterey, 12-14 November 1996

- Exhibit 3:  SRI's Emerald -- Conceptual Overview

- Exhibit 4:  SRI's Emerald -- Conceptual Design and Planning

8

- Exhibit 5: SRI's Emerald -- *Live Traffic Analysis of TCP/IP Gateways*

- Exhibit 6: SRI's Nides/Network Nides

- Exhibit 7: Jinao

- Exhibit 8: NSM

- Exhibit 9: DIDS

- Exhibit 10: ISM

- Exhibit 11: GRIDS

- Exhibit 12: NetRanger

- Exhibit 13: RealSecure

- Exhibit 14: Network Flight Recorder

- Exhibit 15: NetStalker and HP OpenView

- Exhibit 16: HP OpenView and internet standards

- Exhibit 17: Network Level Intrusion Detection

- Exhibit 18: U.S. Patent No. 5,825,750

- Exhibit 19: Fault Detection in an Ethernet Network via anomaly detectors

- Exhibit 20: Stake Out

- Exhibit 21: Emerald 1997, NSM and NIDES 1994

- Exhibit 22: AIS: Automated Information System

- Exhibit 23: Summary chart of other relevant art

## THE CLAIMS-AT-ISSUE ARE INVALID PURSUANT TO 35 U.S.C. § 112

The claims-at-issue are also invalid under 35 U.S.C. § 112 for failure to satisfy the best

mode requirement. SRI submitted source code in an Appendix to the patents-in-suit. A

preliminary examination of that code indicates that it is not a complete program and could not

9

Discovery and claim construction are still on-going in this case.  ISS reserves the right to further supplement this response.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Holmes J. Hawkins III
Bradley A. Slutsky
Natasha H. Moffitt
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA 30303
Tel: (404) 572-4600

Theresa A. Moehlman
Bhavana Joneja
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100

Dated: April 10, 2006
727188 / 28434

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Delaware corporation; and*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Georgia corporation*

12

*Live Traffic Analysis* invalidates the indicated claims under 35 U.S.C. § 102(b)

All text citations are taken from:  P. Porras and A. Valdes, *Live Traffic Analysis of TCP/IP Gateways*, http://www.sdl.sri.com/projects/emerald/live-traffic.html, Internet Society's Networks and Distributed Systems Security Symposium, Nov. 10, 1997  (ISS 28365-28384)

A postscript version of this paper was publicly available on SRI's website as of August 1, 1997 (Porras Rule 30(b)(6) deposition (March 30, 2006) at p. 111) and a html version of this paper was publicly available on SRI's website as of August 25, 1997 (Porras Rule 30(b)(6) (March 30, 2006) deposition at pp. 120-122).

The text included herein are merely representative samples of the disclosure in the asserted reference.  ISS reserves the right to supplement these disclosures.

Similar disclosures and additional related information are contained in the following additional references:

- P. Porras and A. Valdes, Live Traffic Analysis of TCP/IP Gateways, Networks and Distributed Systems Security Symposium, March 1998  (ISS 359692-359712)

- P. Porras and P. Neumann, *EMERALD:  Event Monitoring Enabling Responses to Anomalous Live Disturbances*, 20th NISSC October 9, 1997  (ISS 2892-2904)

- P. Neumann, P. Porras and A. Valdes, *Analysis and Response for Intrusion Detection in Large Networks*, Summary for CMAD Workshop, Monterey, 12-14 November 1996  (ISS 348257-348258)

- *Analysis and Response for Intrusion Detection in Large Networks*, Summary for CMAD Workshop, Monterey, 12-14 November 1996  (SRI 11022-11026)

- *Analysis and Response for Intrusion Detection in Large Networks*, Summary for Intrusion Detection Workshop, Santa Cruz, 26-28 August 1996  (SRI 11045-11048)

- P. Porras and P. Neumann, *EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances Conceptual Overview*, December 18, 1996 (ISS 44439-44441).

- P. Porras and P. Neumann, CONCEPTUAL DESIGN AND PLANNING for EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances, Version 1.2 May 20, 1997, http://www.csl.sri.com/intrusion.html (SRI 12308-12404)

# EXHIBIT T

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY