IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C. A. No. 04-1199 (SLR) |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants and Counterclaim-Plaintiffs. | ) ) | |

### ANSWERING BRIEF OF DEFENDANTS ISS AND SYMANTEC TO SRI'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE LIVE TRAFFIC ARTICLE IS NOT A SECTION 102(b) PRINTED PUBLICATION

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309

Theresa A. Moehlman
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendants Internet Security Systems, a Delaware Corporation and Internet Security Systems, a Georgia Corporation*

Dated: June 30, 2006
Public Version Dated: July 11, 2006

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
DAY, CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd.
Cupertino, CA 95014

Michael J. Schallop
Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014

*Attorneys for Defendant Symantec Corporation*

# TABLE OF CONTENTS

I.  INTRODUCTION ...........................................................................................................1

II. THE EVIDENCE ESTABLISHES LIVE TRAFFIC
    WAS ON THE WEB PRIOR TO THE 102(b) DATE ................................................2

   A. The Posting To The FTP Site.................................................................................3

   B. The Posting To The WWW Site ............................................................................6

   C. ████████████████████████████████████████ ...............................7

III. ARGUMENT ..................................................................................................................8

   A. Legal Authority......................................................................................................8

   B. The Evidence Here Establishes That Live Traffic
      Is A 102(b) Printed Publication .............................................................................9

IV. CONCLUSION.............................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*American Stock Exchange, LLC v. Mopex*,
   250 F. Supp.2d 323, 328 (S.D. N.Y. 2003)

*In re Wyer*, 655 F.3d 221, 226 (C.C.P.A. 1981) .................................................................. 8

*Bruckelmyer v. Ground Heaters, Inc.*,
   445 F.3d 1374, 1378 (Fed. Cir. 2006) (citation omitted) ............................................... 8

*In re Hall*,
   781 F.2d 897, 893-99 (Fed. Cir. 1986) ......................................................................... 8

*In re Klopenstein*,
   380 F.3d 1345, 1350 (Fed. Cir. 2004) ........................................................................... 9

## OTHER AUTHORITY

35 U.S.C. § 102(a) ................................................................................................................ 9

35 U.S.C. § 102(b) ......................................................................................................... *passim*

Defendants Internet Security Systems, Inc., a Delaware corporation, Internet Security Systems, Inc., a Georgia corporation (collectively "ISS") and Symantec Corporation ("Symantec") submit this answering brief to Plaintiff SRI International, Inc.'s ("SRI's") Motion For Partial Summary Judgment That The Live Traffic Article Is Not A Section 102(b) Printed Publication.

## I. INTRODUCTION

SRI's motion is reflective of its conduct during discovery – a misguided attempt to sweep the evidence of the 102(b) publication of *Live Traffic Analysis of TCP/IP Gateways* ("*Live Traffic*") under the rug. The reason is clear – the evidence establishes a 102(b) publication and SRI has conceded that Live Traffic invalidates all patent claims at issue, with the possible exception of a few dependent claims calling for APIs (Application Programming Interfaces).

As set forth in ISS's motion to preclude, SRI failed to provide a prepared Rule 30(b)(6) witness on the topics relating to when *Live Traffic* was posted on its website. Despite SRI's efforts to hide the ball during discovery, Defendants have been able to establish that:

1. SRI, from the inception of the EMERALD project, made a practice of posting material about EMERALD on its website.

2. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████

a. 

b. 

3. The FTP website was a well-known source of information about the EMERALD project. 

In addition, the FTP site was used by the intrusion detection community in bibliographies and other indexes to reference SRI materials.

4. The SRI FTP website is indexed by project, such as EMERALD, so that material can be found easily.

5. A WWW site is searchable using basic internet search engines.

6. 

Thus, it is beyond dispute that *Live Traffic* was publicly accessible to the relevant public before the statutory bar date of November 9, 1997. SRI's motion is without merit and should be denied.

## II. THE EVIDENCE ESTABLISHES LIVE TRAFFIC WAS ON THE WEB PRIOR TO THE 102(b) DATE

2

████████████████████████ The documentary evidence establishes that those postings took place prior to November 9, 1997, the 102(b) statutory bar date for prior art.

### A. The Posting To The FTP Site

███████████████████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████
██████████████████

The ftp.csl.sri.com site is organized according to project files. When the site is first accessed the user is presented with a page, "Index of ftp://ftp.csl.sri.com", that lists two folders - "dev" and "pub". When a user clicks on the pub folder, an indexed list of projects including EMERALD appears. Clicking on the EMERALD folder brings up the posted files for EMERALD. (Moore Decl. Ex. F [Index of ftp.csl.sri.com].)

