IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. 04-1199 (SLR)<br>)<br>)<br>)  **PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR SUMMARY JUDGMENT THAT SRI'S PATENTS
<u>ARE INVALID FOR FAILURE TO DISCLOSE THE BEST MODE</u>**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309

Theresa A. Moehlman
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendants Internet Security
Systems, a Delaware Corporation and Internet
Security Systems, a Georgia Corporation*

Public Version Dated: July 17, 2006

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
rherrmann@,morrisjames.com
rnmatterer@morrisjames.com

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
DAY, CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Blvd.
Cupertino, CA 95014

Michael J. Schallop
Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014

*Attorneys for Defendant Symantec Corporation*

# TABLE OF CONTENTS

I.   OVERVIEW ...................................................................................................................1

    A.   The Hierarchical Architecture Claims .................................................................1

    B.   The '338 Claim Limitation Of *Receiving Network Packets* ...........................3

II.  THE HIERARCHICAL ARCHITECTURE CLAIMS ..................................................4

    A.   The Claims Expressly Recite The Step Of Detecting *Suspicious Network Activity*.................................................................................................4

    B.   Enablement And Best Mode Are Two Separate Requirements.........................5

    C.   SRI's Attempt To Disparage ▓▓▓▓▓▓▓▓▓ Does Not Raise Any Factual Issues ......................................................................6

III. THE STATISTICAL DETECTION CLAIMS................................................................9

    A.   The Patent Disclosure And Specification Defeat SRI's Assertion That ▓▓▓ Was Not Part Of The Claimed Invention ........................................9

    B.   In Arguing ▓▓▓▓▓▓ Were Well-Known In The Art, SRI Once Again Confuses Best Mode With Enablement...........................................10

    C.   SRI's Evidence Supports A Finding Of A Failure To Disclose The Best Mode ......................................................................................................11

IV.  SRI'S FAILURE TO RESPOND TO DEFENDANTS' BEST MODE DEFENSE DURING DISCOVERY..............................................................................12

V.   CONCLUSION................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Chemcast Corp. v. Arco Industries Corp.*,
   913 F.2d 923 (Fed. Cir. 1990) ............................................................. 5

*Dana Corp. v. IPC Limited Partnership*,
   860 F.2d 415 (Fed. Cir. 1988) ............................................................. 7

*Engel Indus., Inc. v. Lockformer Co.*,
   946 F.2d 1528 (Fed. Cir. 1991) ........................................................... 4

*Gypsum Co. v. National Gypsum Co.*,
   74 F.3d 1209 (Fed. Cir. 1996) ............................................................. 5

*Northern Telecom, Inc. v. Datapoint Corp.*,
   908 F.2d 931 (Fed. Cir. 1990) ........................................................... 11

*Spectra-Physics, Inc. v. Coherent, Inc.*,
   827 F.2d 1524 (Fed. Cir. 1987) ........................................................... 5

I.  **OVERVIEW**

   A.  **The Hierarchical Architecture Claims**

SRI makes three arguments in response to Defendants' showing that the inventors failed to disclose their best mode of practicing these claims: (1) signature detection is "tangential" to the claimed inventions; (2) signature detection techniques are enabled in the specification and are merely "production details" that were well-known in the art; and

███████████████████████████████████████████████

███████████████████████████████████████████████

█████ None of these defeat Defendants' motion for summary judgment.

SRI's first argument that signature-detection methods are "tangential" to the claimed inventions flies in the face of the claim language itself. All independent claims relating to the hierarchy of monitors include the limitation of *detecting, by the network monitors, suspicious network activity based on an analysis of network traffic data.*

███████████████████████████████████████████████

█████████████████████████████ █████████████

███████████████████████████████████████████

████████████████████████████████ The best way of doing that "labor", i.e., the

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

---

[2] "SRI Br." refers to "SRI International, Inc.'s Response To Defendants' Joint Motion For Summary Judgment That SRI International, Inc.'s Patents Are Invalid For Failure To Disclose Best Mode" (D.I. 337).

technique of *detecting suspicious activity,* is thus an admittedly important element of building such a hierarchy.

SRI's second argument confuses enablement and best mode, two separate requirements under the Patent Act. That one of skill in the art may have known of and could implement a signature-based detection method is relevant to enablement. Here, the issue is whether SRI disclosed enough detail about its best mode to enable one of skill in the art to practice that best mode. SRI has not disputed that one of skill in the art could not practice ▬ from the patent's disclosure. Moreover, this is not a case where signature detection modules are off-the-shelf components and their details "make no difference." Different signature detection methods will result in differences as to what is considered *suspicious network activity.* ▬

▬

▬ Despite this, Mr. Porras failed to inform the public of those characteristics in his patent application.

