IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>　　　Plaintiff and<br>　　　Counterclaim-Defendant,<br><br>　v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>　　　Defendants and<br>　　　Counterclaim-Plaintiffs. | C. A. No. 04-1199 (SLR)<br><br>**PUBLIC VERSION** |

**SRI INTERNATIONAL, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO EXCLUDE FROM EVIDENCE THE
TESTIMONY OF DANIEL TEAL**

Dated: July 10, 2006

FISH & RICHARDSON P.C.

John F. Horvath (#4557)
Kyle Wagner Compton (#4693)
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Howard G. Pollack
Katherine D. Prescott
500 Arguello St., Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff and Counterclaim Defendant
SRI INTERNATIONAL, INC.

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT................................................................................................................2

    A. Mr. Teal's testimony is fundamentally based on personal, factual knowledge and should therefore not be admitted as expert opinion. ...........................................................................2

    B. SRI has been unable to conduct full and fair discovery of Mr. Teal and his allegations regarding NetRanger because Symantec improperly provided documents and other information only after the close of fact discovery. .....................5

    C. Mr. Teal and Symantec should be precluded from relying, for corroboration, on documents produced after the close of discovery...........................................................................8

III. CONCLUSION.............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

## [CASES

*Freedom Wireless, Inc. v. Boston Communications Group, Inc.*,
  369 F. Supp. 2d 155 (D. Mass. 2005) ............................................................................4

*Gomez v. Rivera Rodriguez*,
  344 F.3d 103 (1st Cir. 2003) .........................................................................................2

*Morgan v. U.S. Xpress, Inc.*,
  2006 WL. 278398 (M.D. Ga. Feb. 3, 2006) ...................................................................4

*Neutrino Development Corp. v. Sonosite, Inc.*,
  410 F. Supp. 2d 529 (S.D. Tex. 2006) ...................................................................2, 3, 4

*Steckyk v. Bell Helicopter Textron, Inc.*,
  295 F.3d 408 (3d Cir. 2002) ..........................................................................................7

## STATUTES

Fed. R. Civ. P. 26(a)(2) ............................................................................................................2

I.  **INTRODUCTION**

Symantec has improperly labeled Daniel Teal, one of the creators of the alleged prior art NetRanger software, as an expert witness. Symantec's response to SRI's motion simply misses the point. Mr. Teal is not properly considered an expert, not because of any lack of qualifications, but because he is offering testimony that is not based on information that is of a type reasonably relied upon by experts in the field. Rather, Mr. Teal's testimony is based on his own, unique, personal knowledge. By his own admission, Mr. Teal seeks to apply his own personal knowledge of NetRanger to the "invalidity" analysis he intends to perform on the patents-in-suit. Such testimony will not assist the trier of fact to assess what one of *ordinary skill* would have understood from the publicly available prior art, because Mr. Teal's testimony is based on information that a person of ordinary skill did not and could not have had at the relevant time. Parroting the correct legal standard in an expert report drafted by counsel cannot repair this fundamental defect in his proposed testimony.

Rather than properly and timely disclose Mr. Teal as a fact witness and produce relevant documents, Symantec elected to designate him as an expert witness. Symantec then deliberately withheld production of highly relevant materials until after the close of fact discovery. SRI was therefore unable to conduct follow-up discovery, including deposing and seeking documents from individuals identified for the first time in Mr. Teal's expert report as possessing relevant knowledge. SRI was similarly unable to pursue follow-up discovery on documentary evidence produced after the close of discovery, and upon which Mr. Teal purports to rely in order to corroborate his testimony. Because these tactics have significantly prejudiced SRI, and because Mr. Teal's personal observations do not constitute proper expert testimony, SRI respectfully requests that the Court preclude Mr. Teal from offering expert testimony, preclude Symantec from using any documents or testimony concerning alleged prior art produced

1

after the close of fact discovery, and preclude Mr. Teal and Symantec from relying for corroboration on any such materials.

## II. ARGUMENT

### A. Mr. Teal's testimony is fundamentally based on personal, factual knowledge and should therefore not be admitted as expert opinion.

As Symantec freely concedes, and as Mr. Teal testified during his deposition, Mr. Teal's expert report and thus his intended trial testimony fundamentally derive from his personal, unique knowledge of NetRanger as one of its creators. His opinion is therefore fundamentally of a percipient nature, and is not the kind of expert testimony that the Court should admit under the *Daubert* standard or Rule 702 of the Federal Rules of Evidence. *See Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003) (the definition of an expert witness under Rule 702 and FED. R. CIV. P. 26(a)(2) "does not encompass a percipient witness who happens to be an expert.") Furthermore, Mr. Teal's reliance on factual knowledge peculiar to his own experience—and not available to one of ordinary skill—taints his purported ability to opine as one of ordinary skill in the art.

