

REDACTED

Exhibit A

| Alleged Combination | Status of Defendants' Argument | Expert | Alleged Basis | Citation |
|---|---|---|---|---|
| NSM 1990 DIDS Oct. 1991 | Asserted | Mr. Heberlein | DIDS paper "directs the reader to NSM 1990" so "NSM is incorporated into the text of each DIDS publication." | Heberlein Report at ¶ 152 |
| Emerald 1997 NIDES 1994 | Newly proffered[1] | Mr. Heberlein | Incorporation by Reference (but also allegedly including Intrusive Activity 1991) | Heberlein Report at ¶ 262-263; Ex. U |
| ISM 1992 DIDS Oct. 1991 | Impropriety Expressly Conceded[2] | Mr. Heberlein | Incorporation by reference  **Note:** Dr. Staniford does not agree, opining instead that it would bee obvious to combine NSM 1990 with DIDS Oct. 1991. *See* Staniford Report at 72 | Heberlein Report, Ex. E |
| NSM 1990 DIDS Feb. 1991 DIDS Oct. 1991 | Impropriety uncontested (opposition is silent)[3] | Mr. Heberlein | Incorporation by Reference  **Note:** Dr. Staniford does not agree, opining instead that it would be obvious to combine NSM 1990 with DIDS Oct. 1991. *See* Staniford Report at 72 | Heberlein Report at ¶152; Ex. C |
| HP OpenView RFC 1155 RFC 1157 RFC 1213 RFC 1271 | Impropriety Expressly Conceded[4] | Mr. Heberlein | Incorporation by reference | Heberlein Report at ¶316; Ex M. |

---

[1] The contention actually raised in the expert report of Mr. Heberlein is that the combination of Emerald 1997, NIDES 1994 and a third reference, Intrusive Activity 1991, should all be treated as a single reference for purposes of "anticipation." As noted below, this 3-way incorporation has now been abandoned.
[2] But Defendants now raise the new contention that ISM 1992 allegedly "inherently" anticipates.
[3] Defendants appear to have abandoned the original contention that all three papers, the two DIDS papers and the one re NSM can all together be treated as a single reference.
[4] But Defendants now raise the new contention that HP OpenView "inherently" incorporates the disclosure of the RFCs.

REDACTED

| Alleged Combination | Status of Defendants' Argument | Expert | Alleged Basis | Citation |
|---|---|---|---|---|
| HP OpenView NetStalker | Impropriety Expressly Conceded[5] | Mr. Heberlein | Incorporation by Reference/ Both allegedly on sale prior to November 9, 1997, and could work together through SNMP traps | Heberlein Report at ¶ 328 |
| Emerald 1997 NIDES 1994 Intrusive Activity 1991 | Impropriety Expressly Conceded as to Emerald – Intrusive Activity | Mr. Heberlein | Emerald makes "explicit references" to NIDES 1994 and Intrusive Activity 1991 | Heberlein Report, ¶ 264; Ex. U |
| DIDS Feb. 1991 DIDS Oct. 1991 | Impropriety uncontested (opposition is silent) | Mr. Heberlein | No Basis Provided | Heberlein Tr. Vol. I at 120:1-121:25 |
| ISM 1992 NSM 1990 NSM 1991 DIDS Feb. 1991 DIDS Oct. 1991 | Impropriety uncontested (opposition is silent) | Mr. Heberlein | ISM makes "explicit direction to use DIDS" | Heberlein Report at ¶ 177 |
| GrIDS 1996 GrIDS 1997 | Impropriety uncontested (opposition is silent) | Mr. Heberlein | No Basis Provided | Heberlein Report at ¶209; Ex. F Heberlein Tr. Vol. I at 148:5-149:3 |
| Ji-Nao Report Ji-Nao Slides | Impropriety uncontested (opposition is silent) | Mr. Heberlein | No Basis Provided | Heberlein Report at ¶ 215; Ex. G |

---

[5] But Defendants raise the new contention that NetStalker "inherently" anticipates.