# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

July 21, 2006

VIA EFILING AND HAND DELIVERY
The Honorable Sue L. Robinson
United States District Court
 District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *SRI International v. ISS and Symantec,* D. Del., C.A. No. 04-1199-SLR

Your Honor:

Defendants Internet Security Systems, Inc., a Delaware corporation, Internet Security Systems, Inc., a Georgia corporation, and Symantec Corp. write to briefly respond to SRI International's July 20, 2006 letter to the Court regarding certain patent claims in SRI's pending continuation application that were recently allowed by the United States Patent and Trademark Office ("PTO").

In its letter, SRI contends that the PTO's decision is relevant to the portion of Defendant's pending motion for summary judgment of invalidity based on the JiNao Report because the new claims were allowed after SRI had disclosed the JiNao Report to the PTO. SRI argues that the decision to allow the claims is a "rejection by the PTO itself of one of defendants' key arguments." SRI's claim is without merit.

SRI apparently submitted the JiNao Report to the PTO, without any explanation, as the 72nd reference on a disclosure containing 146 other references. There was no substantive discussion of the JiNao Report by the Examiner. Nor did the PTO have the benefit of Defendants' summary judgment briefing and evidence (including inventor and expert testimony).

But more importantly, the newly allowed claims are significantly different than the asserted claims at issue in Defendants' summary judgment motion. SRI did not include the text of the allowed claims with its letter to the Court. A side-by-side comparison of newly allowed claim 1 of the '611 application with claim 1 of the '338 patent, however, reveals significant differences:

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Sue L. Robinson
July 21, 2006
Page 2

| Newly Allowed Claim 1 | Claim 1 of '338 Patent |
|---|---|
| A method of network surveillance, comprising: | A method of network surveillance, comprising: |
| *monitoring an event stream derived from network packets*; | receiving network packets handled by a network entity; |
| building a long-term and *multiple* short-term statistical profiles from at least one measure of said event stream; | building at least one long-term and at least one short-term statistical profile from at least one measure of the network packets, the at least one measure monitoring data transfers, errors, or network connections; |
| comparing one of the *multiple* short-term statistical profiles with the long-term statistical profile; and | comparing at least one long-term and at least one short-term statistical profile; and |
| determining whether the difference between the *one of the multiple* short-term statistical profiles and the long-term statistical profile indicates suspicious network activity. | determining whether the difference between the short-term statistical profile and the long-term statistical profile indicates suspicious network activity. |

Thus, even if the PTO initially determined that the JiNao Report did not anticipate the newly allowed claims, it does not follow that the JiNao Report cannot anticipate the asserted '338 claims at issue in Defendants' summary judgment motion, particularly since the PTO did *not* consider the JiNao Report during the prosecution of the '338 patent.

For the reasons detailed in Defendants' motion papers, summary judgment of invalidity of the asserted claims of the '338 patent should be granted. The PTO's recent decision with respect to different claims is simply irrelevant.

Respectfully,

Richard K. Herrmann

cc: John Horvath, Esq. (via email w/ enclosures)
    David Moore, Esq. (via email w/ enclosures)
    Katherine Prescott, Esq. (via email w/ enclosures)
    Theresa Moehlman, Esq. (via email w/ enclosures)
    Holmes Hawkins, III, Esq. (via email w/ enclosures)