A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC., a California
Corporation,

        Plaintiff,

    v.

INTERNET SECURITY SYSTEMS, INC.,
a Delaware corporation, INTERNET
SECURITY SYSTEMS, INC., a Georgia
corporation, and SYMANTEC
CORPORATION, a Delaware corporation,

        Defendants.

Case No. 04-1199-SLR

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE
OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Plaintiff SRI International, Inc. ("SRI") hereby responds and objects to

Defendants Internet Security Systems, Inc., a Georgia corporation ("ISS-GA"), Internet

Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec Corporation's

("Symantec") Notice of Deposition of SRI International, Inc., Pursuant to Fed. R. Civ. P.

30(b)(6). By serving these objections, SRI does not waive its right to make additional

objections at the time of the deposition.

### GENERAL OBJECTIONS

1.     SRI objects to the indicated date of January 4, 2005. SRI is amendable to

discussing a mutually agreeable time for the deposition(s).

2.     SRI objects to each topic to the extent it purports to impose any discovery

obligation greater that what is required by, or consistent with, the Federal Rules of Civil

Procedure and the Local Rules for the United States District Court for the District of

Delaware.

3.    SRI objects to each deposition topic to the extent that it requests information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

4.    SRI objects to each topic to the extent that it requests information that SRI is under an obligation to third parties not to disclose.

5.    SRI objects to each topic to the extent it requests information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

6.    SRI objects to each topic to the extent it calls for information that is publicly available or that is otherwise equally available or already in the possession of the Defendants.

7.    SRI objects to each topic to the extent it is vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unlimited in time or scope, unintelligible or otherwise unclear as to the information sought.

8.    SRI objects to each topic to the extent it calls for a legal opinion or conclusion.

9.    SRI objects to the definition of "SRI," "ISS-GA," "ISS-DE," and "Symantec" as overly broad.

10.    SRI incorporates by reference the general objections set forth above into each of its specific objections set forth below. SRI may repeat a general objection for emphasis or some other reason. The failure to repeat any general objection does not waive any general objection.


## SPECIFIC OBJECTIONS AND RESPONSES

### TOPIC 1:

The location, quantity, and type of all documents possessed by each SRI custodian, including Phillip Porras, Alfonso de Jesus Valdes, and Peter Neumann.

**RESPONSE TO TOPIC 1:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all documents," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 2:**

SRI's custodians' practices and policies for creating, storing and archiving documents each has created or received, including the practices and policies of Phillip Porras, Alfonso de Jesus Valdes, and Peter Neumann.

**RESPONSE TO TOPIC 2:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "practices and policies." SRI also objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 3:**

SRI's practices and policies for storing and disseminating information on its computer servers and intranets, including mis.sri.com, insider.sri.com, and ftp.csl.sri.com.

**RESPONSE TO TOPIC 3:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "practices and policies." SRI also objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 4:**

SRI's practices and policies for posting information to websites accessible to individuals not employed by SRI, including www.csl.sri.com, www.sdl.sri.com, and ftp.csl.sri.com, and for archiving or otherwise saving such information.

**RESPONSE TO TOPIC 4:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrases "websites accessible to individuals not employed by SRI," "practices and policies," and "otherwise saving." SRI also objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 5:**

The identity of, and job duties and responsibilities for, each person responsible for the conception, design, development, implementation, testing, and/or attempts to commercialize any technology of the IDES, NIDES, or Emerald projects or of any of the asserted patents, including any and all attempts to license intellectual property resulting from the projects or asserted patents. This topic includes, but is not limited to, the people listed on Exhibit A to SRI's Response to Defendant Symantec Corporation's First Set of Interrogatories [Nos. 1-12].

**RESPONSE TO TOPIC 5:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic as vague and ambiguous, particularly the phrases "technology of the IDES, NIDES, or Emerald projects" and "intellectual property resulting from the projects or asserted patents." SRI also objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 6:**

The dates and circumstances when SRI first made the following publications available on websites accessible to individuals not employed by SRI, including an identification of the website, the person who posted each publication to the website, and the person responsible for the decision to post each publication to the website.

