IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 04-1199 (SLR) |
| v. | ) ) ) | PUBLIC VERSION |
| INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) ) | |
| Defendants and Counterclaim-Plaintiffs. | ) ) | |

**ISS'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE SRI, BASED ON SRI'S CONDUCT IN DISCOVERY, FROM DISPUTING THE EVIDENCE ESTABLISHING THAT THE *LIVE TRAFFIC* PAPER IS A 102(b) INVALIDATING REFERENCE**

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree St.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

Theresa A. Moehlman
Bhavana Joneja
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100
Fax: (212) 556-2222

Dated: July 24, 2006
Public Version Dated: July 31, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel.: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*INTERNET SECURITY SYSTEMS, INC., a Delaware corporation and*
*INTERNET SECURITY SYSTEMS, INC., a Georgia corporation*

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  SRI's BELATED PRODUCTIONS AND CONTENTIONS ................................ 3

    A. The *Invention Disclosure* ............................................................................ 3

       1. Production Of An *Invention Disclosure* Waives Privilege ................ 8

    B. SRI's New Contention Regarding The Pre-102(b) Posting Of
       An "Abstract" Of *Live Traffic* ................................................................. 10

    C. SRI Comes Forward With No Evidence To Rebut Defendants'
       Showing That *Live Traffic* Was ▬▬▬▬▬ ......................................... 12

III. SRI's DISCOVERY CONDUCT WARRANTS PRECLUSION ........................ 12

IV.  CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Allegheny Ludlum Corp. v. Nippon Steel Corp.*,
   No. 89-CV-5940, 1991 U.S. Dist. LEXIS 5173 (E.D. Pa. Apr. 15, 1991) ........................ 9

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
   731 F.2d 831 (Fed. Cir. 1984) ........................................................................................ 12

*Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*,
   228 F.3d 275 (3rd Cir. 2000) .......................................................................................... 14

*Cemar, Inc. v. Nissan Motor Corp.*,
   C. A. No. 87-165-CMW, 1990 U.S. Dist. LEXIS 570 (D. Del. Jan. 8, 1990) ................ 10

*LML Patent Corp. v. Telecheck Servs.*,
   C. A. No. 04-858 SLR, 2006 U.S. Dist. LEXIS 13498 (D. Del. Mar. 28, 2006) ............ 9

*Chevron Corp. v. Pennzoil Co.*,
   974 F.2d 1156 (9th Cir. 1992) ......................................................................................... 9

*Eastman Kodak Co. v. Agfa-Gevaert N.V.*,
   No. 02-CV-6564, 2006 U.S. Dist. LEXIS 36795 (W.D.N.Y. Apr. 21, 2006) .................. 8

*Fort James Corp. v. Solo Cup Co.*,
   412 F.3d 1340 (Fed. Cir. 2005) ....................................................................................... 9

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, LTD*,
   1996 WL 680243, 42 U.S.P.Q.2d 1369 (N.D. Ill. 1996) ............................................... 13

*Hercules, Inc. v. Exxon Corp.*,
   434 F.Supp. 136 (D. Del. 1977) ....................................................................................... 9

*In re Spalding Sports Worldwide, Inc.*,
   203 F.3d 800 (Fed. Cir. 2000) .......................................................................................... 8

*Kai USA Ltd. v. Camillus Cutlery Co.*,
   224 F.R.D. 326 (E.D.N.Y. 2004) ..................................................................................... 8

*Stambler v. RSA Sec., Inc.*,
   212 F.R.D. 470 (D. Del. 2003) ....................................................................................... 13

*United States v. Taylor*,
   166 F.R.D. 356 (M.D.N.C. 1996) ............................................................................. 2, 14

## OTHER AUTHORITIES

Fed. R. Civ. P. 37 ................................................................................................. 3, 14

I.  **INTRODUCTION**

Once the inflammatory language and conclusory attorney argument in SRI's opposition is put to the side, and the actual evidence is examined, it becomes crystal clear why ISS's motion for preclusion should be granted. In response to Defendants' showing that SRI posted *Live Traffic* on its website before the 102(b) date, SRI now comes forward with, and seeks to rely on, new evidence that it just produced within the last two weeks, long after the close of fact discovery:[1]

