# E-Mail Request for Emergency Relief

1. Case Number:                 04-cv-1199-SLR

2. Check the box that applies:

   ✓ Requesting a teleconference with the parties and the court
      Requesting an in-person conference with the parties and the court
      Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   On July 10, after the close of fact discovery and on the day reply briefs in support of summary judgment were due, SRI intentionally produced a partially-redacted invention disclosure form. The form was completed by the inventors of the patents-in-suit, is addressed only to SRI's in-house counsel and patent office, and is explicitly labeled "SRI confidential & privileged." As the Court recently held, an invention disclosure form is covered by the attorney client privilege. SRI has waived its privilege on this document by intentionally producing it. SRI must produce an unredacted copy. In addition, SRI's privilege log reveals a limited number of other contemporaneous communications regarding the same subject matter with counsel to which Symantec is also entitled due to SRI's waiver.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Todd Miller

5. Response of opposing counsel to this request:

   SRI claims a portion of the form was disclosed to the government without explaining whether the entire document was disclosed. SRI refuses to remove the redaction or provide information about the document such as its custodian.

6. Name of local counsel making this request: Richard Herrmann

7. Today's Date: August 8, 2006

*************************************************************************************

For court use only:

☐ A teleconference will be held on _____ to be coordinated and initiated by

☐ An in-person discovery conference will be held on:

✓ Other: SEE ATTATCHED

Consistent with the reasoning of the Third Circuit in <u>Westinghouse Electric Corp. v. The Republic of the Philippines</u>, 951 F.2d 1414 (3d Cir. 1991), an IDF created by SRI for the government is not a privileged document and is appropriately disclosed to Symantec. Based on SRI's representation that the redacted portions of the IDF were not disclosed to the government, the court concludes that there has been no partial waiver. <u>See</u> <u>id.</u> at 1426 n.12. Therefore, Symantec's request for further production is denied.

## Opposing Counsel's Response to E-Mail Request for Emergency Relief

1. Case Number: 04-cv-1199-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

   Defendants were provided with documentary proof that the Invention Disclosure Form ("IDF") is not privileged because it was created for the U.S. Government, at the behest of the U.S. Government, and provided to the U.S. Government pursuant to the terms of a contract between SRI and the Government. Because the IDF is not privileged, there can be no waiver. The version of the IDF produced to Defendants was redacted because it contains a privileged e-mail — a fact made known to Defendants -- from SRI in-house counsel to SRI's corporate secretary and another in-house attorney. A version of the IDF provided to the U.S. Government without the privileged cover email communication could not be located by SRI—another fact made known to Defendants. There is no legitimate dispute, a fact that can be easily confirmed by in camera review if the Court so desires.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: John F. Horvath

4. Today's Date: August 9, 2006

*********************************************************************************