# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

September 8, 2006

**VIA E-FILING AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
  District of Delaware
844 King Street
Wilmington, DE  19801

       Re:    *SRI International v. ISS and Symantec*, D. Del., C.A. No. 04-1199-SLR

Dear Chief Judge Robinson:

       On behalf of Defendant Symantec Corporation, pursuant to Local Rule 7.1.2(c), I write to inform the Court of a recent development of significance to the case and in particular to Defendants' joint pending motion for summary judgment of invalidity.

       The U.S. Patent and Trademark Office ("PTO") recently granted an Order granting a request for ex parte reexamination of one of the patents-in-suit -- U.S. Patent No. 6,484,203. [Ex. A]. This Order finds in part that two of the references relied upon in Defendants' pending summary judgment motion - Emerald 1997 and JiNao - both raise a substantial new question of patentability with respect to all of the claims of the '203 patent.

       Requests for reexamination of the remaining patents-in-suit are also pending before the PTO. Symantec will inform the Court if there are any material developments relating to those reexamination requests.

The Honorable Sue L. Robinson
September 8, 2006
Page Two

      Symantec continues to appreciate the Court's attention to these matters.

                                  Respectfully,

                                  Richard K. Herrmann

Enclosures

cc: John Horvath, Esq. (via email w/ enclosures)
    David Moore, Esq. (via email w/ enclosures)
    Katherine Prescott, Esq. (via email w/ enclosures)
    Theresa Moehlman, Esq. (via email w/ enclosures)
    Holmes Hawkins, III, Esq. (via email w/ enclosures)

# EXHIBIT A

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,125 | 6484203 |
| | Examiner | Art Unit |
| | Roland G. Foster | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>07 July 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,   b)☒ PTO-1449,   c)☒ Other: <u>See the attached Decision.</u>

1. ☒  The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Roland G. Foster
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20060828

Application/Control Number: 90/008,125                                                                          Page 2
Art Unit: 3992

## DECISION

A substantial new question of patentability affecting claims 1-22 of United States Patent Number 6,484,203 B1 (the "Porras" patent) is raised by the request for *ex parte* reexamination, filed on July 7, 2006 (the "Request").

Pages 2-6 of the Request identify the following printed publications as providing teachings relevant to the claims of the Porras patent:

1. P. Porras and P. Neumann, EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances, 20th NISSC, Oct. 7-9, 1997 ("Emerald 1997").

2. Y. Frank Jou et al., *Architecture Design of a Scalable Intrusion Detection System for the Emerging Network Infrastructure*, Technical Report, DARPA Order No. E296, Contract No. F30602-96-C0325, April 1997 ("JiNao Report").

3. WheelGroup Corporation, NetRanger Version 1.3.1 User's Guide, 1997 ("NetRanger Manual").

4. Snapp, Steven et al., Intrusion Detection Systems (IDS): A Survey of Existing Systems and A Proposed Distributed IDS Architecture, CSE-91-7, Feb. 1991 ("DIDS Feb. 1991").

5. Snapp, S. et al., DIDS (Distributed Intrusion Detection System) – Motivation, Architecture, and An Early Prototype, Proceedings of the 14th National Computer Security Conference, Volume I, October 1-4, 1991 (DIDS Oct. 1991").

6. Staniford-Chen, S. et al., GrIDS – A graph based intrusion detection system for large networks, pp. 361-370, 19th National Information Systems Security Conference, 1996 ("GRIDS 1996").

7. The Design of GrIDS: A Graph-Based Intrusion Detection System, Technical Report, UC Davis Department of Computer Science, Davis California, May 14, 1997 ("GRIDS 1997).

Application/Control Number: 90/008,125                                              Page 3
Art Unit: 3992

    A reasonable examiner would consider the above prior references important in making a decision as to the patentability of claims 1-22 of the Porras patent.

### Identification of Every Claim for Which Reexamination is Requested

    The above-cited publications (Emerald 1997, JiNao Report, NetRanger Manual, DIDS Feb. 1991, DIDS Oct. 1991, GRIDS 1996, and GRIDS 1997) are separately discussed regarding claims 1-22 of the Porras patent. See pages 11 – 43 of the Request and exhibits B, C, D, E, F, and G.

