IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>   Plaintiff and<br>   Counterclaim-Defendant,<br>  v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>   Defendants and<br>   Counterclaim-Plaintiffs. | C. A. No. 04-1199 (SLR) |

**PROPOSED JOINT PRETRIAL ORDER**

On October 12, 2006, counsel for SRI International, Inc. ("SRI") and Defendants Internet Security Systems, Inc. a Delaware corporation, and Internet Security Systems, Inc. a Georgia corporation, (collectively "ISS"), and Symantec Corporation ("Symantec") attended a pre-trial conference before this Court. The Court hereby orders the following matters as to the trial scheduled to begin on October 30, 2006.

**I.  NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.4(D)(1)).**

  1. On August 26, 2004, SRI International, Inc. ("SRI") filed a complaint for infringement of U.S. Patent Nos. 6,321,338 ("the '338 patent"), 6,484,203 ("the '203 patent"), 6,711,615 ("the '615 patent"), and 6,708,212 ("the '212 patent") (collectively, "the patents-in-suit") against ISS and Symantec, Civil Action No. 04-1199 SLR (D.I. 1). ISS is accused of infringing the '338, '203, and '615 patents. Symantec is accused of infringing the '203, '615 and '212 patents.

2.     On September 14, 2004, SRI and Symantec filed a Joint Stipulated Motion to extend the time for Symantec to answer the complaint to October 15, 2004 (D.I. 6). On that same day, SRI and ISS similarly filed a Joint Stipulated Motion to extend the time for ISS to answer the complaint to October 15, 2004 (D.I. 7). The Court granted both motions and so ordered on September 14, 2004.

3.     On October 15, 2004, ISS moved to dismiss or, in the alternative, to sever SRI's claims against it and transfer them to the Northern District of Georgia (D.I. 10). On that same day, Symantec similarly moved to dismiss or, in the alternative, to sever SRI's claims against it and transfer them to the Northern District of California (D.I. 14). On April 13, 2005, the Court denied both ISS's and Symantec's motions (D.I. 32).

4.     On October 15, 2004, Symantec filed an Answer to the Complaint denying SRI's allegations of infringement, asserting various affirmative defenses, and asserting counterclaims for declaratory judgment. (D.I. 13). SRI replied to Symantec's counterclaims on November 14, 2004 (D.I. 23).

5.     On April 25, 2005, SRI filed its First Amended Complaint, naming Internet Security Systems, a Georgia Corporation as an additional defendant. (D.I. 33).

6.     On May 23, 2005, Symantec filed an Answer to the First Amended Complaint, denying SRI's allegations of infringement, and asserting counterclaims for declaratory judgment for the '338, '203, '212 and '615 patents. (D.I. 38). SRI replied to Symantec's counterclaims on June 13, 2005 (D.I. 43).

7.     On May 23, 2005, ISS filed an Answer to the First Amended Complaint, denying SRI's allegations of infringement, asserting various affirmative defenses, and

asserting counterclaims for declaratory judgment for the '203, 615, '338 and '212 patents. (D.I. 39, 40). SRI replied to ISS's counterclaims on June 13, 2005 (D.I. 44, 45).

8. On March 14, 2006, the Court bifurcated the trial of damages and willfulness issues.

## II. BASIS FOR FEDERAL JURISDICTION (DEL. L.R. 16.4(D)(2)).

9. Plaintiff SRI, Inc. is a California corporation having its principal place of business in Menlo Park, California.

10. Defendant Symantec, Inc. is a Delaware corporation having its principal place of business in Cupertino, California.

11. Defendant ISS-Delaware is a Delaware corporation having its principal place of business in Atlanta, Georgia.

12. Defendant ISS-Georgia is a Georgia corporation having its principal place of business in Atlanta, Georgia.

13. This is a patent infringement action. The Court has subject matter jurisdiction over the claims and counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## III. STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF (DEL. L.R. 16.4(D)(3)).

