# EXHIBIT 15

## SYMANTEC'S STATEMENT OF ANTICIPATED PROOFS

Symantec expects that it will offer the following proof at trial, subject to revision based upon the Court's rulings on claim construction and pending motions, or in response to new matters introduced in SRI's Statement of Anticipated Proofs. In addition to the items identified below, Symantec intends to prove the matters identified in its Answer and Counterclaims to SRI's First Amended Complaint, interrogatory answers and in the expert reports of its expert witnesses. Symantec also intends to offer proof on the issues of fact and issues of law identified by the parties in this Joint Pretrial Order.

For the Court's convenience, the claims asserted against Symantec will be referred to herein as the "asserted claims." The particular claims asserted against Symantec are:

| **Claims asserted against Symantec** | <ul><li>'338 patent: no claims asserted against Symantec's currently accused products. Symantec is maintaining its declaratory judgment actions of non-infringement and invalidity against the claims previously asserted: 1-2, 4-5, 11-13, 18-19, 24</li><li>'203 patent: claims 1-2, 4, 6, 12-13, 15, 17</li><li>'615 patent: claims 1-2, 4, 7, 13-14, 16</li><li>'212 patent: claims 1-6, 14-17</li></ul> |
|---|---|

## I.    INVALIDITY OF THE PATENTS-IN-SUIT

Symantec will introduce proof that:

1.    The asserted claims of the '338, '203, '615 and '212 patents are invalid under 35 U.S.C. § 102 as anticipated, based upon the following prior art publications and systems or products:

- P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways," ("*Live Traffic*" various versions);
- P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," Proceedings of the 20th National Information Systems Security Conference, pp. 353-365, October 9, 1997 ("*Emerald 1997*");

- D. Anderson, T. Frivold, and A. Valdes, "Next-generation Intrusion Detection Expert System (NIDES) A Summary," Computer Science Laboratory, SRI-CSL-95-07, May 1995 ("*Network NIDES*");

- Y. Frank Jou et al., "Architecture Design of a Scalable Intrusion Detection System for the Emerging Network Infrastructure," Technical Report CDRL A005, Dept. of Computer Science, North Carolina State University, April 1997 ("*JiNao Report*");

- Y. Frank Jou and S. Felix Wu, "Scalable Intrusion Detection for the Emerging Network Infrastructure, IDS Program Review," SRI, July 1997 ("*JiNao Slides*");

- L. Todd Heberlein et al., "A Network Security Monitor," Proc. 1990 IEEE Computer Society Symposium on Research in Security and Privacy, pp. 296-304, May 1990 ("*NSM 1990*");

- L.T. Heberlein, B. Mukherjee, K.N. Levitt, "Internetwork Security Monitor," Proc. of the 15th National Computer Security Conference, pp. 262-271, October 1992 ("*ISM 1992*");

- B. Mukherjee, L.T. Heberlein, K.N. Levitt, "Network Intrusion Detection," IEEE Network, Vol. 8 No. 3, pp. 26-41, June 1994 ("*NID 1994*");

- Steven R. Snapp et al., "Intrusion Detection Systems (IDS): A Survey of Existing Systems and a Proposed Distributed IDS Architecture," CSE-91-7, Feb. 1991 ("*DIDS Feb. 1991*");

- Steven R. Snapp et al., "DIDS (Distributed Intrusion Detection System) – Motivation, Architecture, and An Early Prototype," Proc. 14th National Computer Security Conference, pp. 167-173, October 1991 ("*DIDS Oct. 1991*");

- S. Staniford-Chen et al., "GrIDS – A Graph Based Intrusion Detection System for Large Networks," 19th National Information Systems Security Conference, pp. 361-370, October 1996 ("*GrIDS 1996*");

- Steven Cheung et al., "The Design of GRIDS: A Graph-Based Intrusion Detection System," Technical Report, UC Davis Department of Computer Science, Davis California, May 14, 1997 ("*GrIDS 1997*");

- Frank Edward Feather, "Fault Detection in an Ethernet Network via Anomaly Detectors," Ph.D. thesis, Carnegie Mellon University, May, 1992 ("*Feather Thesis*");

- "HP OpenView for Windows User Guide for Transcend Management Software, Version 6.1 for Windows and '97 for Windows NT," 3Com, October 1997 ("*HP OpenView for Windows User Guide*");

- "NetStalker, Installation and User's Guide, Version 1.0.2" (May 1996);

- "RealSecure Release 1.0 for Windows NT 4.0 A User's Guide and Reference Manual";

- "NetRanger User's Guide Version 1.3.1," WheelGroup Corporation, 1997

2

- ("*NetRanger Manual*");
- U.S. Pat. No. 5,825,750, to Horace C. Thompson, entitled "Method and apparatus for maintaining security in a packetized data communications network," filed on March 29, 1996 and issued on October 20, 1998 ("*the '750 patent*");
- Network Security Monitor ("NSM");
- Distributed Intrusion Detection System ("DIDS");
- Graph-based Intrusion Detection System ("GrIDS");
- NetRanger;
- ISS RealSecure;
- HP OpenView; and
- NetStalker.

