SRI v. ISS and Symantec

Exhibit 17 to the Proposed Pre-Trial Order

**OTHER MATTERS FOR ENTRY IN THE PRETRIAL ORDER
PURSUANT TO L.R. 16-4(d)(13)**

**A.     WITNESSES**

1. Inequitable conduct is not an issue to be determined by the jury, and any testimony of a witness to be used with respect to the issue of inequitable conduct shall be taken (or submitted by designation) the same day the witness testifies, only it shall be taken (or submitted) separately, outside the presence of the jury, in a manner and at a time as the Court may direct.

**B.     MOTIONS IN LIMINE**

2. SRI intends to move in limine:

   (a) To preclude Symantec expert witness Frederick Avolio from presenting his opinions regarding the claims-at-issue, pending the outcome of SRI's Motion for Partial Summary Judgment of No Anticipation by the "EMERALD 1997" Publication;

   (b) To preclude Symantec's witness, Jeffery Hansen, from providing a non-infringement opinion under SRI's proposed construction of the hierarchical claims because Mr. Hansen's opinions were limited to the constructions proposed by defendants;

   (c) To preclude Defendants from relying on documents untimely produced by Symantec's witness, L. Todd Heberlein, specifically documents produced during the second day of Mr. Heberlein's deposition (on June 8, 2006) and thereafter;

    (d)  To preclude Defendants from relying upon documents untimely produced by Symantec's witness, Daniel Teal, specifically alleged prior art references and supporting materials produced after the close of fact discovery;

    (e)  To preclude Defendants from relying on documents in support of Mr. Teal's opinions that are not prior art because they are confidential or otherwise do not qualify as printed publications;

    (f)  To preclude Defendants from referencing or seeking to introduce documents produced after the close of fact discovery.

    (g)  To preclude Defendants from referencing or seeking to introduce evidence regarding the Patent Office's declaration of reexamination as to any of the patents-in-suit.

    (h)  To preclude Defendants from referencing or seeking to introduce evidence regarding the Court's resolution of any pending motion for summary judgment/adjudication.

    (i)  To preclude Defendants from referencing or seeking to introduce evidence regarding SRI's withdrawal of its infringement allegations as to the '338 patent against Symantec.

**C. OTHER MOTIONS**

    (a)  For dismissal of Symantec's affirmative defenses and counter-claims as to the '338 patent in view of SRI's withdrawal of its infringement allegations relating to the '338 patent and Symantec's currently accused products.

    (b)  For dismissal of ISS's affirmative defenses and counter-claims as to the '212 patent in view of SRI's withdrawal of its infringement allegations relating to the '212 patent and ISS's currently accused products.

**D.     JURY AND VOIR DIRE**

3. The jury will consist of eight (8) jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.

4. After all challenges for cause have been exercised and determined, the Clerk or designated courtroom deputy shall draw and announce the names of the panel as to which peremptory challenges may be exercised. Except when the Court has directed otherwise prior to the commencement of voir dire, peremptory challenges to which each party may be entitled under 28 U.S.C. § 1870 shall be exercised as follows: SRI may exercise 3 challenges, having the first, third and fifth opportunities to challenge. Symantec will have the second opportunity to challenge. ISS will have the fourth opportunity to challenge. Symantec and ISS may jointly exercise the sixth and final opportunity to challenge.