# EXHIBIT 19

## ISS'S LIST OF OTHER MATTERS FOR THE COURT'S CONSIDERATION

1.      In order to simplify the trial, minimize juror confusion and avoid prejudice, ISS requests that the Symantec and ISS cases be tried separately to separate juries pursuant to Fed. R. Civ. P. 42(b).

2.      Precluding Dr. Kesidis from testifying about (a) the level of ordinary skill in the computer security or intrusion detection field prior to November 1998; (b) what would or would not have been obvious to a person of ordinary skill in the art in 1998; and (c) whether the patent disclosure would have enabled a person of ordinary skill in the art to make and use the claimed inventions prior to November 1998.  (Fully briefed and submitted to the Court).

3.      Precluding SRI from disputing the documentary evidence that the full version of the *Live Traffic* paper was posted on SRI's website before November 9, 1997.  (Fully briefed and submitted to the Court).

4.      Limiting SRI to the infringement contentions in SRI's expert report, which SRI adopted in its interrogatory responses, namely, that (a) ISS RealSecure and Proventia agents operating in combination with SiteProtector with add-on module Security Fusion 2.0 (and above) infringe claims 1-2, 4, 6, 12, 13, 15, and 17 of the '203 patent and claims 1-2, 4, 13, 14, and 16 of the '615 patent and (b) Proventia Anomaly Detection System ("ADS") operating in standalone mode infringes claims 1, 4, 5, 11, 12, 13, and 24 of the '338 patent.

5.      Limiting Dr. Kesidis' testimony to the opinions and statement identified in his expert reports.

6.      Requiring SRI to reduce the number of asserted claims that will be tried against ISS.  SRI currently asserts 21 claims against ISS, many of which are extremely repetitive.

7.      Excluding evidence relating to the prosecution of any later-filed application that is related to the applications leading to the patents-in-suit as irrelevant and prejudicial.

8.      Precluding SRI from calling Michael Skroch as a witness, given that SRI did not mention this witness until August 23, 2006, SRI was unwilling to provide the witness for

deposition and Defendants have been unable to independently schedule Mr. Skroch's deposition.

9.    Excluding any mention or reference to IBM's acquisition of ISS on the grounds of relevance and prejudice.

10.    Excluding evidence of communications between the parties regarding the patents-in-suit given the Court's decision to bifurcate the willfulness determination from the liability case.

11.    Excluding evidence of ISS's total revenues or profits given the Court's decision to bifurcate damages from the liability case.

12.    The trial of the inequitable conduct defense.

13.    Admitting into evidence the affidavits of Paul Hickman, from Internet Archive, attesting to the dates of the public availability of material on the Internet.

14.    The timing for exchanging demonstratives intended to be used in opening statements and closing arguments.