SRI v. ISS and Symantec

(Amended) Exhibit 17 to the Proposed Pretrial Order

**OTHER MATTERS FOR ENTRY IN THE PRETRIAL ORDER
PURSUANT TO L.R. 16-4(d)(13)**

**I.    OTHER MATTERS**

    **A.    Trial of this Matter Should Not be Severed**

Defendants' request for multiple trials of this matter would, if granted, result in substantial inefficiency and prejudice to SRI. The claims asserted against the defendants as to two of the patents-in-suit are virtually identical. Because all four patents-in-suit share a common specification, the subject matter of the other two patents-in-suit is also very similar. Because of this overlap, the prior art references defendants have identified in support of their invalidity defenses are identical. (Compare Exhs. 3 and 4 and Exhs. 15 and 16 to the Pretrial Order). The five expert witnesses the defendants intend to present on the issues of validity and enforceability are identical. (Compare Exhs. 13 and 14 to the Pretrial Order). The non-prior art validity defenses defendants intent to present are also identical. (Compare Exhs. 15 and 16 to the Pretrial Order). Thus, there is little chance the jury would be confused by hearing from two defendants and a great deal of efficiency to be gained by hearing from defendants together.

On the issue of infringement, two representative products from each defendant are accused of infringing substantially overlapping claims. Depending on the claim construction determinations by the Court, defendants may not even have colorable non-infringement arguments as to two of the patents-in-suit. In any event, given the contentions and expert reports filed to date, the disputes regarding infringement are few and very narrowly defined. Moreover, SRI intends to further reduce the number of

1

representative claims it will assert, further simplifying the case for the jury. Thus, again, there is little to be gained by severing the cases against defendants, and much in the way of efficiency to be lost by doing so.

> B. **Defendants Should Not Be Permitted to Present Defenses of Obviousness, indefiniteness, lack of written description, or ownership.**

Defendants have identified several alleged defenses in their pretrial papers that simply have not been adequately disclosed either in response to contention interrogatories or in expert reports. Allowing these defenses to be presented at trial will prejudice SRI because it has not had adequate opportunity to explore the bases for them, and will risk confusing the jury with legal doctrines and jargon that have no relationship to the actual proofs to be presented.

First, defendants have raised only vague allegations of obviousness. As shown in their description in the pretrial filings, defendants have not identified and cannot identify specific allegations based on specific combinations of prior art. Instead, Defendants want to rely on "claim charts" attached to expert reports listing hundreds of references, with no attempt to define any specific combinations and no attempt to show or explain the required motivation on the part of one of ordinary skill to combine specific references in a specific manner. Given the absence of disclosure of specific obviousness contentions, defendants should not be allowed to state specific contentions for the first time at trial. As such, defendants should be precluded from relying on their "catch all" contention as a hook for presenting an obviousness defense at trial.

Next, defendants assert that they intend to raise the issues of indefiniteness and lack of written description. Again, however, but for a throw-away word or two in an expert report, defendants have not identified any specific allegations as to any specific

terms or phrases in any asserted claim which are allegedly indefinite or unsupported by the written description. Defendants should not be allowed to manufacture specific allegations at the eleventh-hour. Because these defenses have not been sufficiently described before, and SRI has had no opportunity to explore the basis for them, defendants should be precluded from attempting to now rely on these defenses at trial.

Finally, ISS (but not Symantec) has raised for the first time in its pretrial papers a standing defense based on some vague allegation that SRI does not own three of the four patents in suit. This contention has never been raised before in this case. Nor does ISS explain the basis for its new contention or identify any evidence it proposes to present at trial in support of the defense. Allowing this surprise defense would prejudice SRI.

### C. Defendants Should Be Compelled to (1) Identify their Actual Invalidity Defenses and (2) Limit the Number of Witnesses They Will Present "Live."

Defendants have listed 18 printed publications and 7 separate intrusion detection systems as allegedly anticipating the asserted claims. Defendants have identified four fact/expert witnesses to address this art. This, as a practical matter, provides SRI with no notice of the validity defenses that will actually be presented to the jury. Moreover, presentation of this volume of material is not practical in any reasonable amount of trial time. SRI therefore requests that defendants be required to limit their invalidity case to no more than 8 references – equal to the number of independent claims asserted by SRI. SRI also requests that defendants' validity experts be prohibited from providing overlapping and redundant testimony regarding these references and, in addition, that defendants disclose which witnesses will present the jury with information regarding the selected references.

Defendants have taken the position that they cannot narrow the art on which they will rely until SRI reduces the number of claims it will assert. During the meet and confer process preceding the filing of the pretrial papers, SRI reduced the number of representative claims it is asserting in this case from 89 to 32. Yet no adjustments were made by defendants to their invalidity contentions or witnesses. SRI is willing to further reduce the total number of claims it is asserting against defendants to 19 – 8 claims against both defendants, 6 against Symantec alone, and 5 against ISS alone.

In addition, independent of the scope of defendants' prior art case, SRI requests that reasonable limits be placed on the total number of witnesses who will be presented "live" and by deposition. SRI proposes that each side be permitted to present 10 witnesses in its case-in-chief.

### D.    Experts Should Be Limited to the Opinions Offered in Their Reports.

Defendants produced numerous documents after the close of fact discovery and in some cases after the close of expert discovery, apparently to bolster the written opinions rendered by their various experts. In addition, just last week, on October 9, 2006, ISS produced a supplemental report of one of its experts. SRI requests the Court limit experts to the opinions expressed in their timely filed written reports and not permit untimely supplementation of those opinions either through unreferenced documents or untimely produced reports.

### E.    The Scope of Cross Examination Should Be Limited to the Scope of Direct Examination.

As is typical for the plaintiff and patentee, SRI does not plan to introduce evidence relating to the issue of validity in its case-in-chief. SRI therefore requests that cross examination of the witnesses it presents in its case-in-chief be limited to the scope

of direct examination, in accordance with the usual rule, and not be used by defendants as a vehicle to present their invalidity defense.

### F.    Other Issues

The vote of shareholders of ISS on the acquisition of the company by IBM is scheduled for October 16, 2006.  The deal is expected to close thereafter, and may close either before or during the trial of this matter.  SRI requests leave to amend its complaint to name IBM as a defendant when that acquisition is completed.  SRI has requested ISS to keep it apprised of the status of the acquisition.

Inequitable conduct is not an issue to be determined by the jury, and any testimony of a witness to be used with respect to the issue of inequitable conduct should be taken (or submitted by designation) the same day the witness testifies, only it should be taken (or submitted) separately, outside the presence of the jury, in a manner and at a time as the Court may direct.

SRI has withdrawn its infringement allegations that Symantec's currently accused products infringe the '338 patent.  Accordingly, Symantec should be required to dismiss its affirmative defenses and counter-claims as to the '338 patent.  Symantec should also be precluded from introducing evidence that the '338 patent was asserted against it and withdrawn by SRI.

ISS moved for declaratory judgment regarding the '212 patent. SRI never asserted this patent against ISS and has stipulated that it will not assert the '212 patent against ISS's currently accused products.  Accordingly, ISS should be required to dismiss its affirmative defenses and counter-claims as to the '212 patent.  ISS should also be precluded from introducing evidence regarding SRI's stipulation as to the '212 patent.