

**Potter
Anderson
&Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

April 29, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    **SRI International, Inc. v. Internet Security Systems , et al.
C.A. No. 04-1199-SLR**

Dear Judge Robinson:

    Defendant Internet Security Systems, Inc. ("ISS") submits this letter to join in Symantec's request that the Court rule as a matter of law on the issue of whether the asserted claims of the '203 and '615 patents would have been obvious in view of the *Emerald 1997* reference in combination with its internally-cited reference *Intrusive Activity 1991*. ISS agrees that this narrow issue is particularly ripe for summary judgment in view of the Federal Circuit's decision affirming that the *Emerald 1997* reference anticipates the '212 patent and in view of the Supreme Court's recent *KSR* decision.

    Additionally, ISS urges the Court to rule on a single anticipation issue that was not addressed by the Court's prior summary judgment rulings. In particular, ISS requests that the Court rule on the issue of whether the asserted claims of the '338 patent are anticipated by the *JiNao* reference. (See D.I. 297 at pp. 36-39). ISS does not believe that any supplemental briefing on that issue is necessary but would be happy to participate in a brief hearing or argument if the Court would find it helpful. If the Court rules in favor of defendants on this anticipation argument and the obviousness argument raised by Symantec and joined by ISS in this letter, the entire case will be resolved in defendants' favor.

    There are no genuine issues of material fact concerning this anticipation issue. SRI has admitted that the *JiNao* reference discloses building long-term and short-term statistical profiles and comparing those profiles to determine if the difference indicates suspicious network activity (See D.I. 339 at pp. 25-29). SRI's only argument is that those profiles are built from "audit data" rather than from "network packets" as recited in the '338 claims. (Id.) This conclusory argument is insufficient to raise a ***genuine*** issue of material fact. The Court has broadly construed the terms "network" and "packet," as well as the limitation "building at least one long-term and at least one short-term statistical profile from at least one measure of network packets." (D.I. 468 at 2, 5). These broad constructions render SRI's efforts to distinguish "audit data" from "network packets" meaningless in the context of the anticipation analysis. Regardless, the *JiNao* reference unequivocally discloses looking at network packets:

The Honorable Sue L. Robinson
April 29, 2008
Page 2

> In the early stage, intrusion detection system [sic] were designed around the analysis of a single host's audit trail. With the proliferation of computer networks, many of the intrusion detection systems began to extend the techniques to networks of computers. Most of the current network intrusion detection efforts have taken on one of the following two approaches. One approach is to collect data from separate hosts on a network for processing by a centralized intrusion detection system [2][3]. ***The other approach is to target network traffic at the service and protocol levels*** [6][7]. Our effort is close to the second approach with a few exceptions. First we are interested in protecting network infrastructure and particularly focus on routing and management capabilities. Therefore, the target of analysis is mainly on specific protocol traffic instead of general traffic data.

(D.I. 301, Ex. J). SRI's own expert conceded that the JiNao monitor analyzes network packets. (D.I. 301, Ex. V at pp. 210-212). Accordingly, summary judgment of invalidity is appropriate. *See e.g., Liebel-Flarsheim Co. v. Medrad, Inc.,* 481 F.3d 1371, 1381-83 (Fed. Cir. 2007) (affirming summary judgment of anticipation as a matter of law); *Celeritas Technologies, Ltd. v. Rockwell Int'l Corp.,* 150 F.3d 1354, 1360-61 (Fed. Cir. 1998) (holding district court erred by not granting a motion for JMOL of anticipation).

As stated above, summary judgment on these two issues -- obviousness of the '203 and '615 claims and anticipation of the '338 claims -- would resolve all remaining claims in the case, rendering a trial unnecessary.

Respectfully,

/s/ *Richard L. Horwitz*

Richard L. Horwitz

/msb
862134 / 29434
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic mail)