IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>   v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs. | C. A. No. 04-1199 (SLR)<br><br>**PUBLIC VERSION – May 20, 2008**<br><br>THIS DOCUMENT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL OR RESTRICTED CONFIDENTIAL – SOURCE CODE AND COVERED BY A PROTECTIVE ORDER. THIS DOCUMENT SHALL NOT BE MADE AVAILABLE TO ANY PERSON OTHER THAN THE COURT AND OUTSIDE COUNSEL OF RECORD FOR THE PARTIES |

**LETTER TO THE HONORABLE SUE L. ROBINSON
FROM THOMAS L. HALKOWSKI, ESQUIRE REGARDING
MATERIALS REQUESTED AT APRIL 29, 2008 STATUS CONFERENCE**

Dated: May 13, 2008

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
Kyle W. Compton (#4693)
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114

Attorneys for Plaintiff and Counterclaim Defendant
SRI INTERNATIONAL, INC.

cc:    Richard L. Horwitz, Esq. (by electronic filing)
        Richard K. Herrmann, Esq. (by electronic filing)

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**PUBLIC VERSION – MAY 20, 2008**

May 13, 2008

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   SRI International Inc. v. Internet Security Systems, Inc., et al.
       USDC-D. Del. - C. A. No. 04-1199 (SLR)

Dear Judge Robinson:

Pursuant to the Court's Order issued during the April 29, 2008, hearing in this matter, enclosed are the following materials relevant to SRI's opposition to the two summary judgments upon which Defendants now seek reconsideration from the Court:

- TAB 1:  SRI's Opposition to Defendants' Motion for Summary Judgment of Invalidity Pursuant to §§ 102 & 103 [D.I. 339]
    o  pp. 1-14 (background issues and EMERALD '97 and Intrusive Activity '91)
    o  pp. 21-29 (JiNao)
    o  pp. 30-31 (objective indicia of non-obviousness)

Submitted with SRI's Opposition were the following declarations and exhibits:

- TAB 2:  Compton Declaration, with Exhibits A and C-I [D.I. 340];

- TAB 3:  Porras Declaration [D.I. 341]
    o  pp. 1-2 (EMERALD '97)

- TAB 4:  Kesidis Declaration, with Exhibits A, G, H, and J [D.I. 348]
    o  pp. 1-6 (qualifications and background)
    o  pp. 8-10 (JiNao)
    o  NOTE:  Exh. J is Kesidis Expert Report Re Validity
        ▪ pp. 3-6 (key aspects of alleged prior art)
        ▪ pp. 8-16 (EMERALD '97)
        ▪ pp. 22-26 (Network Security Monitor ("NSM")) (Kesidis refers to and relies upon the NSM and its associated papers in

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
May 13, 2008
Page 2

> addressing the Intrusive Activity '91 reference which concerns the same research)[1]
> - pp. 41-43 (JiNao)
> - pp. 58-62 (objective indicia of non-obviousness)

Lastly, the Court may also be assisted by the limited briefing submitted by SRI in support of its summary judgment request that the EMERALD '97 reference does not anticipate certain claimed inventions:

- Tab 5: SRI Briefs re Motion for Summary Judgment Re No Anticipation by EMERALD '97 Reference (general discussion regarding claimed inventions and EMERALD '97 reference) [D.I. 277 and 376]

Given the above materials and the two SRI letters recently submitted to the Court [D.I. 502 and 503], the record evidences multiple genuine issues of material fact concerning, among other things: (i) how one of ordinary skill in the art, at the time of the claimed inventions in 1998, would have understood the disclosures set forth in the three technical references relied upon by Defendants – EMERALD '97, Intrusive Activity '91, and JiNao; (ii) whether a person of ordinary skill would have had any reason in 1998 to combine, or would have been capable of combining, the first two references; and (iii) whether the first two references (even if combined) or the JiNao reference would have yielded any of the claimed inventions. Thus, SRI requests that the Court deny Defendants' renewed demands for entry of summary judgment that the asserted '203, '615 and '338 patents are invalid.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH/dob

cc:   Richard L. Horwitz, Esq.
      Richard K. Herrmann, Esq.

80060925.doc

---

[1] *See, e.g., id.* at ¶ 23 (noting that NSM was "for monitoring local area networks (LANs) to detect intrusive behavior"; that a publication concerning NSM recognized that "[d]istributed monitoring of wide area networks will undoubtedly be more complex …"; and that even several years after publication of NSM Heberlein, himself, recognized that a solution for addressing monitoring of the much broader network traffic had yet to be identified - "[g]eneralization of the monitored environment beyond the local area is an open problem."