IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>  v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>        Defendants and<br>        Counterclaim-Plaintiffs. | C. A. No. 04-1199 (SLR) |

**PROPOSED JOINT PRETRIAL ORDER**

On August 21, 2008, counsel for SRI International, Inc. ("SRI") and Defendants Internet Security Systems, Inc. a Delaware corporation, and Internet Security Systems, Inc. a Georgia corporation, (collectively "ISS"), and Symantec Corporation ("Symantec") attended a pre-trial conference before this Court. The Court hereby orders the following matters as to the trial scheduled to begin on September 2, 2008.

**I.  NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.4(D)(1)).**

    1.    On August 26, 2004, SRI International, Inc. ("SRI") filed a complaint for infringement of U.S. Patent Nos. 6,321,338 ("the '338 patent"), 6,484,203 ("the '203 patent"), 6,711,615 ("the '615 patent"), and 6,708,212 ("the '212 patent") (collectively, "the patents-in-suit") against ISS and Symantec, Civil Action No. 04-1199 SLR. (D.I. 1). At present, ISS is accused of infringing the '338, '203, and '615 patents, and Symantec of infringing the '203 and '615 patents.

2. On September 14, 2004, SRI and Symantec filed a Joint Stipulated Motion to extend the time for Symantec to answer the complaint to October 15, 2004. (D.I. 6). On that same day, SRI and ISS similarly filed a Joint Stipulated Motion to extend the time for ISS to answer the complaint to October 15, 2004. (D.I. 7). The Court granted both motions and so ordered on September 14, 2004.

3. On October 15, 2004, ISS moved to dismiss or, in the alternative, to sever SRI's claims against it and transfer them to the Northern District of Georgia. (D.I. 10). On that same day, Symantec similarly moved to dismiss or, in the alternative, to sever SRI's claims against it and transfer them to the Northern District of California. (D.I. 14). On April 13, 2005, the Court denied both ISS's and Symantec's motions. (D.I. 32).

4. On October 15, 2004, Symantec filed an Answer to the Complaint denying SRI's allegations of infringement, asserting various affirmative defenses, and asserting counterclaims for declaratory judgment. (D.I. 13). SRI replied to Symantec's counterclaims on November 14, 2004. (D.I. 23).

5. On April 25, 2005, SRI filed its First Amended Complaint, naming Internet Security Systems, a Georgia Corporation as an additional defendant. (D.I. 33).

6. On May 23, 2005, Symantec filed an Answer to the First Amended Complaint, denying SRI's allegations of infringement, and asserting counterclaims for declaratory judgment for the '338, '203, '212 and '615 patents. (D.I. 38). SRI replied to Symantec's counterclaims on June 13, 2005. (D.I. 43).

7. On May 23, 2005, ISS filed an Answer to the First Amended Complaint, denying SRI's allegations of infringement, asserting various affirmative defenses, and asserting counterclaims for declaratory judgment for the '203, '615, '338 and '212

patents. (D.I. 39, 40). SRI replied to ISS's counterclaims on June 13, 2005. (D.I. 44, 45).

    8.    On March 14, 2006, the Court bifurcated the trial of damages and willfulness issues.

    9.    On June 16, 2006, ISS and Symantec filed, *inter alia*, a Joint Motion for Summary Judgment that the claims of the '212, '203 and '615 patents were anticipated by the *Emerald 97*[1] reference or rendered obvious by the *Emerald 97* reference when combined with the *Intrusive Activity 1991*[2] reference, and that the claims of the '212, '203, '615 and '338 patents were anticipated by the prior publication of a version of SRI's *Live Traffic* paper and by the Ji-Nao Report reference.[3] (D.I. 297). On June 16, 2006, Symantec also filed, *inter alia,* a Motion for Summary Judgment of Non-Infringement of the '338 patent. (D.I. 286).

    10.    On October 17, 2006, the Court granted summary judgment of invalidity of the '212 patent, finding the '212 patent to be anticipated by *Emerald 97*. (D.I. 461). On appeal, the Court of Appeals for the Federal Circuit ("CAFC") upheld the Court's ruling that *Emerald 97* anticipated the '212 patent.

