SRI v. ISS and Symantec

Exhibit 2 to the Proposed Pretrial Order

**SRI'S STATEMENT OF ISSUES OF FACT REMAINING
TO BE LITIGATED L.R. 16.4(d)(4)**

SRI expects that it will present the issues of fact listed below at trial. To the extent that any issues of law set forth in Exhibit 5 of the Joint Pretrial Order may be considered issues of fact, SRI incorporates those portions of Exhibit 5 by reference. These issues of fact may change based on the Court's decisions on motions for summary judgment and motions *in limine*.

SRI currently asserts the 22 claims identified below. Beginning on April 16, 2008, SRI offered to select representative claims from this list in exchange for defendants' narrowing their invalidity contentions, but defendant's have refused to do so. SRI therefore intends to raise this issue with the Court at the pretrial conference.

| Claims asserted against both defendants | '203 patent claims 1, 2, 4, 6, 12, 13, 15, 17<br>'615 patent claims 1, 2, 4, 13, 14, 16 |
|---|---|
| Claims asserted against only ISS | '338 patent claims 1, 4, 5, 11, 12, 13, 24 |

**II.    SRI's Statement of Issues of Fact**

    **A.    Alleged Infringement by Defendants**

        1.    Whether the preponderance of the evidence shows that: (a) defendants literally infringe, either directly or indirectly, claims 1, 2, 4, 6, 12, 13, 15, 17 of the '203 patent and claims 1, 2, 4, 13, 14, 16 of the '615 patent; (b) ISS also literally infringes, either directly or indirectly claims 1, 4, 5, 11, 12, 13, 24 of the '338 patent.

2. Whether the preponderance of the evidence shows that: (a) defendants infringe under the doctrine of equivalents, either directly or indirectly, claims 1, 2, 4, 6, 12, 13, 15, 17 of the '203 patent and claims 1, 2, 4, 13, 14, 16 of the '615 patent and (b) ISS also infringes under the doctrine of equivalents, either directly or indirectly claims 1, 4, 5, 11, 12, 13, 24 of the '338 patent.

### B. Alleged Invalidity of SRI's Patents

1. Whether, as alleged by defendants, clear and convincing evidence shows that each of: (a) claims 1, 2, 4, 6, 12, 13, 15, 17 of the '203 patent and claims 1, 2, 4, 13, 14, 16 of the '615 patent and (b) as also alleged by ISS, claims 1, 4, 5, 11, 12, 13, 24 of the '338 patent is invalid as anticipated by enabling prior art.

2. Whether clear and convincing evidences shows that each of the references relied upon by defendants qualify as prior art, including the version of the Live Traffic paper upon which defendants rely to support their allegations that each of the asserted claims is invalid.

3. What the level of ordinary skill in the art was at the time of the invention of the patents-in-suit.

4. Whether, as alleged by defendants, clear and convincing evidence shows that each of: (a) claims 1, 2, 4, 6, 12, 13, 15, 17 of the '203 patent and claims 1, 2, 4, 13, 14, 16 of the '615 patent and (b) as also alleged by ISS, claims 1, 4, 5, 11, 12, 13, 24 of the '338 patent is invalid as obvious in view of the prior art, including by proof on the following factual issues:

    a. The content and scope of the prior art asserted by defendants as rendering the inventions of the asserted claims obvious.

  b. The differences between the asserted claims and the prior art asserted by defendants as rendering those patents obvious.

  c. Considering the content and scope of the prior art asserted by defendants as rendering the inventions obvious, the differences between the claims and the asserted prior art, and the level of ordinary skill in the art, whether any of the asserted claims is by clear and convincing evidence invalid as obvious.

  d. Where defendants are relying on a combination of references to support a contention that any of the asserted claims is invalid as obvious, whether a suggestion or motivation to combine the references is provided by the references.

  e. Where defendants are relying on a single reference to support a contention that any of the asserted claims is invalid as obvious, whether there is a suggestion or motivation to modify the prior art to arrive at the claimed invention.

  f. If defendants can present facts sufficient to prove a *prima facie* case of obviousness as to any asserted claim, whether SRI can demonstrate the existence by a preponderance of the evidence of objective indicia of non-obviousness, including for example whether any of the indicia listed below tends to show that the asserted claims are not obvious:

    i. Commercial success of products covered by the patent in suit;

    ii. A long felt, unmet need in the art that was satisfied by the claimed invention;

    iii. The failure of others to make the claimed invention;

    iv. Copying of the claimed invention by others in the field;

    v. Unexpected results achieved by the claimed invention;

    vi. The taking of licenses under the patent by others;

    vii. Initial skepticism of the claimed invention by others in the field; or

    viii. Praise of the invention by the infringer or others in the field.

5.    Whether, as alleged by defendants, clear and convincing evidence shows that the inventors of the patents-in-suit subjectively considered a particular mode, other than "routine details" that would be apparent to one of ordinary skill in the art, of practicing the inventions recited in each of: (a) claims 1, 2, 4, 6, 12, 13, 15, 17 of the '203 patent and claims 1, 2, 4, 13, 14, 16 of the '615 patent and (b) as also alleged by ISS, claims 1, 4, 5, 11, 12, 13, 24 of the '338 patent to be superior to all other modes at the time of filing the applications for the patents-in-suit and, if so, whether the inventor adequately disclosed that superior mode.