# EXHIBIT 19

## ISS'S LIST OF OTHER MATTERS
## FOR THE COURT'S CONSIDERATION

1.      ISS requests the Court to exercise its discretion under Fed. R. Civ. P. 42(b) to hold a joint trial with ISS and Symantec concerning the invalidity and enforceability of the remaining patents-in-suit, and then hold a separate trials for ISS regarding infringement, willfulness, and damages and Symantec regarding infringement, willfulness, and damages.

2.      The number of actual trial days and the division of trial time between plaintiff and defendants.

3.      The number of peremptory challenges available - ISS requests that there be three challenges per party.

4.      Precluding Dr. Kesidis from testifying about (a) the level of ordinary skill in the computer security or intrusion detection field prior to November 1998; and (b) what would or would not have been obvious to a person of ordinary skill in the art in 1998. (Fully briefed and submitted to the Court).

5.      Precluding SRI from arguing that the *Live Traffic* paper, if publicly accessible before November 9, 1997, anticipates all of the asserted claims of the patents-in-suit.

6.      Limiting SRI to the infringement contentions in SRI's expert report, which SRI adopted in its interrogatory responses, namely, that (a) ISS RealSecure and Proventia agents operating in combination with SiteProtector with add-on module Security Fusion 2.0 (and above) infringe claims 1-2, 4, 6, 12, 13, 15, and 17 of the '203 patent and claims 1-2, 4, 13, 14, and 16 of the '615 patent and (b) Proventia Anomaly Detection System ("ADS") operating in standalone mode infringes claims 1, 4, 5, 11, 12, 13, and 24 of the '338 patent.

7.      Requiring SRI to reduce the number of asserted claims that will be tried against ISS.  Given the time constraints that the Court will impose at trial, ISS requests that a representative set of no more than 6 claims be tried from the three (3) patents-in-suit, including Claim 1 of the '203 patent and no more than five (5) other claims of SRI's choosing, wherein no more than two (2) of those claims be selected from the '338 patent. The number of representative claims should be addressed at the pretrial conference.

8.      Precluding SRI from relying on any documentary evidence that was not produced until after the close of fact discovery that relates to the configuration, directory structure, file structure or contents of SRI's FTP server or of SRI's World Wide Web server, as

well as the availability of the postscript version of the Live Traffic paper on such server before November 9, 1997.

9. Precluding SRI from introducing evidence of DARPA funding and peer-reviewed publications as evidence of secondary considerations.

10. Excluding evidence of ISS's total revenues or profits given the Court's decision to bifurcate damages from the liability case.

11. The trial of the inequitable conduct defense.

12. Admitting into evidence the affidavits of Paul Hickman, from Internet Archive, attesting to the dates of the public availability of material on the Internet.

13. Precluding SRI from contesting the public availability or on-sale status of those references for which it has (a) not provided contentions or evidence to dispute why they were not publicly available or on-sale or (b) conceded availability of references in its submissions to this court.  The following should be admitted as publicly available or on-sale prior art pursuant to 35 U.S.C. § 102(b):

    (a)  RealSecure 1.0 for Windows NT ;

    (b) RealSecure 1.1;

    (c) RealSecure 1.0;

    (d) RealSecure 1.2.1;

    (e) RealSecure 1.2.2; and

    (f) RealSecure 1.2.

14. ISS requests the Court to give the following instruction regarding the '212 patent and the EMERALD 1997 reference:

> You may hear the reference to SRI's '212 patent during the testimony.  The '212 patent has been held to be invalid.  It has been determined that the Porras and Neumann 1997 reference discloses and enables every limitation of every claim of the '212 patent.  You will therefore not be asked to make any determination regarding infringement

or invalidity of the '212 patent. The fact that the '212 patent has been held to be invalid does not mean that any of SRI's other patents are invalid. You must make an independent and separate analysis of each of the other patents based upon their particular claims.

However, because the '212 patent contains the same specification and some of the same claim limitations as the patents-in-suit, wherever one of these common limitations is present in any of that patents-in-suit, you must find that the Porras and Neumann 1997 reference discloses and enables such limitations. The relevant limitations include the following:

1) "monitoring an enterprise network"

2) "deploying a plurality of network monitors in the enterprise network"

3) "detecting, by the network monitors, suspicious network activity based on analysis of network traffic data"

4) "generating, by the monitors, reports of said suspicious activity"

5) "automatically receiving and integrating the reports of suspicious activity, by one or more hierarchical monitors"

6) [ADDITIONAL LIMITATIONS TO BE DETERMINED BASED ON FINAL SET OF REPRESENTATIVE CLAIMS]

        Wherever one of these common limitations is present in any of the asserted claims, you must find that the Porras and Neumann 1997 reference discloses and enables those limitations.

15.    Admitting into evidence that the three patents-in-suit are the subject of pending re-examination proceedings before the Patent Office, including the introduction of any statements and ruling made therein, and determining the burden of proof to be applied in this case and effect on the presumption of validity in view of these re-examination proceedings.  (See Defendants' Statement of Issues of Law Remaining To Be Litigated (Exhibit 6, section I(A)).)

16.    Admitting into evidence that the Court found as a matter of law that EMERALD 1997 disclosed each limitation of all of the claims of the '212 patent, and that to the extent those same limitations are present in SRI's other patents, they must also be disclosed in EMERALD 1997 as a matter of law.