# TABLE OF CONTENTS

| | Page No. |
|---|---|
| 1. GENERAL INSTRUCTIONS | 1 |
| 1.1 INTRODUCTION | 1 |
| 1.2 JURORS' DUTIES | 2 |
| 1.4 EVIDENCE DEFINED | 3 |
| 1.5 CONSIDERATION OF EVIDENCE | 4 |
| 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE | 5 |
| 1.7 CREDIBILITY OF WITNESSES | 6 |
| 1.8 NUMBER OF WITNESSES | 8 |
| 1.9 EXPERT WITNESSES | 9 |
| 1.10 DEPOSITION TESTIMONY | 10 |
| 3.9 DOCTRINE OF EQUIVALENTS | 11 |
| 4.10.3 LEVEL OF ORDINARY SKILL | 14 |
| 4.11.10 INDEPENDENT INVENTION BY OTHERS | 15 |
| 7. DELIBERATION AND VERDICT | 16 |
| 7.1 INTRODUCTION | 16 |
| 7.2 UNANIMOUS VERDICT | 17 |
| 7.3 DUTY TO DELIBERATE | 18 |
| 7.4 COURT HAS NO OPINION | 19 |

**Jointly Proposed Jury Instruction**

**CHARGE TO THE JURY**

**1. GENERAL INSTRUCTIONS**

**1.1 INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Source: Tracks Del. Model Jury Instruction No. 1.1.

1

**Jointly Proposed Jury Instruction**

## 1.2  JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide, under the appropriate burden of proof, which party should prevail on each of the issues presented.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source:  Tracks Del. Model Jury Instruction No. 1.2.

**Jointly Proposed Jury Instruction**

## 1.4  EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  Any of my comments and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Source:  Tracks Del. Model Jury Instruction No. 1.4.

**Jointly Proposed Jury Instruction**

## 1.5  CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Source:  Tracks Del. Model Jury Instruction No. 1.5.

**Jointly Proposed Jury Instruction**

# 1.6  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source:  Tracks Del. Model Jury Instructions No. 1.6.

**Jointly Proposed Jury Instruction**

# 1.7  CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently.  Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider

Source:  Tracks *IMX v. LendingTree*, C.A. No. 03-1067-SLR (Jan. 20, 2006) ("Credibility of Witnesses").

**Jointly Proposed Jury Instruction**

whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

Source:  Tracks *IMX v. LendingTree*, C.A. No. 03-1067-SLR (Jan. 20, 2006) ("Credibility of Witnesses").

**Jointly Proposed Jury Instruction**

## 1.8  NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Source: Tracks Del. Model Jury Instruction No. 1.8.

**Jointly Proposed Jury Instruction**

## 1.9  EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

Source: Tracks Del. Model Jury Instruction No. 1.9.

9

**Jointly Proposed Jury Instruction**

## 1.10  DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you through depositions that were either read in court or played on videotape.  This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court.  Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

Source:  Tracks Del. Model Jury Instruction No. 1.10.

### 3.9  DOCTRINE OF EQUIVALENTS

If you do not find literal infringement, you may consider infringement under the "doctrine of equivalents." Under the doctrine of equivalents, an accused product or method can infringe an asserted claim if it includes parts that are identical or equivalent to the limitations of the claim. Under the patent law, an infringing equivalent is not treated any differently than a product that literally infringes the limitations of any asserted claim.

The test to determine equivalence under the doctrine of equivalents is whether the differences between the claim limitation which you have found not to be literally present and the element present in the accused product or system are insubstantial. In determining whether the differences are substantial or insubstantial, you may consider whether or not the claim limitation and the element in the accused product or system perform substantially the same function in substantially the same way to produce substantially the same result.

If you find only insubstantial differences between the claim limitation and the corresponding element in the accused product or system, then you will have determined that the corresponding element in the accused product or system is equivalent to the claim limitation. On the other hand, if you find that the claim limitation and the corresponding element in the accused product or system have substantial differences, then you will have determined that the corresponding element in the accused product or system is not equivalent to the claim limitation.

Source:  Tracks *IMX v. LendingTree*, C.A. No. 03-1067-SLR (Jan. 20, 2006) ("Infringement Under Doctrine of Equivalents") (adapted to fit this case).

If you find that any specific limitations are not literally infringed, you must compare that claim limitation to the corresponding element in the accused product or system in determining equivalence. You must not attempt to compare the entire product or system to the entire claimed invention.

Source: Tracks *IMX v. LendingTree*, C.A. No. 03-1067-SLR (Jan. 20, 2006) ("Infringement Under Doctrine of Equivalents") (adapted to fit this case).

### 4.10.3  LEVEL OF ORDINARY SKILL

Next, you are to determine the level of ordinary skill in the art to which the claimed invention pertains at the time the claimed invention was made.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventor, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventor, the sophistication of the technology and the education of others working in the field.

Source:  Tracks Del. Model Jury Instruction, No. 4.8.3.

## **4.11.10  INDEPENDENT INVENTION BY OTHERS**

In reaching your determination on the issue of obviousness, you should consider whether the subject matter of the invention was also invented independently by other persons, either before the inventors of the patents-in-suit or at about the same time.  Just as the failure of others to make the invention can be evidence of nonobviousness, independent making of the invention by persons other than the inventors prior to or about the same time can be evidence that the invention would have been obvious.

The simultaneous or near simultaneous invention by two or more persons working independently may or may not be an indication of obviousness when considered in light of all the circumstances.

Source:  Tracks Del. Model Jury Instruction, No. 4.8.10.

## 7. DELIBERATION AND VERDICT

## 7.1 INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1. One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

Source:  Tracks Del. Model Jury Instruction, No. 7.1.

## **7.2  UNANIMOUS VERDICT**

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.  It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of you deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Source:  Tracks Del. Model Jury Instruction, No. 7.2.

## **7.3  DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself.

Source:  Tracks Del. Model Jury Instruction, No. 7.3.

## **7.4  COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

Source:  Tracks Del. Model Jury Instruction, No. 7.4.