# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

August 25, 2008

**VIA EFILING AND HAND DELIVERY**
The Honorable Sue L. Robinson
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    *SRI International, Inc. v. Internet Security Systems, Inc., and Symantec Corporation*, C.A. No. 04-1199 SLR

Your Honor:

    We write to address the admissibility of the PTO's reexamination and initial rejection of the '203 and '615 claims for obviousness based on EMERALD 1997. As discussed at the Final Pretrial Conference, Defendants will suffer substantial prejudice from the exclusion of such evidence.

    To prevail on their invalidity defense, Defendants must overcome the presumption of validity. The reexamination evidence is relevant, probative evidence that Defendants should be entitled to introduce to rebut that presumption. In at least two cases, it has been recognized that rulings made during reexamination proceedings should be considered in determining whether the defendant has met its burden in proving invalidity. *E.I. Du Pont De Nemours v. Phillips Petroleum Co.*, 656 F. Supp. 1343, 1354 (D. Del. 1987); *Amoco Corp. v. Exxon Chem. Co.*, No. C87-242A, 1987 U.S. Dist. LEXIS 14196, at *11 (N.D. Ga. 1987). Further, the reexamination evidence is more relevant to secondary considerations of obviousness than other objective evidence regularly admitted at trial.

    Absent such evidence, Defendants will be further prejudiced by SRI's introduction of evidence and argument that the PTO previously considered the EMERALD 1997 publication before issuing the patents. To bar Defendants from completing the prosecution history record by showing the jury that the PTO has now declared a reexamination and rejected all claims creates a misimpression for the jury and would violate the doctrine of completeness for written records set forth in FRE 106.

    Because the prejudice to Defendants from excluding such evidence far outweighs any legitimate concern about juror confusion, Defendants renew their request to introduce this evidence. Any juror confusion could be addressed by a limiting instruction. Alternatively, Defendants respectfully request the Court to (1) stay the case pending the conclusion of any PTO reexamination of the patents-in-suit now in progress, or (2) preclude SRI from arguing or presenting evidence that the PTO considered EMERALD 1997 prior to issuing any of the patents-in-suit.

The Honorable Sue L. Robinson
August 25, 2008
Page 2



                                                        Respectfully,

                                                        Richard K. Herrmann, I.D. No. 405
                                                        *rherrmann@morrisjames.com*

cc:     All counsel of record (via email)