# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC



BY ELECTRONIC FILING

August 25, 2008

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

Re:     SRI International Inc. v. Internet Security Systems, Inc., et al.
        USDC-D. Del. - C. A. No. 04-1199 (SLR)

Dear Judge Robinson:

We write to respond to Defendants' request that the Court reconsider its decision and allow into evidence the interim office actions in the reexaminations of two of the patents-in-suit.

As numerous courts – including this one – have recognized, admitting reexamination evidence would confuse the jury and prejudice the patentee far more than it would be probative of any issue of consequence.  *See* Fed. R. Evid. 401-403.  The Federal Circuit has held that "the grant by the examiner of a request for reexamination is **not probative** of unpatentability.  The grant of a request for reexamination…**does not establish a likelihood of patent invalidity**."  *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) (emphasis added).  Courts routinely exclude this sort of evidence because, among other things, as the Court recognized at the August 21 pre-trial conference, "there's a lot that can happen between the time a re-examination is declared and a final word is said.  And it is such a confusing process, that there's no way that a jury will ever understand what significance it has because, in fact, at this point, it has no significance."  (8/21/08 Hrg. Tr. at 35:22-36:2).  *See also Callaway Golf Co. v. Acushnet Co.*, C.A. 06-091-SLR (denying defendant's request to admit re-examination evidence); *Cordis Corp. v. Medtronic Vascular, Inc.*, 2005 U.S. Dist. LEXIS 6583 (D. Del. 2005) (Robinson, J.) (granting motions in limine to exclude reexams); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. 04-1371-JJF, *See* D.I. 541; and *Amphenol T&M Antennas Inc. v. Centurion Int'l Inc.*, 69 USPQ 2d 1798, 1800 (N.D. Ill. 2002) ("[T]elling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice [the patentee.]  The prejudicial potential of this evidence far outweighs any probative value it might have").  Among the many reasons supporting this weight of authority are the different (1) claim constructions, (2) evidence and (3) burdens of proof used in the Patent Office versus district court.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 25, 2008
Page 2

Neither of the two 1987 district court cases Defendants cite in support of their request is helpful, or even relevant. The *DuPont* case involved a trial to the bench, not a jury. Accordingly, the Rule 403 considerations of juror confusion and prejudice were nonexistent. In *DuPont*, the court also concluded, contrary to Defendants' argument, that reexamination evidence "does not weaken the presumption of validity or reduce [Defendant's] burden of proving invalidity by clear and convincing evidence." *E.I. Du Pont De Nemours v. Phillips Petroleum Co.*, 656 F. Supp. 1343, 1354 (D. Del. 1987).

Similarly, the *Amoco* case involved a preliminary injunction hearing before the court, not a trial to a jury. *Amoco Corp. v. Exxon Chemical Corp*, *1987 U.S. Dist. LEXIS 14196,* at *10-11 (N.D. Ga. Sep. 17, 1987). Additionally, the court reiterated the proposition that "[t]he statutory presumption is absolute" and that the presumption is not affected by reexamination proceedings. *Id.* Thus, neither case supports Defendants' arguments that reexamination evidence is admissible at a jury trial and that reexamination somehow affects the presumption of validity.

Additionally, Defendants are unable to cite **any** authority in support of their novel theory that reexamination proceedings are relevant to secondary considerations of non-obviousness or implicate the completeness doctrine under Fed. R. Evid. 106. The reexaminations are taking place **ten years** after the PTO issued the claims following full examination and therefore cannot concern facts that bear upon contemporaneous secondary considerations such as commercial success, long-felt need, or praise by others. Additionally, because the reexaminations involve entirely separate documents from those contained in the original prosecution history, the completeness doctrine is not at issue.

Moreover, staying the case on the eve of trial is unwarranted. Defendants have attempted on countless occasions to bifurcate, fragment, or otherwise delay resolution of Plaintiff's claims, and the Court has rightly rejected them in each instance. SRI respectfully requests that the Court again do so and keep this case on track so that at least the liability issues can be decided after four years of litigation.

Finally, SRI should not be precluded from informing the jury that the PTO considered the EMERALD 1997 reference in allowing the asserted claims to issue. That one of Defendants' central "invalidating" references was already before the PTO will be a highly relevant factor in the jury's validity analysis. *See Glaxo Group Ltd. v. Apotex, Inc*., 376 F.3d 1339, 1348 (Fed. Cir. 2004) (noting that overcoming the presumption of validity "is 'especially difficult' when, as is the present case, the infringer attempts to rely on prior art that was before the patent examiner during prosecution"). Defendants have cited no case law supporting the proposition that the jury should be affirmatively shielded from what actually

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 25, 2008
Page 3

happened during the prosecution merely because interim determinations have been subsequently made in reexaminations by one examiner who has not yet heard SRI's side of the story.

For all the reasons set forth above, SRI respectfully asks the Court to deny Defendants' request for reconsideration.

Respectfully,

*/s/ Thomas L. Halkowski*

TLH/cyt