# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

BY ELECTRONIC FILING

August 26, 2008

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

Re:   SRI International Inc. v. Internet Security Systems, Inc., et al.
      USDC-D. Del. - C. A. No. 04-1199 (SLR)

Dear Judge Robinson:

Pursuant to discussion at the August 21, 2008, pretrial conference in this matter, SRI respectfully submits this letter to address how the law of the case doctrine applies to the determinations made by the Federal Circuit that no genuine issues of material fact exist with regard to at least the four matters[1] set forth at Exhibit 17, ¶ I.I.1 of the proposed pretrial order in this matter.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "It is "axiomatic" that on remand after an appellate court decision, the trial court "must proceed in accordance with the mandate and the law of the case as established on appeal."" *Cooper Distributing Co., Inc. v. Amana Refrigeration*, 180 F.3d 542, 546 (1999) (*quoting, Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir.1985)).

---

[1] The four determinations are:
(i)   SRI posted a version of the Live Traffic paper on its FTP server in August of 1997 solely to facilitate peer review in preparation for later publication;
(ii)  At the time the Live Traffic paper was posted on SRI's FTP server, the server did not contain an index or catalogue or other tools for customary and meaningful research. The Live Traffic paper posted on SRI's FTP server was, therefore, not catalogued or indexed in a meaningful way;
(iii) The posting of the Live Traffic paper on SRI's FTP server was not intended to disseminate the paper to the public; and
(iv)  At the time the Live Traffic paper was posted on SRI's FTP server, neither the directory structure nor the README file in the PUB subdirectory identified the location of papers or explained the mnemonic structure for files in the EMERALD subdirectory.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 26, 2008
Page 2

Here, the Federal Circuit has remanded the case "for a more thorough determination of the publicity [sic] accessibility of the Live Traffic paper based on additional evidence *and in concert with this opinion.*" *SRI Int'l, Inc. v. Internet Security Sys., Inc.*, 511 F.3d 1186, 1198 (Fed. Cir. 2008) (emphasis added). In reaching its decision to remand the issue of public accessibility, the Federal Court noted a variety of factors as to which there were no genuine issues of material fact given the record before the Court. Specifically, "on summary judgment [the Federal Circuit] finds that the pre-publication Live Traffic paper, though on a FTP server, was not catalogued or indexed in a meaningful way and not intended for dissemination to the public." *Id.* at 1197. It elaborated that the Live Traffic paper "was posted on the FTP server solely to facilitate peer review in preparation for later publication" and that "the FTP server did not contain an index or catalogue or other tools for customary and meaningful research. Neither the directory structure nor the README file in the PUB subdirectory identifies the location of papers or explains the mnemonic structure for files in the EMERALD subdirectory, or any subdirectory for that matter." *Id.* at 1196, 1197.

The Federal Circuit's determinations that there were no genuine issues of material fact regarding these points are now law of the case. *Aventis Pharma S.A. v. Amphastar Pharmas., Inc.*, 525 F.3d 1334, 1344 (Fed. Cir. 2008) (On appeal after both a prior reversal of summary judgment and subsequent bench trial on inequitable conduct, Federal Circuit did not consider the issue of materiality, except insofar as it related to patentee's arguments regarding intent, because it had previously determined that there was no genuine issue of material fact regarding materiality); *Grayson v. American Airlines, Inc.,* 864 F.2d 712, 714 (10th Cir. 1989) (Appellate court's finding that there was no genuine issue of material fact as to whether employee had been terminated for good cause became law of the case); *Aventis Phrama S.A. v. Amphastar Pharmals., Inc*., 475 F.Supp2d. 970, 972, 974-975, 994 (C.D. Cal. 2007) (limiting inequitable conduct trial to the issue of intent when, as part of an opinion reversing summary judgment of inequitable conduct and remanding the case for trial, the Federal Circuit found there was no genuine issue as to high materiality). On the specific issues as to which SRI contends law of the case applies, Defendants have not represented that they can present any new evidence that would warrant their reconsideration; nor, given their discovery responses and pretrial disclosures, could Defendants now do so.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 26, 2008
Page 3

Thus, to ensure that the jury's determination on the ultimate public accessibility issue is made in accord with the law of the case on certain of the factors which are relevant in deciding that ultimate question, SRI requests that the jury be instructed in the manner outlined at Exhibit 17, ¶ I.I.1 of the proposed pretrial order.

Respectfully,

*Thomas L. Halkowski*

Thomas L. Halkowski

TLH/cyt

80066967.doc