# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

August 27, 2008

**VIA EFILING AND HAND DELIVERY**
The Honorable Sue L. Robinson
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

    **Re:** *SRI International, Inc. v. Internet Security Systems, Inc., and Symantec Corporation,* C.A. No. 04-1199 SLR

Your Honor:

    At the August 21, 2008 Final Pretrial Conference, the Court invited SRI to submit a "one-page identification" of authority for its novel argument that the law of case doctrine applies to factual "determinations made by the Federal Circuit" concerning the Live Traffic Paper.[1] Nothing in SRI's papers justifies depriving Defendants of their right to jury trial on these issues.

    "Issues not decided by the court in a prior proceeding are not covered by the law-of-the-case doctrine." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F. 3d 1209, 1220 (Fed. Cir. 2006). Here, there was no previous "decision" about facts by the Federal Circuit whatsoever. Rather than "deciding" facts, the Federal Circuit accepted as true all the evidence of SRI as the non-moving party opposing a summary judgment motion, resolved all doubts against Defendants as the moving parties, construed all evidence in the light most favorable to SRI, and drew all inferences in SRI's favor. *See Hunt v. Cromartie*, 526 U.S. 541, 550-55 (1999); *Beard v. Banks*, 548 U.S. 521 (1986). Moreover, in each case cited in SRI's papers, an appellate court had previously held that there was no genuine issue of fact, *precluding* further review. In stark contrast, the Federal Circuit here held that a genuine issue of fact exists, *requiring* further review.

    As both SRI's own counsel and the Court recognized, *see* 8/21/08 Hearing Tr. at 31:13-24, absent a bench trial, juries-- not judges, and certainly not appellate judges reviewing an order granting Defendants summary judgment-- decide facts. *See Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318 (Fed. Cir. 2008) ("Appellate courts review district court judgments; [they] ***do not find facts***.") (emphasis added). Because SRI's proposal would turn this long-standing principle on its head, *see Jay v. Sec. of Health & Human Servs.*, 998 F.2d 979, 983 (Fed. Cir. 1993) ("fact finding on summary judgment in a civil action would deprive litigants of their right to trial by jury") (*citing Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620 (1944)), SRI's proposal should be summarily rejected.

---

[1] SRI's submission ignores the explicit page limit in the Court's authorization of briefing on this issue, *see* 8/21/08 Hearing Tr. at 34:11-16 ("[W]ith all the paper I have, it needs to be a one-page identification."), and should be rejected on this basis alone. If this Court's rules regarding page limits in briefing are to be respected, Defendants respectfully urge that they be enforced.

The Honorable Sue L. Robinson  
August 27, 2008  
Page 2



Respectfully,

*[signature: RKH]*

Richard K. Herrmann, I.D. No. 405  
*rherrmann@morrisjames.com*

cc: All counsel of record (via email)