IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1199-SLR |
| | ) |
| INTERNET SECURITY SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 28th day of August, 2008, having reviewed the papers submitted by the parties in connection with various evidentiary disputes;

IT IS ORDERED that:

1. Defendants are precluded from offering into evidence the interim office actions in the reexaminations of two of the patents-in-suit, as they have failed to offer any persuasive authority in support of their request. (D.I. 527, 528)

2. Plaintiff is precluded from offering into evidence any "findings of facts" allegedly made by the United States Court of Appeals for the Federal Circuit in <u>SRI International, Inc. v. Internet Security Systems, Inc.</u>, 511 F.3d 1186 (Fed. Cir. 2008). Although the "law of the case doctrine" has its place when a court decides upon a rule of law, it has no place where the court "perceives factual issues that prevent entry of summary judgment" on an issue of law. <u>Id.</u> at 1195. For instance, the Federal Circuit found, as a matter of law, that the EMERALD 1997 publication was an anticipatory

document. Because anticipation is a legal conclusion based on underlying factual determinations, one could argue that the law of the case doctrine embraced both the legal conclusion and the facts of record to support it.[1]

3. By contrast, the Federal Circuit rejected my legal conclusion that the Live Traffic paper was a printed publication (and, therefore, invalidating prior art), because the Court "perceive[d] factual issues that prevent[ed] entry of summary judgment." Id. Certainly when I deny motions for summary judgment, I do not bind the parties with any facts of record I note in support of my conclusion denying entry of judgment.[2] In the first instance, a summary judgment record is not necessarily a complete record and, at a minimum, does not have the benefit of live witnesses and an analysis of their credibility. Moreover, the standard for reviewing the record in the context of a summary judgment proceeding is very different than the standard that will pertain at trial, as recognized by the Federal Circuit. Id. at 1197 ("Therefore, **on summary judgment**, this court finds that the prepublication Live Traffic paper, though on the FTP server, was not catalogued or indexed in a meaningful way and not intended for dissemination to the public."). Finally, the Federal Circuit reviewed **my** "interpretation of the evidentiary record." Id. The ultimate finder of fact, however, is the jury and, absent specific

---

[1] This is not inconsistent with the discussion in Aventis Pharma S.A. v. Amphastar Pharmaceuticals, Inc., 525 F.3d 1334, 1344 (Fed. Cir. 2008), where the Federal Circuit declined to revisit its legal conclusion as to materiality (except insofar as it related to the issue of intent) because it had previously determined that there was no genuine issue of material fact regarding materiality.

[2] Cf. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981) ("[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.").

instructions from the Federal Circuit that it was making binding findings of fact for the jury, I decline to attribute to that Court such a role.

_____
United States District Judge