IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, SYMANTEC CORPORATION, a Delaware corporation and INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, <br><br> Defendants and Counterclaim- Plaintiffs. | Civil Action No. 04-CV-1199 (SLR) |

**<u>MEMORANDUM IN SUPPORT OF SYMANTEC CORPORATION'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF NON-INFRINGEMENT</u>**

Symantec Corporation ("Symantec") submits this memorandum in support of its motion for an Order granting judgment as a matter of law, pursuant to Fed. R. Civ. P. 50,[1] that Symantec does not directly or indirectly infringe the asserted claims of the '203 and '615 patents.

To prove direct infringement, SRI International, Inc. ("SRI") "must either point to specific instances of direct infringement or show that the accused device *necessarily* infringes the patents-in-suit."[2] Symantec's accused SGS Products (SGS 5400, 5600, and 1600 Series) and Manager Products (Incident Manager 3.0 and Security Information Manager 9500 Series) do not

---

[1] "[A] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). As the patentee, SRI has "the burden of proving infringement by a preponderance of the evidence." *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004). Judgment as a matter of law is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *TI Group Automotive Sys., Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1133 (Fed. Cir. 2004).

[2] *Acco Brands, Inc. v. ABA Locks Manufacturer Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004)) (emphasis added).

"necessarily" infringe because, as SRI's infringement expert, Dr. Kesidis, admitted, those products have substantial non-infringing uses.[3] Additionally, Symantec's accused SGS Products, Manager Products, and ManHunt Products (ManHunt 3.0, SNS 4.0, SNS 7100 Series, and iForce IDS) do not "necessarily" infringe because they can be deployed in networks that do not qualify as an "enterprise network" under Dr. Kesidis' interpretation of the claims.[4] Therefore, in order to prevail, SRI must prove "specific instances of direct infringement."[5]

On the present record, no reasonable jury could find that SRI has met its burden of proving specific instances of direct infringement of the '203 and '615 asserted claims by Symantec or its customers, for at least the following reasons:

- SRI failed to identify any specific customer that purchased the devices necessary to make the accused system (i.e., at least two SGS devices and one Manager Product[6]) — much less any specific customer that deployed those devices in combination in an enterprise network where the Manager Product was adapted to automatically receive and integrate events generated by the SGS devices;[7]

- SRI failed to identify any specific instance where Symantec itself deployed two or more SGS devices in combination with a Manager Product in an enterprise network where the Manager Product was adapted to automatically receive and integrate events generated by the SGS devices;[8]

- SRI failed to identify any specific instance where Symantec or any customer performed each step of the claimed methods using an accused combination of SGS and Manager Products;

- SRI failed to identify any specific instance in which Symantec or a customer deployed an accused ManHunt Product or SGS-Manager Product combination in

---

[3] 9/4/08 Tr. 739:6-22, 740:16-741:2, 725:23-726:12 (Kesidis); 9/4/08 Tr. 541:14-543:2 (Lev).

[4] 9/4/08 Tr. 730:6-9, 730:17-25, 731:1-17, 736:3-20, 738:6-22, 733:16-734:19 (Kesidis); *see also* PTX-598 at SYM_P_0025819-20, 26, 30 (SGS base license is for 50 nodes only).

[5] *Acco*, 501 F.3d at 1313.

[6] 9/4/08 Tr. 724:8-16 (Kesidis).

[7] 9/4/08 Tr. 740:11-15, 741:3-742:8 (Kesidis); *see also* PTX-156 (no SGS or Manager Products at Marsh); 9/4/08 Tr. 562:5-21, 565:12-20 (Agbabian) (no proof of combination at Aetna).

[8] 9/4/08 Tr. 558:21-559:16, 560:6-561:7 (Agbabian); PTX-136 at SYM_P_0286136 (no proof of infringing combination by Symantec IT).

an "enterprise network," as that term was defined by SRI's expert, Dr. Kesidis;[9]

- SRI failed to identify any specific customer that purchased and deployed one of the Smart Agent "add-on" products required to practice the API limitation of '615 claim 16 under the theory of infringement offered by Dr. Kesidis.[10]

Finally, on the present record, no reasonable jury could find that SRI has met its burden of proving that Symantec knowingly induced its customers to infringe SRI's '203 and '615 asserted claims.[11] SRI presented no direct evidence that Symantec knew or should have known that its activities would cause infringement. Nor is there sufficient circumstantial evidence of intent to cause infringement, especially in light of: (1) the substantial non-infringing uses discussed above; (2) this Court's prior ruling that Symantec does not infringe the related '338 patent; (3) this Court's prior ruling that the related '212 patent is invalid; and (4) the Patent Office's decision to order reexamination of the '203 and '615 patents, followed by its rejection of all claims in an initial office action.

For the foregoing reasons, Symantec respectfully requests that the Court grant judgment as a matter of law that Symantec does not infringe the claims of SRI's '203 and '615 patents.

---

[9] 9/4/08 Tr. 737:8-738:5, 738:23-739:3 (Kesidis).

[10] 9/4/08 Tr. 624:7-10 (Kesidis); 9/4/08 Tr. 529:20-24 (Bennett); DTX-3017 at SYM_P_0015088 (must purchase and install Smart Agent in order to integrate third-party monitors and events).

[11] *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

Dated: September 5, 2008

       */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
rherrmann@morrisjames.com

Robert M. Galvin (*pro hac vice*)
Paul S. Grewal (*pro hac vice*)
Renee DuBord Brown (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Attorneys for Defendant/Counterclaim-Plaintiff SYMANTEC CORPORATION