IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, <br><br> Defendants and Counterclaim-Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-1199-SLR |

## DEFENDANT ISS'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Internet Security Systems, Inc., a Delaware corporation, and Internet Security Systems, Inc., a Georgia corporation (collectively "ISS"), respectfully move for judgment as a matter of law before submission of the case to the jury on the grounds that ISS does not directly or indirectly infringe any of the asserted claims of U.S. Patent No. 6,711,615 ("the '615 Patent"); U.S. Patent No. 6,484,203 ("the '203 Patent"); or U.S. Patent No. 6,321,338 ("the '338 Patent").

### ACCUSED PRODUCTS

Plaintiff SRI International, Inc. ("SRI") alleges the '203 and '615 patents are infringed by (1) certain Proventia or RealSecure sensors deployed in an enterprise network, when used in combination with (2) the Attack Pattern Component ("APC") of the Fusion 2.0, an optional add-on module to ISS's SiteProtector Management Software (collectively "Fusion"). Second, SRI alleges the '338 patent is infringed by ISS's Proventia Anomaly Detection System ("ADS" or "PNADS") operating in standalone mode.

## ARGUMENT

### I. LEGAL STANDARD FOR JMOL

Under Federal Rule of Civil Procedure 50(a), judgment as a matter of law is appropriate if a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del. 2004); *see also Novartis Pharms. Corp. v. Abbott Labs.*, 375 F.3d 1328, 1332 (Fed. Cir. 2004) (affirming JMOL of non-infringement). A court should grant judgment as a matter of law "if 'viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability.'" *Buskirk v. Apollo Metals*, 307 F.3d 160, 166 (3d Cir. 2002) (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)).

### II. THERE IS NO BASIS TO FIND ISS LIABLE FOR DIRECT INFRINGEMENT

To prove direct infringement, SRI must prove either "specific instances of direct infringement or show that the accused device *necessarily* infringes the patent[s]-in-suit." *Acco Brands, Inc. v. ABA Locks Manufacturer Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007). Based on the present record, no reasonable jury could find that SRI has proven any specific acts of direct infringement of any of the asserted patents. SRI presented no evidence that ISS or any of its customers have installed, much less actually used, the accused APC of Fusion 2.0. SRI presented evidence from a single ISS customer relating to the purported use of the Fusion module, and no evidence relating to any customer use of the ADS product. The testimony of Robert Ferrill, the director of information security at HealthSouth, not only failed to establish which version of Fusion was purchased by HealthSouth (Tr. 705:11-19), it failed to establish that HealthSouth installed or actually used the APC of Fusion. (Tr. 705:20-23). In fact, SRI's expert

admits that the only testimony relating to the use of Fusion by HealthSouth described the non-infringing use of the Impact Analysis Component of Fusion, not the accused APC. (Tr. 705:24-706:5). Because there is no evidence that ISS or any ISS customer installed, much less actually used, the APC of Fusion 2.0 in an enterprise network, no reasonable jury could find any specific instances of direct infringement of the '203 or '615 patents.

In regards to the Proventia ADS product that is accused of infringing the '338 patent, the only configuration that SRI's expert, Dr. Kesidis, has asserted infringes is the operation of ADS in standalone mode. (Tr. 718:22-720:18). Yet, SRI presented no evidence that the standalone configuration has ever been used by ISS or any customer. In fact, Doug Song, the Chief Architect of Arbor Networks, the manufacturer of the ADS product, testified that this would not be a recommended configuration. (Tr. 492:15-17) ("Typically, though, we don't ever recommend people ever deploying in that configuration, because there's some inherent limitations to the use of a span port."). Because there is no evidence that anyone has used the ADS product in the accused standalone mode, no reasonable jury could find any specific instances of direct infringement of the '338 patent.

Moreover, no reasonable jury could find that SRI has proven that the accused products *necessarily* infringe the asserted patents. SRI's expert admitted that Fusion has substantial non-infringing uses, such as the Impact Analysis Component, which correlates vulnerability information about a computer network with suspicious event data in order to determine if an attack will be successful. (Tr. 656:11-13; Tr. 433:7-11; 701:1-6; 701:23-702:1) The evidence on the record is undisputed that (1) the IAC and APC of Fusion 2.0 must be separately installed by customers (Tr. 702: 23-25), and that (2) a customer can install the IAC without installing the APC. (Tr. 703:1-3). Therefore, just because a customer purchased Fusion 2.0 does not

necessarily mean that they have installed, much less used, the APC. (Tr. 703:5-17). Additionally, ISS's Fusion product does not "necessarily" infringe because they can be deployed in networks that do not qualify as "enterprise" networks under Dr. Kesidis' interpretation of the claims. (Tr. 730:6-7:34:19). Similarly, the ADS product has substantial non-infringing uses, including the non-accused two-tier mode. (PTX-107).

### III.  THERE IS NO BASIS TO FIND ISS LIABLE FOR INDIRECT INFRINGEMENT[1]

In order to establish a claim for indirect infringement, SRI must prove ISS "has an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* in relevant part). The "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Id.* at 1305 (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)). The intent requirement for inducement "requires more than just intent to cause the acts that produce direct infringement. . . . [T]he inducer must have an affirmative intent to cause direct infringement." *Id.* at 1306. In other words, "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (citing *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)). SRI has presented no direct evidence that ISS knew or should have known that its activities would cause infringement, nor is there circumstantial evidence of such intent. Accordingly, ISS should be granted judgment as a matter of law on the issue of inducement of infringement.

---

[1] SRI has not asserted contributory infringement against ISS. Accordingly, ISS only addresses infringement by inducement pursuant to 35 U.S.C. § 271(b).

## **CONCLUSION**

For the foregoing reasons, ISS respectfully requests that the Court grant judgment as a matter of law that ISS does not infringe the claims of the '203, '615 and '338 patents.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Holmes J. Hawkins III<br>Natasha H. Moffitt<br>Latif Oduola-Owoo<br>Charles A. Pannell, III<br>KING & SPALDING LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309<br>Tel:  (404) 572-4600<br><br>Scott T. Weingaertner<br>Allison H. Altersohn<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036<br>Tel:  (212) 556-2100<br><br>Adam M. Conrad<br>KING & SPALDING LLP<br>One Morrocroft Centre<br>6805 Morrison Blvd, Suite 200<br>Charlotte, NC  28211<br>Tel:  (704) 503-2600 | By:  /s/ Richard L. Horwitz<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19801<br>    Tel:  (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendants*<br>*INTERNET SECURITY SYSTEMS, INC.,*<br>*a Delaware corporation; and*<br>*INTERNET SECURITY SYSTEMS, INC.,*<br>*a Georgia corporation* |

Dated:  September 9, 2008
881676 / 28434

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 9, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Kyle Wagner Compton
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899
halkowski@fr.com
kcompton@fr.com

Howard G. Pollack
Steven C. Carlson
John N. Farrell
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
pollack@fr.com
steven.carlson@fr.com
jfarrell@fr.com

Richard K. Herrmann
Mary B. Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Paul S. Grewal
Renee DuBord Brown
Katie J.L. Scott
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, CA 95014
pgrewal@daycasebeer.com
rbrown@daycasebeer.com
kscott@daycasebeer.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314 / 28434