IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERNET SECURITY SYSTEMS, INC., a Delaware Corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware Corporation, <br><br> Defendants and Counterclaim-Plaintiffs. | ) ) ) ) ) ) ) ) ) C. A. No. 04-1199 (SLR) ) ) ) ) ) ) ) ) |

**DEFENDANT ISS'S MOTION FOR JUDGMENT AS A MATTER OF LAW
REGARDING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Internet Security Systems, Inc., a Delaware corporation, and Internet Security Systems, Inc., a Georgia corporation (collectively "ISS"), respectfully moves for judgment as a matter of law before submission of the case to the jury on the following ground: ISS does not infringe, under the doctrine of equivalents, any of the asserted claims of U.S. Patent Nos. 6,711,615 ("the '615 patent"); 6,484,203 ("the '203 patent"); and 6,321,338 ("the '338 patent").

## ACCUSED PRODUCTS

Plaintiff SRI International, Inc. ("SRI") alleges the '203 and '615 patents are infringed by (1) certain Proventia or RealSecure sensors deployed in an enterprise network, when used in combination with (2) the Attack Pattern Component ("APC") of the Fusion 2.0, an optional add-on module to ISS's SiteProtector Management Software (collectively "Fusion"). Second, SRI

alleges the '338 patent is infringed by ISS's Proventia Anomaly Detection System ("ADS" or "PNADS") operating in standalone mode. SRI has accused both ISS products of infringing under the doctrine of equivalents.

## ARGUMENT

### I. LEGAL STANDARD FOR JMOL

Under Federal Rule of Civil Procedure 50(a), judgment as a matter of law is appropriate if a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del. 2004); *see also Novartis Pharms. Corp. v. Abbott Labs.*, 375 F.3d 1328, 1332 (Fed. Cir. 2004) (affirming JMOL of non-infringement).

### II. THERE IS NO BASIS TO FIND ISS LIABLE FOR DIRECT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

To prove direct infringement under the doctrine of equivalents, SRI must demonstrate that ISS's products, although not literally meeting each claim limitation, have only insubstantial differences with the limitation. "One test used to determine 'insubstantiality' is whether the element performs substantially the same function in substantially the same way to obtain substantially the same result as the claim limitation." *Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1316-17 (Fed. Cir. 1999) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950)).

However, a patentee cannot simply rely on bald, unsupported conclusions of their expert as the basis of a doctrine of equivalents claim. The Federal Circuit requires an expert to provide sufficient evidence to support a verdict of infringement under the doctrine of equivalents. *See, e.g., PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005) ("Having presented the district court with only conclusory statements regarding equivalence . . .

PC Connector is now foreclosed from invoking the substantive application of the doctrine of equivalents." (citation omitted)); *see also Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363 (Fed. Cir. 2005); *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1322-23 (Fed. Cir. 2003); *Zelinski*, 185 F.3d at 1317. Thus, a patentee must "provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process . . . ." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996); *see also Inline Connection Corp. v. AOL Time Warner Inc.*, 364 F. Supp. 2d 417, 447-48 (D. Del. 2005); *MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*, 325 F. Supp. 2d 471, 474 (D. Del. 2004). Furthermore, the patentee must present such evidence "on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Texas Instruments*, 90 F.3d at 1567. Rather, the patentee must demonstrate "the *evidence* to establish *what* the function, way, and result of *both* the claimed device and the accused device are, and *why* those functions, ways, and results are substantially the same." *Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1327 n.5 (Fed. Cir. 1991) (emphases in original). Disembodied conclusions by experts fail to provide the necessary substance to place accused infringers on notice of the patent's scope. *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) ("[T]he doctrine of equivalents necessarily adds uncertainty to the scope of patent claims, and thereby detracts from the public-notice function of patent claims and risks deterring non-infringing and potentially innovative endeavors." (citation omitted)).

