IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>      Plaintiff and<br>      Counterclaim-Defendant,<br><br>    v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Delaware corporation,<br><br>      Defendants and Counterclaim-Plaintiffs. | Civil Action No. 04-CV-1199 (SLR) |

**SYMANTEC'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND MEMORANDUM IN SUPPORT OF SAME**

Pursuant to Fed. R. Civ. P. 50(a),[1] Symantec Corporation ("Symantec") respectfully moves for judgment as a matter of law that it does not infringe under the doctrine of equivalents the claims of U.S. Patent Nos. 6,484,203 ("the '203 patent") and 6,711,615 ("the '615 patent").

SRI International, Inc. ("SRI") alleges the '203 and '615 patents are infringed by Symantec's ManHunt Products (ManHunt 3.0, SNS 4.0, SNS 7100 Series, and iForce IDS). SRI also alleges that the '203 and '615 patents are infringed by the combination of two or more SGS Products (SGS 5400, 5600, and 1600 Series) with one or more of the accused Manager Products (Incident Manager 3.0 and Security Information Manager 9500 Series). Although SRI accused both sets of products and product combinations of infringing under the doctrine of equivalents, at

---

[1] "[A] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). As the patentee, SRI has "the burden of proving infringement by a preponderance of the evidence." *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004). Judgment as a matter of law is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *TI Group Automotive Sys., Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1133 (Fed. Cir. 2004).

1025974                                    1

trial, SRI presented doctrine of equivalents testimony as to the ManHunt Products only.

To prove infringement under the doctrine of equivalents, SRI must demonstrate for each accused product that those limitations which are not literally present in the product are met by an "equivalent" element in the product. To be "equivalent," an element in the accused product must exhibit only insubstantial differences from the corresponding claim limitation. An accused element is "equivalent" if it "performs substantially the same function in substantially the same way to obtain substantially the same result as the claim limitation."[2]

However, a patentee cannot simply rely on conclusory statements from an expert to establish infringement under the doctrine of equivalents. The Federal Circuit requires an expert to provide sufficient evidence to support a verdict of infringement under the doctrine of equivalents.[3] Thus, a patentee must "provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process . . . ."[4] Furthermore, the patentee must present such evidence "on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice."[5] Rather, the patentee must demonstrate "the *evidence* to establish *what* the function, way, and result of *both* the claimed device and the accused device are, and *why* those functions, ways, and results are substantially the same."[6]

---

[2] *Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1316-17 (Fed. Cir. 1999).

[3] *See*, *e.g.*, *PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005) ("Having presented the district court with only conclusory statements regarding equivalence . . . PC Connector is now foreclosed from invoking the substantive application of the doctrine of equivalents." (citation omitted)); *see also Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363 (Fed. Cir. 2005); *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1322-23 (Fed. Cir. 2003); *Zelinski*, 185 F.3d at 1317.

[4] *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996); *see also Inline Connection Corp. v. AOL Time Warner Inc.*, 364 F. Supp. 2d 417, 447-48 (D. Del. 2005); *MKS Instruments, Inc. v. Advanced Energy Indus., Inc.*, 325 F. Supp. 2d 471, 474 (D. Del. 2004).

[5] *Texas Instruments*, 90 F.3d at 1567.

[6] *Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1327 n.5 (Fed. Cir. 1991) (emphasis in original).

Disembodied conclusions by experts fail to provide the necessary substance to place accused infringers on notice of the patent's scope.[7]

SRI has attempted to prove infringement under the doctrine of equivalents based on nothing more than the conclusory testimony of its expert, Dr. Kesidis — the type of conclusory testimony repeatedly discounted by the Federal Circuit. Dr. Kesidis' testimony is not sufficient to support a verdict by a reasonable jury of infringement under the doctrine of equivalents.[8]

In testifying that Symantec's ManHunt products infringe under the doctrine of equivalents, Dr. Kesidis failed to provide the type of detailed reasoning necessary to support a finding of infringement under the doctrine of equivalents. For example, Dr. Kesidis' doctrine of equivalents analysis for the "network monitor" claim limitation was entirely circular:

> Q. Do you have an understanding of something called infringement by equivalents?
> A. Yes.
> Q. And you understand that even if an accused device is not literally the same, it can still infringe by equivalence if the differences between the claim and the thing are insubstantial?
> A. I do.
> Q. Okay. Do you believe that the sensors in the ManHunt products are also equivalent to the claimed network monitors?
> A. Yes.
> Q. And why do you believe that?
> A. Any differences would be insubstantial.[9]

Dr. Kesidis' doctrine of equivalents analysis for the "API" limitation of '615 claim 16 also lacked the necessary substance to avoid judgment as a matter of law:

> Q. Do you believe that the smart agents with ManHunt are equivalent to the system of Claim 16?
> A. Yes.

---

[7] *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) ("[T]he doctrine of equivalents necessarily adds uncertainty to the scope of patent claims, and thereby detracts from the public-notice function of patent claims and risks deterring non-infringing and potentially innovative endeavors." (citation omitted)).

[8] "Nothing in the rules or in [Federal Circuit] jurisprudence requires the fact finder to credit the unsupported assertions of an expert witness." *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997).

[9] 9/4/08 Tr. 604:22-605:10 (Kesidis).

> Q. Is the function that the ManHunt smart agents perform substantially the same function as the API of Claim 16?
> A. Yes.
> Q. And is the way in which they work substantially the same as the API of the claims?
> A. Yes.
> Q. And do the ManHunt smart agents in the ManHunt system achieve substantially the same result?
> A. Yes, they do.[10]

In *Hewlett-Packard*, the Federal Circuit made clear that this type of unsupported testimony "falls far short of the long-standing evidentiary requirements for proof of infringement under the doctrine of equivalents."[11]

For the foregoing reasons, Symantec respectfully requests that the Court grant judgment as a matter of law that Symantec does not infringe the '203 and '615 claims under the doctrine of equivalents.

Dated: September 12, 2008

MORRIS JAMES LLP

    */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

Robert M. Galvin (*pro hac vice*)
Paul S. Grewal (*pro hac vice*)
Renee DuBord Brown (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Attorneys for Defendant/Counterclaim-Plaintiff SYMANTEC CORPORATION

---

[10] 9/4/08 Tr. 624:11-22 (Kesidis). Dr. Kesidis' only other doctrine of equivalents testimony regarding Symantec's products — 9/4/08 Tr. 614:6-615:2 — similarly fails to satisfy the requirements set forth by the Federal Circuit in *Texas Instruments* and *Malta*.

[11] *Hewlett-Packard Co. v. Mustek Sys.*, 340 F.3d at 1322-23 (Fed. Cir. 2003).