IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>      Plaintiff and<br>      Counterclaim-Defendant,<br><br>   v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>      Defendants and<br>      Counterclaim-Plaintiffs. | C. A. No. 04-1199 (SLR) |

**SRI INTERNATIONAL INC.'S SUBMISSION OF ADDITIONAL AUTHORITY REGARDING JURY INSTRUCTIONS**

Pursuant to the jury instruction conference conducted on September 11, 2008, Plaintiff SRI International, Inc. ("SRI") respectfully submits additional authority in support of its proposed modifications to the Court's jury instructions.

1.    **Additional claim construction language** (Jury Instructions at 19-21, "Construction of Claims"): SRI believes that simply changing "at least one network monitor" to "at least two network monitors," as proposed by Defendants, is insufficient and creates more problems than it resolves. In particular, as SRI explained in its prior submission on this issue [D.I. 538], the construction is required by the overall language and structure of the claims as a whole, not only by the meanings of specific terms used in the claims. There is therefore no need for the Court to revisit its construction of "hierarchical monitor" which is correct and doing so would unnecessarily invite further arguments by defendants about alleged errors in the Court's

construction. Therefore, SRI believes it is important and appropriate for the Court to provide the following additional instruction:

> In addition, the Court has determined that the language and structure of the asserted claims of the '615 and '203 "hierarchy" patents require a minimum of two lower-level monitors that analyze network traffic and, in addition, at least one hierarchical monitor. That is, the asserted claims of the "hierarchy" patents require, at a minimum, three monitors, not two.

2.     **System claims "capable of" infringing** (Jury Instructions at 24-25, "Literal Infringement"): SRI respectfully reiterates its request to add the words "unlike a system claim" in between the words "A method claim" and "is not" at the end of the second line of the second paragraph on page 25 in the "Literal Infringement" instruction.  This additional language clarifies to the jury that a system claim can, in certain circumstances, be infringed by an accused system/product that is capable of infringing the asserted claims.

Relevant authority: *Key Pharms., Inc. v. Hercon Labs. Corp.*, 981 F. Supp. 299, 310 (D. Del. 1997), *aff'd* 161 F.3d 709 (Fed. Cir. Nov. 25, 1998) (claim reciting the maintenance of contact between a patch and a patient's skin "does not require that the adhesive layer maintain contact with the skin of a patient for at least about 24 hours, but rather only that the layer be capable of maintaining contact with the skin of a patient for that amount of time."); *see also Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001) ("We agree that tests of an accused device under unusual conditions are not necessarily relevant to an infringement analysis.  For instance, in determining whether a product claim is infringed, we have held that an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation.")

3.     **Secondary considerations of nonobviousness** (Jury Instructions at 47-48, "Objective Criteria Concerning Obviousness (Secondary Considerations)"): SRI would like to change the final paragraph on page 48 to the following: "In this case, SRI has the burden of presenting evidence regarding secondary consideration issues, but Defendants continue to bear the ultimate burden of providing invalidity by clear and convincing evidence."

This language more accurately reflects the balance of proofs between the parties with respect to secondary considerations. Once Defendants make out a prima facie case of obviousness, SRI must come forward with evidence of secondary considerations, but it need not prove such considerations by a preponderance of the evidence, and Defendants must ultimately prove their invalidity case by clear and convincing evidence.

Relevant authority: *Scanner Technologies Corp. v. ICOS Vision Sys. Corp.*, 528 F.3d 1365, 1380 (Fed. Cir. 2008) ("Scanner's arguments regarding the level of ordinary skill in the art and evidence of objective indicia of nonobviousness ring hollow. We recognize that it is ICOS's burden to prove invalidity by clear and convincing evidence, and that that burden of proof never shifts to the patentee to prove validity. *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007) (quoting *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986)). However, in this case, the record shows that ICOS adduced certain facts, which were unrebutted by Scanner and accepted by the district court as the fact finder. *Pfizer*, 480 F.3d at 1360 ("[O]nce a challenger has presented a prima facie case of invalidity, the patentee has the burden of going forward with rebuttal evidence.") (internal citations omitted); *Cable Elec. Prods. Inc. v. Genmark, Inc.*, 770 F.2d 1015, 1022 (Fed. Cir. 1985) ("[I]f evidence is presented establishing a prima facie case of invalidity, the opponent of invalidity must come forward with evidence to counter the prima facie challenge to the presumption of section 282."). The district court cannot be said to have erred by not discussing those unrebutted facts.")

*See also In re Huang*, 100 F.3d 135, 139 (Fed. Cir. 1996) ("Once a prima facie case of obviousness has been established, the burden shifts to the applicant to come forward with evidence of nonobviousness to overcome the prima facie case.")

Dated: September 12, 2008    FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
Kyle Wagner Compton (#4693)
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19889-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
John N. Farrell
Katherine D. Prescott
500 Arguello St., Ste. 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff/Counterclaim-Defendant
SRI INTERNATIONAL, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2008, I electronically filed **SRI INTERNATIONAL, INC.'S SUBMISSION OF ADDITIONAL AUTHORITY REGARDING JURY INSTRUCTIONS** using CM/ECF which will send notification of such filing to the following Delaware counsel:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>Email:  rhorwitz@potteranderson.com<br>Email:  dmoore@potteranderson.com | *Attorneys for*<br>*Defendant/Counterclaim Plaintiffs*<br>*Internet Security Systems, Inc., a*<br>*Delaware corporation, and Internet*<br>*Security Systems, Inc., a Georgia*<br>*corporation* |
| Richard K. Herrmann<br>Morris James Hitchens & Williams LLP<br>500 Delaware Avenue, 15th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Email:  rherrmann@morrisjames.com | *Attorneys for*<br>*Defendant/Counterclaim Plaintiff*<br>*Symantec Corporation* |

I also certify that on September 12, 2008, I electronically mailed the above document(s) to the following non-registered participants:

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha H. Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>Email:  hhawkins@kslaw.com<br>Email:  nmoffitt@kslaw.com | *Attorneys for*<br>*Defendant/Counterclaim Plaintiffs*<br>*Internet Security Systems, Inc., a*<br>*Delaware corporation, and Internet*<br>*Security Systems, Inc., a Georgia*<br>*corporation* |

| | |
|---|---|
| Holmes J. Hawkins, III<br>Natasha H. Moffitt<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309<br>Email:  tmoehlman@kslaw.com<br>Email:  bjoneja@kslaw.com | Attorneys for<br>Defendant/Counterclaim Plaintiffs<br>Internet Security Systems, Inc., a<br>Delaware Corporation, and Internet<br>Security Systems, Inc., a Georgia<br>Corporation |
| Paul S. Grewal<br>Renee DuBord Brown<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA  95014<br>Email:  pgrewal@daycasebeer.com<br>            rbrown@daycasebeer.com | *Attorneys for*<br>*Defendant/Counterclaim Plaintiff*<br>*Symantec Corporation* |

/s/ Thomas L. Halkowski
Thomas L. Halkowski (#4099)