IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>       Plaintiff and<br>       Counterclaim-Defendant,<br><br>  v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, and SYMANTEC CORPORATION, a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Delaware corporation,<br><br>       Defendants and Counterclaim-Plaintiffs. | Civil Action No. 04-CV-1199 (SLR) |

## SYMANTEC'S SUBMISSION OF ADDITIONAL AUTHORITY IN OPPOSITION TO SRI'S MODIFICATION OF THE LITERAL INFRINGEMENT JURY INSTRUCTION

On September 12, 2008, SRI filed a "Submission of Additional Authority Regarding Jury Instructions" (D.I. 544). Symantec opposes SRI's request to alter the Court's jury instruction regarding "Literal Infringement," because SRI's modified jury instruction is incorrect as a matter of law.

SRI seeks to insert the words "unlike a system claim" in between the words "A method claim" and "is not" at the end of the second line of the second paragraph on page 25 in the "Literal Infringement" jury instruction.[1] SRI contends that "a system claim can, ***in certain circumstances***, be infringed by an accused system/product that is [merely] capable of infringing the asserted claims."[2] But that legal principle does not apply in this case, because SRI's systems claims ('203 claim 12 and '615 claims 13, 14 and 16) require more than the mere purchase of separate products that are "capable of" being deployed in combination in the particular manner

---

[1] *See* SRI International's Submission of Additional Authority Regarding Jury Instructions (D.I. 544) at ¶ 2 ("System claims "capable of" infringing").

[2] *Id.* (emphasis added).

alleged to infringe SRI's claims.

The applicability of the "capable of" principle is governed by the language of the claims at issue. SRI's system claims require that the network monitors actually be *deployed* within an enterprise network, and that the hierarchical monitor(s) be *adapted* to automatically receive and integrate reports from the lower-level monitors:

> 13. An enterprise network monitoring system comprising:
>
> a plurality of network monitors *deployed* within an enterprise network,
>
> said plurality of network monitors detecting suspicious network activity based on analysis of network traffic data selected from one or more of the following categories: {network packet data transfer commands, network packet data transfer errors, network packet data volume, network connection requests, network connection denials, error codes included in a network packet, network connection acknowledgements, and network packets indicative of well-known network-service protocols};
>
> said network monitors generating reports of said suspicious activity; and
>
> one or more hierarchical monitors in the enterprise network, the hierarchical monitors *adapted* to automatically receive and integrate the reports of suspicious activity.[3]

Mere purchase of Symantec's accused SGS and Manager Products is not sufficient to infringe SRI's system claims because, as sold, those products — which are separate products that SRI's expert concedes have "a lot" of non-infringing uses[4] — are neither "deployed" in combination within an enterprise network, nor are they adapted to send reports to each other.

Relevant authority:

- *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1307 (Fed. Cir. 2006) ("We reject the district court's conclusion that the 'single package' limitation of claim 1 of the '611 patent [a system claim] merely requires that devices be 'capable of' being provided to the patient in a single package. Here, the claims are written to require that the devices actually be in a single 'package.' In similar contexts, our cases have rejected claim constructions that would merely require that infringing devices be capable of being modified to conform to a specified claim limitation.").

- *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313-14 (Fed. Cir. 2007) ("We are further unpersuaded by ACCO's reliance on *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336 (Fed. Cir. 2001), which states that an accused device may be found to infringe a product claim 'if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation.' . . . That broad legal statement

---

[3] '615 claim 13.

[4] 9/4/2008 Trial Tr. 740:16-25 (Kesidis).

1026259

does not alter the requirement that ACCO must prove specific instances of direct infringement or that the accused device necessarily infringes the patent in suit, in order to sustain the jury verdict of induced infringement. . . . as we stated in *Dynacore*, '[t]he mere sale of a product capable of substantial non-infringing uses does not constitute indirect infringement of a patent.'").

- *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1117-1118 (Fed. Cir. 2002) ("Although we concluded that the defendant's products did infringe, we explained our basis for doing so as follows: 'Because **the language of claim 1** refers to 'programm*able* selection means' . . . the accused device, to be infringing, need only be capable of operating in the page mode.' *Id.* (emphases added). *Intel* therefore does not stand for the proposition, as argued by Fantasy, that infringement may be based upon a finding that an accused product is merely capable of being modified in a manner that infringes the claims of a patent.").

- *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) ("Nor does *Intel* support a finding of direct infringement. The claim at issue in *Intel* called for a 'programmable selection means' and thus required only that an accused device be capable of operating in the enumerated mode. . . . Here, the claim does not require that the interface be merely 'capable' of contacting bone; the claim has a structural limitation that the anchor seat be in contact with bone.").

Dated: September 12, 2008

MORRIS JAMES LLP

By: _____/s/ Richard K. Herrmann_____
 Richard K. Herrmann (#405)
 500 Delaware Avenue, Suite 1500
 P.O. Box 2306
 Wilmington, DE 19899-2306
 Telephone: (302) 888-6800
 Facsimile: (302) 571-1750

 Robert M. Galvin (*pro hac vice*)
 Paul S. Grewal (*pro hac vice*)
 Renee DuBord Brown (*pro hac vice*)
 DAY CASEBEER MADRID &
 BATCHELDER LLP
 20300 Stevens Creek Boulevard, Suite 400
 Cupertino, CA 95014
 Telephone: (408) 873-0110
 Facsimile: (408) 873-0220

 Attorneys for Defendant/Counterclaim-Plaintiff SYMANTEC CORPORATION