

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 14, 2008

**BY ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

    Re:   *SRI International, Inc. v. Internet Security Systems, et al.*
           C.A. No. 04-1199-SLR

Dear Judge Robinson:

    At Your Honor's suggestion, we write to seek the Court's assistance in resolving a matter of prejudice and jury confusion, which arose when Mr. Scherkenbach, counsel for SRI, improperly raised Your Honor's claim construction during his cross-examination of defendant ISS's expert witness, Mr. Smaha, last Friday, September 12, 2008. As discussed in court, this type of questioning is not typical, precisely for the confusion and prejudice it could create. To mitigate the unfair prejudice caused by Mr. Scherkenbach's line of questioning, we renew our request for an appropriate instruction to be read to the jury that the Court's claim construction was not issued until after all experts in the case had filed their reports.

    During the cross-examination, Mr. Scherkenbach questioned Mr. Smaha about his non-infringement opinions, and improperly initiated the discussion of how Mr. Smaha's rebuttal expert report differed from the Court's claim construction. When this issue was raised during a break, Mr. Scherkenbach represented to the Court that:

- Mr. Smaha indicated that "he filed his supplemental response because, in part, a new claim construction." (Trial Tr. at 1811:19-21.)[1]
- Mr. Scherkenbach's questioning was "unprompted." (*Id.* at 1812:10-14.)

---

[1] Excerpts of the trial testimony from Friday, September 12, 2008 (hereinafter referred to as ("Trial Tr.")) are attached as Ex. A.

The Honorable Sue L. Robinson
September 14, 2008
Page 2

- Mr. Smaha "volunteered, oh, and, of course, a new claim construction came out." (*Id.* at 1812:18-20.)
- Mr. Smaha "pointed to the claim construction as one reason he supplemented." (*Id.* at 1812:21-23.)
- Mr. Smaha "did open the door on this issue by saying why filed his supplemental report. Again, he pointed to your claim construction having come out, which was not true." (*Id.* at 1814:15-18.)
- Mr. Smaha testified "on direct, that one of the reasons he supplemented was also because the claims had been construed." (*Id.* at 1815:5-9.)

Upon review of the record, each of Mr. Scherkenbach's representations is clearly incorrect. It was Mr. Scherkenbach—not Mr. Smaha—who initiated any discussion attempting to show that Mr. Smaha's non-infringement report did not apply the Court's claim construction—which, as Your Honor is aware, was issued after the submission of the parties' expert reports.

First, Mr. Smaha has consistently informed SRI of the reasons he issued a supplemental report and never once mentioned the Court's claim construction. As indicated in Mr. Smaha's supplemental report itself, Mr. Smaha submitted the report "[b]ased on discovery from third party Arbor Networks that took place after [Mr. Smaha] wrote [his] report, including a review of the August 14, 2006 deposition transcript of Douglas Song and a discussion with Mr. Song on October 5, 2006." (*See* Smaha Supp. Report, attached as Ex. B, at 1.) In addition, SRI was permitted by Your Honor to take Mr. Smaha's deposition this past Tuesday, September 9, 2008, on this very topic. Under repeated questioning, Mr. Smaha confirmed that these same reasons were the bases for filing his supplemental report. (*See* Smaha Dep., attached as Ex. C, at 24:13-25:15.) When Mr. Scherkenbach asked Mr. Smaha about this again during the trial, Mr. Smaha unequivocally responded that the Court's claim construction was <u>not</u> a basis for filing his supplemental report. (*See* Trial Tr., at 1798:13-1799:1.) Contrary to Mr. Scherkenbach's representations to Your Honor last Friday, no testimony elicited during Mr. Smaha's direct examination even touched upon this topic, much less indicated otherwise.

Second, the record could not be more clear that Mr. Scherkenbach pursued this line of questioning too far, insinuating to the jury that Mr. Smaha did not use the correct construction when presenting his non-infringement opinion. In particular, Mr. Scherkenbach asked "You didn't offer any opinion of noninfringement under the right construction at that time, did you?" (Trial Tr. at 1797:14-18; *see also id.* at 1797:9-12 ("You did not opine in your original report that the -- under the correct construction, that the Proventia product lacked a short-term statistical profile?").) Notwithstanding Mr. Smaha's response that "[t]here wasn't a correct construction available at the time" (*id.* at 1797:19-20), the jury has already heard both the inappropriate questioning as well as the responsive testimony it necessarily elicited. Whether or not Mr. Scherkenbach actually intended to discredit Mr. Smaha's expert opinion by this exchange, it is very likely that the jury was left with the highly misleading impression that Mr. Smaha's "failure" to rely on the Court's claim construction in his expert report was improper.

The Honorable Sue L. Robinson
September 14, 2008
Page 3

This exchange was prejudicial, inappropriate, and requires redress. To attempt to offset the prejudice caused by Mr. Scherkenbach's line of questioning, ISS proposes the following instruction be read to the jury, and we suggest that it be added immediately before the actual claim constructions in the jury instructions:

> You should be aware that based on the case schedule followed in my Court, I determine the definitions for the patent claim terms <u>after</u> all of the parties' experts submit their reports. While sometimes I may have adopted a construction proposed by either the Plaintiff or the Defendants, many times I have defined the patent claim terms in a manner that is a combination of the two. Since the parties' experts were not aware of the actual constructions that I ultimately issued when they drafted their original opinions, their reports could not have been prepared in view of the exact constructions issued by the Court. Therefore, you must ignore any questions posed by the attorneys during their examination of any expert that he has, or has not, applied the Court's claim construction in reaching his conclusions.

Respectfully,

/s/ *Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt
882482/28434

Attachments
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic mail)