# FISH & RICHARDSON P.C.

FREDERICK P. FISH
1855-1930

W.K. RICHARDSON
1859-1951

SUITE 1100
919 N. MARKET STREET
P.O. BOX 1114
WILMINGTON, DELAWARE
19899-1114

TELEPHONE
302 652-5070

FACSIMILE
302 652-0607

WEB SITE
WWW.FR.COM

THOMAS L. HALKOWSKI
302 778-8407

EMAIL
HALKOWSKI@FR.COM

BY ELECTRONIC FILING

September 15, 2008

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

Re:   SRI International Inc. v. Internet Security Systems, Inc., et al.
      USDC-D. Del. - C. A. No. 04-1199 (SLR)



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Robinson:

This letter responds to Defendants' letter of September 14, 2008 regarding Mr. Smaha.  A review of the record establishes that Defendants' request is unwarranted.

First, although Mr. Scherkenbach qualified his remarks with the introductory comment "[i]n part, I believe he did" [Tr. 1812:6], Mr. Scherkenbach did misremember the specifics of the exchange during cross-examination and for that he apologizes to the Court.

Second, with regard to the substance of the cross-examination, SRI notes that the relevant exchange began at page 1795, line 20, substantially before the portion Defendants highlight. At that moment, the witness said he "did dispute" that the accused ADS product had a short-term statistical profile in his first infringement report.  In response to that testimony, Mr. Scherkenbach pointed out that he only "disputed" it, at that time, using the wrong claim construction.  [See Tr. 1796:24 - 1797:20]  Rather than simply admit that his original report did not offer a noninfringement opinion based on the alleged absence of a short-term statistical profile using the claim construction that applies in this trial, Mr. Smaha extended the colloquy and argued that the absence was excusable because "it would have been a Star Trek movie to figure out how to accomplish that."  [Tr. 1797:15-16]

However, as the Court itself observed during the discussion of this issue, that isn't true. Because of the way the process typically works in this Court, experts "have to address the opposing claim construction as well as their propounded claim construction.  And if the Court disagrees with their propounded claim construction and goes with the other claim construction, then, theoretically, they have addressed it and they're not left in the lurch where they have not offered any opinion."  [Tr. 1813:8-16]  Here, Mr. Smaha was left in the lurch because he chose not to address any construction other than his own.  Mr. Scherkenbach represented as much to the Court on Friday, and the attached excerpt from Mr. Smaha's rebuttal report shows it was true.[1]  [See Ex. A, Rebuttal Expert Report of Stephen E. Smaha at

---

[1]  Mr. Smaha also testified on cross-examination that he disputed the existence of a short-term statistical profile at the time of his initial report:

> Q.  So at the time of your initial report, you didn't dispute that the Proventia ADS had a short-term statistical profile, did you?

F ISH & R ICHARDSON P.C.

The Honorable Sue L. Robinson
September 15, 2008
Page 2

26 (agreeing with ISS claim construction and dismissing SRI's construction as failing to provide the requisite "guidance")] . The only noninfringement opinions Mr. Smaha offered with respect to the statistical profile element relied on ISS's definitions of "building" and "determining" the statistical profiles, which were both rejected by the Court. Conversely, the Court adopted SRI's construction regarding the determining" element and, in substance, also adopted SRI's construction regarding the "building" element while adding one additional clarifying clause that had no relation to Defendants' rejected proposal. [Compare Ex. B, Joint Claim Construction Statement at 5, 6; with Ex. C, Claim Construction Order [D.I. 468] at 5, 6.] Thus, if Mr. Smaha, advised by counsel, had merely followed the usual practice and opined under SRI's alternative construction, the present situation would never have arisen.

Lastly, Symantec's claims of prejudice are greatly exaggerated. Indeed, counsel did not object to any of the relevant questioning during Mr. Smaha's cross-examination and SRI has no intention of raising this portion of Smaha's cross examination in closing. Moreover, Symantec's jury instruction in substance repeats what Mr. Smaha already, and mistakenly, told the jury – that he could not have possibly had the foresight to offer an opinion under an alternate claim construction. Therefore, Symantec's curative instruction is not warranted and will create confusion rather than remedying it.

Respectfully,

/s/ Thomas L. Halkowski

Thomas L. Halkowski

TLH/dob

---

      A. Actually, I did dispute it. [Tr. 1796:2-5]

Yet, Mr. Smaha's rebuttal report plainly notes the existence of "short-term and long-term profiles" at page 27 and earlier, at page 25, explains his belief that the accused system performs "mean and standard deviation" operations as part of the short-term assessment of data - operations which are indisputably statistical. [See Ex. A at 25, 27]. Mr. Smaha's rebuttal report goes on to explain that the short-term and long-term profiles are purportedly not compared in the manner required under Defendants' narrow claim construction and for that reason allegedly does not infringe the asserted claims. But, this argument appears to offer no support for Mr. Smaha's testimony at trial that his rebuttal report somehow disputed the existence of a short-term statistical profile.