IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, INTERNET SECURITY SYSTEMS, INC., a Georgia corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>    Defendants and<br>    Counterclaim-Plaintiffs. | Civil Action No. 04-CV-1199 (SLR) |

## [~~PROPOSED~~] *SLR* ORDER GRANTING RULE 54(b) CERTIFICATION

On August 20, 2009, following a jury trial and post-trial motions, this Court (1) granted judgment as a matter of law of non-infringement of the '203 and '615 patents by defendants Internet Security Systems, Inc., a Georgia corporation, and Internet Security Systems, Inc., a Delaware corporation (collectively, "ISS"); (2) granted judgment as a matter of law of non-infringement of the '203 and '615 patents by defendant Symantec Corporation's SGS and Manager products; (3) denied plaintiff SRI International Inc.'s motion for post-trial relief from the jury's verdict of non-infringement of the '338 patent by ISS; and (4) denied all other post-trial motions (D.I. 609 & 610). This Court subsequently entered judgment in favor of SRI against Symantec, and in favor of ISS against SRI with respect to ISS's counterclaims of non-infringement of the '338, '203, and '615 patents.

1

While the issues of damages and willfulness were globally bifurcated prior to trial, the Court's judgment did not dispose of Defendants' counterclaims of unenforceability of the '338, '203, and '615 patents or SRI's claims for injunctive relief, willfulness, or damages with respect to infringement of the '203 and '615 patent by Defendant Symantec's Manhunt products.

Sound judicial administration and efficiency will be served by an appellate consideration of the infringement and invalidity issues set forth in the Court's August 20, 2009 Memorandum Opinion. Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court now makes (a) "an express determination that there is no just reason for delay," and (b) "an express direction for the entry of judgment" as set forth in the "Judgment in a Civil Case." (D.I. 611) The Court is entering this Rule 54(b) judgment for the purpose of rendering a final judgment appealable to the Federal Circuit. *See Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003).

The Joint Motion For Rule 54(b) Certification is GRANTED.

IT IS SO ORDERED this 16th day of November, 2009.

United States District Judge