Contrary to SRI's arguments in it brief, this FTP site was a well-known, well-advertised site in 1997. ███████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████

3

██████████████████████████████████████████████
████████████

Researchers used this SRI FTP website in bibliographies and other indexes to cite to material on SRI's intrusion detection work. For example, a September 16, 1996 position paper by computer scientists as far away as Sweden referenced documents on the FTP site. (Moore Decl. Ex. I [Swedish Institute for Computer Science - Internet Archive].). ███████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████ Thus, the FTP site was a well-known resource in the worldwide intrusion detection community and was actively promoted by SRI as an public site for accessing the works of SRI and its employees. A simple search on Google Groups[1] for ftp.csl.sri.com within in the date range of Jan. 1, 1994 to November 9, 1997 returns 70 postings of references to the FTP site. (Moore Decl. Ex. M [Google Group Search Excerpt].)

████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████ Since 1985, Mr. Neumann has been the moderator of a newsgroup named the Risks Forum, known as comp.risks in the USENET community[2]

---

[1]    http://groups.google.com/

[2]    USENET is an Internet discussion system through which users can distribute email-like "articles" to members of the group.

4

and sponsored by the ACM Committee on Computers and Public Policy (CCPP).[3] The Risks Forum newsgroup has existed since August 1985 and focuses on risks to the public in computers and related systems and caters to cross section of the intrusion detection community. (Moore Decl. Ex. O [Risks Digest Volume Index].) The group maintains an archive called the Risks Digest.[4] This archive, which was also captured by Internet Archive's Wayback machine, shows that SRI repeatedly used the FTP site as a resource for the newsgroup. For instance, members of the newsgroup were directed to the FTP site to access information for industry conferences such as the 1994 IEEE Symposium On Research In Security and Privacy and the 1995 10th Annual IEEE Conference on Computer Assurance (COMPASS), and to access papers and other materials on the site, including Mr. Neumann's testimony before The Senate Governmental Affairs Committee Permanent Subcommittee on Investigations. (Moore Decl. Ex. P [Risks Digest Excerpts].)

Thus, contrary to SRI's assertion in its brief that one would only stumble onto this FTP website by "dumb luck" (SRI Br. at p. 6), the evidence firmly establishes that this FTP site was a well-advertised, well-known location to find information on SRI's intrusion detection work, including EMERALD.

---

[3]  The Association for Computing Machinery, or ACM, was founded in 1947 as the world's first scientific and educational computing society. Its membership is currently around 78,000.

[4]  Available at http://catless.ncl.ac.uk/Risks/ and http://groups.google.com/group/comp.risks

5

B.     The Posting To The WWW Site

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████████

██████████

# The EMERALD Project
## Current Downloads as of (8/25/97)

| | |
|---|---|
| January 5 1997 | EMERALD: Conceptual Overview Statement (1.5 pgs) |
| June 9 1997 | EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances (To appear in the 1997 National Information Systems Security Conference) (13 pgs) |
| August 1 1997 | Live Traffic Analysis of TCP/IP Gateways (HTML) |



█████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████ The Wayback machine of

archive.org picked up a later version of this table on SRI's website. (Moore Decl. Ex. R [ISS_02126097].)[5]

This practice of posting articles on EMERALD goes back almost to its inception.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████

SRI now wants to hide from its public posting of *Live Traffic* on its websites. As discussed in Defendants' Motion To Preclude, SRI failed to properly prepare Mr. Porras for his deposition as SRI's designated 30(b)(6) witness on the topic of posting *Live Traffic* to the web. Despite this, Defendants were able to find the necessary documentary evidence establishing the 102(b) publications in the SRI document production. The time for disputing that evidence was during discovery. SRI did not. It should therefore be precluded from disputing it now.

C. 

---

[5]    Contrary to SRI's assertions, the lack of the earlier version in the archive.org site means nothing. The archived material on Internet Archive's ("IA") Wayback Machine are collected by "crawlers." They admittedly are not exhaustive because of the enormity of the Internet. IA's automated systems crawl the web every few months or so and do not capture every link available off of every website. (Moore Decl. Ex. U [www.archive.org - FAQ excerpts].) Here, IA archived the relevant link, www.csl.sri.com/emerald/index.html on July 5, 1997 and did not do another sweep of the site until January 24, 1998. (Moore Decl. Ex. V [Internet Archive Crawl Dates].) The January sweep picked up the EMERALD download webpage.