SRI's final argument flies in the face of the law, which directs the best mode inquiry to the facts known to the applicant at the *time the application was filed.* ▬

▬

▬

▬

▬

2

██████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████

### B.  The '338 Claim Limitation Of *Receiving Network Packets*

Here again, SRI confuses enablement and best mode. That ███████████ may have been known to those of skill in the art does not mean that SRI was excused from disclosing its best mode of performing the step. ███████████████████████
██████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████
████████████████████████████████

The patent specification emphasizes the importance of this element when it explains that the large volume of packets that are transmitted over a network dictates careful assessment of ways to select and organize network packet information into event record streams. (Moore 2d Decl. (D.I. 284) Ex. B ['338 patent] at col. 4:67-5:3.) Although the patent lists many possible categories of packet information that can be selected, ████████████████████████████ it fails to explain how to select the appropriate measures from those many categories. ██████████████████████
██████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████
███████████████████████████████

SRI has failed to rebut Defendants' showing of its failure to disclose the best mode. Summary Judgment is therefore appropriate.

3

## II. THE HIERARCHICAL ARCHITECTURE CLAIMS

### A. The Claims Expressly Recite The Step Of Detecting *Suspicious Network Activity*

As SRI's own cited case states, "[t]he best mode inquiry is directed to what the applicant regards as the invention, which in turn is measured by the claims." *Engel Indus., Inc. v. Lockformer Co.*, 946 F.2d 1528, 1532 (Fed. Cir. 1991). Here, the architectural claims recite *detecting, by the network monitors, suspicious network activity based on analysis of network traffic data*.[3] ███████████████████████

███████████████████

Thus, SRI's attempt to now redefine the "essence of the invention" to exclude signature detection techniques fails in light of the claim language. SRI's argument also fails in light of its arguments regarding the commercial success of the claimed inventions.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████

█████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[3] The '212 patent claims also require that at least one of the deployed plurality of monitors utilize a statistical detection method. This does not mean, as SRI suggests, that the best mode of practicing the *detecting* step could not be a signature detection method.

4

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

### B.    Enablement And Best Mode Are Two Separate Requirements

███████████████████████████████████████████████

██████████████████████████████████████ That may speak to enablement, however as SRI's cited case law states, "[a] specification can be enabling yet fail to disclose an applicant's contemplated best mode." *Chemcast Corp v. Arco Industries Corp.*, 913 F.2d 923, 928 (Fed. Cir. 1990).

"[C]ompliance with the best mode requirement focuses on a different matter than does compliance with the enablement requirement. Enablement looks to placing the subject matter of the claims generally in the possession of the public. If, however, the applicant develops specific instrumentalities or techniques which are recognized at the time of filing as the best way of carrying out the invention, then the best mode requirement imposes an obligation to disclose that information to the public as well." *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1532 (Fed. Cir. 1987).

Thus, the relevant inquiry here is whether SRI *disclosed its best mode* of practicing the claimed inventions. "[I]t must be determined whether the specification adequately disclosed what the inventor contemplated as the best mode so that those having ordinary skill in the art could practice it." *Gypsum Co. v. National Gypsum Co.*, 74 F.3d 1209, 1213 (Fed. Cir. 1996).

SRI did not. ████████████████████████████

████████████████████████████████████████

5

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

### C. SRI's Attempt To Disparage ███ Does Not Raise Any Factual Issues

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████

SRI attempts to confuse the evidence. ███████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████

6



The "best mode requirement ... entails a comparison of the facts known to the inventor regarding the invention at the time the application was filed and the disclosure in the specification." *Dana Corp. v. IPC Limited Partnership*, 860 F.2d 415, 419 (Fed. Cir. 1988). This case is similar to *Dana*. In *Dana*, the patent claims related to valve stem

seals for internal combustion engines. Prior to the filing, the patentee had run and documented tests comparing five different designs of valve seals. *Id.* at 418. Those tests indicated seals with a fluoride surface treatment performed better. Nevertheless, the patentee failed to disclose that fluoride surface treatment in the specification. The Court found the patentee failed to disclose the best mode contemplated by the inventor for practicing the claims. *Id.* at 418-420.[4]



---

[4]     Similar to SRI's arguments here, the patentee in *Dana* had argued that the fluoride treatment was known to the public and that such a treatment was common to the skilled artisan. *Dana*, 860 F.2d at 418-19. The Federal Circuit overturned the District Court's ruling that "best mode could be satisfied by reference to what the prior art discloses," and held that "[t]he best mode requirement is not satisfied by reference to the level of skill in the art." *Id.*

8



### III. THE STATISTICAL DETECTION CLAIMS

    **A.    The Patent Disclosure And Specification Defeat SRI's Assertion That ▇▇▇▇ Was Not Part Of The Claimed Invention**

Each asserted '338 claim requires the step of *receiving network packets* ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, SRI cannot now re-write its claims for the purposes of litigation. The invention is defined by the claims and each '338 claim includes the step.