In *Neutrino Development Corp. v. Sonosite, Inc.*, 410 F. Supp. 2d 529 (S.D. Tex. 2006), the district court held that if an expert "testified based on his own perspective and . . . possesses 'extraordinary,' not ordinary, skill in the art, then his conclusions are improper." *Id.* at 550 (citing *Custom Accessories v. Jeffrey-Allan*, 807 F.2d 955, 962 (Fed. Cir. 1986)). The court ultimately found that because the expert "never assert[ed] that he applied his own perspective to his 'anticipation' and 'obviousness' analysis" he could be permitted to testify as an expert. *Neutrino*, 410 F. Supp. 2d at 550.

In this situation, however, even Symantec acknowledges that Mr. Teal's opinions are based "on his own experience with NetRanger." [Opposition Br. at 8 (D.I. 352).] During his deposition, Mr. Teal repeatedly acknowledged the personal nature of his testimony. [*Id.*; *see also*, Ex. H[1] at 242:8-243:7 (invalidity analysis was "based upon my

---

[1] All references to Exhibits are Exhibits to the Declaration of Kyle W. Compton in support of this motion (D.I. 275), filed with SRI's opening brief (D.I. 274).

2

knowledge as the inventor . . . of the NetRanger system.").] As such, he is clearly testifying "based on his own perspective" – an improper ground for an opinion purportedly based on what an objective person of ordinary skill in the art would understand and conclude from the public record. *See Neutrino*, 410 F. Supp. 2d at 550. Neither Mr. Teal nor Symantec even attempts to explain how a person of ordinary skill at the relevant time could have been in possession of the information on which Mr. Teal purports to rely.

This unique knowledge constitutes the essence of his testimony. Any of Symantec's many other expert witnesses, to the extent addressed in their reports, can testify about NetRanger on the basis of the publicly available documents that were produced before the close of fact discovery.[2] On the other hand, it is precisely Mr. Teal's unique knowledge as one of NetRanger's creators that distinguishes him from the other proposed experts. That Mr. Teal *also* relies on documentary evidence does not eliminate this taint. Neither does Mr. Teal's reading from his expert report, during his deposition, of the conclusions he allegedly drew about "one of ordinary skill in the art" dull the import of his own admission that his analysis is premised on his unique knowledge. It is his reliance on personal, private factual knowledge that poisons his testimony about the documents, and no testimony about the documents can undo or redeem such reliance, nor transform fact testimony into expert testimony.

Furthermore, none of the cases Symantec cites for the *general* proposition that experts may possess more than ordinary skill[3] involves the *particular* concerns

---

[2] Indeed, had it been properly and timely presented during fact discovery, Defendants' other experts could have relied on Mr. Teal's testimony. Instead, however, Symantec chose to withhold this factual information during the fact discovery period, clearly with the intent of depriving SRI of any meaningful opportunity for follow-up. Such tactics should not be condoned by the Court.

[3] Symantec's newfound appreciation for the Federal Circuit's and other courts' holdings that an expert himself need not be the hypothetical person of skill in the art squarely contradicts the position that Symantec and ISS espouse in their motion to limit the testimony of SRI's expert, Dr. George Kesidis.

3

implicated by Mr. Teal's purported testimony based on his own personal recollections.[4] SRI does not dispute that, generally speaking, experts frequently possess greater than ordinary skill in the relevant field; this is precisely why they earn the label "experts." But presenting as purportedly objective testimony what in reality is personal, subjective knowledge that no other person possesses, is improper. *Neutrino*, 410 F. Supp. 2d at 550. What Mr. Teal now knows or believes or interprets about the asserted NetRanger prior art is simply irrelevant to what a person of ordinary skill in the art would have understood from information available to such a person at the time. As such, his proposed testimony fails to satisfy the requirements for admission of testimony from an "expert." The danger, of course, is that the jury will fail to appreciate this distinction and accord weight to Mr. Teal's testimony where it is legally misplaced.

Moreover, merely possessing information about a particular product cannot possibly qualify someone as an expert. *See Morgan v. U.S. Xpress, Inc.*, 2006 WL 278398, at *2 (M.D. Ga. Feb. 3, 2006) ("A witness is not an expert witness merely by virtue of his specialized training and knowledge in a particular field.") (citing *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D. Ohio 1998)). Otherwise, any witness involved in creating any purported prior art reference would receive the court's imprimatur as one of "specialized knowledge." Courts would be flooded by a deluge of putative experts and litigants would be encouraged to tactically withhold relevant factual discovery until such a late point in the case as to make full and fair follow-up impossible.