- P. Porras and P. Neumann, "CONCEPTUAL DESIGN AND PLANNING for EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," Version 1.2 May 20, 1997, http://www.csl.sri.com/intrusion.html [SRI012308-SRI012404].

- P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways," http://www.sdl.sri.com/projects/emerald/live-traffic.html, Internet Society's Networks and Distributed Systems Security Symposium, Nov. 10, 1997 [SYM_P_0068844- SYM_P_0068865].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," 20th NISSC October 9, 1997 [SYM_ P_0068831- SYM_P_0068843].

- P. Neumann, P. Porras and A. Valdes, "Analysis and Response for Intrusion Detection in Large Networks," Summary for CMAD Workshop, Monterey, 12-14 November 1996 [SYM_P_00499439- SYM_P_0049940].

- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances Conceptual Overview," December 18, 1996 [SYM_P_0050335- SYM_P_00503345].

- D. Anderson, T. Frivold, and A. Valdes, "Next-generation Intrusion Detection Expert System (NIDES) A Summary," Computer Science Laboratory, SRI¬CSL-95-07, May 1995 [SYM_P_0082283- SYM_P_0082329].

- H.S. Javitz and A. Valdes, "The NIDES Statistical Component Description and Justification," Annual Report A010, SRI Project 3131, Contract N00039-92-C-0015, March 7, 1994 [SYM_P_0078943- SYM_P_0078994].

## RESPONSE TO TOPIC 6:

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "websites accessible to individuals not employed by SRI." SRI also objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will propose a stipulation regarding the sought information in lieu of designating one or more witnesses to testify on this topic.

**TOPIC 7:**

The dates and circumstances when the documents listed in Topic 6 above were first published and/or disclosed to individuals not employed by SRI.

**RESPONSE TO TOPIC 7:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  SRI further objects that this topic is vague and ambiguous, particularly the phrase "individuals not employed by SRI."  SRI also objects to this topic to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will propose a stipulation regarding the sought information in lieu of designating one or more witnesses to testify on this topic.

/ / /

/ / /

/ / /

Dated:  January 4, 2006          FISH & RICHARDSON P.C.

By: *Katherine D. Prescott*
_____
Timothy Devlin (#4241)
John F. Horvath (#4557)
FISH & RICHARDSON P.C.
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

Howard G. Pollack (CA Bar No. 162897)
Gina M. Steele (CA Bar No. 233379)
Katherine D. Prescott (CA Bar No. 215496)
Michael J. Curley (CA Bar No. 230343)
FISH & RICHARDSON P.C.
500 Arguello St., Ste. 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
SRI INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2006, a true and correct copy of

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF

DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) was caused to be served on the

attorneys of record at the following addresses as indicated:

**BY FACSIMILE & U.S MAIL**                          Attorney for Defendant
Richard K. Herrmann                                   SYMANTEC CORPORATION
Morris, James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Facsimile: (302) 571-1750


**BY FACSIMILE & U.S. MAIL**                         Attorneys for Defendant
Richard L. Horwitz                                    INTERNET SECURITY SYSTEMS,
Potter Anderson & Corroon LLP                         INC.
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
Facsimile: (302) 658-1192


**BY FACSIMILE & FEDERAL EXPRESS**                   Attorney for Defendant
Jonathan Loeb                                         SYMANTEC CORPORATION
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, California 95014
Facsimile: (408) 873-0220


**BY FACSIMILE & FEDERAL EXPRESS**                   Attorneys for Defendant
Holmes Hawkins, III                                   INTERNET SECURITY SYSTEMS,
King & Spalding                                       INC.
191 Peachtree Street, N.E.
Atlanta, GA 30303-1763
Facsimile: (404) 572-5145


*Katherine D. Prescott*
Katherine D. Prescott

50320241.doc

B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC., a California
Corporation,

          Plaintiff,

    v.

INTERNET SECURITY SYSTEMS, INC.,
a Delaware corporation, INTERNET
SECURITY SYSTEMS, INC., a Georgia
corporation, and SYMANTEC
CORPORATION, a Delaware corporation,

          Defendants.