- An *invention disclosure* that SRI alleges ████████████████ ████████████, which was not produced to ISS during the Rule 30(b)(6) deposition even though SRI admittedly knew about this document at the Rule 30(b)(6) deposition; and

- An "abstract" of *Live Traffic* that SRI now asserts was what it posted on the WWW website before the 102(b) date

SRI seeks to introduce its new evidence and positions not through a witness, but through attorney argument. SRI did not come forward with a new declaration from Mr. Porras to explain the significance of these documents and whether they change his Rule 30(b)(6) testimony. In fact, Mr. Porras made a declaration in connection with other motions pending before the Court that contradicts statements in the *invention disclosure*.

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████

---

[1] Given this belated production, it is surprising that SRI would start its opposition with the assertion that ISS had all relevant documents "since the beginning of the case." (SRI's Opp. Br. (D.I. 419) at p. 1.)

[REDACTED] But once again SRI makes these contentions through its attorneys, not through its witnesses. SRI failed to submit a declaration from Mr. Porras, or anyone else from SRI, indicating that [REDACTED]

SRI's counsel "is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate." *United States* v. *Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996). In all of its vitriol, SRI seems to forget that it is the party, not ISS, that has control over the SRI witnesses who were involved in the posting of material to the websites. SRI thus controls access to the relevant discovery.

Through its failure to provide a prepared Rule 30(b)(6) witness, produce relevant documents and set forth its positions in a responsive interrogatory answer during

2

discovery, SRI has violated Rule 37. That Rule provides for the sanction of precluding SRI from presenting these new alleged pieces of evidence and positions at hearings and at trial, which ISS respectfully asks the Court to apply.

If SRI is allowed to use the newly-produced *invention disclosure* and abstract, ISS should be allowed to conduct proper discovery on those documents. Through production of the *invention disclosure*, SRI has waived privilege. SRI will need to produce all documents falling under the scope of the waiver and to re-open deposition discovery.[2] Moreover, ISS respectfully submits that SRI should be required to compensate ISS for costs associated with having to re-take the depositions.

## II. SRI's BELATED PRODUCTIONS AND CONTENTIONS

### A. The *Invention Disclosure*

On July 10, 2006, ISS received a production from SRI that included the *invention disclosure* for the patents-in-suit. (Moore 7th Decl. Ex. A [Cover letter of production sent by Federal Express on Friday July 7, 2006 and received Monday, July 10] and Ex. B [SRI 287656-659; *invention disclosure*].) ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ However, SRI concedes that it failed to

---

[2]  Moreover, given the nature of the *invention disclosure*, it does not just impact the *Live Traffic* analysis. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

3

produce the *invention disclosure* to ISS at the deposition so that ISS's counsel could examine the witness on it.[3]



Rather than directly deal with this evidence, SRI attempts to ignore it. ▪



---

[3] ▪

Had SRI produced this document or properly identified it, ISS's counsel would have immediately understood that SRI was waiving privilege.

4





---



██████████████████████████████████████████████████████████████
████████

       Despite the fact that the evidence dated contemporaneously with the postings shows otherwise, SRI wants to treat the statement in the *invention disclosure* as the gospel. But SRI has not authenticated this document through a witness.[6] Nor did SRI produce the document during the deposition period so that ISS could examine the truth of those statements. ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████

       Treating such statements as true without allowing proper discovery is problematic████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████  Mr. Porras submitted this declaration in connection with SRI's opposition to Defendants' Motion for Summary Judgment That The Patents-in-Suit Are Invalid For Failure To Disclose The Best Mode. (D.I. 283 [Defendants' Opening Brief].)