### Statement Pointing Out Each Substantial New Question of Patentability

    The teaching in each cited prior art document that provides a basis for each substantial new question of patentability is separately discussed. See the claim charts (page 11 – 43) in the Request and exhibits B, C, D, E, F, and G, which point out the teachings in each of the above-cited publications. The Request also states that the above-cited references were never cited during prosecution of the Porras patent. Although the Emerald 1997 and DIDS Oct. 1991 were cited in the prosecution of the parent application to the Porras patent, they were never relied upon in any rejection and not cited during prosecution of the actual application that matured into the Porras patent. See pages 2-6 of the Request. See also MPEP § 2258.01. Thus, each substantial new question raised in the request is a new question.

Application/Control Number: 90/008,125                                                              Page 4
Art Unit: 3992

<u>Detailed Explanation of How the Cited Prior Art is Applied to Every Claim for Which Reexamination is Requested</u>

The above-cited publications (Emerald 1997, JiNao Report, NetRanger Manual, DIDS Feb. 1991, DIDS Oct. 1991, GRIDS 1996, and GRIDS 1997) are separately discussed regarding how they apply to claims 1-22 of the Porras patent. See page 11 – 43 of the Request regarding claim charts that apply independent claim 1 to each of the above-mentioned publications. Claim 12 is discussed as being "virtually identical" to claim 1, as discussed on page 7 of the Request. See page 8 of the Request and exhibits B, C, D, E, F, and G regarding the dependent claims.

In certain limited cases however, the Request lumps proposed rejections in the alternative. For example, the Request states that "[i]n the alternative, to the extent the Examiner believes that certain claim limitations are not disclosed in the JiNao Report, it would have been obvious to combine JiNao Report with references about well-known commercial intrusion detections systems such as NetRanger...." Page 27 of the Request. See also pages 33, 37, and 42 for similar alternative, lump rejections. Although these alternative rejections are explained in some detail, they fail to explain how the cited prior art is applied to a particular claim and/or limitation. Thus, these proposed combinations discussed above fail to explain how the above-cited publications are applied to every claim for which reexamination is requested, and thus fails create a substantial new question of patentability.

Application/Control Number: 90/008,125 Page 5
Art Unit: 3992

In contrast, the proposed combination of Emerald 1997 in combination with other secondary references as discussed on pages 19-21 clearly explains how the cited combination is applied to the limitations of a particular claim, specifically independent claims 1 and 12. Thus, the proposed combinations of Emerald 1997 with the identified secondary references create a substantial new question of patentability, as discussed in more detail below.

### Emerald 1997

A reasonable examiner would consider the Emerald 1997 reference important in making a decision as to the patentability of claims 1-22 of the Porras patent. Claim 1, which is representative, recites:

> **A computer-automated method of hierarchical event monitoring and analysis within an enterprise network comprising:**
>
> **deploying a plurality of network monitors in the enterprise network;**
>
> **detecting, by the network monitors, suspicious network activity based on analysis of network traffic data selected from the following categories:**
>
>> **[network packet data transfer commands, network packet data transfer errors, network packet data volume, network connection requests, network connection denials, error codes included in a network packet];**
>
> **generating, by the monitors, reports of said suspicious activity;**
>
> **and automatically receiving and integrating the reports of suspicious activity, by one or more hierarchical monitors.**

Emerald 1997 teaches of deploying a plurality of network monitors (service monitors), detecting by the network monitors suspicious network activity based on analysis of network traffic (monitoring event streams), generating reports of said activity (intrusion or suspicion reports), and integrating the reports by one or more hierarchical monitors (domain and

Application/Control Number: 90/008,125                                                                Page 6
Art Unit: 3992

enterprise-layer monitors). For additional details, see the claim chart set forth on pages 12 – 14 of the Request.

A question has also been raised as whether a firewall inherently monitors network traffic data (page 17 of the Request), monitors a network packet data volume (page 18 of the Request), and whether Emerald 1997 is combinable with various other secondary references in order to teach limitations directed to methods for analyzing network traffic as recited in independent claims 1 and 12. See pages 19-21 of the Request.