14. The parties admit the facts stated in Exhibit 1.

## IV. ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS (DEL. L.R. 16.4(D)(4)).

15. SRI's Statement of Issues of Facts that remain to be litigated is attached as Exhibit 2.

16. Symantec's Statement of Issues of Fact that remain to be litigated is attached as Exhibit 3.

17. ISS's Statement of Issues of Fact that remain to be litigated is attached as Exhibit 4.

## V. ISSUES OF LAW THAT REMAIN TO BE LITIGATED (DEL. L.R. 16.4(D)(5)).

18. SRI's Statement of Issues of Law that remain to be litigated is attached as Exhibit 5.

19. Defendant's Joint Statement of Issues of Law that remain to be litigated is attached as Exhibit 6.

## VI. PRE-MARKED EXHIBIT LISTS (DEL. L.R. 16.4(D)(6)).

20. SRI's list of pre-marked Exhibits including designations of interrogatories and answers thereto and requests for admissions and responses thereto to be offered at trial is attached as Exhibit 7. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of its admissibility is also provided.

21. Defendants' joint list of pre-marked Exhibits including designations of interrogatories and answers thereto and requests for admissions and responses thereto to be offered at trial is attached as Exhibit 8. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of its admissibility is also provided.

22. Symantec's list of pre-marked Exhibits including designations of interrogatories and answers thereto and requests for admissions and responses thereto to be offered at trial is attached as Exhibit 9. A specification of those exhibits which will be

admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of its admissibility is also provided.

23. ISS's list of pre-marked Exhibits including designations of interrogatories and answers thereto and requests for admissions and responses thereto to be offered at trial is attached hereto as Exhibit 10. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of its admissibility is also provided.

24. The parties agree that documents are *prima facie* genuine and authentic and have been prepared in the ordinary course of business on or about the dates that are reflected on the document if they are (a) authored by employees of SRI, Symantec or ISS, and (b) produced by either SRI, Symantec or ISS during discovery. The parties reserve the right to adduce proof, on reasonable notice prior to all other parties, to controvert this stipulation with respect to individual documents. This stipulation shall not be deemed or interpreted to be a stipulation that any document is admissible in evidence.

25. The parties agree to exchange, in electronic form, complete and legible copies of their pre-marked documentary exhibits on or before October 16, 2006.

26. All exhibits, demonstrative or evidentiary, shall be exchanged no later than 7:00 p.m. two calendar days before the use of that exhibit at trial. The issue of whether demonstratives for opening and closing will be exchanged, and if so, the timing for such exchange, will be addressed at the pretrial conference.

27. .    Any day from two weeks before the trial is to begin through two (2) days before trial is to begin, by request at least 24 hours in advance, each party shall permit the other party to inspect any and all physical exhibits at the office of the producing party, provided that the inspecting party agrees not to alter any such physical exhibit in any manner.

28.    Legible photocopies of United States patents and Patent Office file histories may be offered and received in evidence in lieu of certified copies.

29.    Legible photocopies of printed publications (with agreed-upon English translations) may be offered and received in evidence in lieu of the original publication.

30.    A duplicate of any document or photograph may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be available for inspection at the trial upon reasonable notice.

31.    Any document not identified by the above procedures may be used at trial for purposes of cross-examination or impeachment.

**VII.    WITNESS LISTS (DEL. L.R. 16.4(D)(7)).**

32.    The list of Witness Names and Addresses that SRI intends to call at trial either live or by deposition is attached as Exhibit 11.

33.    The list of Witness Names and Addresses that Symantec intends to call at trial either live or by deposition is attached as Exhibit 12.

34.     The list of Witness Names and Addresses that ISS intends to call at trial either live or by deposition is attached as Exhibit 13.

35.     Unless otherwise agreed, each party will provide to the other party a list of witnesses it intends to call on direct examination (whether live or by deposition) no later than 7:00 p.m. two calendar days before calling that witness.  For witnesses to be presented "live," the presenting party shall also include a list of exhibits and provide a copy of any demonstrative to be used with each witness.  The parties shall meet and confer on any objections to the exhibits and/or demonstratives by 9:00 p.m. one calendar day before the witness is to be called.

36.     Unless otherwise agreed during trial, each party will provide the other party a list of deposition designations that it intends to introduce by 7:00 p.m. two days before the designations are intended to be used in court.  The other party(ies) will provide counter-designations and objections by 1:00 p.m. the following day.  The original designating party will provide the other party(ies) with rebuttal designations by 7:00 p.m.  The parties will meet and confer on any objections by 9:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony.