2. The asserted claims of the '338, '203, '615 and '212 patents are invalid under 35 U.S.C. § 103 as obvious.

3. The asserted claims of the '338, '203, '615 and '212 patents are invalid under 35 U.S.C. § 112 as invalid for indefiniteness, failure to satisfy the enablement requirement, failure to satisfy the written description requirement, and failure to satisfy the best mode requirement.

4. Rebuts SRI's assertions of evidence of secondary indicia of nonobviousness, and any evidence of a purported nexus between alleged secondary indicia and the purported invention(s) of the '338, '203, '615 and '212 patents.

**II.   UNENFORCEABILITY OF THE PATENTS-IN-SUIT**

Symantec will introduce proof that:

5. Individuals associated with the filing or prosecution of the '338, '203, '615 and '212 patents either withheld information from the United States Patent & Trademark Office (the "PTO") or misrepresented information to the PTO.

6. The information withheld or misrepresented by individuals associated with the filing or prosecution of the '338, '203, '615 and '212 patents was material.

7. The information withheld or misrepresented by individuals associated with the filing or prosecution of the '338, '203, '615 and '212 patents was withheld or misrepresented

with the intent to mislead or deceive the PTO.

### III.  NONINFRINGEMENT

Symantec's iForce IDS, ManHunt 3.0, Symantec Network Security 4.0, and Symantec Network Security 7100 Series appliances will be referred to as the "ManHunt Products."

Symantec's Incident Manager 3.0 and Security Information Manager 9500 Series appliances will be referred to as the "Manager Products."

Symantec's Symantec Gateway Security 5400 Series appliances will be referred to as "SGS 5400," Symantec Gateway Security 5600 Series appliances will be referred to as "SGS 5600," and Symantec Gateway Security 1600 Series appliances will be referred to as "SGS 1600."

Symantec will introduce proof that:

### A.  ManHunt Products

8.  Rebuts SRI's assertion that Symantec's use or sale of Symantec's ManHunt Products satisfies each and every limitation of the asserted claims of the '203, '615 or '212 patents, either literally or with only insubstantial differences.

9.  Rebuts SRI's assertion that Symantec or any Symantec customer has made, used or sold the ManHunt Products in the manner that SRI alleges to be infringing.

10. Rebuts SRI's assertion that Symantec, with the requisite intent and knowledge, actively induced its customers to infringe the asserted claims of the '203, '615 or '212 patents by use of the ManHunt products.[1]

### B.  SGS 5400 + Manager Products

11. Rebuts SRI's assertion that use or sale of Symantec's SGS 5400 in combination with the Manager Products satisfies each and every limitation of the asserted claims of the '203, '615 or 212 patents, either literally or with only insubstantial differences.

---

[1] Symantec understands that SRI is no longer asserting contributory infringement against any Symantec product.

4

12.     Rebuts SRI's assertion that Symantec or any Symantec customer has made, used or sold the SGS 5400 in combination with the Manager Products in the manner that SRI alleges to be infringing.

13.     Rebuts SRI's assertion that Symantec, with the requisite intent and knowledge, actively induced its customers to infringe the asserted claims of the '203, '615 or '212 patents by use of the SGS 5400 in combination with the Manager Products.

### C.     SGS 5600 / SGS 1600 + Manager Products

14.     Rebuts SRI's assertion that use or sale of Symantec's SGS 5600 or SGS 1600 in combination with the Manager Products satisfies each and every limitation of the asserted claims of the '203 or '615 patents (excluding '615 claim 7), either literally or with only insubstantial differences.

15.     Rebuts SRI's assertion that Symantec or any Symantec customer has made, used or sold the SGS 5600 or SGS 1600 in combination with the Manager Products in the manner that SRI alleges to be infringing.

16.     Rebuts SRI's assertion that Symantec, with the requisite intent and knowledge, actively induced its customers to infringe the asserted claims of the '203 or '615 patents (excluding '615 claim 7) by use of the SGS 5600 or SGS 1600 in combination with the Manager Products.