    11.    On October 17, 2006, the Court granted summary judgment of invalidity of the '212, '203, '615 and '338 patents, finding them to be anticipated by the posting of the postscript version of the *Live Traffic* paper on SRI's ftp server. (D.I. 471). On appeal, the CAFC vacated the Court's ruling that the posting of the postscript version of

---

[1] P. Porras and P. Neumann, "EMERALD: Event Monitoring Enabling Responses to Anomalous Live Disturbances," Proceedings of the 20th National Information Systems Security Conference, pp. 353-365, October 9, 1997 ("Emerald 1997");
[2] "A Method to Detect Intrusive Activity in a Networked Environment," Proc. 14th National Security Conference (pp. 362-371)
[3] P. Porras and A. Valdes, "Live Traffic Analysis of TCP/IP Gateways,"

the *Live Traffic* paper anticipated the '203, '338 and '615 patents and remanded that issue due to the presence of genuine issues of material fact.

12. On October 17, 2006, the Court granted Symantec's motion for summary judgment of non-infringement of the '338 Patent. (D.I. 472) The Court denied as moot Defendants' motion for summary judgment of invalidity on the basis of the Ji-Nao Report reference.

## II. BASIS FOR FEDERAL JURISDICTION (DEL. L.R. 16.4(D)(2)).

13. Plaintiff SRI is a California corporation having its principal place of business in Menlo Park, California.

14. Defendant Symantec is a Delaware corporation having its principal place of business in Cupertino, California.

15. Defendant ISS-Delaware is a Delaware corporation having its principal place of business in Atlanta, Georgia.

16. Defendant ISS-Georgia is a Georgia corporation having its principal place of business in Atlanta, Georgia.

17. This is a patent infringement action. The Court has subject matter jurisdiction over the claims and counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## III. STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF (DEL. L.R. 16.4(D)(3)).

18. The parties admit the facts stated in Exhibit 1.

## IV. ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS (DEL. L.R. 16.4(D)(4)).

19. SRI's Statement of Issues of Facts that remain to be litigated is attached as Exhibit 2.

20. Symantec's Statement of Issues of Fact that remain to be litigated is attached as Exhibit 3.

21. ISS's Statement of Issues of Fact that remain to be litigated is attached as Exhibit 4.

## V.  ISSUES OF LAW THAT REMAIN TO BE LITIGATED (DEL. L.R. 16.4(D)(5)).

22. SRI's Statement of Issues of Law that remain to be litigated is attached as Exhibit 5.

23. Defendants Joint Statement of Issues of Law that remain to be litigated is attached as Exhibit 6.

## VI.  PRE-MARKED EXHIBIT LISTS (DEL. L.R. 16.4(D)(6)).

24. SRI's list of pre-marked Exhibits to be offered at trial, including designations of interrogatories and answers thereto and requests for admissions and responses thereto, is attached as Exhibit 7. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of the admissibility of the evidence is also provided.

25. Defendants' joint list of pre-marked Exhibits to be offered at trial, including designations of interrogatories and answers thereto and requests for admissions and responses thereto, is attached as Exhibit 8. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of the admissibility of the evidence is also provided.

26. Symantec's list of pre-marked Exhibits to be offered at trial, including designations of interrogatories and answers thereto and requests for admissions and responses thereto, is attached as Exhibit 9. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of the admissibility of the evidence is also provided.

27. ISS's list of pre-marked Exhibits to be offered at trial, including designations of interrogatories and answers thereto and requests for admissions and responses thereto, is attached hereto as Exhibit 10. A specification of those exhibits which will be admitted in evidence without objection and those that are objected to and the citation to the Federal Rule of Evidence in support of the objection and in support of the admissibility of the evidence is also provided.

28. The parties agree that documents are *prima facie* genuine and authentic and have been prepared in the ordinary course of business on or about the dates that are reflected on the document if they are (a) authored by employees of SRI, Symantec or ISS, and (b) were produced by either SRI, Symantec or ISS during discovery. The parties reserve the right to adduce proof, on reasonable prior notice to all other parties, to controvert this stipulation with respect to individual documents. This stipulation shall not be deemed or interpreted to be a stipulation that any document is admissible in evidence.

29. The parties agree to exchange, in electronic form, complete and legible copies of their pre-marked documentary exhibits on or before August 18, 2008.

30. All exhibits, demonstrative or evidentiary, shall be exchanged no later than 7:00 p.m. two calendar days before the use of that exhibit at trial.

31. Any day from two weeks before the trial is to begin through two (2) days before trial is to begin, each party shall permit the other party to inspect any and all physical exhibits at the office of the producing party, provided that the inspecting party provides 24 hours advance notice and agrees not to alter any such physical exhibit in any manner.

32. Legible photocopies of United States patents and Patent Office file histories may be offered and received in evidence in lieu of certified copies.