SRI has attempted to prove its equivalency analysis through the same sort of self-serving expert conclusions repeatedly discounted by the Federal Circuit. Other than Dr. Kesidis's

testimony, SRI has offered no evidence whatsoever that ISS's products infringe the asserted claims of the patents-in-suit under the doctrine of equivalents. Dr. Kesidis's testimony, standing alone, simply does not provide sufficient reasoning to support a verdict of infringement by a reasonable jury.[1]

In testifying that ISS's ADS product infringes Claim 1 of the '338 patent under the doctrine of equivalents, Dr. Kesidis failed to explain the reasoning that supports his conclusions. After testifying with respect to alleged literal infringement of Claim 1 of the '338 patent, Dr. Kesidis testified as follows:

> Q. Okay. Did you also consider whether the ADS products infringe Claim 1 under the doctrine of equivalents?
> A. I did.
> Q. Do the ADS products include steps that perform substantially the same functions as each of the steps recited in method Claim 1?
> A. Yes.
> Q. And did you consider the functions of each of those steps?
> A. Yes.
> Q. And do the ADS products perform those functions in substantially the same way?
> A. Yes.
> Q. Are there any differences between how ADS performs the functions in the recited claim?
> A. None that are substantial.
> Q. And does the ADS product accomplish substantially the same result as each of the steps of the method, of network surveillance of Claim 1?
> A. Yes.
> Q. And what is that result?
> A. It's a statistical method for intrusion detection based on examination of network traffic data. Again, the context is an enterprise network.
> Q. So do you believe that the ISS products are also equivalent to the claim of -- method of Claim 1?
> A. Yes, therefor. [sic]

---

[1] "Nothing in the rules or in [Federal Circuit] jurisprudence requires the fact finder to credit the unsupported assertions of an expert witness." *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997).

(Tr. 678:1 - 679:3).[2] This testimony fails to satisfy the most basic requirements set forth by the Federal Circuit in *Texas Instruments* and *Malta*. First, Dr. Kesidis failed to provide particularized testimony and linking argument for Claim 1 of the '338 patent. Second, Dr. Kesidis did not state his conclusions on a limitation-by-limitation basis. Third, Dr. Kesidis did not identify the "function" or "way" of the claim and the accused device as required by *Malta*. Finally, Dr. Kesidis did not even pretend to identify reasons why the function, way, and result of the claim and of the accused product are (allegedly) substantially the same.

The inadequacies of Dr. Kesidis's testimony are underscored by a close comparison with similarly insufficient testimony criticized by the Federal Circuit in *Hewlett-Packard*. The following table highlights the similarities:

| Dr. Kesidis's Testimony | Insufficient Expert Testimony in *Hewlett-Packard* |
|---|---|
| Q. **Do the ADS products include steps that perform substantially the same functions as each of the steps recited in method Claim 1?**<br>A. Yes.<br>Q. And did you consider the functions of each of those steps?<br>A. Yes.<br>Q. *And do the ADS products perform those functions in substantially the same way?*<br>A. *Yes.*<br>Q. Are there any differences between how ADS performs the functions in the recited claim?<br>A. None that are substantial.<br>Q. <u>And does the ADS product accomplish substantially the same result as each of the steps of the method, of network surveillance of Claim 1?</u><br>A. <u>Yes.</u> | Q. So, as to each claim element that you have analyzed with respect to all the Mustek devices, do they perform the same function as the claim element?<br>A. Yes.<br>Q. <u>And do they do it to achieve the same result?</u><br>A. <u>Yes.</u><br>Q. *And do they do it in the same way?*<br>A. *Yes.* |
| (Tr. 678:5-21) (emphases added). | *Hewlett-Packard*, 340 F.3d at 1322 (emphases added). |

---

[2] Dr. Kesidis further testified that the ADS product infringes Claim 24 of the '338 patent under the doctrine of equivalents for the same conclusory reasons given for Claim 1. (Tr. 679:7-9).

As the Federal Circuit has reasoned, a series of general questions about the function-way-result test followed by simple affirmative answers cannot satisfy SRI's burden of proof.