7



## III. ARGUMENT

### A. Legal Authority

Under 35 U.S.C. §102(b), a person is not entitled to a patent if the invention was described in a printed publication in this or a foreign country more than one year prior to the date of the application for the patent. "The 'printed publication' provision of § 102(b) was designed to prevent withdrawal by an inventor of that which was already in the possession of the public." *Bruckelmyer* v. *Ground Heaters, Inc.*, 445 F.3d 1374, 1378 (Fed. Cir. 2006) (citation omitted).

As SRI admits, "'public accessibility' has been called the touchstone in determining whether a reference constitutes a 'printed publication' bar under 35 U.S.C. § 102(b)." *In re Hall*, 781 F.2d 897, 893-99 (Fed. Cir. 1986). "A reference is a 'printed publication' within the meaning of section 102(b) if it was 'available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, could locate it.'" *American Stock Exchange, LLC* v. *Mopex*, 250 F. Supp.2d 323, 328 (S.D. N.Y. 2003), citing *In re Wyer*, 655 F.3d 221, 226 (C.C.P.A. 1981).

"An electronic publication, including an on-line database or Internet publication, is considered to be a 'printed publication' within the meaning of 35 U.S.C. 102(a) and (b) provided the publication was accessible to persons concerned with the art to which the document relates." (Moore Decl. Ex. W [Excerpt MPEP Edition 8 (E8), August 2001, Last Revision October 2005 at § 2128].)

Moreover, "accessibility goes to the issue of whether interested members of the relevant public could obtain the information if they wanted to. If accessibility is proved, there is no requirement to show that particular members of the public actually received the information." *In re Wyer*, 655 F.2d at 226.

Finally, a reference that is only temporarily displayed, and is not distributed or indexed, may still constitute a "printed publication." *In re Klopenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004). Factors to consider include "the length of time the display was exhibited, the expertise of the target audience, the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied, and the simplicity or ease with which the material displayed could have been copied." *Id.* (finding 14 slides that were presented at a conference and displayed on poster boards for two and a half days constituted a "printed publication.").

### B. The Evidence Here Establishes That Live Traffic Is A 102(b) Printed Publication

In this case SRI is trying to do exactly what 102(b) is meant to prevent – it is trying to reclaim under patent protection subject matter that it had already put in the possession of the public.

[REDACTED] Both sites were well-known and

9

well-advertised by SRI to the intrusion detection community as places to find material on EMERALD. Both sites were publicly accessible. Both sites were easily searched. The FTP site contained a logical grouping by project folders. The WWW site was searchable by general web engines. Both allowed *Live Traffic* to be easily copied with the click of a mouse.

▬▬▬▬▬▬ SRI often used the FTP site to distribute information on EMERALD and other projects to various members of the intrusion detection community. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This evidence belies SRI's contention that posting of *Live Traffic* on the FTP site was a "private" posting. (SRI Br. at p. 9.)

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This is confirmed by Internet Archives' Wayback machine, which picked up a later version of that same table off of SRI's website. (Moore Decl. Ex. R [ISS_02126097].) ▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

SRI cannot dispute this evidence. Nor should SRI now be allowed to come forward with some new evidence in light of its failure to provide proper discovery on its own policies and procedures for posting material to its website.

## IV. CONCLUSION

For the foregoing reasons, SRI's motion for partial summary judgment should be denied. As set forth in Defendants' motion for summary judgment of invalidity, the *Live Traffic* paper invalidates all patent claims at issue here. Summary judgment of invalidity is therefore appropriate.

| POTTER ANDERSON & CORROON LLP | MORRIS JAMES HITCHENS & WILLIAMS LLP |
|---|---|
| By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | By: /s/ Richard K. Herrmann<br>Richard K. Herrmann (#405)<br>Mary B. Matterer (#2696)<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801<br>rherrmann@morrisjames.com<br>rnmatterer@morrisjames.com |
| OF COUNSEL:<br><br>Holmes J. Hawkins III<br>Natasha H. Moffitt<br>KING & SPALDING LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br><br>Theresa A. Moehlman<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, New York 10036<br><br>*Attorneys for Defendants Internet Security Systems, a Delaware Corporation and Internet Security Systems, a Georgia Corporation* | OF COUNSEL:<br><br>Lloyd R. Day, Jr.<br>Robert M. Galvin<br>Paul S. Grewal<br>DAY, CASEBEER MADRID &<br>BATCHELDER LLP<br>20300 Stevens Creek Blvd.<br>Cupertino, CA 95014<br><br>Michael J. Schallop<br>Symantec Corporation<br>20330 Stevens Creek Blvd.<br>Cupertino, CA 95014<br><br>*Attorneys for Defendant Symantec Corporation* |

Dated: June 30, 2006
Public Version Dated: July 11, 2006
740526