Moreover, the patent specification stresses the importance of properly selecting the network packets due to the large volume of packets transmitted over an enterprise network:

9

> "The volume of packets transmitted and received, however, dictates careful assessment of ways to select and organize network packet information into event record streams."

(Moore 2d Decl. (D.I. 284) Ex. B ['338 patent] col. 4:67-5:3.)

While the patent goes on to present a long list of criteria on which selection could be made, ▮▮▮▮ it nowhere discloses how to carefully select the criteria in a way that accounts for the large volume of data.

▮▮▮▮

### B. In Arguing ▮▮▮▮ Were Well-Known In The Art, SRI Once Again Confuses Best Mode With Enablement

▮▮▮▮ Once again, this argument goes to enablement, not best mode. As discussed above, the law makes clear that these are two separate requirements.

The issue here is whether SRI disclosed its best mode sufficiently to enable one of skill in the art to practice that best mode, not whether one of skill in the art was enabled to perform the step in general. ▮▮▮▮

███████████████████████████████████████████████
████████

### C. SRI's Evidence Supports A Finding Of A Failure To Disclose The Best Mode

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████ Yet, SRI disclosed no information on how it had implemented this functionality.

This case mirrors the facts in *Northern Telecom*, which found a best mode violation where the patentee had rejected standard commercial tapes in favor of its own version, and failed to disclose the details of that in-house specification to the public in the patent filing:

> "The district court ... found that Sycor knew, in advance of filing the patent application, that standard audio tape was not the best mode for carrying out the invention. ... Sycor purchased tape and cassettes of its own design and specifications and ... these were different from standard audio tapes in their yield strength and magnetic characteristics.
>
> Sycor argues that, at the time of the patent application, the 3M commercial audio tape that was on the market met its specifications. If so, it is this tape (or Sycor's own specifications) that had to be disclosed to satisfy the best mode requirement of 35 U.S.C. § 112, para. 1. While Sycor's argument may be relevant to enablement, it does not establish the best mode 'contemplated by the inventor,' which is a subjective inquiry"

*Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 940 (Fed. Cir. 1990).



### IV. SRI'S FAILURE TO RESPOND TO DEFENDANTS' BEST MODE DEFENSE DURING DISCOVERY

The record that SRI puts forward regarding its discovery conduct in response to Defendants' assertion of the best mode defense defeats its arguments that it provided proper discovery.

The first interrogatory response of Defendants occurred before SRI made either its escrowed source code or deposition witnesses available. ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████

In response, SRI stated that ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ The implication of SRI's response was that SRI had submitted all code it had developed at the time. This information was clearly within SRI's possession.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████

13

SRI never supplemented its interrogatory response to correct its implied position that SRI had submitted all code available to it at the time. SRI has now changed its position in response to Defendants' Summary Judgment Motion, well after the close of discovery. █████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████

## V. CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Opening Brief, Defendants respectfully request that the Court grant their motion for summary judgment of invalidity based on SRI's failure to disclose the best mode.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309

Theresa A. Moehlman
Bhavana Joneja
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendants Internet Security Systems, a Delaware Corporation and Internet Security Systems, a Georgia Corporation*

Dated: July 10, 2006
Public Version Dated: July 17, 2006

741445

MORRIS JAMES HITCHENS & WILLIAMS LLP

By: */s/ Richard K. Herrmann*
    Richard K. Herrmann (#405)
    Mary B. Matterer (#2696)
    222 Delaware Avenue, 10th Floor
    Wilmington, DE 19801
    rherrmann@morrisjames.com
    mmatterer@morrisjames.com

OF COUNSEL:

Lloyd R. Day, Jr.
Robert M. Galvin
Paul S. Grewal
DAY, CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd.
Cupertino, CA 95014

Michael J. Schallop
Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014

*Attorneys for Defendant Symantec Corporation*

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 17, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John Horvath
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on July 17, 2006, I have Electronically Mailed the attached document to the following non-registered participants:

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
pollack@fr.com
curley@fr.com

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014
pgrewal@daycasebeer.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314