In short, Symantec has failed to carry its burden of establishing the propriety of admitting Mr. Teal's purported expert opinion. Accordingly, SRI respectfully requests that the Court preclude such testimony.[5]

---

[4] In one case in particular, *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F. Supp. 2d 155 (D. Mass. 2005), a district court struck the uncorroborated "expert" testimony of an inventor. *Id.* at 158.

[5] Contrary to Symantec's rhetoric, SRI is not concerned with the NetRanger art on its merits, since it fails to anticipate or render obvious any of the asserted claims of the patents-in-suit. For example, NetRanger fails to teach automatically receiving and

4

> **B.  SRI has been unable to conduct full and fair discovery of Mr. Teal and his allegations regarding NetRanger because Symantec improperly provided documents and other information only after the close of fact discovery.**

Symantec disclosed Mr. Teal as an expert witness, not a fact witness. SRI therefore had no reason to believe that Symantec would rely on him to provide percipient testimony about the alleged NetRanger prior art – as opposed to providing legitimate opinion testimony on any of the countless other alleged prior art references cited by Defendants during the course of fact discovery. In addition, SRI could not pursue follow-up discovery of any of the nearly 3,000 pages of documents that Mr. Teal produced four days prior to his deposition or of certain statements presented in his expert report because all of these materials were served *after* the close of fact discovery. Furthermore, certain clearly responsive materials that Mr. Teal furnished to counsel for Symantec substantially before the close of fact discovery were withheld from production until Mr. Teal received his subpoena as an "expert". As a consequence of Symantec's maneuverings, SRI was prejudiced in its ability to conduct full and fair discovery.

Specific examples of this prejudice are manifold. For instance, in his expert report, Mr. Teal identified four individuals – Scott Olson, Scott Waddell, Kevin Wiley, and Jerry Lathem – with whom he conferred to "further verify that [his] recollection of past events was correct." [*See* Ex. F at 4.] Had this basis for Mr. Teal's factual testimony about his personal memory of NetRanger's creation been made known to SRI prior to the close of fact discovery, SRI would have been able to depose and seek documents from these individuals – information that could have contradicted or cast doubt upon Mr. Teal's account of the development and functionality of NetRanger. In addition, SRI could have conducted discovery of WheelGroup's document publication and retention policies, had SRI known prior to the completion of fact discovery that Mr.

---

integrating reports of suspicious activity by one or more hierarchical monitors, as required by the claims. In this respect, NetRanger is similar to ISS RealSecure and fails to invalidate the patents-in-suit for similar reasons. [*See generally,* SRI's Opposition to ISS Motion for Non-Infringement (D.I. 335).]

Teal intended to rely on them to support his conclusion that certain versions and features of NetRanger predated the patents-in-suit. Similarly, had nearly 3,000 pages of Mr. Teal's documents been produced before the close of fact discovery, SRI could have pursued with other, less interested, witnesses the information contained therein. Instead, SRI could question only Mr. Teal himself in an effort to use his own testimony against him.

Contrary to its characterization of its obligations, Symantec bears the burden of identifying all witnesses whom it believes are in possession of relevant factual knowledge on issues for which it bears the burden of proof. SRI is not required to sift through the millions of pages of documents Defendants have produced – and the thousands of names of persons appearing in those documents – in order to discern what particular witness Symantec intends to proffer on a particular topic.

Furthermore, it would have been illogical for SRI to serve a subpoena on Mr. Teal when he was first disclosed in February, not least because Symantec would have resisted any subpoenas served before he later furnished his expert report in April. [*See* Opposition Br. at 11.] SRI should not be forced to choose between obtaining discovery during the fact discovery period on the off chance that one of Symantec's experts might intend also to testify on factual matters, and requesting documents relevant to that same individual's later-presented expert opinion. Additionally, contrary to Symantec's protestations, SRI has never conceded that Mr. Teal's documents lie outside of Symantec's possession, custody, or control. [*See* Opposition Br. at 12, n. 36.] In fact, the parties agreed to accept service of subpoenas ***on behalf of*** their experts; it would be hard to conceive of an arrangement more indicative of Symantec's control over Mr. Teal's documents. Furthermore, Mr. Teal testified during his deposition that he furnished documents to counsel for Symantec months before the close of fact discovery, yet

Symantec produced them only when SRI served its expert subpoena. [*See* Ex. H at 211:12-212:14.][6]

Finally, Symantec's reliance on the court's scheduling order, which permits later disclosure of any expert witness who will also furnish fact testimony, is misleading because Symantec has deliberately elided the distinction between fact and opinion testimony with regard to Mr. Teal. [*See* Opposition Br. at 11.][7] Symantec argues throughout its brief that Mr. Teal's testimony is *not* factual but rather *expert* opinion. Similarly inapposite is Symantec's dependence on *Steckyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002). There, the Third Circuit quoted Rule 703 of the Federal Rules of Evidence, which states that:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

*Steckyk*, 295 F.3d at 414 n.1 (quoting FED. R. EVID. 703). The rule contemplates the presentation of facts to an expert *at or before* a hearing of a type *reasonably relied upon* by experts in the field, not nine-year-old personal recollections that no other objective expert could possibly possess.