Case No. 04-1199-SLR

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

       Plaintiff SRI International, Inc. ("SRI") hereby responds and objects to

Defendants Internet Security Systems, Inc., a Georgia corporation ("ISS-GA"), Internet

Security Systems, Inc., a Delaware corporation ("ISS-DE"), and Symantec Corporation's

("Symantec") Notice of Deposition of SRI International, Inc., Pursuant to Fed. R. Civ. P.

30(b)(6).  By serving these objections, SRI does not waive its right to make additional

objections at the time of the deposition.

## GENERAL OBJECTIONS

      1.      SRI objects to the indicated date of January 19, 2005.  SRI is amenable to

discussing a schedule for the presentation of appropriate witness(es) that is agreeable to

the parties and convenient to the witness(es).

      2.      SRI objects to each topic to the extent it purports to impose any discovery

obligation greater that what is required by, or consistent with, the Federal Rules of Civil

Procedure and the Local Rules for the United States District Court for the District of Delaware.

     3.     SRI objects to each topic to the extent it fails to comply with the requirements of Fed. R. Civ. P. 30(b)(6) that the notice "describe with reasonable particularity the matters on which examination is requested."

     4.     SRI objects to each deposition topic to the extent it requests information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

     5.     SRI objects to each topic to the extent it requests information that SRI is under an obligation to third parties not to disclose.

     6.     SRI objects to each topic to the extent it requests information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

     7.     SRI objects to each topic to the extent it calls for information that is publicly available or that is otherwise equally available or already in the possession of the Defendants.

     8.     SRI objects to each topic to the extent it is vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unlimited in time or scope, unintelligible or otherwise unclear as to the information sought.

     9.     SRI objects to each topic to the extent it calls for a legal opinion or conclusion.

     10.     SRI objects to each topic to the extent it is vague and/or ambiguous and therefore unduly broad and overly burdensome.

     11.     SRI objects to each topic to the extent it calls for information not known or reasonably available to SRI in the ordinary course of business. SRI also objects to each topic to the extent it calls for information no longer available to SRI. SRI will

designate witnesses to testify with respect to information that is known or reasonably available to it.

      12.    SRI objects to each topic to the extent it calls for information that is unreasonably cumulative or duplicative, or is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses.

      13.    SRI objects to the definitions of "SRI," "ISS-GA," "ISS-DE," and "Symantec" as overly broad and unduly burdensome.

      14.    SRI objects to the definitions of "policy," "policies," "practice," and "practices" as vague and ambiguous.

      15.    SRI incorporates by reference the general objections set forth above into each of its specific objections to the deposition topics set forth below. SRI may repeat a general objection for emphasis or some other reason. The failure to repeat any general objection does not waive any general objection.

## SPECIFIC OBJECTIONS AND RESPONSES

**TOPIC 1:**

The date(s) and circumstances of the conception of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the asserted patents.

**RESPONSE TO TOPIC 1:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any and all evidence." SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 2:**

The date(s) and circumstances of the reduction to practice of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates the date(s) of the reduction to practice of the subject matter claimed in the asserted patents.

**RESPONSE TO TOPIC 2:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any and all evidence." SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 3:**

Any and all diligence in the reduction to practice of the subject matter claimed in the asserted patents and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the asserted patents.

**RESPONSE TO TOPIC 3:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any and all diligence" and "any and all evidence." SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 4:**

The structure, function and operation of the first actual reduction to practice of each claim of the asserted patents.

**RESPONSE TO TOPIC 4:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 5:**

The mode of practicing each claim of the asserted patents that was considered the best mode on November 8, 1998.

**RESPONSE TO TOPIC 5:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "the best mode." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify regarding the mode of practicing each claim of the asserted patents that was considered the best mode by the inventors of the asserted patents on November 8, 1998.

## TOPIC 6:

The publication or making available to the public of the subject matter claimed in the asserted patents on or before November 8, 1997.

## RESPONSE TO TOPIC 6:

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "making available." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 7:

The preparation and submission of any and all invention disclosure(s) during the prosecution of the applications of the asserted patents and of any and all related applications.