---

[5] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

[6] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

6







Not only did SRI fail to produce the *invention disclosure* during discovery so that ISS would have an opportunity to examine the named inventors on their statements, it also denied ISS the opportunity to examine the named inventors on other documents falling under the waiver resulting from the production of an *invention disclosure*. Even now, SRI has yet to produce those documents.[7]

### 1. Production Of An *Invention Disclosure* Waives Privilege

[redacted]

However, it is well-established law that *invention disclosures* are privileged documents. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000) ("since Spalding's invention record was prepared and submitted primarily for the purpose of obtaining legal advice on patentability and legal services in preparing a patent application, we conclude that it is privileged in its entirety."); *Eastman Kodak Co v. Agfa-Gevaert N.V.*, No. 02-CV-6564, 2006 U.S. Dist. LEXIS 36795, at *10-11 (W.D.N.Y. Apr. 21, 2006) ("[A]n invention report *almost always* is a document prepared primarily for legal advice (i.e. procuring a patent). Therefore, it is difficult to imagine an invention report that would not be privileged.") (emphasis in original); *Kai USA Ltd. v. Camillus Cutlery Co.*, 224 F.R.D. 326, 329 (E.D.N.Y. 2004) ("Generally, an invention record constitutes a privileged communication if it is provided to an attorney for the purpose of securing legal advice.") (citation omitted); *Allegheny Ludlum Corp. v. Nippon*

---

[7] ISS has written to SRI to inquire about SRI's intentions concerning the production of documents falling under the waiver and re-opening deposition discovery. (Moore 7th Decl. Ex. C [Moehlman Letter].) SRI has yet to respond.

8

*Steel Corp.*, No. 89-CV-5940, 1991 U.S. Dist. LEXIS 5173, at *14 (E.D. Pa. Apr. 15, 1991).

In fact, in this very case, the Court has recently ruled that an invention disclosure of Symantec was protected as privileged. (D.I. 304 [June 21, 2006 Order].) Unlike Symantec's inadvertent production, here SRI intentionally produced the *invention disclosure* to use as evidence. By production of this privileged document, SRI has waived privilege. Therefore, ISS is entitled to production of all documents relating to the patentability and prosecution of the patents-in-suit. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter."); *cf. LML Patent Corp. v. Telecheck Servs.*, C.A. No. 04-858 SLR, 2006 U.S. Dist. LEXIS 13498, at *2 (D. Del. Mar. 28, 2006) ("Once a party has relied on the opinion of counsel, that party waives the privilege as to all documents in its possession, custody or control that have some relevance to the subject matter of the opinion.").

Here SRI only produces the *invention disclosure*. But, "[a] party cannot disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position." *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 156 (D. Del. 1977). *See also Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield.").

Furthermore, if the Court is unwilling to preclude SRI from making its arguments and using the *invention disclosure*, ISS should also be entitled to take deposition

9

discovery on these documents. SRI should not be allowed to thwart the discovery process by withholding documents until after the close of depositions. Moreover, SRI should be required to bear the cost associated with having to re-take the depositions a second time given that SRI admittedly knew about the *invention disclosure* at the Rule 30(b)(6) deposition and chose not to produce it at the time. *Cemar, Inc. v. Nissan Motor Corp.*, C. A. No. 87-165-CMW, 1990 U.S. Dist. LEXIS 570, *22-23 (D. Del. Jan. 8, 1990) (where witnesses had to be re-deposed due to a party's belated production and that party had no justification for the delay, the Court required the party that belatedly produced documents and its attorneys to bear the costs and attorney's fees of the other party in having to re-take the depositions.)

### B. SRI's New Contention Regarding The Pre-102(b) Posting Of An "Abstract" Of *Live Traffic*

███████████████████████████████████████

███████████████████████████████████████

██████ SRI did not put forth this contention in its interrogatory response. ██████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████

Even now, SRI does not come forward with Mr. Porras' version of how this abstract fits into the picture. Rather, SRI submits an abstract of *Live Traffic* that was captured by Internet Archive on *January 24, 1998*, which is past the 102(b) date and

months after the original posting. (Compton Decl. in support of SRI's Reply re *Live Traffic* (D.I. 373) Ex. A.)