The Emerald 1997 reference was not previously considered (as discussed above) nor addressed in the prior examination of the patent or a final holding of invalidity by the Federal Courts.

Thus, a reasonable examiner would consider the new teachings of Emerald 1997 important in deciding to allow the claims being considered.

### JiNao

A reasonable examiner would consider the JiNao reference important in making a decision as to the patentability of claims 1-22 of the Porras patent. With respect to claim 1, which is representative as discussed above, JiNao teaches of deploying a plurality of network monitors (multiple lower-level monitors known as local detection subsystems overseen by a

Application/Control Number: 90/008,125                                              Page 7
Art Unit: 3992

higher-level monitor known as a remote management subsystem), detecting by the network monitors suspicious network activity based on analysis of network traffic (statistical and protocol based intrusion checks), generating reports of said activity (local decision module performing analysis on the events or messages), and integrating the reports by one or more hierarchical monitors (remote subsystems establishing a global view of the network by exchanging detection information from their domains). For additional details, see the claim chart set forth on pages 23 – 26 of the Request.

The JiNao reference was not previously considered (as discussed above) nor addressed in the prior examination of the patent or a final holding of invalidity by the Federal Courts.

Thus, a reasonable examiner would consider the new teachings of JiNao important in deciding to allow the claims being considered.

The Request fails to raise a question as to whether the JiNao reference is combinable with various other secondary references as cited on pages 27 and 28 of the Request, and also as discussed above.

Application/Control Number: 90/008,125 Page 8
Art Unit: 3992

NetRanger, DIDS Oct. 1991, DIDS Feb. 1991, GRIDS 1996, and GRIDS 1997

Similarly to the Emerald 1997 and JiNao, the Request applies the Netranger, DIDs Oct. 1991 and Feb. 1991, and the GRIDS 1996 and 1997 references in a similar manner to the applied claims. See 29-43 of the Request, including the detailed claim charts. Neither were these references addressed in the prior examination of the Porras patent (as discussed above) or in a final holding of invalidity by the Federal Courts. Thus, a reasonable examiner would consider these publications important in making a decision as to the patentability of claims 1-22 of the Porras patent.

The Request fails to raise a question as to whether these references are combinable with various other secondary references, as discussed above.

Conclusion

With respect to the Information Disclosure Statement ("IDS") filed on July 7, 2006, the IDS cites documents that do not meet the prior art, printed publication, and/or pertinency requirements and have therefore not been considered. Although some references cited on the IDS may have previously been considered during the initial examination, during a reexamination proceeding citation of documents for which no explanation of pertinency and applicability is provided, not to mention analysis regarding any SNQ, fail to meet the requirements set forth by 37 U.S.C. 1.501 and 37 U.S.C. 1.510(b)(2). Those references cited on the IDS that are not in

Application/Control Number: 90/008,125    Page 9
Art Unit: 3992

compliance will be lined through by the examiner and not considered. See MPEP § 2202, 2205, and 2214.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the Hong patent throughout the course of this reexamination proceeding. The requester is also reminded of the ability to similarly appraise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/008,125                                    Page 10
Art Unit: 3992

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA   22313-1450

Please FAX any communications to:

(571) 273-9900
Central Reexamination Unit

Please hand-deliver any communications to:

Customer Service Window
Attn:  Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

_____
Roland G. Foster
Central Reexamination Unit, Primary Examiner
Electrical Art Unit 3992
(571) 272-7538                            Conferees

                                          MARK J. REINHART
                                          SPRE-AU 3992
                                          CENTRAL REEXAMINATION UNIT