37.     All designated testimony (original and rebuttal) will be played or read to the jury as one consecutive segment followed by the playing or reading of any counter-designated testimony such that the Court may accurately charge time to the designating parties.

38.     The parties request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open.  If a party

makes such a request, subject to the Court's approval, and for good cause shown, the courtroom should be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate a corporate representative who may remain in the courtroom. Each party must notify the opposing party of the identity of the corporate representative before the courtroom is cleared.

39. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to that time, the parties may designate, by page and line, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

40. Transition statements to jury: As an aid to the jury, the parties request that they be permitted to offer brief transition statements to introduce witnesses and identify the issues on which the witness is expected to testify. With the exception of closing arguments, none of the parties will be allowed at any time to argue or comment on the evidence.

41. Exclusion of Witnesses: The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses prior to giving their own testimony. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to a party's corporate representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

**VIII.   BRIEF STATEMENTS OF PROOF AT TRIAL (DEL. L.R. 16.4(D)(8)-(10)).**

42.   A brief statement of what SRI intends to provide in support of its claims is attached as Exhibit 14.

43.   A brief statement of what Symantec intends to provide in support of its defenses and counterclaims is attached as Exhibit 15.

44.   A brief statement of what ISS intends to provide in support of its defenses and counterclaims is attached as Exhibit 16.

**IX.   AMENDMENT TO THE PLEADINGS (DEL. L.R. 16.4(D)(11)).**

45.   On August 23, 2006, IBM announced that it planned to acquire ISS. If the planned transaction closes prior to trial, SRI may be required to amend its complaint to name IBM as a defendant.

**X.   GOOD FAITH SETTLEMENT EFFORTS (DEL. L.R. 16.4(D)(12)).**

46.   Two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement. The parties have not reached any agreement that would resolve this matter.

**XI.   OTHER MATTERS WHICH THE PARTIES DEEM APPROPRIATE (DEL. L.R. 16.4(D)(13)).**

47.   A list and brief discussion of miscellaneous issues and Motions in Limine that SRI deems appropriate to discuss at the pretrial conference is set forth in Exhibit 17.

48.   A list and brief discussion of miscellaneous issues and Motions in Limine that Symantec wishes to address at the pretrial conference is set forth in Exhibit 18.

49.   A list and brief discussion of miscellaneous issues and Motions in Limine that ISS wishes to address at the pretrial conference is set forth in Exhibit 19.

50. The parties request that the Court grant access to the Courtroom on the day before trial for the purposes of setting up electronic and computer devices.

**XII. VOIR DIRE (DEL. L.R. 47.1(A)).**

51. SRI's Proposed Voir Dire is set forth in Exhibit 20.

52. 1. Symantec's Proposed Voir Dire is set forth in Exhibit 21.

53. 1. ISS's Proposed Voir Dire is set forth in Exhibit 22.

**XIII. JURY INSTRUCTIONS (DEL. L.R. 51.1).**

54. The Jury Instructions which are reasonably anticipated to be made and on which the parties agree are attached as Exhibit 23.

55. SRI's proposed jury instructions are attached as Exhibit 24.

56. Symantec's proposed jury instructions are attached as Exhibit 25.

57. ISS's proposed jury instructions are attached as Exhibit 26.

58. The attached CD-ROM disk contains electronic versions of each set of jury instructions in Word Perfect format.

**XIV. VERDICT FORM (DEL. L.R. 51.1(C)).**

59. SRI's proposed Special Verdict Form is attached as Exhibit 27.

60. Symantec's proposed Special Verdict Form is attached as Exhibit 28.

61. ISS's proposed Special Verdict Form is attached as Exhibit 29.

**XV. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (DEL. L.R. (16.4(D)(14)).**

62. This Order shall control the subsequent course of trial, unless modified by the Court to prevent manifest injustice.

SO ORDERED:

Dated: _____, 2006          _____

United States District Judge

JOINTLY SUBMITTED BY:

| | |
|---|---|
| Dated:  October 6, 2006 | Dated:  October 6, 2006 |
| FISH & RICHARDSON P.C. | POTTER, ANDERSON & CORROON LLP |
| By:  /s/ *Kyle Wagner Compton*  <br>     John F. Horvath (#4557)  <br>     Kyle Wagner Compton (#4693)  <br>919 N. Market St., Ste. 1100  <br>P.O. Box 1114  <br>Wilmington, DE 19889-1114  <br>Telephone:  (302) 652-5070  <br>Facsimile:  (302) 652-0607 | By:  /s/ *David E. Moore*  <br>     Richard L. Horwitz (#2246)  <br>     David E. Moore (#3983)  <br>Hercules Plaza  <br>1313 North Market Street, 6th Floor  <br>P.O. Box 951  <br>Wilmington, DE  19899  <br>Telephone:  (302) 984-6000  <br>Facsimile:  (302) 658-1192 |
| Howard G. Pollack (CA Bar No. 162897)  <br>Katherine D. Prescott (CA Bar No. 215496)  <br>500 Arguello St., Ste. 500  <br>Redwood City, CA 94063  <br>Telephone:  (650) 839-5070  <br>Facsimile:  (650) 839-5071 | Holmes J. Hawkins, III  <br>Bradley A. Slutsky  <br>Natasha Horne Moffitt  <br>KING & SPALDING LLP  <br>1180 Peachtree Street N.E.  <br>Atlanta, GA  30309  <br>Telephone: (404) 572-4600  <br>Facsimile: (404) 572-5145 |
| Attorneys for Plaintiff/Counterclaim-Defendant SRI INTERNATIONAL, INC. | Theresa Moehlman  <br>1185 Avenue of the Americas  <br>New York, NY 10036-4003  <br>Telephone: (212) 556-2100  <br>Facsimile: (212) 556-2222 |
| | Attorneys for Defendants/Counterclaim-Plaintiffs INTERNET SECURITY SYSTEMS, INC. a Delaware corporation and INTERNET SECURITY SYSTEMS, INC. a Georgia corporation |

Dated: October 6, 2006

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

By: */s/ Mary M. Matterer*
    Richard K. Herrmann (#405)
    Mary M. Matterer (#2696)
222 Delaware Avenue, 10th Floor
P. O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

Lloyd R. Day, Jr. (*pro hac vice*)
Robert M. Galvin (*pro hac vice*)
Paul S. Grewal (*pro hac vice*)
Renee DuBord Brown (*pro hac vice*)
DAY CASEBEER MADRID & BATCHELDER, LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Attorneys for Defendant/Counterclaim-Plaintiff SYMANTEC CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I electronically filed **PROPOSED JOINT PRETRIAL ORDER** with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the document will be served by hand on Delaware counsel as follows:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Email: rhorwitz@potteranderson.com<br>Email: dmoore@potteranderson.com | Attorneys for Defendant-<br>Counterclaimant<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |
| Richard K. Herrmann<br>Morris James Hitchens & Williams<br>PNC Bank Center<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Email: rherrmann@morrisjames.com | Attorneys for Defendant-<br>Counterclaimant<br>Symantec Corporation |

I also certify that on October 6, 2006, I mailed by Federal Express and by electronic mail, the above document(s) to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha Horne Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>Email: hhawkins@kslaw.com<br>Email: nmoffitt@kslaw.com | Attorneys for Defendant-<br>Counterclaimant<br>Internet Security Systems, Inc., a<br>Delaware corporation, and Internet<br>Security Systems, Inc., a Georgia<br>corporation |

| | |
|---|---|
| Paul S. Grewal<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA  95014<br>Email:  pgrewal@daycasebeer.com | Attorneys for Defendant-Counterclaimant Symantec Corporation |
| Theresa A. Moehlman<br>Bhavana Joneja<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Email:  tmoehlman@kslaw.com<br>Email:  bjoneja@kslaw.com | Defendant-Counterclaimant Internet Security Systems, Inc., a Delaware Corporation, and Internet Security Systems, Inc., a Georgia Corporation |

                                                /s/ *Kyle Wagner Compton*
                                                Kyle Wagner Compton

80034097.doc