33. Legible photocopies of printed publications (with agreed-upon English translations) may be offered and received in evidence in lieu of the original publication.

34. A duplicate of any document or photograph may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be available for inspection at the trial upon reasonable notice.

35. The parties have agreed to exchange opening demonstratives by 7:00 p.m. of the day before opening arguments are made. The parties disagree on the need to exchange closing demonstratives. Defendants wish to present this issue to the court at the pretrial hearing.

36. Any document not identified by the above procedures may be used at trial for purposes of cross-examination or impeachment.

## VII.   WITNESS LISTS (DEL. L.R. 16.4(D)(7)).

37.   The list of Witness Names and Addresses that SRI intends to call at trial either live or by deposition is attached as Exhibit 11.

38.   The list of Witness Names and Addresses that Symantec intends to call at trial either live or by deposition is attached as Exhibit 12.

39.   The list of Witness Names and Addresses that ISS intends to call at trial either live or by deposition is attached as Exhibit 13.

40.   Unless otherwise agreed, each party will provide to the other party a list of witnesses it intends to call on direct examination (whether live or by deposition) no later than 7:00 p.m. two calendar days before calling that witness.  For each witness to be presented "live," the presenting party shall also include a list of exhibits and provide a copy of any demonstratives to be used with that witness.  The parties shall meet and confer on any objections to the exhibits and/or demonstratives by 9:00 p.m. one calendar day before the witness is to be called.

41.   Unless otherwise agreed during trial, each party will provide the other party a list of deposition designations that it intends to introduce by 7:00 p.m. four calendar days before the designations are intended to be used in court.  The other party(ies) will provide counter-designations and objections by 7:00 p.m. the following day (three calendar days before the designations are intended to be used in court).  The original designating party will provide the other party(ies) with rebuttal designations by 7:00 p.m. two calendar days before the designations are intended to be used in court.  The original designating party shall choose whether to play video of the testimony or read the testimony.  A workable copy of what will be played or read in court will be provided by

the party who initially proposed the use of the deposition testimony by 5:00 p.m. the day before the designations are to be played in the court. The parties will meet and confer on any objections by 9:00 p.m. the day before the designations are intended to be used in court, and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony.

42. All designated testimony (original, counter, and rebuttal) will be played or read to the jury as one consecutive segment, that is, in the order of the transcript. The party who initially proposed the use of the deposition testimony will provide the Court with an accounting of the time for each party's designations so that the Court may accurately charge time to the designating parties.

43. The parties request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom should be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate a corporate representative who may remain in the courtroom. Each party must notify the opposing party of the identity of the corporate representative before the courtroom is cleared.

44. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to that time, the parties may designate, by page and line, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

45. Transition statements to jury: As an aid to the jury, the parties request that they be permitted to offer brief transition statements to introduce witnesses and identify the issues on which the witness is expected to testify. With the exception of closing arguments, none of the parties will be allowed at any time to argue or comment on the evidence.

46. Exclusion of Witnesses: The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses prior to giving their own testimony. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to a party's corporate representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

47. Inequitable conduct is not an issue to be determined by the jury. The parties request that any testimony of a witness to be used with respect to the issue of inequitable conduct be taken (or submitted by designation) the same day the witness testifies, and that it be taken (or submitted) separately, outside the presence of the jury, in a manner and at a time as the Court may direct.

**VIII. BRIEF STATEMENTS OF PROOF AT TRIAL (DEL. L.R. 16.4(D)(8)-(10)).**

48. A brief statement of what SRI intends to provide in support of its claims is attached as Exhibit 14.

49. A brief statement of what Symantec intends to provide in support of its defenses and counterclaims is attached as Exhibit 15.

50. A brief statement of what ISS intends to provide in support of its defenses and counterclaims is attached as Exhibit 16.

**IX.     GOOD FAITH SETTLEMENT EFFORTS (DEL. L.R. 16.4(D)(12)).**

51. Communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement. The parties have not reached any agreement that would resolve this matter.

**X.      OTHER MATTERS WHICH THE PARTIES DEEM APPROPRIATE (DEL. L.R. 16.4(D)(13)).**

52. A list and brief discussion of miscellaneous issues and Motions in Limine that SRI believes are appropriate to discuss at the pretrial conference is set forth in Exhibit 17.

53. A list and brief discussion of miscellaneous issues and Motions in Limine that Symantec wishes to address at the pretrial conference is set forth in Exhibit 18.