Dr. Kesidis also testified regarding application of the doctrine of equivalents to the '615 and '203 patents. When being questioned on direct examination about claim 13 of the '615 patent, Dr. Kesidis testified as follows:

> Q. So do you believe that the limitation network monitors detecting suspicious activity based on the types of data listed in the claim is literally present in the accused ISS sensor products?
> A. Yes.
> Q. Do you also consider whether the limitation was met under what we call the doctrine of equivalents?
> A. Yes.
> Q. And what did you conclude?
> A. Therefore, it's also a [sic] equivalent.
> Q. Do the accused ISS sensors perform essentially the same function as the network monitors?
> A. Yes.
> Q. What function is that?
> A. To detect suspicious activity.
> Q. Do they perform that in substantially the same way?
> A. Yes.
> Q. How do they do that?
> A. Network analyze product. [sic]
> Q. Do the accused sensors accomplish substantially the same result?
> A. Yes.
> Q. And what's that result?
> A. Essentially generate reports of suspicious activity.
> Q. And do they do that in a manner that's scalable in an enterprise network?
> A. Yes, in the context of an enterprise network, right.
> Q. Are there any differences, in your opinion, between the ISS sensors and the network monitors recited in Claim 13?
> A. None that are substantial.

(Tr. 651:20 - 652:25). Dr. Kesidis made similar, conclusory statements regarding the "hierarchical monitor" limitation. (Tr. 660:19 - 661:14).[3]

---

[3] Dr. Kesidis further testified that he would apply the same analysis to independent Claim 1 of the '615 patent and independent Claims 1 and 12 of the '203 patent. (Tr. 662:1 - 663:19).

- 6 -

Again, as these exchanges demonstrate, SRI has not supplied any evidence that ISS's products infringe the asserted claims under the doctrine of equivalents. Wholly absent from SRI's case is any particularized analysis of the claim language. Rather, Dr. Kesidis merely regurgitated his analysis of literal infringement and the claim limitations as a whole in the form of testimony about equivalents. Furthermore, Dr. Kesidis merely identified a purported function, way, or result of the asserted claim and stated his conclusion that an ISS product performed the function, way, or result. At no point did Dr. Kesidis explain *why* the function, way, and result, of the accused products are substantially similar to the function, way, and result of the claim. Such circular reasoning cannot stand and is entirely insufficient to allow a reasonable jury to find infringement under the doctrine of equivalents.

SRI's shortcut on the doctrine of equivalents is even more egregious in light of the fact that there are two different companies accused of infringing here—ISS and Symantec.[4] Because of their conclusory nature, Dr. Kesidis's testimony could be applied equally to ISS or Symantec, without regard to the differences in the accused products. Such analysis cannot be considered "particularized" to any meaningful degree. This District has previously rejected a similar "cut-and-paste" approach by an expert purporting to conduct an equivalence analysis, in an expert report, of products of two different companies. *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 347 F. Supp. 2d 129, 134-35 (D. Del. 2004).

## CONCLUSION

For the foregoing reasons, ISS respectfully requests that the Court grant judgment as a matter of law.

---

[4] Dr. Kesidis similarly failed to explain his reasoning for finding infringement under the doctrine of equivalents on the part of Symantec. (Tr. 614:6 - 615:2; Tr. 624:11 - 625:4).

OF COUNSEL:

Holmes J. Hawkins III
Natasha H. Moffitt
Latif Oduola-Owoo
Charles A. Pannell, III
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA  30309
Tel:  (404) 572-4600

Scott T. Weingaertner
Allison H. Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
Tel:  (212) 556-2100

Adam M. Conrad
KING & SPALDING LLP
One Morrocroft Centre
6805 Morrison Blvd, Suite 200
Charlotte, NC  28211
Tel:  (704) 503-2600

Dated:  September 11, 2008
882283 / 28434

POTTER ANDERSON & CORROON LLP


By:  /s/ Richard L. Horwitz
　　　Richard L. Horwitz (#2246)
　　　David E. Moore (#3983)
　　　Hercules Plaza 6th Floor
　　　1313 N. Market Street
　　　Wilmington, DE  19801
　　　Tel:  (302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com

*Attorneys for Defendants*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Delaware corporation; and*
*INTERNET SECURITY SYSTEMS, INC.,*
*a Georgia corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on September 11, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 11, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Kyle Wagner Compton
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899
halkowski@fr.com
kcompton@fr.com

Howard G. Pollack
Steven C. Carlson
John N. Farrell
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
pollack@fr.com
steven.carlson@fr.com
jfarrell@fr.com

Richard K. Herrmann
Mary B. Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Paul S. Grewal
Renee DuBord Brown
Katie J.L. Scott
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, CA 95014
pgrewal@daycasebeer.com
rbrown@daycasebeer.com
kscott@daycasebeer.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

683314 / 28434