In short, Symantec's actions prevented SRI from conducting full and complete discovery of Mr. Teal, of the information contained in his expert report and document production, and of the testimony he provided at his deposition. The Court should

---

[6] It is not clear whether some or all of the NetRanger-related documents that Symantec did choose to produce during fact discovery came from Mr. Teal or some other source and, therefore, whether Symantec actually chose to produce some of Mr. Teal's documents during fact discovery but withheld others.

[7] SRI also does not believe it is a fair reading of this Court's order to suggest that the disclosure requirement of Section 2(g) of the scheduling order alleviates the requirement that fact witnesses be disclosed during fact discovery. SRI believes that the order contemplates that a party who intends to offer an expert also as a fact witness must have "previously disclosed during [fact] discovery" that individual as having relevant *factual* knowledge.

7

therefore preclude Symantec and Mr. Teal from relying on any such information produced after the close of fact discovery.

### C. Mr. Teal and Symantec should be precluded from relying, for corroboration, on documents produced after the close of discovery.

As set forth in detail in SRI's opening brief, Mr. Teal repeatedly testified during his deposition that his opinions on invalidity, his understanding of NetRanger's functionality, and his knowledge of public use were based on his personal recollections, not on any documentary evidence. [Opposition Br. at 12-13.] While Symantec itself has cobbled together various documents from its own production that purportedly corroborate Mr. Teal's testimony, Mr. Teal neither wrote in his report nor testified at his deposition that he was relying on many of those documents to corroborate his opinions. [*See* Ex. F and Grewal Decl. Ex. A at Exhibit-B-1 - B-3.] In fact, Symantec states that Mr. Teal's testimony can be corroborated by documents produced by *ISS*, despite Mr. Teal's own ignorance of these documents in his report and deposition testimony. [Opposition Br. at 15 n. 48.] Symantec apparently believes that Mr. Teal's opinions can be corroborated by whatever documentation Symantec decides to place in front of him, regardless of whether those documents were cited in his expert report or produced in a timely manner.

In any event, for the reasons stated above, Mr. Teal and Symantec should not be permitted to rely, for corroboration of the alleged NetRanger functionality, on any documents produced after the close of fact discovery. SRI therefore respectfully requests that the Court preclude any such reliance.

## III. CONCLUSION

As his own testimony clearly reveals, Mr. Teal is a fact witness, not an expert. By disclosing him and producing his documents only in the expert phase of discovery, Symantec prevented SRI from pursuing relevant evidence, thereby prejudicing SRI. For these reasons, SRI respectfully requests that the Court preclude Mr. Teal from offering any expert testimony in this case. SRI further requests that Symantec be precluded from

relying at trial on Mr. Teal's fact testimony or on any testimony or documents related to NetRanger produced after the completion of fact discovery. In the alternative, SRI requests that at the very least, the Court preclude Mr. Teal and Symantec from relying for corroboration on any documentary evidence produced after the close of fact discovery.

Dated: July 10, 2006                FISH & RICHARDSON P.C.

By: */s/ John F. Horvath*
John F. Horvath (#4557)
Kyle Wagner Compton (#4693)
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Howard G. Pollack
Katherine D. Prescott
500 Arguello St., Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff/Counterclaim Defendant
SRI INTERNATIONAL, INC.

50358456.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the document will be served by hand on Delaware counsel as follows:

| | |
|---|---|
| Richard L. Horwitz<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899 | Attorneys for Defendant-<br>Counterclaimant<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Richard K. Herrmann<br>Morris James Hitchens & Williams<br>PNC Bank Center<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306 | Attorneys for Defendant-<br>Counterclaimant<br>Symantec Corporation |

I hereby certify that on July 17, 2006, I have sent the foregoing document by Federal Express overnight delivery to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha Horne Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309 | Attorneys for Defendant-<br>Counterclaimant<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Paul S. Grewal<br>Robert M. Galvin.<br>Lloyd R. Day, Jr.<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA  95014 | Attorneys for Defendant-<br>Counterclaimant<br>Symantec Corporation |

| | |
|---|---|
| Theresa A. Moehlman<br>Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036 | Defendant-Counterclaimant<br>Internet Security Systems, Inc., a<br>Delaware Corporation, and Internet<br>Security Systems, Inc., a Georgia<br>Corporation |

      /s/ *John F. Horvath*
      John F. Horvath

80034097.doc