## RESPONSE TO TOPIC 7:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any and all invention disclosure(s)" and "any and all related applications," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrases "submission of" and "invention disclosure(s)." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will not provide a witness on this topic.

## TOPIC 8:

All prior art identified by anyone associated with SRI in connection with any analysis or consideration of the claims of the asserted patents or any related patents or patent applications.

## RESPONSE TO TOPIC 8:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all prior art," "anyone associated with SRI," and "any analysis or consideration," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic as vague and ambiguous, particularly as to the phrases "anyone associated with SRI" and "any analysis or consideration." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 9:

All activities related to prior art searches conducted for each of the claims of the asserted patents or any related patents or related applications.

## RESPONSE TO TOPIC 9:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all activities," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the

attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will not provide a witness on this topic.


**TOPIC 10:**

SRI's ownership of and/or interest in the asserted patents, including, without limitation, all assignments of the asserted patents.

**RESPONSE TO TOPIC 10:**

SRI objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 11:**

Any analysis or testing of any product to determine whether the product falls within the scope of any claim of the asserted patents, including any analysis or testing of ISS-GA products or Symantec products.

**RESPONSE TO TOPIC 11:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any analysis or testing" and "any product," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will not provide a witness on this topic.

**TOPIC 12:**

The research, design, development, implementation and testing of any products, software or systems embodying any of the claims of the asserted patents, including, without limitation, the research, design, development, implementation and testing of any technology, product, software, system or component of EMERALD.

**RESPONSE TO TOPIC 12:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any products, software or systems" and "any technology, product, software, system or component of EMERALD," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic as to SRI products as to SRI products, software, or systems.

**TOPIC 13:**

Any product, software or system demonstrated, sold, offered for sale or licensed prior to November 9, 1998 which embodies the subject matter of any claim of the asserted patents.

**RESPONSE TO TOPIC 13:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to after November 8, 1997, and to the extent that it seeks information neither relevant to the

claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 14:**

The first demonstration, first use and first sale of any technology, product, software, system or component that embodies or implements the subject matter claimed in the asserted patents.

**RESPONSE TO TOPIC 14:**

SRI objects to this topic as overly broad and unduly burdensome and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 15:**

The identification, features and functionality of all products, software, components, systems or other technology sold or offered for sale that embody or implement any claim of the asserted patents.

**RESPONSE TO TOPIC 15:**

SRI objects to this topic as overly broad and unduly burdensome, especially as it is unlimited as to time and entity, and to the extent that it seeks information neither

relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on the identification, features, and functionality of SRI products, software, components, systems or other technology sold or offered for sale that embody or implement any claim of the asserted patents.

**TOPIC 16:**

All attempts to sell or otherwise commercialize products, software or systems embodying any claim of the asserted patents, including, without limitation, all efforts to sell, offer to sell, or otherwise commercialize any technology resulting from EMERALD, including an identification of when SRI began marketing and/or selling such products, software or systems and the financial results (e.g., revenues, costs or profits), actual or projected, attributable to such products, software or systems.

**RESPONSE TO TOPIC 16:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all attempts," "all efforts," and "any technology resulting from EMERALD," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrases, "otherwise commercialize" and "financial results." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 17:**

All licenses, attempts to license, or offers to license any products, software or systems embodying any claim of the asserted patents, including, without limitation, all proposed or actual licensing of any technology resulting from EMERALD, including an identification of when SRI began licensing such products.

**RESPONSE TO TOPIC 17:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all licenses, attempts to license, or offers to license," "all proposed or actual licensing," and "any technology resulting from EMERALD," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 18:**

All royalties or other payments made to SRI in connection with the sales or licensing of any products, software or systems embodying any claim of the asserted patents, including, without limitation, all proposed or actual licensing of any technology resulting from EMERALD.

**RESPONSE TO TOPIC 18:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all royalties or other payments," "all proposed or actual licensing," and "any technology resulting from EMERALD," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of

admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 19:

The identity of each customer or licensee of EMERALD, and the price paid by each such customer for EMERALD or a license to EMERALD.