Moreover, SRI does not show how to navigate the SRI webpages captured by Internet Archive to get to a link for the abstract. While the exact citation will lead to the abstract, there appears to be no link to that abstract from the other SRI web pages that were captured by Internet Archive on January 24, 1998.[8]

Instead, Internet Archive shows that on January 24, 1998, the EMERALD Project table webpage that comes up has two links relating to *Live Traffic* -- one link leads to the full version of the *Live Traffic* paper in html format; the other link, listed as a postscript version of the *Live Traffic* paper, does not appear to have been archived. (Stempniewicz Decl. ¶¶12-14; Exs. I-K.)[9]

▮▮▮ And, once again, SRI failed to put these documents in front of its witnesses to see if they could recollect what actually happened regarding the "abstract". ▮▮▮

---

[8] The details of what has been archived by Internet Archive during the relevant timeframe is set forth in the Declaration of Ryan J. Stempniewicz and the exhibits attached thereto, which is submitted concurrently with this Reply.

[9] ▮▮▮

11

C.  **SRI Comes Forward With No Evidence To Rebut Defendants' Showing That *Live Traffic* Was ███**



In response, SRI makes a lot of conclusory attorney argument concerning this evidence. But SRI has come forward with *no evidence* to rebut Defendants' showing. (SRI Reply Br. re *Live Traffic* (D.I. 377) at pp. 7-8.) SRI again failed to submit a declaration from Mr. Porras, or anyone else from SRI, indicating that ███

### III.  SRI's Discovery Conduct Warrants Preclusion

The *evidence,* as opposed to SRI's attorney argument, establishes that *Live Traffic* was publicly accessible before the 102(b) date. ███

---

[10]  SRI cannot create a genuine issue of material fact merely by stating that a fact is challenged. *Barmag Barmer Maschinenfabrik AG v. Murata Mach.*, Ltd., 731 F.2d 831, 835-36 (Fed. Cir. 1984).

12

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
██████████████████████ Taken together, this evidence establishes that *Live Traffic* was on the SRI websites before the 102(b) date.

This Court has recognized that "[i]n every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial." *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003). Discovery is supposed to "prevent trial by ambush" and "if a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemental responses." *Heidelberg Harris, Inc v. Mitsubishi Heavy Industries, LTD.*, 1996 WL 680243 at *8, 42 U.S.P.Q.2d 1369 (N.D. Ill. 1996).

SRI seeks to do exactly what the discovery rules were designed to prevent. During the last round of briefing for the Summary Judgment Motions, SRI comes forward with new evidence and positions that it did not provide during discovery. SRI submits this evidence through its attorneys, not through its witnesses, and then attempts to make sweeping conclusions that are at odds with the Rule 30(b)(6) testimony relating to posting of the *Live Traffic* paper on SRI's websites.

13

To avoid such unreliable presentations, the Federal Rules call for vetting documents and contentions through the discovery process. SRI, through its failure to provide discovery, prevented ISS from doing just that. In these circumstances, it is appropriate to preclude SRI from coming forward with new evidence and contentions. *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000), quoting *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996); Rule 37(c), F. R. Civ. P.

To the extent that SRI is allowed to use such evidence and offer such contentions, then SRI should be required to (1) produce all documents falling under the waiver from its production of an *invention disclosure* and (2) present prepared witnesses to testify on these newly provided documents and contentions. ISS also respectively requests that SRI be required to bring its witnesses to ISS's counsel's office in New York and bear the cost of the reporting services.

## IV. CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Opening Brief, ISS respectfully requests that the Court preclude SRI from introducing the new evidence and positions concerning the posting of *Live Traffic* that it did not provide during discovery. In the alternative, should the Court allow SRI to use this new evidence, ISS requests that SRI be Ordered to produced all documents falling under the waiver and to provide witnesses for deposition to testify on matters relating to the new evidence.

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
KING & SPALDING LLP
1180 Peachtree St.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

Theresa A. Moehlman
Bhavana Joneja
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel.: (212) 556-2100
Fax: (212) 556-2222

Dated: July 24, 2006
Public Version Dated: July 31, 2006

743472

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel.: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*INTERNET SECURITY SYSTEMS, INC., a*
*Delaware corporation and*
*INTERNET SECURITY SYSTEMS, INC., a*
*Georgia corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 31, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John Horvath
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899

Richard K. Herrmann
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on July 31, 2006, I have Electronically Mailed the attached document to the following non-registered participants:

Howard G. Pollack
Michael J. Curley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
pollack@fr.com
curley@fr.com

Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard
Suite 400
Cupertino, CA  95014
pgrewal@daycasebeer.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314