PTO/SB/08B (07-05)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Use as many sheets as necessary) | Application Number | Not yet assigned |
| | Filing Date | Not yet assigned |
| | First Named Inventor | Phillip Andrew Porras |
| | Art Unit | Not yet assigned |
| | Examiner Name | Not yet assigned |
| Sheet  1  of  3 | Attorney Docket Number | 1904-001 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| R.C.F. | A | SNAPP, S., et al., Intrusion Detection Systems (IDS): A Survey of Existing Systems and a Proposed Distributed IDS Architecture, CSE-91-7, Feb. 1991 | |
| R.C.T. | B | Y. F. JOU, et al., Architecture Design of a Scalable Intrusion Detection System for the Emerging Network Infrastructure, Technical Report, April 1997. | |
| R.C.T. | C | STANIFORD-CHEN, S., et al., GrIDS - A graph based intrusion detection system for large networks, pp. 361-370, 19th NISSC, 1996. | |
| R.C.F. | D | CHEUNG, S., et al., The Design of GrIDS - A Graph-Based Intrusion Detection System. Technical Report, May 1997. | |
| R.C.T. | E | WHEELGROUP CORPORATION, NetRanger 1.3.1 User's Guide, 1997. | |
| R.C.T. | F | P. PORRAS, P. NEUMANN, EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances, p. 353-365, 20th NISSC, Oct. 1997. | |
| R.C.F. | G | S. SNAPP, et al., DIDS (Distributed Intrusion Detection System) - Motivation, Architecture, and An Early Prototype, Proc. 14th NCSC, Vol. I, Oct. 1991. | |
| | H | SUN MICROSYSTEMS, SunScreen EFS Configuration and Management Guide, Release 1.1, Rev. A, June 1997. | |
| | I | J. CASE, et al., A Simple Network Management Protocol (SNMP), Network Working Group, Request for Comments: 1157, May 1990. | |
| | J | M. ROSE, K. MCCLOUGHRIE, Structure and Identification of Management Information for TCP/IP-based Internets, Network Working Group, Request for Comments: 1155, May 1990. | |

| Examiner Signature | | Date Considered | 8/29/06 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/08B (07-05)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | Not yet assigned |
| | Filing Date | Not yet assigned |
| | First Named Inventor | Phillip Andrew Porras |
| | Art Unit | Not yet assigned |
| | Examiner Name | Not yet assigned |
| Sheet 2 of 3 | Attorney Docket Number | 1904-001 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| | K | K. MCCLOUGHRIE, M. ROSE, Management Information Base for Network Management of TCP/IP-based internets: MIB-II, Network Working group, Request for Comments: 1213, March 1991. | |
| | L | S. WALDBUSSER, Remote Network Monitoring Management Information Base, Network Working Group, Request for Commetns: 1271, Nov. 1991. | |
| | M | S. WALDBUSSER, Remote Network Monitoring Management Information Base, Version 2 using SMIv2, Network Working Group, Request for Comments: 2021, Jan. 1997. | |
| | N | D. PERKINS & E. MCGINNIS, Understanding SNMP MIBs, 1997. | |
| | O | W. STALLINGS, SNMP, SNMPv2 and CMIP, The Practical Guide to Network-Management Standards, 1993. | |
| | P | M. MILLER, Managing Internetworks with SNMP, Second Ed., M&T Books, New York, New York, 1997. | |
| | Q | S. GARFINKEL, G. SPAFFORD, Practical UNIX & Internet Security, 2nd Ed., O'Reilley & Assoc., 1996. | |
| | R | D.B. CHAPMAN, E. ZWICKY, Building Internet Firewalls, 1st Ed., O'Reilly & Assoc., 1995. | |
| | S | A. VALDES, D. ANDERSON, Statistical methods for Computer Usage Anomaly Detection Using NIDES, Third Intl. Workshop on Rough Sets and Soft Computing, 1995. | |
| | T | P. PORRAS, A. VALDES, Live Traffic Analysis of TCP/IP Gateways, 1998 ISOC Symposium on Network and Distributed Systems Security, 1998. | |

| Examiner Signature | | Date Considered | 8/29/06 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/08B (07-05)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | Not yet assigned |
| | Filing Date | Not yet assigned |
| | First Named Inventor | Phillip Andrew Porras |
| | Art Unit | Not yet assigned |
| | Examiner Name | Not yet assigned |
| Sheet 3 of 3 | Attorney Docket Number | 1904-001 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| R.C.F. | U | HEBERLEIN, L.T., et al., A Method to Detect Intrusive Activity in a Networked Environment, 14th National Computer Soc. Conf., Oct. 1991. | |
| | V | ~~JAVITZ, H. & VALDES, A., The NIDES Statistical Com~~ponent Description and ~~Justification,~~ SRI Project 3131, March 1994. | |

| Examiner Signature | | Date Considered | 8/29/06 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*