54. A list and brief discussion of miscellaneous issues and Motions in Limine that ISS wishes to address at the pretrial conference is set forth in Exhibit 19.

55. The parties request that the Court grant access to the Courtroom on the day before trial for the purposes of setting up electronic and computer devices.

**XI.     VOIR DIRE (DEL. L.R. 47.1(A)).**

56. The parties' Joint Proposed Voir Dire is set forth in Exhibit 20.

**XII.    JURY INSTRUCTIONS (DEL. L.R. 51.1).**

57. The Jury Instructions which are reasonably anticipated to be made and on which the parties agree are attached as Exhibit 21.

58. SRI's proposed jury instructions are attached as Exhibit 22.

59. Symantec's and ISS' joint proposed jury instructions are attached as Exhibit 23.

60.     The attached CD-ROM disk contains electronic versions of each set of jury instructions in Word Perfect format.

### XIII.    VERDICT FORM (DEL. L.R. 51.1(C)).

61.     SRI's proposed multi-part General Verdict Form is attached as Exhibit 24.

62.     Symantec's and ISS' joint proposed Special Verdict Form is attached as Exhibit 25.

### XIV.    PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (DEL. L.R. (16.4(D)(14)).

63.     This Order shall control the subsequent course of trial, unless modified by the Court to prevent manifest injustice.

SO ORDERED:

Dated: _____, 2008        _____
                                              United States District Judge

JOINTLY SUBMITTED BY:

| | |
|---|---|
| Dated:  August 18, 2008 | Dated:  August 18, 2008 |
| FISH & RICHARDSON P.C. | POTTER ANDERSON & CORROON LLP |
| By:  /s/ *Thomas L. Halkowski*  <br>     Thomas L. Halkowski (#4099)  <br>     Kyle Wagner Compton (#4693)  <br>     919 N. Market Street, Suite. 1100  <br>     P.O. Box 1114  <br>     Wilmington, DE  19889-1114  <br>     Telephone:  (302) 652-5070  <br>     Facsimile:  (302) 652-0607  <br><br>     Frank E. Scherkenbach  <br>     225 Franklin Street  <br>     Boston, MA  02110  <br>     Telephone:  (617) 542-5070  <br>     Facsimile:   (617) 542-8906  <br><br>     Howard G. Pollack  <br>     John M. Farrell  <br>     Katherine D. Prescott  <br>     500 Arguello Street, Suite 500  <br>     Redwood City,  CA 94063  <br>     Telephone:  (650) 839-5070  <br>     Facsimile:  (650) 839-5071  <br><br>Attorneys for Plaintiff/Counterclaim-Defendant SRI INTERNATIONAL, INC. | By:  /s/ *Richard L. Horwitz*  <br>     Richard L. Horwitz (#2246)  <br>     David E. Moore (#3983)  <br>     Hercules Plaza  <br>     1313 North Market Street, 6th Floor  <br>     P.O. Box 951  <br>     Wilmington, DE  19899  <br>     Telephone:  (302) 984-6000  <br>     Facsimile:  (302) 658-1192  <br><br>     Holmes J. Hawkins, III  <br>     Natasha Horne Moffitt  <br>     KING & SPALDING LLP  <br>     1180 Peachtree Street N.E.  <br>     Atlanta, GA  30309  <br>     Telephone: (404) 572-4600  <br>     Facsimile: (404) 572-5145  <br><br>     Scott T. Weingaertner  <br>     Allison H. Altersohn  <br>     KING & SPALDING LLP  <br>     1185 Avenue of the Americas  <br>     New York, NY  10036  <br>     Telephone: (212) 556-2100  <br>     Facsimile: (212) 556-2222  <br><br>Attorneys for Defendants/Counterclaim-Plaintiffs INTERNET SECURITY SYSTEMS, INC. a Delaware corporation and INTERNET SECURITY SYSTEMS, INC. a Georgia corporation |

Dated:  August 18, 2008

MORRIS, JAMES, HITCHENS &
WILLIAMS LLP


By: /s/ *Richard K. Herrmann* (#405)
Richard K. Herrmann (#405)
500 Delaware Avenue, Suite 1500
P. O. Box 2306
Wilmington, DE  19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750

Robert M. Galvin
Paul S. Grewal
Renee DuBord Brown
DAY CASEBEER MADRID &
BATCHELDER, LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Attorneys for Defendant/Counterclaim-
Plaintiff SYMANTEC CORPORATION