## RESPONSE TO TOPIC 19:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "each customer," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, especially the phrase "price paid." SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 20:

The content and purpose of any advertising or marketing materials created by SRI concerning or related to EMERALD.

**RESPONSE TO TOPIC 20:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any advertising or marketing materials," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 21:**

The effect of the sales of EMERALD, by SRI or any of its licensees, on the sales and profits of any other SRI products, software, systems and/or services.

**RESPONSE TO TOPIC 21:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any of its licensees," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 22:**

The cost savings, expenditure reductions, price reductions or other economic benefits realized by SRI customers or licensee, either directly or indirectly, related to their use, implementation and/or availability of EMERALD.

**RESPONSE TO TOPIC 22:**

SRI objects to this topic as overly broad and unduly burdensome, and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrases "economic benefits" and "availability of." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 23:**

All licenses, offers to license, or attempts to license one or more of the asserted patents, any related patents to the asserted patents or any foreign patents or foreign patent applications corresponding in whole or in part to any of the asserted patents, including, without limitation, an identification of all entities that are licensed under any such licenses and the terms of any such licenses, including whether such licenses are exclusive or non-exclusive, whether the payment terms involve an upfront, fully paid royalty or a running royalty, and the actual payment terms.

**RESPONSE TO TOPIC 23:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all licenses, offers to license, or attempts to license," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 24:

All facts and circumstances surrounding any offers received by or attempts made by SRI to license and/or sell the asserted patents and any documents related to such attempts or offers received.

## RESPONSE TO TOPIC 24:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all facts and circumstances," "any offers," and "any documents," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 25:

All royalties or other payments made to SRI in connection with the licensing of any of the asserted patents, any related patents to the asserted patents or any foreign patents or foreign patent applications corresponding in whole or in part to any of the asserted patents.

## RESPONSE TO TOPIC 25:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all royalties or other payments," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI objects to this topic to the extent it calls for

information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 26:**

SRI's patent and technology licensing policies or practices at all times from 2001 to the present, including any licensing guidelines developed and/or employed by SRI.

**RESPONSE TO TOPIC 26:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any licensing guidelines" and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrases "policies and practices" and "any licensing guidelines." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 27:**

The identity of any other patents assigned to or held by SRI, whether or not SRI has ever licensed or attempted to license such patents, and the terms of such patent licenses, including the patents and/or technology at issue, the rates charged, and the basis and nature of payment (i.e., lump sum, metered, running royalty).

**RESPONSE TO TOPIC 27:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any other patents," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrases "such patent licenses" and "the basis and nature of payments." SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI further objects that this topic is overly broad and unduly burdensome. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on the identity of and the terms of any patent licenses originating from SRI's Computer Science Laboratory or System Design Laboratory.

**TOPIC 28:**

The identity of all licenses made or taken by SRI for intellectual property related to network intrusion detection products, software, systems and/or services, and the terms of all such licenses including, but not limited to, whether such licenses are exclusive or non-exclusive, whether the payment terms involve an upfront, fully paid royalty or a running royalty, and the actual payment terms.

**RESPONSE TO TOPIC 28:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all licenses," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible

evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

## TOPIC 29:

Identification of all contracts between SRI and (1) the United States Government, (2) DARPA, (3) Rome Labs or (4) SPAWAR relating to the design and development of intrusion detection systems, including, without limitation, contract nos. F30602-96-C-0187, F30602-96-C-0294, F30602-96-C-0325, F30602-98-C-0059, F30602-02-C-0024 and N00039-92-C-0015, all funding received by SRI under such contracts, all work performed by SRI under any such contracts, all deliverables made by SRI under such contracts, and the United States Government personnel responsible for awarding, monitoring, supervising, and evaluating such contracts.

## RESPONSE TO TOPIC 29:

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any contracts," "all work," and "all deliverables," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks third party confidential information, including U.S. Government "For Official Use Only" information. SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic as to contracts related to network intrusion detection products, software, systems and/or services.

**TOPIC 30:**

Identification of any and all materials concerning NIDES or EMERALD on any SRI website accessible to persons not employed by SRI on or before November 9, 1998.

**RESPONSE TO TOPIC 30:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any and all materials" and after November 8, 1997, and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further object to this topic as vague and ambiguous, particularly as to the phrase "website accessible to persons not employed by SRI." SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 31:**

Identification of all disclosures to persons not employed by SRI of EMERALD, or any technology resulting from EMERALD, on or before November 9, 1998, including an identification of the date of each such disclosure, the person making the disclosure and the person to whom the disclosure was made.

**RESPONSE TO TOPIC 31:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all disclosures," "technology resulting from EMERALD" and after November 8, 1997, and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic as vague and ambiguous, particularly as to the phrase "persons not employed by SRI." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.


**TOPIC 32:**

Identification of any and all collaborations between SRI and third parties relating to any intrusion detection research and development that started on or before November 9, 1998, including collaborations with MCNC on the JiNao system, the dates of such collaborations and the persons involved in such collaborations.

**RESPONSE TO TOPIC 32:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any and all collaborations," "any intrusion detection research and development," and after November 8, 1997, and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic as vague and ambiguous, particularly as to the phrases "MCNC" and "JiNao system." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 33:**

Any opinions, oral or written, concerning the infringement/non-infringement, validity/invalidity, enforceability/unenforceability, patentability, scope or interpretation of the asserted patents.

**RESPONSE TO TOPIC 33:**

SRI objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, SRI will not provide a witness on this topic.

**TOPIC 34:**

Any valuations of any or all of the asserted patents.

**RESPONSE TO TOPIC 34:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any valuations," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 35:**

All facts and circumstances that support or detract from any contention that SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies are or were at any time competitors in the field of network intrusion detection products, software or systems.

**RESPONSE TO TOPIC 35:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "any facts and circumstances," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "any contention that SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies are or were at any time competitors." SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 36:**

The identity of all businesses or entities for which SRI allegedly competed with either ISS-GA, ISS-DE, Symantec or Recourse Technologies to sell or license intrusion detection products, software or systems and, for each such entity, the outcome of that competition and any reasons communicated to SRI for that outcome.

**RESPONSE TO TOPIC 36:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all businesses or entities" and "any reasons," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic as vague and ambiguous, particularly as to the phrase "allegedly competed." SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses, or other less burdensome sources. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 37:**

The identity of all documents demonstrating that SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies competed to sell or license intrusion detection products, software, systems and/or services.

**RESPONSE TO TOPIC 37:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all documents," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 38:**

All facts and circumstances that support or detract from any contention that any of ISS-GA, ISS-DE or Symantec "was notified of the infringement" of any of the asserted patents, as that phrase is used in 35 U.S.C. § 287(a), before the present suit was filed.

**RESPONSE TO TOPIC 38:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all facts and circumstances," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks information

already in possession of the Defendants. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 39:**

All communications, whether written or verbal, between SRI and either ISS-GA, ISS-DE, Symantec, or Recourse Technologies concerning any of the asserted patents or any infringement of the asserted patents prior to the filing of the present suit.

**RESPONSE TO TOPIC 39:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all communications," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to this topic to the extent it seeks information already in possession of the Defendants. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

**TOPIC 40:**

All communications, whether written or verbal, between SRI and any third-parties concerning any of the asserted patents, the infringement, validity or enforceability of those patents, damages or any other issue in this litigation.

**RESPONSE TO TOPIC 40:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all communications" and "any third-parties," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to

the discovery of admissible evidence. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will not provide a witness on this topic.

**TOPIC 41:**

All facts and circumstances concerning any decision by SRI to mark any of its products with the number of any of the asserted patents, including, without limitation, an identification of the features and functionalities in those products covered by any claim in any of the asserted patents, an identification of when such features and functionalities were implemented in any product by SRI, and an identification of what preceded the incorporation of these features and functions (i.e., whether the feature or function was merely absent from the predecessor product or whether it was accomplished through other means).

**RESPONSE TO TOPIC 41:**

SRI objects to this topic as overly broad and unduly burdensome, especially as to "all facts and circumstances," and to the extent that it seeks information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. SRI further objects that this topic is vague and ambiguous, particularly the phrase "what preceded the incorporation of these features and functions." SRI objects to this topic to the extent it calls for information that is more readily and appropriately obtained from the documents produced in this case by SRI or from SRI's discovery responses. SRI also objects to this topic to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, SRI will designate one or more witnesses to testify on this topic.

Dated:  January 10, 2005                    FISH & RICHARDSON P.C.


By:  _Katherine D. Prescott_____
     Timothy Devlin (#4241)
     John F. Horvath (#4557)
     FISH & RICHARDSON P.C.
     919 N. Market St., Ste. 1100
     P.O. Box 1114
     Wilmington, DE 19889-1114
     Telephone:  (302) 652-5070
     Facsimile:  (302) 652-0607

     Howard G. Pollack (CA Bar No. 162897)
     Gina M. Steele (CA Bar No. 233379)
     Katherine D. Prescott (CA Bar No. 215496)
     Michael J. Curley (CA Bar No. 230343)
     FISH & RICHARDSON P.C.
     500 Arguello St., Ste. 500
     Redwood City, CA 94063
     Telephone:  (650) 839-5070
     Facsimile:  (650) 839-5071

Attorneys for Plaintiff
SRI INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2006, a true and correct copy of

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND

NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) was caused to be

served on the attorneys of record at the following addresses as indicated:

**BY FACSIMILE & U.S MAIL**
Richard K. Herrmann
Morris, James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Facsimile: (302) 571-1750

Attorney for Defendant
SYMANTEC CORPORATION

**BY FACSIMILE & U.S. MAIL**
Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
Facsimile: (302) 658-1192

Attorneys for Defendant
INTERNET SECURITY SYSTEMS,
INC.

**BY FACSIMILE & FEDERAL EXPRESS**
Jonathan Loeb
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, California 95014
Facsimile: (408) 873-0220

Attorney for Defendant
SYMANTEC CORPORATION

**BY FACSIMILE & FEDERAL EXPRESS**
Holmes Hawkins, III
King & Spalding
191 Peachtree Street, N.E.
Atlanta, GA 30303-1763
Facsimile: (404) 572-5145

Attorneys for Defendant
INTERNET SECURITY SYSTEMS,
INC.

Katherine D. Prescott
Katherine D. Prescott

50319654.doc

C

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC



BY FACSIMILE AND U.S. MAIL

March 28, 2006

Jonathan Loeb
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.. Suite 400
Cupertino, CA 95014

Theresa Moehlman
King & Spalding
1185 Avenue of the Americas
New York, NY 10036

Re:    SRI International Inc. v. Internet Security Systems, Inc., et al.
       USDC-D. Del. - C. A. No. 04-1199 (SLR)

Dear Jonathan and Theresa:

I am writing in response to the letter of March 20, 2006, from Jonathan and Jeff Blake regarding Phil Porras' 30(b)(6) deposition. Initially, your letter is incorrect as to the topics for which Mr. Porras has been designated as discussed in more detail below. More globally, your letter fails to mention that Mr. Porras has been designated subject to SRI's objections to the noticed topics which were served long ago. For example, many of the topics have been objected to as overly broad and unduly burdensome. Further, your letter makes no mention of the fact that Mr. Porras has already testified for two full days and his testimony included answering questions on many of the topics for which he has been designated. SRI expects that defendants will not retread the same ground.

More specifically, SRI can confirm that Mr. Porras will be prepared to testify on the following topics as follows:

December 19th Notice:

Topic Nos. 3 and 4 (and December 22nd Notice Topic No. 30): Subject to SRI's objections, Mr. Porras has been designated and will be prepared to testify on these topics only to the extent that they relate to documents or information about NIDES and/or EMERALD that existed on or before November 9, 1998 and only to the extent necessary and appropriate.

Topic No. 5: Mr. Porras is not designated on Topic No. 5. SRI has already produced two witnesses to provide testimony on this topic, Dr. Lincoln and Mr. Bercow.

Topic Nos. 6 and 7: Mr. Porras has already testified about and, subject to SRI's objections, will be prepared to further testify as to SRI's current knowledge concerning the documents listed in your letter to the extent necessary and appropriate.

FISH & RICHARDSON P.C.

Jonathan Loeb and Theresa Moehlman
March 28, 2006
Page 2

<u>December 22nd Notice:</u>

Topic Nos. 1-4: Mr. Porras has already testified about and, subject to SRI's objections, will be prepared to further testify as to these topics to the extent necessary and appropriate. We note that defendants have also questioned several other SRI witnesses, including Mr. Valdes, at length concerning these issues.

Topic No. 5: SRI disagrees that to be able to provide adequate testimony as to "The mode of practicing each claim of the asserted patents that was considered the best mode on November 8, 1998." Mr. Porras must have specific and detailed knowledge as to the contents of the nearly 1000 pages of source code filed with the patents-in-suit. Regardless, Mr. Porras has already provided testimony regarding this code—as have others – and, subject to SRI's objections, will be prepared to answer further questions at a reasonable level of specificity.

Topic No. 6: Mr. Porras has already testified at length about and, subject to SRI's objections, will be prepared to further testify as to this topic to the extent necessary and appropriate.

Topic No. 8: Mr. Porras has already testified about and, subject to SRI's objections, will be prepared to further testify as to this topic to the extent necessary and appropriate.

Topic No. 10: Subject to SRI's objections, Mr. Porras has been designated and will be prepared to testify on this topic to the extent necessary and appropriate.

Topic No. 14: SRI only designates Mr. Porras on Topic No. 14 to the extent it relates to first demonstration and use. Based on that limitation and subject to SRI's objections, Mr. Porras will be prepared to testify on this topic to the extent necessary and appropriate. Mr. Bercow already provided testimony on behalf of SRI as to first sale.

Topic No. 15: Mr. Porras and others have already provided substantial testimony as to this topic. Subject to SRI's objections, Mr. Porras will be prepared to further testify on this topic to the extent necessary and appropriate.

Topic No. 29: Mr. Porras will be prepared to provide testimony on the portion of this topic relating to deliverables made by SRI under such contracts. However, he will only be prepared to do so to the extent he is presented with contracts documents that include a deliverables requirements. We note that defendants have also already questioned Mr. Valdes on this issue.

FISH & RICHARDSON P.C.

Jonathan Loeb and Theresa Moehlman
March 28, 2006
Page 3

Topic No. 31: Mr. Porras and others have already provided testimony as to this topic. Subject to SRI's objections, Mr. Porras will be prepared to further testify on this topic to the extent necessary and appropriate.

Topic No. 32: Mr. Porras and others have already provided substantial testimony as to this topic, including specifically interactions concerning JiNao. Subject to SRI's objections, Mr. Porras will be prepared to further testify on this topic to the extent necessary and appropriate.

Topic No. 39: Subject to its objections, SRI designated Mr. Porras on Topic No. 39 only to the extent it relates to communications with Recourse Technologies and is necessary and appropriate. We note that defendants have questioned Mr. Valdes on this issue. SRI has already designated Mr. Abramson who has provided testimony as to the remainder of this topic.

Topic No. 41: Subject to SRI's objections, Mr. Porras has been designated and will be prepared to testify on this topic to the extent necessary and appropriate.

As mentioned above, Mr. Porras has already been questioned by the Defendants for two entire days. Much of that questioning related to the topics on which he has been designated. Further, during his prior deposition days defendants spent inordinate amounts of time re-asking the same questions multiple times, prompting many "asked and answered" objections. Defendants wasted further time seeking expert opinions and testimony on legal issues such as claim construction. While defendants can choose how to spend the time allotted, deposing Mr. Porras for more than an additional seven hours is unnecessary and potentially abusive. In view of SRI's objections to the noticed topics, the opportunity given defendants with SRI witnesses and the testimony provided to date, SRI will not agree to provide more than the limit of seven additional hours of deposition time with Mr. Porras. You should plan to conclude your examination of Mr. Porras on March 30th.

Very truly yours,

Katherine D. Prescott

Katherine D. Prescott

KDP/cdh

50337327.doc

# D
## (Redacted in its entirety)

# E
## (Redacted in its entirety)